PER CURIAM.
 

 The Supreme Court Committee on Standard Jury Instructions in Civil Cases (Committee) has submitted proposed changes to the standard civil jury instructions and asks that the Court authorize the instructions for publication and use.
 
 [1]
 
 We have jurisdiction.
 
 See
 
 art. V, § 2(a), Fla. Const.
 

 BACKGROUND
 

 In 2006, the Committee embarked on the most comprehensive review and evaluation of Florida’s standard civil jury instructions since the first publication in 1967. Previously, the Committee has maintained the original numbering system and either assigned the next available number or added new instructions to a “Miscellaneous” section when seeking authorization for additional instructions by the Court. In addition, because the book has only been available in paper format in the past, the Committee had attempted to
 
 *667
 
 minimize the number of pages to be republished by using cross-references and directing users to insert other instructions in various locations.
 

 As a result of the manner in which revisions of the standard civil jury instructions have been perfected over the years, use of the current book has become rather difficult. Following extensive review and revision, the Committee submitted its report in case number SC09-284, proposing the reorganization of the standard civil jury instructions and amendments limited to plain English modifications to make the instructions easier to understand. The Committee also submitted a number of reports that extended beyond reorganizing and rewording the civil instructions, seeking amendment of substantive aspects of some standard civil instructions under the reorganization format.
 
 [2]
 
 The Committee presented the book reorganization to the bench and bar in a notice published in
 
 The Florida Bar News
 
 on April 15, 2008, inviting comment and identifying the web address on The Florida Bar’s website for access to the entire reformatted book. Proposed amendments to specific instructions were published separately. As discussed below, we authorize the Committee’s proposals with the exception of the proposed modification to the standard civil instruction defining “greater weight of the evidence.”
 

 DISCUSSION
 

 1. Reorganization and Updating Wording
 

 Reorganization of the standard civil jury instructions is based upon the delineation
 
 of
 
 separate sections, which include oaths, preliminary instructions, evidence instructions, substantive instructions, damages, general substantive instructions, closing instructions, and supplemental matters. Each of the substantive areas — i.e., General Negligence; Professional Negligence; Products Liability;
 
 [3]
 
 Insurer’s Bad Faith; Defamation; Malicious Prosecution; False Imprisonment; Tortious Interference with Business Relationships; Misrepresentation; Outrageous Conduct Causing Severe Emotional Distress; Civil Theft; Contribution Among Tortfeasors; Claim for Personal Injury Protection Insurance (PIP) Benefits (Medical Benefits Only); Intentional Tort as an Exception to Exclusive Remedy of Workers’ Compensation; and Unlawful Retaliátion
 
 [4]
 
 — are organized into separate sections and include pertinent standard instructions which are reproduced within each substantive section or, where necessary, tailored to the specific substantive area.
 

 The basic “template” used in the reorganization of the substantive law instructions includes an introduction instruction, an instruction with a simple summary of the case, instructions with the rules, and instructions on the issues with the applicable burden of proof. The substantive sections generally include instructions covering the following areas: Introduction; Summary of Claims; Greater Weight of the Evidence; Clear and Convincing Evidence; Legal Cause; Preemptive Charges; Burden of Proof on Preliminary Issues; Issues on Claim (also designated Issues on Main
 
 *668
 
 Claim or Issues on Plaintiffs Claim); Burden of Proof (also designated Burden of Proof on Main Claim or Burden of Proof on Claim); Defense Issues; and Burden of Proof on Defense Issues.
 

 The amended standard civil instructions also include a number of plain language modifications which attempt to simplify the instructions to increase juror understanding, by changing nonessential “legalese” to its plain English equivalent. For example, the following substitutions are included in the amended instructions: “before/after” for “prior/subsequent”; “like” for “same”; “the” for “such”; “amount” for “degree”; “incident in this case” for “incident complained of’; “decide” for “determine”; “was caused by” for “chargeable to”; and “because” for “on account of.”
 

 Under the amended instructions, in the exercise of its discretion, the trial court may choose to instruct the jury at the beginning of the case as to substantive matters, prior to the introduction of evidence. To that end, we authorize introductory instructions under section 200 and initial instructions for each substantive section. We reiterate that the decision as to the timing of instructing the jury rests solely with the trial judge.
 

 The amended instructions also conform with the Court’s prior amendments to various civil rules of court and its authorization for publication and use of a number of standard civil jury instructions upon review of recommendations made by the Jury Innovation Committee.
 
 See In re Amends, to the Fla. Rules of Civil Proc.,
 
 967 So.2d 178 (Fla.2007).
 
 [5]
 

 Finally, with regard to the reorganization and modification of the standard civil jury instructions, we decline to authorize the proposal to amend the definition of “greater weight of the evidence.” Instead, we reauthorize the substance of former standard civil jury instruction 3.9, “Greater Weight of the Evidence,” which is now designated as, or included in, instructions 401.3, 402.3, 404.3, 405.3, 406.3, 407.3, 408.3, 409.3, 410.3, 412.5, 413.3, 503.1b(l), b(2), b(3), b(4), and c(l), and 503.2b(l), (b)(2), (b)(3), and (b)(4).
 
 [6]
 

 2. Substantive Amendments
 

 The Committee also proposed substantive changes to a number of standard civil jury instructions, including the following:
 
 *669
 
 401.8, Greater Weight of the Evidence; 401.4, Negligence; 401.23, Burden of Proof on Defense Issues; 402.4c; Medical Negligence, Foreign Bodies; 402.4d, Medical Negligence, Failure to make or maintain records; 402.9, Preliminary Issues — Vicarious Liability; 406.4, Probable Cause; 407.8, Defense Issues; 601.2, Believability of Witnesses; 700, Closing Instruction; and 801.3, Closing Instructions, Jury Deadlocked. The Committee’s proposals also include the following new instructions: 402.11d, Issues on Main Claim — Negligence of health care facility to assure comprehensive risk management and competence of medical staff; 402.12, Issues on Claim of Attorney Malpractice Arising Out of Civil Litigation; 404.5, Medical Malpractice Insurer’s Bad Faith Failure to Settle; 414.5, Intentional Tort' Exception to Exclusive Remedy of Workers’ Compensation; and 503.1b(4), Punitive Damages— Bifurcated Procedure — Vicarious liability for acts of employee where employee is not a party or is not being sued for punitive damages. Because these instructions as set forth in the appendix to this opinion are fully engrossed, we briefly describe the amendments to the instructions under the new numbering system that we authorize for publication and use.
 

 In Re: Standard Jury Instructions In Civil Cases
 
 — Report
 
 No. 09-02 (Greater Weight of the Evidence, Negligence, Believability of Witnesses and Closing Instructions),
 
 No. SC09-296
 

 As explained above, we reject the Committee’s proposal to amend the Greater Weight of the Evidence instruction. Rather, we authorize for publication and use the substance of former instruction 3.9 as instruction 401.3. The remaining instructions in this case are authorized for publication and use as proposed. Amendments to former instruction 4.1, the negligence instruction, numbered 401.4, are stylistic; the substantive change is in the Notes on Use for 401.4, which expands the commentary on whether there is a right to assume others will exercise reasonable care, and how that is determined, and adds notes recommending that no instruction be given concerning “sudden emergency,” “traffic,” or “railroads.” Instruction 601.2, Believability of Witnesses, formerly instruction 2.2, is amended to add the phrase “Let me speak briefly about witnesses” at the beginning of the instruction and substitutes the word “evaluating” for “determining.” Section 700 combines former instruction numbers 7.1, Prejudice and Sympathy/Judge Not Involved, and instruction 7.2, Use of Notes During Deliberations; Election of Foreman; Verdict Forms, and combines them into one instruction.
 

 In Re: Standard Jury Instructions In Civil Cases
 
 —Report
 
 No. 09-03 (Jury Deadlocked),
 
 No. SC09-299
 

 Instruction 801.3, in addition to substituting plain English for the language in former instruction 7.3(c), adds new language which permits the jurors to make a specific request that the court reporter read back relevant portions of the trial testimony. The trial court, however, retains broad discretion whether to grant or deny any request to read back testimony.
 

 In Re: Standard Jury Instructions In Civil Cases
 
 — Report
 
 No. 09-04 (Burden of Proof on Defense Issues),
 
 No. SC09-300
 

 Instruction 401.23, Burden of Proof on Defense Issues, formerly instruction 3.7, adds three new paragraphs to the instruction for use where the defense asserts the following defenses: comparative negligence; apportionment of a nonparty; or both.
 
 See Fabre v. Marin,
 
 623 So.2d 1182 (Fla.1993).
 

 In Re: Standard Jury Instructions In Civil Cases
 
 — Report
 
 No. 09-05 (Medical Malpractice Insurer’s Bad Faith Failure to Settle),
 
 No. SC09-301
 

 Instruction 404.5 is new, applicable in cases alleging a medical malpractice insur
 
 *670
 
 er’s bad faith failure to settle a claim within policy limits.
 

 In Re: Standard Jury Instructions In Civil Cases
 
 — Report
 
 No. 09-06 (Probable Cause
 
 — Malicious
 
 Prosecution and False Imprisonment),
 
 No. SC09-302
 

 Instruction 406.4, Probable Cause, formerly instruction MI 5.1b, defines probable cause in a proceeding for malicious prosecution, while instruction 407.8, Defense Issues, formerly MI 6.1g, defines probable cause in the context of a merchant’s defense to the charge of false imprisonment. The revisions are intended to harmonize the definitions of probable cause as used in these two instructions, and do not substantively alter the standard for probable cause.
 

 In Re: Standard Jury Instructions In Civil Cases
 
 — Report
 
 No. 09-07 (Intentional Tort Exception to Exclusive Remedy of Workers’ Compensation),
 
 No. SC09-303
 

 Instruction 414.5 is new, and addresses the “intentional tort exception” in workers’ compensation cases.
 
 See
 
 § 440.11(l)(b), Fla. Stat. (2009).
 

 In Re: Standard Jury Instructions In Civil Cases
 
 — Report
 
 No. 09-08 (Professional Negligence),
 
 No. SC09-304
 

 Instruction 402.4c substitutes plain English for the language in former instruction 4.2 pertaining to a claim for medical negligence, based upon the presence of a foreign object in a patient’s body. A new instruction, 402.4d, focuses on the claim of negligence for failure to make or maintain medical records, consistent with this Court’s decision in
 
 Public Health Trust of Dade County v. Valcin,
 
 507 So.2d
 
 596
 
 (Fla.1987). Instruction 402.9, formerly instruction 3.3b, addresses vicarious liability as it relates to employees, independent contractors, and agents (actual and apparent) of the defendant. The instruction as authorized substantially reorganizes former instruction 3.3b for clarity and understandability. In addition, instruction 402.9 includes new language pertaining to specific substantive issues, including nondele-gable duties, and the defendant’s duty to exercise reasonable care to ensure that his or her employees, independent contractors, and agents are competent to perform the required services.
 
 See Insinga v. LaBella,
 
 543 So.2d 209 (Fla.1989). Instruction 402.11d is new, and provides an instruction for professional negligence based on the negligence of a health care facility for failing to ensure comprehensive risk management and the competence of its medical staff.
 
 See
 
 § 776.110, Fla. Stat. (2009). Finally, instruction 402.12, also new, covers claims of attorney malpractice in civil litigation.
 

 In Re: Standard Jury Instructions In Civil Cases
 
 — Report
 
 No. 09-09 (Punitive Damages),
 
 No. SC09-306
 

 Instruction 503.1b(4) is a new instruction pertaining to punitive damages, intended to cover two scenarios not addressed in the former PD instructions. Those scenarios include: (1) where the plaintiff seeks punitive damages from an employer under a theory of vicarious liability but the employee whose conduct is the basis for the claim is not sued individually, and (2) where the plaintiff seeks punitive damages from an employer under a theory of vicarious liability but the employee whose conduct is the basis for the claim is not a party to the action at all. The structure and language in instruction 503.1b(4) is the same as or similar to language this Court has previously authorized in strict liability instructions, and we authorize it as proposed.
 

 CONCLUSION
 

 Having considered the Committee’s reports, the comments received in response, and the Committee’s replies to those com-
 
 *671
 
 merits, we hereby authorize for publication and use the reorganization and modification of the standard civil jury instructions, with the exception of the proposed modifications to instructions 401.3, 402.3, 404.3, 405.3, 406.3, 407.3, 408.3, 409.3, 410.3, 412.5, 413.3, 503.1b(l), b(2), b(3), b(4), and c(l), and 503.2b(l), b(2), b(3), and b(4), defining “greater weight of the evidence.” Those numbered instructions retain the definition as previously authorized in former instruction 3.9. In addition, we also authorize for publication and use the specific instructions including substantive changes, as discussed above. All of the standard civil jury instructions, revised or renumbered or both, appear in the appendix to this opinion, fully engrossed and ready for use.
 

 In authorizing the publication and use of the standard civil jury instructions, we express no opinion on their correctness and remind all interested parties that this authorization forecloses neither requesting additional or alternative instructions nor contesting the legal correctness of the instructions. We further caution all interested parties that any comments associated with the instructions reflect only the opinion of the Committee and are not necessarily indicative of the views of this Court as to their correctness or applicability. The instructions as set forth in the appendix, fully engrossed, shall be effective when this opinion becomes final.
 

 Finally, we wish to acknowledge the hard work and thoughtful consideration of the Committee in bringing to the Court its thorough recommendations to improve the jury system in civil cases in Florida. As the result of the dedication of those who participated in this matter, the citizens of this state will experience a more meaningful and satisfying jury experience, while facilitating a more efficient and more effective jury system overall.
 

 It is so ordered.
 

 QUINCE, C.J., and PARIENTE, LEWIS, CANADY, POLSTON, LABARGA, and PERRY, JJ., concur.
 

 APPENDIX
 

 SECTION 101 — OATHS
 

 101.1 Oath of Jurors Before Voir Dire
 

 101.2 Oath of Jurors After Voir Dire
 

 101.3 Oath of a Witness
 

 101.4 Oath of an Interpreter
 

 101.1 OATH OF JURORS BEFORE VOIR DIRE
 

 Do you solemnly swear or affirm that you will answer truthfully all questions asked of you as prospective jurors [so help you God]?
 

 101.2 OATH OF JUROR AFTER YOIR DIRE
 

 Do you solemnly swear or affirm that you will well and truly try this case between the [plaintiff(s> ] [petitioners) ] and [defendant(s) ] [respondents) ], and a true verdict render according to the law and evidence [so help you God]?
 

 101.3 OATH OF A WITNESS
 

 Do you solemnly swear or affirm that the evidence you are about to give will be the truth, the whole truth, and nothing but the truth [so help you God]?
 

 101.4 OATH OF AN INTERPRETER
 

 Do you solemnly swear or affirm that you will make a true interpretation to the witness of all questions or statements made to [him] [her] in a language
 
 *672
 
 which that person understands, and a true interpretation of the witness’ statements into the English language [so help you God]?
 

 SECTION 200 — PRELIMINARY INSTRUCTIONS
 

 A. During Jury Instruction
 

 201.1 Description of the Case
 

 201.2 Introduction of Participants and Their Roles
 

 201.3 Explanation of the Voir Dire Process
 

 B. After Jury Selected and Sworn
 

 202.1 Introduction
 

 202.2 Explanation of the Trial Procedure
 

 202.3 Note-Taking by Jurors
 

 202.4 Juror Questions
 

 202.5 Jury to Be Guided by Official English Translation/Interpretation
 

 201.1 DESCRIPTION OF THE CASE
 

 (Prior to Voir Dire)
 

 Welcome. [I] [The clerk] will now administer your oath.
 

 Now that you have been sworn, I’d like to give you an idea about what we are here to do.
 

 This is a civil trial. A civil trial is different from a criminal case, where a defendant is charged by the state prosecutor with committing a crime. The subject of a civil trial is a disagreement between people or companies [or others, as appropriate], where the claims of one or more of these parties have been brought to court to be resolved. It is called “a trial of a lawsuit.”
 

 This is a case about (insert brief description of claim(s) and defense(s) brought to trial in this case). *
 

 The incident involved in this case occurred on (date) at (location). (Add any other information relevant to voir dire).
 

 The principal witnesses who will testify in this case are (list witnesses).
 

 NOTE ON USE FOR 201.1
 

 * See, for example, 401.2.
 

 201.2INTRODUCTION OF PARTICIPANTS AND THEIR ROLES
 

 Who are the people here and what do they do?
 

 Judge/Court: I am the Judge. You may hear people occasionally refer to me as “The Court.” That is the formal name for my role. My job is to maintain order and decide how to apply the rules of the law to the trial. I will also explain various rules to you that you will need to know in order to do your job as the jury. It is my job to remain neutral on the issues of this lawsuit.
 

 Attorneys: The attorneys to whom I will introduce you have the job of representing their clients. That is, they speak for their clients here at the trial. They have taken oaths as attorneys to do their best and to follow the rules of their profession.
 

 Plaintiffs Counsel: The attorney on this side of the courtroom, (introduce by name), represents (client name) and is the person who filed the lawsuit here at the courthouse. [His] [Her] job is to present [his] [her] client’s side of things to you. [He] [She] and [his] [her] client will be referred to most of the time as “the plaintiff.”
 

 Defendant’s Counsel: The attorney on this side of the courtroom, (introduce by name), represents (client name), the one
 
 *673
 
 who has been sued. [His] [Her] job is to present [his] [her] client’s side of things to you. [He] [She] and [his] [her] client will usually be referred to here as “the defendant.”
 

 Court Clerk: This person sitting in front of me, (name), is the court clerk. [He] [She] is here to assist me with some of the mechanics of the trial process, including the numbering and collection of the exhibits that are introduced in the course of the trial.
 

 Court Reporter: The person sitting at the stenographic machine, (name), is the court reporter. [His] [Her] job is to keep an accurate legal record of everything we say and do during this trial.
 

 Bailiff: The person over there, (name), is the bailiff. [His] [Her] job is to maintain order and security in the courtroom. The bailiff is also my representative to the jury. Anything you need or any problems that come up for you during the course of the trial should be brought to [him] [her]. However, the bailiff cannot answer any of your questions about the case. Only I can do that.
 

 Jury: Last, but not least, is the jury, which we will begin to select in a few moments from among all of you. The jury’s job will be to decide what the facts are and what the facts mean. Jurors should be as neutral as possible at this point and have no fixed opinion about the lawsuit. At the end of the trial the jury will give me a written verdict. A verdict is simply the jury’s answer to my questions about the case.
 

 201.3 EXPLANATION OF THE VOIR DIRE PROCESS
 

 Voir Dire:
 

 The last thing I want to do, before we begin to select the jury, is to explain to you how the selection process works.
 

 Questions/Challenges: This is the part of the case where the parties and their lawyers have the opportunity to get to know a little bit about you, in order to help them come to their own conclusions about your ability to be fair and impartial, so they can decide who they think should be the jurors in this case.
 

 How we go about that is as follows: First, I’ll ask some general questions of you. Then, each of the lawyers will have more specific questions that they will ask of you. After they have asked all of their questions, I will meet with them and they will tell me their choices for jurors. Each side can ask that I exclude a person from serving on a jury if they can give me a reason to believe that he or she might be unable to be fair and impartial. That is what is called a challenge for cause. The lawyers also have a certain number of what are called peremptory challenges, by which they may exclude a person from the jury without giving a reason. By this process of elimination, the remaining persons are selected as the jury. It may take more than one conference among the parties, their attorneys, and me before the final selections are made.
 

 Purpose of Questioning: The questions that you will be asked during this process are not intended to embarrass you or unnecessarily pry into your personal affairs, but it is important that the parties and their attorneys know enough about you to make this important decision. If a question is asked that you would prefer not to answer in front of the whole courtroom, just let me know and you can come up here and give your answer just in front of the attorneys and me. If you have a question of either the
 
 *674
 
 attorneys or me, don’t hesitate to let me know.
 

 Response to Questioning: There are no right or wrong answers to the questions that will be asked of you. The only thing that I ask is that you answer the questions as frankly and as honestly and as completely as you can. You [will take] [have taken] an oath to answer all questions truthfully and completely and you must do so. Remaining silent when you have information you should disclose is a violation of that oath as well. If a juror violates this oath, it not only may result in having to try the case all over again but also can result in civil and criminal penalties against a juror personally. So, again, it is very important that you be as honest and complete with your answers as you possibly can. If you don’t understand the question, please raise your hand and ask for an explanation or clarification.
 

 In sum, this is a process to assist the parties and their attorneys to select a fair and impartial jury. All of the questions they ask you are for this purpose. If, for any reason, you do not think you can be a fair and impartial juror, you must tell us.
 

 NOTE ON USE FOR 201.3
 

 The publication of this recommended instruction is not intended to intrude upon the trial judge’s own style and manner of delivery. It may be useful in cataloging the subjects to be covered in an introductory instruction.
 

 202.1 INTRODUCTION
 

 Administer oath:
 

 You have now taken an oath to serve as jurors in this trial. Before we begin, I am going to tell you about the rules of law that apply to this case and let you know what you can expect as the trial proceeds.
 

 It is my intention to give you [all] [most] of the rules of law but it might be that I will not know for sure all of the law that will apply in this case until all of the evidence is presented. However, I can anticipate most of the law and give it to you at the beginning of the trial so that you will better understand what to be looking for while the evidence is presented. If I later decide that different or additional law applies to the case, I will tell you. In any event, at the end of the evidence I will give you the final instructions on which you must base your verdict. At that time, you will have a complete written set of the instructions so you do not have to memorize what I am about to tell you.
 

 (Continue with the Substantive law, Damages, and General instructions from the applicable sections of this book, followed by the applicable parts of 202.2 through 202.5)
 

 NOTE ON USE FOR 202.1
 

 The committee recommends giving the jury at the beginning of the trial a complete as possible set of instructions on the Substantive law, Damages, and General Instructions.
 

 202.2 EXPLANATION OF THE TRIAL PROCEDURE
 

 Now that you have heard the law, I want to let you know what you can expect as the trial proceeds.
 

 Opening Statements: In a few moments, the attorneys will each have a chance to make what are called opening statements. In an opening statement, an attorney is allowed to give you [his] [her] views about what the evidence will be in the trial and what you are likely to see and hear in the testimony.
 

 
 *675
 
 Evidentiary Phase: After the attorneys’ opening statements the plaintiffs will bring their witnesses and evidence to you.
 

 Evidence: Evidence is the information that the law allows you to see or hear in deciding this case. Evidence includes the testimony of the witnesses, documents, and anything else that I instruct you to consider.
 

 Witnesses: A witness is a person who takes an oath to tell the truth and then answers attorneys’ questions for the jury. The answering of attorneys’ questions by witnesses is called “giving testimony.” Testimony means statements that are made when someone has sworn an oath to tell the truth.
 

 The plaintiffs lawyer will normally question the witness first. That is called direct examination. Then the defense lawyer may ask the same witness additional questions about whatever the witness has testified to. That is called cross-examination. Certain documents or other evidence may also be shown to you during direct or cross-examination. After the plaintiffs witnesses have testified, the defendant will have the opportunity to put witnesses on the stand and go through the same process. Then the plaintiffs lawyer gets to do cross-examination. The process is designed to be fair to both sides.
 

 It is important that you remember that testimony comes from witnesses. The attorneys do not give testimony and they are not themselves witnesses.
 

 Objections: Sometimes the attorneys will disagree about the rules for trial procedure when a question is asked of a witness. When that happens, one of the lawyers may make what is called an “objection.” The rules for a trial can be complicated, and there are many reasons for the attorneys to object. You should simply wait for me to decide how to proceed. If I say that an objection is “sustained,” that means you should disregard the question and the witness may not answer the question. If I say that the objection is “overruled,” that means the witness may answer the question.
 

 When there is an objection and I make a decision, you must not assume from that decision that I have any particular opinion other than that the rules for conducting a trial are being correctly followed. If I say a question may not be asked or answered, you must not try to guess what the answer would have been. That is against the rules, too.
 

 Side Bar Conferences: Sometimes I will need to speak to the attorneys about legal elements of the case that are not appropriate for the jury to hear. The attorneys and I will try to have as few of these conferences as possible while you are giving us your valuable time in the courtroom. But, if we do have to have such a conference during testimony, we will try to hold the conference at the side of my desk so that we do not have to take a break and ask you to leave the courtroom.
 

 Recesses: Breaks in an ongoing trial are usually called “recesses.” During a recess you still have your duties as a juror and must follow the rules, even while having coffee, at lunch, or at home.
 

 Instructions Before Closing Arguments: After all the evidence has been presented to you, I will instruct you on the law that you must follow. It is important that you remember these instructions to assist you in evaluating the final attorney presentations, which come next, and, later, during your deliberations, to
 
 *676
 
 help you correctly sort through the evidence to reach your decision.
 

 Closing Arguments: The attorneys will then have the opportunity to make their final presentations to you, which are called closing arguments.
 

 Final Instructions: After you have heard the closing arguments, I will instruct you further in the law as well as explain to you the procedures you must follow to decide the case.
 

 Deliberations: After you hear the final jury instructions, you will go to the jury room and discuss and decide the questions I have put on your verdict form. [You will have a copy of the jury instructions to use during your discussions.] The discussions you have and the decisions you make are usually called “jury deliberations.” Your deliberations are absolutely private and neither I nor anyone else will be with you in the jury room.
 

 Verdict: When you have finished answering the questions, you will give the verdict form to the bailiff, and we will all return to the courtroom where your verdict will be read. When that is completed, you will be released from your assignment as a juror.
 

 What are the rules?
 

 Finally, before we begin the trial, I want to give you just a brief explanation of rules you must follow as the case proceeds.
 

 Keeping an Open Mind: You must pay close attention to the testimony and other evidence as it comes into the trial. However, you must avoid forming any final opinion or telling anyone else your views on the case until you begin your deliberations. This rule requires you to keep an open mind until you have heard all of the evidence and is designed to prevent you from influencing how your fellow jurors think until they have heard all of the evidence and had an opportunity to form their own opinions. The time and place for coming to your final opinions and speaking about them with your fellow jurors is during deliberations in the jury room, after all of the evidence has been presented, closing arguments have been made, and I have instructed you on the law. It is important that you hear all of the facts and that you hear the law and how to apply it before you start deciding anything.
 

 Consider Only the Evidence: It is the things you hear and see in this courtroom that matter in this trial. The law tells us that a juror can consider only the testimony and other evidence that all the other jurors have also heard and seen in the presence of the judge and the lawyers. . Doing anything else is wrong and is against the law. That means that you cannot do any work or investigation of your own about the case. You cannot obtain on your own any information about the case or about anyone involved in the case, from any source whatsoever, including the internet, and you cannot visit places mentioned in the trial.
 

 Do not provide any information about this case to anyone, including friends or family members. Do not let anyone, including the closest family members, make comments to you or ask questions about the trial. Similarly, it is important that you avoid reading any newspaper accounts or watching or listening to television or radio comments that have anything to do with this case or its subject.
 

 No Mid-Trial Discussions: When we are in a recess, do not discuss anything about the trial or the case with each other or with anyone else. If attorneys
 
 *677
 
 approach you, don’t speak with them. The law says they are to avoid contact with you. If an attorney will not look at you or speak to you, do not be offended or form a conclusion about that behavior. The attorney is not supposed to interact with jurors outside of the courtroom and is only following the rules. The attorney is not being impolite. If an attorney or anyone else does try to speak with you or says something about the case in your presence, please inform the bailiff immediately.
 

 Only the Jury Decides: Only you get to deliberate and answer the verdict questions at the end of the trial. I will not intrude into your deliberations at all. I am required to be neutral. You should not assume that I prefer one decision over another. You should not try to guess what my opinion is about any part of the case. It would be wrong for you to conclude that anything I say or do means that I am for one side or another in the trial. Discussing and deciding the facts is your job alone.
 

 NOTES ON USE FOR 202.2
 

 1. This instruction is intended for situations in which at the end of the case the jury is going to be instructed before closing argument. The committee strongly recommends instructing the jury before closing argument. If, however, the court is going to instruct the jury after closing argument, this instruction will have to be amended.
 

 2. The publication of this recommended instruction is not intended to intrude upon the trial judge’s own style and manner of delivery. It may be useful in cataloging the subjects to be covered in an introductory instruction.
 

 202.3 NOTE-TAKING BY JURORS
 

 If you would like to take notes during the trial, you may do so. On the other hand, of course, you are not required to take notes if you do not want to. That will be left up to you individually.
 

 You will be provided with a note pad and a pen for use if you wish to take notes. Any notes that you take will be for your personal use. However, you should not take them with you from the courtroom. During recesses, the bailiff will take possession of your notes and will return them to you when we reconvene. After you have completed your deliberations, the bailiff will deliver your notes to me. They will be destroyed. No one will ever read your notes.
 

 If you take notes, do not get so involved in note-taking that you become distracted from the proceedings. Your notes should be used only as aids to your memory.
 

 Whether or not you take notes, you should rely on your memory of the evidence and you should not be unduly influenced by the notes of other jurors. Notes are not entitled to any greater weight than each juror’s memory of the evidence.
 

 NOTES ON USE FOR 202.3
 

 1. The court should furnish all jurors with the necessary pads and pens for taking notes. Additionally, it may be desirable for jurors to be furnished with envelopes to place the notes for additional privacy.
 

 2.
 
 Fla.R.Jud.Admin.
 
 2.430(k) provides that at the conclusion of the trial, the court shall collect and immediately destroy all juror notes.
 

 3.
 
 Fla.R.Civ.P.
 
 1.455 provides that the trial court may, in its discretion, authorize the use of juror notebooks to contain docu-
 
 *678
 
 merits and exhibits as an aid to the jurors in performing their duties.
 

 4. When it is impractical to take exhibits into the jury room, this instruction should be modified to describe how the jury will have access to the exhibits.
 

 202.4 JUROR QUESTIONS
 

 During the trial, you may have a question you think should be asked of a witness. If so, there is a procedure by which you may request that I ask the witness a question. After all the attorneys have completed their questioning of the witness, you should raise your hand if you have a question. I will then give you sufficient time to write the question on a piece of paper, fold it, and give it to the bailiff, who will pass it to me. You must not show your question to anyone or discuss it with anyone.
 

 I will then review the question with the attorneys. Under our law, only certain evidence may be considered by a jury in determining a verdict. You are bound by the same rules of evidence that control the attorneys’ questions. If I decide that the question may not be asked under our rules of evidence, I will tell you. Otherwise, I will direct the question to the witness. The attorneys may then ask follow-up questions if they wish. If there are additional questions from jurors, we will follow the same procedure again.
 

 By providing this procedure, I do not mean to suggest that you must or should submit written questions for witnesses. In most cases, the lawyers will have asked the necessary questions.
 

 NOTE ON USE FOR 202.4
 

 Fla.R.Civ.P.
 
 1.452 mandates that jurors be permitted to submit written questions directed to witnesses or the court.
 

 202.5 JURY TO BE GUIDED BY OFFICIAL ENGLISH TRANSLATION/INTERPRETATION
 

 [A] [Some] witnesses] may testify in (language to be used) which will be interpreted in English.
 

 The evidence you are to consider is only that provided through the official court interpreters. Although some of you may know (language used), it is important that all jurors consider the same evidence. Therefore, you must accept the English interpretation. You must disregard any different meaning.
 

 If, however, during the testimony there is a question as to the accuracy of the English interpretation, you should bring this matter to my attention immediately by raising your hand. You should not ask your question or make any comment about the interpretation in the presence of the other jurors, or otherwise share your question or concern with any of them. I will take steps to see if your question can be answered and any discrepancy resolved. If, however, after such efforts a discrepancy remains, I emphasize that you must rely only upon the official English interpretation as provided by the court interpreter and disregard any other contrary interpretation.
 

 NOTE ON USE FOR 202.5
 

 When instructing the jury at the beginning of the trial, this instruction should be used in lieu of 601.3. See
 
 United States v. Franco,
 
 136 F.3d 622, 626 (9th Cir.1998);
 
 United States v. Fuentes-Montijo,
 
 68 F.3d 352, 355-56 (9th Cir.1995). For an example, see Model Instruction No. 1.
 

 SECTION 300 — EVIDENCE INSTRUCTIONS
 

 301.1 Deposition Testimony, Interrogatories, Stipulated Testimo
 
 *679
 
 ny, Stipulations, and Admissions
 

 301.2 Instruction when First Item of Documentary, Photographic, or Physical Evidence Is Admitted
 

 301.3 Instruction when Evidence Is First Published to Jurors
 

 301.4 Instruction Regarding Visual or Demonstrative Aids
 

 301.5 Evidence Admitted for a Limited Purpose
 

 301.6 Jury to be Guided by Official English Translation/Interpretation
 

 301.7 Jury to Be Guided by Official English Transcript of Recording in Foreign Language (Accuracy Not in Dispute)
 

 301.8 Jury to Be Guided by Official English Translation/Interpretation — Transcript of Recording in Foreign Language (Accuracy in Dispute)
 

 301.9 Disregard Stricken Matter
 

 301.10 Instruction Before Recess
 

 301.1 DEPOSITION TESTIMONY, INTERROGATORIES, STIPULATED TESTIMONY, STIPULATIONS, AND ADMISSIONS
 

 (From 1.13(a))
 

 a. Deposition or prior testimony:
 

 Members of the jury, the sworn testimony of (name), given before trial, will now be presented. You are to consider and weigh this testimony as you would any other evidence in the case.
 

 b. Interrogatories:
 

 Members of the jury, answers to interrogatories will now be read to you. Interrogatories are written questions that have been presented before trial by one party to another. They are answered under oath. You are to consider and weigh these questions and answers as you would any other evidence in the case.
 

 c.
 
 Stipulated testimony:
 

 Members of the jury, the parties have agreed that if (name of witness) were called as a witness, [he] [she] would testify (read or describe the testimony). You are to consider and weigh this testimony as you would any other evidence in the case.
 

 d. Stipulations:
 

 Members of the jury, the parties have agreed to certain facts. You must accept these facts as true. (Read the agreed facts).
 

 e. Admissions:
 

 1. Applicable to all parties:
 

 Members of the jury, (identify the party or parties that have admitted the facts) [has] [have] admitted certain facts. You must accept these facts as true. (Read the admissions).
 

 2. Applicable to fewer than all parties:
 

 Members of the jury, (identify the party or parties that have admitted the facts) [has] [have] admitted certain facts. You must accept these facts as true in deciding the issues between (identify the affected parties), but these facts should not be used in deciding the issues between (identify the unaffected parties). (Read the admissions).
 

 NOTE ON USE FOR 301.1
 

 The committee recommends that the appropriate explanation be read immediately before a deposition, or an interrogatory and answer, stipulated testimony, a stipu
 
 *680
 
 lation, or an admission are read in evidence, and that no instruction on the subject be repeated at the conclusion of the trial.
 

 301.2INSTRUCTION WHEN FIRST ITEM OF DOCUMENTARY, PHOTOGRAPHIC, OR PHYSICAL EVIDENCE IS ADMITTED
 

 The (describe item of evidence) has now been received in evidence. Witnesses may testify about or refer to this or any other item of evidence during the remainder of the trial. This and all other items received in evidence will be available to you for examination during your deliberations at the end of the trial.
 

 NOTE ON USE FOR 301.2
 

 This instruction should be given when the first item of evidence is received in evidence. It may be appropriate to repeat this instruction when items received in evidence are not published to the jury. It may be combined with 301.5 in appropriate circumstances. It may also be given in conjunction with 301.4 if a witness has used exhibits which have been admitted in evidence and demonstrative aids which have not.
 

 301.3INSTRUCTION WHEN EVIDENCE IS FIRST PUBLISHED TO JURORS
 

 The (describe item of evidence) has been received in evidence. It is being shown to you now to help you understand the testimony of this witness and other witnesses in the case, as well as the evidence as a whole. You may examine (describe item of evidence) briefly now. It will also be available to you for examination during your deliberations at the end of the trial.
 

 NOTE ON USE FOR 301.3
 

 This instruction may be given when an item received in evidence is handed to the jurors. It may be combined with 301.5 in appropriate circumstances.
 

 301.4INSTRUCTION REGARDING VISUAL OR DEMONSTRATIVE AIDS
 

 a.
 
 Generally:
 

 This witness will be using (identify demonstrative or visual aid(s)) to assist in explaining or illustrating [his] [her] testimony. The testimony of the witness is evidence; however, [this] [these] (identify demonstrative or visual aid(s)) [is] [are] not to be considered as evidence in the case unless received in evidence, and should not be used as a substitute for evidence. Only items received in evidence will be available to you for consideration during your deliberations.
 

 b. Specially created visual or demonstrative aids based on disputed assumptions:
 

 This witness will be using (identify demonstrative aid(s)) to assist in explaining or illustrating [his] [her] testimony. [This] [These] item[s] [has] [have] been prepared to assist this witness in explaining [his] [her] testimony. [It] [They] may be based on assumptions which you are free to accept or reject. The testimony of the witness is evidence; however, [this] [these] (identify demonstrative or visual aid(s)) [is] [are] not to be considered as evidence in the case unless received in evidence, and should not be used as a substitute for evidence. Only items received in evidence will be available to you for consideration during your deliberations.
 

 NOTES ON USE FOR 301.4
 

 1. Instruction 301.4a should be given at the time a witness first uses a demonstrative or visual aid which has not been specially created for use in the case, such as a skeletal model.
 

 
 *681
 
 2. Instruction 301.4b is designed for use when a witness intends to use demonstrative or visual aids which are based on disputed assumptions, such as a computer-generated model. This instruction should be given at the time the witness first uses these demonstrative or visual aids. This instruction should be used in conjunction with 301.3 if a witness uses exhibits during testimony, some of which are received in evidence, and some of which are not.
 

 301.5 EVIDENCE ADMITTED FOR A LIMITED PURPOSE
 

 The (describe item of evidence) has now been received into evidence. It has been admitted only [for the purpose of (describe purpose) ] [as to (name party) ]. You may consider it only [for that purpose] [as it might affect (name party) ]. You may not consider that evidence [for any other purpose] as to [any other party] [ (name other party(s) ].
 

 301.6 JURY TO BE GUIDED BY OFFICIAL ENGLISH TRANSLATION/INTERPRETATION
 

 Introduction:
 

 The law requires that the court appoint a qualified interpreter to assist a witness who does not readily speak or understand the English language in testifying. The interpreter does not work for either side in this case. [He] [She] is completely neutral in the matter and is here solely to assist us in communicating with the witness. [He] [She] will repeat only what is said and will not add, omit, or summarize anything. The interpreter in this case is (name of interpreter). The oath will now be administered to the interpreter.
 

 Oath to Interpreter:
 

 Do you solemnly swear or affirm that you will make a true interpretation to the witness of all questions or statements made to [him] [her] in a language which that person understands, and interpret the witness’s statements into the English language, to the best of your abilities [so help you God]?
 

 Foreign Language Testimony:
 

 You are about to hear testimony of a witness who will be testifying in (language used). This witness will testify through the official court interpreter. Although some of you may know (language used), it is important that all jurors consider the same evidence. Therefore, you must accept the English translation of the witness’s testimony. You must disregard any different meaning.
 

 If, however, during the testimony there is a question as to the accuracy of the English interpretation, you should bring this matter to my attention immediately by raising your hand. You should not ask your question or make any comment about the interpretation in the presence of the other jurors, or otherwise share your question or concern with any of them. I will take steps to see if your question can be answered and any discrepancy resolved. If, however, after such efforts a discrepancy remains, I emphasize that you must rely only upon the official English interpretation as provided by the court interpreter and disregard any other contrary interpretation.
 

 NOTE ON USE FOR 301.6
 

 This instruction should be given to the jury immediately before the testimony of a witness who will be testifying through the services of an official court interpreter. Compare
 
 United States v. Franco,
 
 136 F.3d 622, 626 (9th Cir.1998) (jury properly instructed that it must accept translation of foreign-language tape-recording when accuracy of translation is not in issue);
 
 *682
 

 United States v. Fuentes-Montijo,
 
 68 F.3d 352, 355-56 (9th Cir.1995).
 

 301.7 JURY TO BE GUIDED BY OFFICIAL ENGLISH TRANSCRIPT OF RECORDING IN FOREIGN LANGUAGE (ACCURACY NOT IN DISPUTE)
 

 You are about to listen to a tape recording in (language used). Each of you has been given a transcript of the recording which has been admitted into evidence. The transcript is a translation of the foreign language tape recording.
 

 Although some of you may know (language used), it is important that all jurors consider the same evidence. Therefore, you must accept the English translation contained in the transcript and disregard any different meaning.
 

 If, however, during the testimony there is a question as to the accuracy of the English translation, you should bring this matter to my attention immediately by raising your hand. You should not ask your question or make any comment about the translation in the presence of the other jurors, or otherwise share your question or concern with any of them. I will take steps to see if your question can be answered and any discrepancy resolved. If, however, after such efforts a discrepancy remains, I emphasize that you must rely only upon the official English translation as provided by the court interpreter and disregard any other contrary translation.
 

 NOTE ON USE FOR 301.7
 

 This instruction is appropriate immediately prior to the jury hearing a tape-recorded conversation in a foreign language if the accuracy of the translation is not an issue. See,
 
 e.g., United States v. Franco,
 
 136 F.3d 622, 626 (9th Cir.1998);
 
 United States v. Fuentes-Montijo,
 
 68 F.3d 352, 355-56 (9th Cir.1995).
 

 301.8 JURY TO BE GUIDED BY OFFICIAL ENGLISH TRANSLATION/INTERPRETATION — TRANSCRIPT OF RECORDING IN FOREIGN LANGUAGE (ACCURACY IN DISPUTE)
 

 You are about to listen to a tape recording in (language used). Each of you has been given a transcript of the recording. The transcripts were provided to you by [the plaintiff] [the defendant] so that you could consider the content of the recordings. The transcript is an English translation of the foreign language tape recording.
 

 Whether a transcript is an accurate translation, in whole or in part, is for you to decide. In considering whether a transcript accurately describes the meaning of a conversation, you should consider the testimony presented to you regarding how, and by whom, the transcript was made. You may consider the knowledge, training, and experience of the translator, as well as the nature of the conversation and the reasonableness of the translation in light of all the evidence in the case. You should not rely in any way on any knowledge you may have of the language spoken on the recording; your consideration of the transcripts should be based on the evidence introduced in the trial.
 

 NOTE ON USE FOR 301.8
 

 This instruction is appropriate immediately prior to the jury hearing a tape-recorded conversation in a foreign language if the accuracy of the translation is an issue. See,
 
 e.g., United States v. Jordan,
 
 223 F.3d 676, 689 (7th Cir.2000). See also Seventh Circuit Federal Criminal Jury Instructions § 3.18.
 

 
 *683
 
 301.9 DISREGARD STRICKEN MATTER
 

 NOTE ON USE FOR 301.9
 

 No standard instruction is provided. The court should give an instruction that is appropriate to the circumstances. In drafting a curative instruction, the court must decide on a measured response that will do more good than harm, going no further than necessary. The language of curative instructions should be carefully selected so as not to punish a party or attorney.
 

 301.10 INSTRUCTION BEFORE RECESS
 

 NOTE ON USE FOR 301.10
 

 No standard instruction is provided. The jury should be given an appropriate reminder in advance of any recess.
 

 SECTION 400 — SUBSTANTIVE INSTRUCTIONS
 

 401 General Negligence
 

 402 Professional Negligence
 

 403 Products Liability
 

 404 Insurer’s Bad Faith
 

 405 Defamation
 

 406 Malicious Prosecution
 

 407 False Imprisonment
 

 408 Tortious Interference with Business Relationships
 

 409 Misrepresentation
 

 410 Outrageous Conduct Causing Severe Emotional Distress
 

 411 Civil Theft
 

 412 Contribution Among Tortfeasors
 

 413 Claim for Personal Injury Protection (PIP) Benefits (Medical Benefits only)
 

 414 Intentional Tort As an Exception to Exclusive Remedy of Workers’ Compensation
 

 415 Unlawful Retaliation
 

 NOTE ON USE
 

 These substantive instructions should be followed by the applicable sections from Damages, Substantive Instructions — General, and Closing Instructions (Before Final Argument).
 

 401 GENERAL NEGLIGENCE
 

 401.1 Introduction
 

 401.2 Summary of Claims
 

 401.3 Greater Weight of the Evidence
 

 401.4 Negligence
 

 401.5 Negligence of a Child
 

 401.6 Negligence of a Common Carrier
 

 401.7 Res Ipsa Loquitur
 

 401.8 Violation of Non-Traffic Penal Statute as Negligence per Se
 

 401.9 Violation of Statute, Ordinance, or Regulation as Evidence of Negligence
 

 401.10 Equal and Reciprocal Rights of Motorists and Pedestrians
 

 401.11 Duty of Motorist Toward Children
 

 401.12 Legal Cause
 

 401.13 Preemptive Charges
 

 401.14 Preliminary Issues — Vicarious Liability
 

 401.15 Preliminary Issues — Common Carrier
 

 401.16 Preliminary Issues — Premises Liability
 

 401.17 Burden of Proof on Preliminary Issues
 

 401.18 Issues on Plaintiff’s Claim— General Negligence
 

 401.19 Issues on Plaintiffs Claim— Common Carrier
 

 401.20 Issues on Plaintiffs Claim— Premises Liability
 

 
 *684
 
 401.21 Burden of Proof on Main Claim
 

 401.22 Defense Issues
 

 401.23 Burden of Proof on Defense Issues
 

 401.24 Counterclaims, Cross Claims, and Third Party Claims
 

 401.1INTRODUCTION
 

 Members of the jury, you have now heard and received all of the evidence in this case. I am now going to tell you about the rules of law that you must use in reaching your verdict. [You will recall at the beginning of the case I told you that if, at the end of the case I decided that different law applies, I would tell you so. These instructions are (slightly) different from what I gave you at the beginning and it is these rules of law that you must now follow.] When I finish telling you about the rules of law, the attorneys will present their final arguments and you will then retire to decide your verdict.
 

 NOTES ON USE FOR 401.1
 

 1.When instructing the jury before taking evidence, use instruction 202.1 in lieu of instruction 401.1. See Model Instruction No. 1. Instruction 401.1 is for instructing the jury after the evidence has been concluded. Use the bracketed language in instruction 401.1 when the final instructions are different from the instructions given at the beginning of the case. If the instructions at the end of the case are different from those given at the beginning of the case, the committee recommends that the court point out the differences with appropriate language in the final instructions, including an explanation for the difference, such as where the court has directed a verdict on an issue.
 

 2.
 
 Fla.R.Civ.P.
 
 1.470(b) authorizes instructing the jury during trial or before or after final argument. The timing of instructions is within the sound discretion of the trial judge, to be determined on a case-by-case basis, but the committee strongly recommends instructing the jury before final argument.
 

 3. Each juror must be provided with a full set of jury instructions for use during their deliberations.
 
 Rule
 
 1.470(b). The trial judge may find it useful to provide these instructions to the jurors when the judge reads the instructions in open court so that jurors can read along with the judge, as the judge reads the instructions aloud.
 

 401.2SUMMARY OF CLAIMS
 

 The claims [and defenses] in this case are as follows. (Claimant) claims that (defendant) was negligent in (describe alleged negligence) which caused [him] [her] harm.
 

 (Defendant) denies that claim [and also claims that (claimant) was [himself] [herself] negligent in (describe the alleged comparative negligence) which caused [his] [her] harm]. [Additionally (describe any other affirmative defenses).]
 

 [The parties] [ (claimant) ] must prove [his] [her] [their] claims by the greater weight of the evidence. I will now define some of the terms you will use in deciding this case.
 

 401.3GREATER WEIGHT OF THE EVIDENCE
 

 “Greater weight of the evidence” means the more persuasive and convincing force and effect of the entire evidence in the case.
 

 NOTES ON USE FOR 401.3
 

 1.
 
 Greater or lesser number of witnesses.
 
 The committee recommends that no instruction be given regarding the relationship (or lack of relationship) between
 
 *685
 
 the greater weight of the evidence and the greater or lesser number of witnesses.
 

 2.
 
 Circumstantial evidence.
 
 The committee recommends that no instruction generally be given distinguishing circumstantial from direct evidence. See
 
 Nielsen v. City of Sarasota,
 
 117 So.2d 731 (Fla.1960).
 

 401.4 NEGLIGENCE
 

 Negligence is the failure to use reasonable care, which is the care that a reasonably careful person would use under like circumstances. Negligence is doing something that a reasonably careful person would not do under like circumstances or failing to do something that a reasonably careful person would do under like circumstances.
 

 NOTES ON USE FOR 401.4
 

 1.
 
 No inference of negligence from mere fact of accident.
 
 The committee recommends that no instruction be given to the effect that “negligence may not be inferred from the mere happening of an accident alone.”
 
 Belden v. Lynch,
 
 126 So.2d 578, 581 (Fla. 2d DCA 1961). Such an instruction is argumentative and negative.
 

 2.
 
 Unavoidable accident.
 
 The committee recommends that no instruction be given on the subject of “unavoidable accident,” this being a more appropriate subject for argument by counsel.
 

 8.
 
 Presumption of reasonable care; right to assume others will exercise.
 
 The committee recommends that no instruction be given to the effect that one is presumed to have exercised reasonable care for one’s own safety or for the safety of others or that one has the right to assume others will exercise reasonable care. Whether a person is entitled so to assume and to act on that assumption ultimately depends on whether a reasonably careful person in the same circumstances would so assume and act. See 3 Fla. Jur.
 
 Automobiles
 
 § 93 at 562; 23 Fla. Jur.
 
 Negligence
 
 § 79 at 319, also §§ 77 and 78; 65A C.J.S.
 
 Negligence
 
 § 15 at 592, § 118 at 30; 60 C.J.S.
 
 Motor Vehicles
 
 § 249 at 610; 61 C.J.S.
 
 Motor Vehicles
 
 § 459 at 13.
 

 4.
 
 Sudden Emergency.
 
 The committee recommends that no instruction be given on the subject of sudden emergency. In the circumstances of an emergency, as in “ordinary circumstances,” the applicable standard of care is reasonable care under the circumstances.
 

 5.
 
 Traffic.
 
 The committee recommends that no instruction be given on the following subjects: (a) duty to keep lookout; (b) duty to inspect vehicle or to maintain vehicle in safe condition; or (c) the supposed “range of vision” rule. Negligence is properly and completely defined as the failure to use that degree of care which a reasonable person would use under like circumstances.
 

 6.
 
 Railroads.
 
 The committee recommends that no instruction be given on the following subjects: (a) the supposed duty of a pedestrian or motorist to “yield the right of way” to an approaching train; (b) reciprocal duties at railroad crossings; or (c) the “standing train” doctrine. Negligence is properly and completely defined as the failure to use that degree of care which a reasonable person would use under like circumstances.
 

 401.5 NEGLIGENCE OF A CHILD
 

 Reasonable care on the part of a child is the care that a reasonably careful child of the same age, mental capacity, intelligence, training and experience would use under like circumstances.
 

 NOTE ON USE FOR 401.5
 

 This instruction should be given, when applicable, immediately following instruction 401.4. This instruction is applicable
 
 *686
 
 when the claim involves negligence of a child occurring while that child is engaged in activities appropriate to a child of his or her age, experience and wisdom. This instruction may not be applicable when the claim involves negligence of a child occurring while he or she is engaged in an activity normally undertaken principally by adults and for which adult qualifications are usually required, such as operating an automobile, airplane, motorboat, or motorcycle,
 
 e.g., Medina v. McAllister,
 
 202 So.2d 755 (Fla.1967).
 

 401.6 NEGLIGENCE OF A COMMON CARRIER
 

 Negligence is the failure to use reasonable care. (Defendant) is a common carrier. [The reasonable care required of (defendant) is different from the reasonable care required of a passenger.]
 

 The reasonable care required of a common carrier for the safety of a passenger is the highest degree of care that is consistent with the type of transportation used and the practical operation of the business of a common carrier of passengers. Negligence of a common carrier is doing something that a very careful person would not do under like circumstances or failing to do something that a very careful person would do under like circumstances.
 

 [In connection with (defendant’s) defense that (claimant) was [himself] [herself] negligent, reasonable care is what a reasonably careful person would do under like circumstances. Negligence is doing something that a reasonably careful person would not do under like circumstances or failing to do something that a reasonably careful person would do under like circumstances.]
 

 NOTE ON USE FOR 401.6
 

 1. Instruction 401.6 should be given instead of instruction 401.4 in a passenger’s case to define the standard of care applicable to a common carrier.
 

 2. In cases involving multiple defendants, with non-common carrier defendants, refer to instruction 401.4 for the applicable negligence instruction for the non-common carrier defendants.
 

 401.7 RES IPSA LOQUITUR
 

 If you find that ordinarily the [incident] [injury] would not have happened without negligence,
 

 [and that the (name the item) causing the injury was in the exclusive control of (defendant) at the time it caused the injury,] *
 

 [and that the (name the item) causing the injury was in the exclusive control of (defendant) at the time the negligent act or omission, if any, must have occurred and that the (name the item), after leaving (defendant’s) control, was not improperly used or handled by others or subjected to harmful forces or conditions,]
 
 *
 

 you may infer that (defendant) was negligent unless, taking into consideration all of the evidence in the case, you find that the (describe the event) was not due to any negligence on the part of (defendant).
 

 NOTE ON USE FOR 401.7
 

 * Use the second bracketed paragraph in cases involving exploding bottles, see,
 
 e.g., Burkett v. Panama City Coca-Cola Bottling Co.,
 
 93 So.2d 580 (Fla.1957), or other instrumentalities that are no longer in the defendant’s control at the time of plaintiffs injury. Compare
 
 Wagner v. Associated Shower Door Co.,
 
 99 So.2d 619 (Fla. 3d DCA 1958). Use the first bracketed paragraph in all other cases.
 

 
 *687
 
 401.8 VIOLATION OF NON-TRAFFIC PENAL STATUTE AS NEGLIGENCE PER SE
 

 Read or paraphrase the applicable statute or refer to the ordinance admitted in evidence.
 

 Violation of this [statute] [ordinance] is negligence. If you find that (defendant or individual(s) claimed to have been negligent) violated this [statute] [ordinance], then (defendant or individual(s) claimed to have been negligent) [was] [were] negligent. You should then decide whether such negligence was a legal cause of (claimant’s) [loss] [injury] [or] [damage].
 

 NOTES ON USE FOR 401.8
 

 1. This instruction should not be given in a case involving violation of a traffic regulation prescribed by statute or ordinance or in other cases in which the violation is only evidence of negligence. Use instruction 401.9 instead. It is “negligence per se” to violate a penal statute or ordinance, not regulating traffic, which was enacted to protect a particular class of persons from a particular injury or type of injury.
 
 deJesus v. Seaboard Coast Line Railroad Co.,
 
 281 So.2d 198 (Fla.1973). When the legislative authority enacts such a statute or ordinance, it thereby prescribes a minimum standard of reasonable care to which every reasonably careful person will adhere. The jury is not at liberty to determine that the violation of such a standard is not negligence.
 
 Richardson v. Fountain,
 
 154 So.2d 709 (Fla. 2d DCA 1963), and cases cited at 154 So.2d at 711; 38 Am.Jur.
 
 Negligence
 
 § 158, at 82729; but compare
 
 Mastrandrea v. J. Mann, Inc.,
 
 128 So.2d 146 (Fla. 3d DCA 1961).
 

 2. This instruction should not be used in “strict liability” cases in which liability is predicated on violation of a statute enacted to protect a particular class of persons who are unable to protect themselves. In such cases, the violator is strictly liable for the consequent injury, even though the violation was not the “proximate” or “legal” cause by traditional tests.
 
 Sloan v. Coit International, Inc.,
 
 292 So.2d 15 (Fla.1974);
 
 Tamiami Gun Shop v. Klein,
 
 109 So.2d 189 (Fla. 3d DCA 1959),
 
 cert. disch.
 
 116 So.2d 421; see
 
 deJesus.
 

 401.9 VIOLATION OF STATUTE, ORDINANCE, OR REGULATION AS EVIDENCE OF NEGLIGENCE
 

 Read or paraphrase the applicable statute or refer to the ordinance or regulation admitted in evidence.
 

 Violation of this [statute] [ordinance] [regulation] is evidence of negligence. It is not, however, conclusive evidence of negligence. If you find that (defendant or individual(s) claimed to have been negligent) violated this [statute] [ordinance] [regulation], you may consider that fact, together with the other facts and circumstances, in deciding whether such person was negligent.
 

 NOTES ON USE FOR 401.9
 

 1. This instruction as written renders it applicable in a generic sense to all statutory or regulatory violations, which are determined to constitute evidence of negligence, in addition to violations of traffic regulations. For instruction related to statute or ordinance violations, which constitute negligence per se, see instruction 401.8.
 

 2. This instruction is to be used for the violation of both traffic and nontraffic regulations, ordinances, or codes where the violation constitutes evidence of negligence, for example: (1) building code violations, see
 
 Lindsey v. Bill Arflin Bonding Agency Inc.,
 
 645 So.2d 565 (Fla. 1st DCA 1994);
 
 Morowitz v. Vistaview Apartments,
 
 
 *688
 

 Ltd.,
 
 613 So.2d 493 (Fla. 3d DCA 1993);
 
 Holland v. Baguette, Inc.,
 
 540 So.2d 197 (Fla. 3d DCA 1989); (2) OSHA regulations, see
 
 Jupiter Inlet Corp. v. Brocard,
 
 546 So.2d 1 (Fla. 4th DCA 1988); (3) governmental statutes or ordinances, see
 
 Gabriel v. Tripp,
 
 576 So.2d 404 (Fla. 2d DCA 1991) (statutory violation making it unlawful to knowingly transmit a sexually transmissible disease);
 
 Bennett M. Lifter, Inc. v. Varnado,
 
 480 So.2d 1336 (Fla. 3d DCA 1985) (violation of residential Landlord Tenant Act,
 
 F.S.
 
 83.51 (1983));
 
 Walt Disney World Co. v. Merritt,
 
 404 So.2d 1077 (Fla. 5th DCA 1981) (violation of State Fire Marshal’s rules);
 
 Hines v. Reichhold Chemicals, Inc.,
 
 383 So.2d 948 (Fla. 1st DCA 1980) (statutory violation of emission of gases and noxious odors);
 
 Jones v. Fla. East Coast R.R. Co.,
 
 220 So.2d 922 (Fla. 4th DCA 1969) (violation of municipal ordinance requiring railroad crossing signals);
 
 Conroy v. Briley,
 
 191 So.2d 601 (Fla. 1st DCA 1966) (violation of city ordinance regarding handrail on stairways);
 
 Florida East Coast Railway Co. v. Pollack,
 
 154 So.2d 346 (Fla. 3d DCA 1963) (city ordinance regulating speed of trains within municipal limits).
 

 3. This instruction should not be given if the statute or ordinance in question provides that its violation is not evidence of negligence,
 
 e.g., F.S.
 
 316.613 (1997) (failure to provide and use a child passenger restraint inadmissible in civil action as evidence of negligence).
 

 401.10EQUAL AND RECIPROCAL RIGHTS OF MOTORISTS AND PEDESTRIANS
 

 All persons [whether [pedestrians] [or] [motorists] [or] (other) ] may use the [street] [highway] but each has a duty [to comply with lawful regulations of its use applicable to [him] [her] and]
 
 *
 
 to use reasonable care for [his] [her] own safety and for the safety of others.
 

 NOTE ON USE FOR 401.10
 

 * The bracketed portion indicated with an asterisk should be given only when such a regulation, applicable to a party, is referred to either in evidence or in the court’s instruction.
 

 401.11DUTY OF MOTORIST TOWARD CHILDREN
 

 A motorist must use reasonable care to guard against the unpredictable and erratic behavior of children on or near the [street] [highway] if [he] [she] knows or should know of their presence.
 

 NOTES ON USE FOR 401.11
 

 1. This instruction is designed for use in cases involving a younger child when the child is observed or is at a place where children may reasonably be expected.
 

 2. The committee recommends that this instruction not be given in cases involving an older child in circumstances where youthful inattention or immaturity is not involved.
 

 401.12LEGAL CAUSE
 

 a. Legal cause generally:
 

 Negligence is a legal cause of [loss] [injury] [or] [damage] if it directly and in natural and continuous sequence produces or contributes substantially to producing such [loss] [injury] [or] [damage], so that it can reasonably be said that, but for the negligence, the [loss] [injury] [or] [damage] would not have occurred.
 

 b. Concurring cause:
 

 In order to be regarded as a legal cause of [loss] [injury] [or] [damage] negligence need not be the only cause. Negligence may be a legal cause of [loss] [injury] [or] [damage] even though it operates in combination with
 
 *689
 
 [the act of another] [some natural cause] [or] [some other cause] if the negligence contributes substantially to producing such [loss] [injury] [or] [damage].
 

 c.
 
 Intervening cause:
 

 Do not use the bracketed first sentence if this instruction is preceded by the instruction on concurring cause:
 
 *
 

 * [In order to be regarded as a legal cause of [loss] [injury] [or] [damage], negligence need not be its only cause.] Negligence may also be a legal cause of [loss] [injury] [or] [damage] even though it operates in combination with [the act of another] [some natural cause] [or] [some other cause] occurring after the negligence occurs if [such other cause was itself reasonably foreseeable and the negligence contributes substantially to producing such [loss] [injury] [or] [damage]] [or] [the resulting [loss] [injury] [or] [damage] was a reasonably foreseeable consequence of the negligence and the negligence contributes substantially to producing it].
 

 NOTES ON USE FOR 401.12
 

 1.Instruction 401.12a (legal cause generally) is to be given in all cases. Instruction 401.12b (concurring cause), to be given when the court considers it necessary, does not set forth any additional standard for the jury to consider in determining whether negligence was a legal cause of damage but only negates the idea that a defendant is excused from the consequences of his or her negligence by reason of some other cause concurring in time and contributing to the same damage. Instruction 401.12c (intervening cause) is to be given only in cases in which the court concludes that there is a jury issue as to the presence and effect of an intervening cause.
 

 2. The jury will properly consider instruction 401.12a not only in determining whether defendant’s negligence is actionable but also in determining whether claimant’s negligence contributed as a legal cause to claimant’s damage, thus reducing recovery.
 

 3. Instruction 401.12b must be given whenever there is a contention that some other cause may have contributed, in whole or part, to the occurrence or resulting injury. If there is an issue of aggravation of a preexisting condition or of subsequent injuries/multiple events, instructions 501.5a or 501.5b should be given as well. See
 
 Hart v. Stern,
 
 824 So.2d 927, 932-34 (Fla. 5th DCA 2002);
 
 Marinelli v. Grace,
 
 608 So.2d 833, 835 (Fla. 4th DCA 1992).
 

 4. Instruction 401.12c (intervening cause) embraces two situations in which negligence may be a legal cause notwithstanding the influence of an intervening cause: (1) when the damage was a reasonably foreseeable consequence of the negligence although the other cause was not foreseeable,
 
 Mozer v. Semenza,
 
 177 So.2d 880 (Fla. 3d DCA 1965), and (2) when the intervention of the other cause was itself foreseeable,
 
 Gibson v. Avis Rent-A-Car System, Inc.,
 
 386 So.2d 520 (Fla.1980).
 

 5. “Probable”
 
 results.
 
 The committee recommends that the jury not be instructed that the damage must be such as would have appeared “probable” to the actor or to a reasonably careful person at the time of the negligence. In cases involving an intervening cause, the term “reasonably foreseeable” is used in place of “probable.” The terms are synonymous and interchangeable. See
 
 Sharon v. Luten,
 
 165 So.2d 806, 810 (Fla. 1st DCA 1964); Prosser,
 
 Torts
 
 291 (3d ed.); 2 Harper & James,
 
 The Law of Torts,
 
 1137.
 

 6. The term “substantially” is used throughout the instruction to describe the extent of contribution or influence negli
 
 *690
 
 gence must have in order to be regarded as a legal cause. “Substantially” was chosen because the word has an acceptable common meaning and because it has been approved in Florida as a test of causation not only in relation to defendant’s negligence,
 
 Loftin v. Wilson,
 
 67 So.2d 185, 191 (Fla.1953), but also in relation to plaintiff’s comparative negligence,
 
 Shayne v. Saunders,
 
 129 Fla. 355, 176 So. 495, 498 (1937).
 

 401.13 PREEMPTIVE CHARGES
 

 The court has determined and now instructs you that
 

 a. Duty to use reasonable care:
 

 the circumstances at the time and place of the incident involved in this case were such that (defendant) had a duty to use reasonable care for (claimant’s) safety.
 

 (skip to instruction k-01.17 on negligence issues)
 

 NOTE ON USE FOR 401.13a
 

 This preemptive instruction is not for use routinely, but only when the reasonable care standard was contested before the jury, as by an instruction 401.14 issue now to be withdrawn as a matter of law. In that event instruction 401.13a properly emphasizes reasonable care as embodied in instruction 401.17 or 401.19 and 401.4. Otherwise it is argumentative.
 

 b. Vicarious liability:
 

 (Defendant) is responsible for any negligence of (name) in (describe alleged negligence).
 

 (skip to instruction ⅛01.17 on negligence
 
 issues)
 

 c.
 
 Negligence:
 

 (Defendant) was negligent. The issue for you to decide [on (claimant’s) claim] is whether such negligence was a legal cause of [loss] [injury] [or] [damage] to (claimant or person on whose behalf the claim is made).
 

 (skip to damage issues and general
 
 instructions)
 

 d.Directed verdict on liability:
 

 (Defendant) was negligent and such negligence was a legal cause of [loss] [injury] [or] [damage] to (claimant). (Claimant) is therefore entitled to recover from (defendant) for the [loss] [injury] [or] [damage] as is shown by the greater weight of the evidence to have been caused by (defendant).
 

 (skip to damage issues and general instructions)
 

 NOTE ON USE FOR 401.13d
 

 This instruction should be given only when the sole issue to be determined by the jury is damages.
 

 NOTES ON USE FOR 401.13
 

 1. This instruction covers only preemptive instructions on issues arising on claims. Preemptive instructions on defense issues are covered in instruction 401.22 and should be given at that stage of the instruction.
 

 2. It may be necessary or desirable in some cases for the court to introduce this instruction by calling attention to the evidence or arguments of counsel in which the issue now to be withdrawn was raised or discussed.
 

 401.14 PRELIMINARY ISSUES— VICARIOUS LIABILITY
 

 On the (claimant’s) claim there is a preliminary issue for you to decide. That issue is:
 

 
 *691
 

 a. Owner, lessee, or bailee of vehicle driven by another:
 

 whether (defendant) was the [owner] [lessee] [or] [bailee] of the vehicle driven by (driver) [or] whether (driver) was operating the vehicle with the express or implied consent of (defendant). A person who [owns] [is the lessee of] [or] [is the bailee of] a vehicle and who expressly or impliedly consents to another’s use of it is responsible for its operation.
 

 [An owner of a vehicle is one who has legal title to the vehicle and who has the right of control and authority over its use.]
 

 [A lessee of a vehicle is one who has leased or rented the vehicle from its owner.]
 

 [A bailee of a vehicle is one to whom the vehicle has been furnished or delivered by [its owner] [a person with authority over its use] for a particular purpose, with the understanding that it will be returned.]
 

 NOTES ON USE FOR 401.14a
 

 1. The general rules stated above will be appropriate in most cases in which there is an issue concerning the status of a defendant under Florida’s “dangerous instrumentality” doctrine. See generally
 
 Aurbach v. Gallina,
 
 753 So.2d 60 (Fla.2000). They are subject to a number of exceptions, however. For example, the owner of a vehicle who has delivered possession of it to another under a conditional sales contract, and who has complied with all the requirements of
 
 F.S.
 
 819.22, is not liable for its negligent operation. See
 
 Aurbach; Palmer v. R.S. Evans, Jacksonville, Inc.,
 
 81 So.2d 635 (Fla.1955). The owner of a vehicle who has leased it to another under a lease for one year or longer and who has complied with all the requirements of
 
 F.S.
 
 324.021(9)(b)1, is not liable for its negligent operation. See
 
 Ady v. American Honda Finance Corp.,
 
 675 So.2d 577 (Fla.1996). Additional limitations upon vicarious liability are set forth in
 
 F.S.
 
 324.021(9)(b) and 324.021(9)(e). An owner or lessee who has delivered a vehicle to a repair shop for maintenance is ordinarily not liable for its negligent operation during servicing, service-related testing, or transport of the vehicle by the bailee. See
 
 Michalek v. Shumate,
 
 524 So.2d 426 (Fla.1988);
 
 Castillo v. Bickley,
 
 363 So.2d 792 (Fla.1978). Although an owner is liable for a personal injury or wrongful death negligently inflicted by a bailee upon a third party, an owner is not liable for a personal injury or wrongful death negligently inflicted by a bailee upon a co-bailee. See
 
 Toombs v. Alamo Rent-A-Car, Inc.,
 
 833 So.2d 109 (Fla.2002);
 
 Raydel, Ltd. v. Medcalfe,
 
 178 So.2d 569 (Fla.1965);
 
 May v. Palm Beach Chemical Co.,
 
 77 So.2d 468 (Fla.1955). And proof of express or implied consent is not required where an unattended vehicle has been stolen because the owner left the keys in the ignition. See
 
 Hendeles v. Sanford Auto Auction, Inc.,
 
 364 So.2d 467 (Fla.1978);
 
 Vining v. Avis Rent-A-Car System, Inc.,
 
 354 So.2d 54 (Fla.1977). Other exceptions may exist for which special instructions may be required. See generally 4A Fla. JuR.2d,
 
 Automobiles and Other Vehicles,
 
 §§ 667690. The instruction may also have to be tailored to fit the particular factual circumstances of the case.
 

 2.
 
 Dangerous instrumentality.
 
 The committee recommends that the court not instruct the jury that an automobile is a “dangerous instrumentality,” such an instruction being unnecessary and essentially argumentative.
 

 
 *692
 

 b. Agency.
 

 (l).Agency, master and servant (independent contractor distinguished):
 

 whether (name) was an agent of (defendant) and was acting within the scope of [his] [her] employment at the time and place of the incident in this case. [An agent is a person who is employed to act for another, and whose actions are controlled by [his] [her] employer or are subject to [his] [her] employer’s right of control.] An employer is responsible for the negligence of [his] [her] [its] agent if such negligence occurs while the agent is performing services which [he] [she] was employed to perform or while the agent is acting at least in part because of a desire to serve [his] [her] employer and is doing something that is reasonably incidental to [his] [her] employment or something the doing of which was reasonably foreseeable and reasonably to be expected of persons similarly employed.
 

 [But a person is not responsible for the negligence of an independent contractor or of the agents or employees of an independent contractor. An independent contractor is a [person] [business] who is engaged by another to perform specific work according to [his] [her] [its] own methods and whose methods of performing the work are not controlled by the person engaging [him] [her] [it] and are not subject to that person’s right of control.]
 

 NOTE ON USE FOR 401.14b(l)
 

 For purposes of defining liability for negligence, there is no reason to distinguish between the relationship of principal and agent and the relationship of master and servant. See
 
 Lynch v. Walker,
 
 159 Fla. 188, 31 So.2d 268 (1947).
 

 (2). Apparent agency:
 

 whether (name) was an apparent agent of (defendant) and was acting within the scope of [his] [her] apparent authority at the time and place of the incident in this case. [An agent is a person who is employed to act for another, and whose actions are controlled by [his] [her] employer or [is] [are] subject to [his] [her] employer’s right of control.] (Name) was an apparent agent if (defendant) by [his] [her] [its] words or conduct caused or allowed (claimant) to believe that (name) was an agent of and had authority to act for (defendant) and if (claimant) justifiably relied upon that belief in dealing with (name) as the agent of (defendant). A person is responsible for the negligence of [his] [her] [its] apparent agent occurring while the apparent agent is acting within the scope of [his] [her] apparent authority.
 

 NOTES ON USE FOR 401.14b(l) AND (2)
 

 1. If the court determines that issues on both actual agency and apparent agency should be submitted to the jury, give both instructions 401.14b(l) and b(2), omitting the bracketed language in b(2). When instruction 401.14b(2) is used alone, give the bracketed language.
 

 2. For the rules which might be applicable if the independent contractor is engaged in inherently dangerous work or using a dangerous instrumentality, see
 
 Florida Power & Light Co. v. Price,
 
 170 So.2d 298 (Fla.1964).
 

 
 *693
 
 c.
 
 Ultrahazardous work (exception to nonliability for negligence of independent contractor):
 

 whether (defendant) [authorized or permitted another to carry on] [or] [knowingly assisted or participated in carrying on], upon premises owned or possessed by [him] [her], an activity which (defendant) knew or should have known was ultrahazardous. The performance of work is ultrahazar-dous if there is a real and substantial danger inherent in the work itself and if the work is of such a nature that, in the ordinary course of events, performance of the work will probably cause injury if proper precautions are not taken. A person who [authorizes or permits another to carry on] [or] [knowingly assists or participates in carrying on] ultrahazardous work on premises owned or possessed by the employer is responsible for negligence in the performance of the work by the other or by his or her agents and employees.
 

 NOTE ON USE FOR 401.14c
 

 Price v. Florida Power & Light Co.,
 
 159 So.2d 654 (Fla. 2d DCA 1963),
 
 rev’d
 
 170 So.2d 293. If the activity in question is ultrahazardous as a matter of law, this instruction should be omitted and instruction 401.13b, the preemptive instruction on vicarious liability, should be given.
 

 d.
 
 Partnership:
 

 whether (name) was a partner of (defendant) and was acting on behalf of the partnership and within the scope of its business at the time and place of the incident in this case. A partnership exists when two or more persons join together or agree to join together in a business or venture for their common benefit, each contributing property, money or services and each having an interest in any profits. Each member of a partnership is responsible for the negligence of any partner if such negligence occurs while the partner is acting on behalf of the partnership and within the scope of the partnership’s business.
 

 e.Joint venture:
 

 whether at the time and place of the incident complained of, (name) was engaged in a joint venture with (defendant) and was acting on behalf of the joint venture and within the scope of its business at the time and place of the incident in this case. A joint venture exists when two or more persons combine their resources or efforts and agree to undertake some particular business transaction in which they have common interests in the purposes to be accomplished, joint control or right of control of the venture, joint ownership interest in the subject matter of the venture and a common right and duty to share in profits and losses. Each member of a joint venture is responsible for the negligence of another member if such other member’s negligence occurs while he or she is acting on behalf of the joint venture and within the scope of its business.
 

 f Joint enterprise (automobile):
 

 whether (driver) was operating the automobile at the time and place of the [collision] [incident complained of] to further the purposes of a joint enterprise in which [he] [she] was engaged with (defendant passenger). A joint enterprise exists when two or more persons agree, expressly or impliedly, to engage in an activity in which they have a common interest in the pur
 
 *694
 
 poses to be accomplished and equal rights to control and manage the operation of an automobile in the enterprise. Each member of a joint enterprise is responsible for the negligence of another member in the operation of the automobile if that negligence occurs while he or she is acting under the agreement and to further the purposes of the joint enterprise.
 

 NOTE ON USE FOR 401.14
 

 Instruction 401.14 should be followed by instruction 401.17, Burden of Proof on Preliminary Issues, unless there are other preliminary issues, in which case instruction 401.17 would follow all preliminary issue instructions.
 

 401.15 PRELIMINARY ISSUES— COMMON CARRIER
 

 On (claimant’s) claim there is [a preliminary] [another] issue for you to decide. That issue is whether at the time and place of the incident in this case, (claimant) was a passenger of (defendant), a common carrier. A person is a passenger of a common carrier when
 

 a. Passenger before boarding:
 

 [intending to take passage, [he] [she] enters and occupies a station, waiting room or other place provided by the carrier for the reception of passengers at a time when such place is open for reception of persons intending to take passage on the carrier’s vehicle or conveyance.] or
 

 b. Passenger boarding or in transit:
 

 [[he] [she] enters or occupies the carrier’s vehicle or conveyance for the purpose of transportation with the carrier’s express or implied consent.] or
 

 c.
 
 Passenger temporarily leaving conveyance:
 

 [[he] [she] enters or occupies the carrier’s vehicle or conveyance for the purpose of transportation with the carrier’s express or implied consent. Such a person does not cease to be a passenger by leaving the carrier’s vehicle or conveyance temporarily for a reasonable purpose and without intending to abandon the carrier’s transportation.] or
 

 d. Passenger departing at destination:
 

 [[he] [she] enters or occupies the carrier’s vehicle or conveyance for the purpose of transportation with the carrier’s express or implied consent. Such a person does not cease to be a passenger at [his] [her] destination until [he] [she] has safely left the carrier’s vehicle or conveyance [or, if [he] [she] is discharged at the station or premises of the carrier, until [he] [she] has had a reasonable opportunity to leave the premises].]
 

 NOTES ON USE FOR 401.15
 

 1.
 
 Atlantic Greyhound Lines v. Lovett,
 
 134 Fla. 505, 184 So. 133 (Fla.1938);
 
 Florida Southern Railway Co. v. Hirst,
 
 30 Fla. 1, 11 So. 506 (Fla.1892);
 
 Henderson v. Tarver,
 
 123 So.2d 369 (Fla. 2d DCA 1960);
 
 Pividal v. City of Miami,
 
 105 So.2d 502 (Fla. 3d DCA 1958).
 

 2. Instruction 401.15 should be followed by instruction 401.17, Burden of Proof on Preliminary Issues.
 

 401.16 PRELIMINARY ISSUES— PREMISES LIABILITY
 

 On (claimant’s) claim, there is a preliminary issue for you to decide. That issue is:
 

 
 *695
 

 a. Invitee or invited licensee:
 

 whether, at the time and place of the incident in this case (claimant) was invited on premises owned by or in the possession of (defendant). A person is invited on land or premises of another when he enters or remains there at the invitation of the owner or possessor. An invitation may be either express or reasonably implied from the circumstances. [A person remains invited as long as [he] [she] uses the premises in the customary manner or in a manner which the owner or possessor of the premises might reasonably have expected and at a place where the visitor was invited or where [he] [she] was permitted to be or where [he] [she] might reasonably have been expected by the owner or possessor.]
 

 b. Discovered trespasser [or licensee (uninvited) whose presence is foreseeable]:
 

 Use the bracketed language indicated with an asterisk if claimant was a licensee (uninvited) but not if claimant was a trespasser.
 
 *
 

 whether, at the time and place of the incident in this case, (defendant) had a duty to use reasonable care for the safety of (claimant). A person who owns or has possession of land or premises who knows of a condition on the premises which involves an unreasonable risk of harm to another person on the premises has a duty to use reasonable care to warn the other person of the condition and the risk involved, if the presence of the other person is known ⅜ [or reasonably foreseeable] by the owner or possessor and if the other neither knew nor should have known of the condition and risk by the use of reasonable care.
 

 NOTES ON USE FOR 401.16b
 

 1.
 
 Byers v. Gunn,
 
 81 So.2d 723 (Fla.1955);
 
 Crutchfield v. Adams,
 
 152 So.2d 808 (Fla. 1st DCA 1963);
 
 Seaboard Air Line Railroad. Co. v. Branham,
 
 99 So.2d 621 (Fla. 3d DCA 1958).
 

 2. In the case of a person having an express or implied invitation, use instruction 401.16a instead of instruction 401.16b. As a result of
 
 Wood v. Camp,
 
 284 So.2d 691 (Fla.1973), the former licensee category now consists only of “uninvited licensees.”
 

 c.Attractive nuisance:
 

 The first clause, bracketed and indicated with an asterisk, and the last clause, bracketed and indicated with a dagger, should be used only if there are jury issues on those matters.
 
 * †
 

 * [whether (defendant) [owned] [possessed] [or] [controlled] the land or premises in question]; whether the (identify structure or other artificial condition) was located at a place on the land or premises in question where (defendant) knew or had reason to know children were likely to be [as trespassers or otherwise]; whether the (identify structure or other artificial condition) had an unreasonable risk of death or serious harm to children who, because of their age, were not likely to discover the condition or realize the risk involved in meddling with it or in coming within the area made dangerous by it; [and] whether (defendant) knew or had reason to know of the risk to the children; † [and whether (claimant child), because of his age, did not discover the condition or realize the risk involved in meddling with it or in coming within the area made dangerous by it].
 

 
 *696
 
 NOTE ON USE FOR 401.16c
 

 Derived from Restatement (2d) of Torts § 339;
 
 Cockerham v. R.E. Vaughan, Inc.,
 
 82 So.2d 890 (Fla.1955);
 
 Banks v. Mason,
 
 132 So.2d 219 (Fla. 2d DCA 1961);
 
 Fouraker v. Mullis,
 
 120 So.2d 808 (Fla. 1st DCA 1960). Considered together, instructions 401.16c and 401.20c cover all elements of the attractive nuisance doctrine. Since plaintiff must, in effect, negate negligence in order to prevail on this doctrine, comparative negligence is not a defense.
 
 Larnel Builders, Inc. v. Martin,
 
 110 So.2d 649 (Fla.1959).
 

 NOTES ON USE FOR 401.16
 

 1. Instruction 401.16 should be used when the jury could reasonably decide either for claimant or for defendant on the issue of whether defendant owed claimant the degree of care that is an essential part of the claim made by claimant,
 
 e.g.,
 
 as when claimant contends he was an invitee on the defendant’s premises and defendant contends that plaintiff was a trespasser.
 

 2. Instruction 401.16 is intended to frame the issues determining claimant’s status or defendant’s duty. It is not intended as a statement of the degree of care owed. The matter of degree of care is covered in the instructions on negligence issues.
 

 3. The variations of instruction 401.16 state affirmatively the circumstances that must be shown in order for claimant to prevail on this particular issue. If these circumstances are not shown by the greater weight of the evidence, claimant cannot prevail on a claim that depends on such a showing.
 

 4. Instruction 401.16 should be followed by instruction 401.17, Burden of Proof on Preliminary Issues.
 

 401.17 BURDEN OF PROOF ON PRELIMINARY ISSUES
 

 If the greater weight of the evidence does not support (claimant’s) claim on [this issue] [these issues], that (describe preliminary issue), then your verdict on the claim of (claimant) * [because of the claimed negligence of (name) ] should be for (defendant).
 

 However, if the greater weight of the evidence supports the claim of (claimant) on [this issue] [these issues], that (describe preliminary issue), then you shall decide the other issues on (claimant’s) claim.
 

 NOTES ON USE FOR 401.17
 

 1. Give instruction 401.17 if instructing the jury on any preliminary issues from instructions 401.14,401.15 or 401.16.
 

 2. If there are multiple defendants, this instruction will have to be modified to account for the issues related to each defendant.
 

 3. * There is no need to give that portion of the instruction contained within brackets unless the case involves multiple defendants or the claimant makes an alternative claim not predicated on simple negligence. In such a case it is necessary to distinguish between different claims or a claim of negligence from the other claim.
 

 401.18 ISSUES ON PLAINTIFF’S CLAIM — GENERAL NEGLIGENCE
 

 The [next] issues you must decide on (claimant’s) claim against (defendant) are:
 

 o-
 
 Negligence, generally:
 

 whether (defendant) was negligent in (describe alleged negligence), and, if so, whether that negligence was a legal cause of the [loss] [injury] [or] [damage] to (claimant, decedent, or person for whose injury claim is made).
 

 
 *697
 

 b. Two drivers’negligence:
 

 whether (defendant) or (defendant) was negligent or whether both were negligent in operating the vehicles, and, if so, whether that negligence was a legal cause of [loss] [injury] [or] [damage] to (claimant, decedent, or person for whose injury claim is made).
 

 c.
 
 Negligence of parent (damage caused by child):
 

 whether (defendant parent(s)) negligently [provided] [left in the possession of] [or] [left accessible to] [his] [her] child, (name), (name item) which, because of the child’s age or lack of judgment or experience, was an unreasonable risk of harm to others [or] [failed to restrain or control [his] [her] child, (name),] [or] [directed or encouraged [his] [her] child, (name), to do something involving an unreasonable risk of harm to others]; and, if so, whether that negligence was a legal cause of [loss] [injury] [or] [damage] to (claimant, decedent, or person for whose injury claim is made) ].
 

 d. Railroad, airline, or bus line negligence:
 

 whether (defendant) was negligent in the operation of its [train] [airplane] [bus], and, if so, whether that negligence was a legal cause of [loss] [injury] [or] [damage] to (claimant, decedent, or person for whose injury claim is made).
 

 NOTE ON USE FOR 401.18d
 

 For the degree of care required for passengers of common carriers, see instruction 401.6. If the claimant is a passenger of railroad, airline, bus line, or other common carrier, use instruction 401.9 instead of this instruction.
 

 401.19 ISSUES ON PLAINTIFF’S CLAIM — COMMON CARRIER
 

 The [next] issues on (claimant’s) claim, for you to decide are: whether (defendant) in (describe conduct) failed to exercise the highest degree of care for the safety of (claimant); and, if so, whether that failure was a legal cause of the [loss] [injury] [or] [damage] to (claimant, decedent, or person for whose injury claim is made).
 

 401.20 ISSUES ON PLAINTIFF’S CLAIM — PREMISES LIABILITY
 

 The [next] issues on (claimant’s) claim, for you to decide are:
 

 a. Landowner or possessor’s negligence (toward invitee and invited licensee):
 

 whether (defendant) [negligently failed to maintain his premises in a reasonably safe condition], [or] [negligently failed to correct a dangerous condition about which (defendant) either knew or should have known, by the use of reasonable care,] [or] * [negligently failed to warn (claimant) of a dangerous condition about which (defendant) had, or should have had, knowledge greater than that of (claimant) ]; and, if so, whether such negligence was a legal cause of [loss] [injury] [or] [damage] to (claimant, decedent or person for whose injury claim is made).
 

 NOTES ON USE FOR 401.20a
 

 1. If there is an issue of whether claimant had status as an invitee or invited licensee, give instructions 401.16a and 401.17 as preliminary instructions before giving instruction 401.20a. The final segment of instruction 401.20a, marked with an asterisk(*), is inapplicable when plain
 
 *698
 
 tiff does not proceed on a theory of defendant’s failure to warn.
 

 2. The phrase “... about which (defendant) either knew or should have known by use of reasonable care ...” may be inappropriate in cases involving “transitory foreign objects.”
 
 F.S.
 
 768.0710;
 
 Markowitz v. Helen Homes of Kendall Corp.,
 
 826 So.2d 256 (Fla.2002);
 
 Owens v. Publix Supermarkets, Inc.,
 
 802 So.2d 315 (Fla.2001);
 
 Melkonian v. Broward County Board of County Commissioners,
 
 844 So.2d 785 (Fla. 4th DCA 2003).
 

 b. Landowner or possessor’s negligence (toward discovered trespasser or foreseeable licensee):
 

 whether (defendant) negligently failed to warn (claimant) of a dangerous condition and risk which were known to (defendant) and of which (claimant) neither knew nor should have known, by the use of reasonable care; and, if so, whether such negligence was a legal cause of [loss] [injury] [or] [damage] to (claimant, decedent or person for whose injury claim is made).
 

 NOTE ON USE FOR 401.20b
 

 Give preliminary instructions 401.16b and 401.17 before giving instruction 401.20b if there is a jury question of whether defendant owned or had possession of the land or premises, or whether he knew of the dangerous condition, or whether he knew of claimant’s presence (if claimant was a trespasser) or should have foreseen claimant’s presence (if claimant was a licensee).
 

 c.
 
 Attractive nuisance:
 

 whether (defendant) was negligent in maintaining or in failing to protect (claimant child) from the (describe structure or other artificial condition) on the land or premises in question; and, if so, whether that negligence was a legal cause of the [loss] [injury] [or] [damage] to (claimant, decedent or person for whose injury claim is made).
 

 NOTE ON USE FOR 401.20c
 

 This instruction and instruction 401.16c, taken together, state all elements of the attractive nuisance doctrine. The committee considers subsections (d) and (e) of Restatement (2d) of Torts § 339 to be unnecessary to the instruction because negligence is otherwise defined by instruction 401.4.
 

 d.Landlord’s negligence (toward tenant):
 

 (1). When leased premises are not residential:
 

 whether (defendant landlord) negligently failed to disclose to (claimant tenant) a dangerous condition on the leased premises which was known to (defendant), which was not known to (claimant) or discoverable by [him] [her] by the use of reasonable care, and which (defendant) had reason to believe (claimant) could not discover; and, if so, whether that negligence was a legal cause of [loss] [injury] [or] [damage] to (claimant, decedent or person for whose injury claim is made).
 

 (2). When leased premises are residential (not common areas):
 

 whether, [before allowing (claimant tenant) to take possession of the dwelling, (defendant landlord) negligently failed to repair a defect that was discoverable by a reasonable inspection] [or] [after (claimant tenant) took possession of the dwelling, (defendant landlord) negligently failed to repair a dangerous or de
 
 *699
 
 fective condition on the premises of which [he] [she] [it] had actual notice]; and, if so, whether that negligence was a legal cause of [loss] [injury] [or] [damage] to (claimant, decedent or person for whose injury claim is made).
 

 NOTES ON USE FOR 401.20d
 

 1. This instruction, reflecting a greater duty by landlord to tenant on leased residential premises, was derived from
 
 Mansur v. Eubanks,
 
 401 So.2d 1328 (Fla.1981), overruling to that extent
 
 Brooks v. Peters,
 
 157 Fla. 141, 25 So.2d 205 (1946). See also
 
 F.S.
 
 83.51 (1981), which may impose on the landlord greater duties, in respect to conditions arising after a tenant’s possession, than were addressed in
 
 Mansur.
 
 If other or greater duties are imposed by the statute, this instruction should be modified to express those duties in the terms of the case. This instruction pertains to the landlord’s duties, not the tenant’s, but the committee calls attention to statutes in
 
 F.S.
 
 Chapter 83 imposing certain duties on the tenant, which may affect the landlord’s duties as expressed in this instruction.
 

 2.
 
 Common areas.
 
 With respect to common areas, the landlord’s duty to the tenant is stated in instruction 401.20d. The landlord’s duty to others in common areas is the same as that owed by any landowner or possessor of land,
 
 e.g.,
 
 instructions 401.16a, 401.16b.
 

 3.
 
 Persons invited on leased residential premises by tenant.
 
 The landlord’s duty to persons invited on leased residential premises by the tenant is the same as the landlord’s duty to the tenant.
 
 Mansur v. Eubanks,
 
 401 So.2d 1328 (Fla.1981).
 

 4.
 
 Waiver.
 
 The committee expresses no opinion about whether a tenant may waive duties owed him by the landlord. Compare
 
 Mansur v. Eubanks,
 
 401 So.2d 1328 (Fla.1981), with
 
 F.S.
 
 83.51(1)(b), 83.51(4), and 83.47 (1981).
 

 e. Municipality’s negligence in maintenance of sidewalks and streets:
 

 whether the city negligently failed to maintain its [sidewalk] [or] [street] in a reasonably safe condition or failed to correct or warn (claimant) of a dangerous condition of which the city either knew or should have known, by the use of reasonable care; and, if so, whether that negligence was a legal cause of [loss] [injury] [or] [damage] to (claimant, decedent or person for whose injury claim is made).
 

 NOTE ON USE FOR 401.20e
 

 City of Tampa v. Johnson,
 
 114 So.2d 807 (Fla. 2d DCA 1959);
 
 Schutzer v. City of Miami,
 
 105 So.2d 492 (Fla. 3d DCA 1958).
 

 401.21 BURDEN OF PROOF ON MAIN CLAIM
 

 If the greater weight of the evidence does not support [one or more of] (claimant’s) claim[s], your verdict should be for (defendant)(s) [on [that] [those] claim(s) ].
 

 [However, if the greater weight of the evidence supports [one or more of] (claimant’s) claim[s], then your verdict should be for (claimant) and against (defendant) [on [that] [those] claim(s).]
 

 [However, if the greater weight of the evidence supports (claimant’s) claim against one [or] [both] [more] of the defendants, then you should decide and write on the verdict form the percentage of the total negligence of [both] [all] defendants that was caused by each of them.]
 

 
 *700
 
 NOTE ON USE FOR 401.21
 

 Use the first paragraph in all cases. If there is an affirmative defense to the claim that is the subject of the instruction, do not use either of the bracketed paragraphs; instead, turn to instruction 401.22. If there is no affirmative defense, use the first or the second bracketed paragraph depending on whether there is one defendant or more than one.
 

 401.22 DEFENSE ISSUES
 

 If, however, the greater weight of the evidence supports [ (claimant’s) claim] [one of more of (claimant’s) claims], then you shall consider the defense[s] raised by (defendant).
 

 On the [first] * defense, the issue[s] for you to decide [is] [are]:
 

 *
 
 The order in which the defenses are listed below is not necessarily the order in which the instructions should be given.
 

 a. Comparative negligence generally:
 

 whether (claimant or person for whose injury or death claim is made) was [himself] [herself] negligent in (describe alleged negligence) and, if so, whether that negligence was a contributing legal cause of injury or damage to (claimant).
 

 NOTES ON USE FOR 401.22a
 

 1.Instruction 401.4, defining negligence, is applicable both to defendant’s negligence and claimant’s negligence. The consequences of negligence on claimant’s part are explained to the jury by instruction 401.22a. There being no need to give claimant’s negligence the special designation “comparative negligence,” the committee recommends that “comparative negligence” not be referred to in the instruction and that the term not be defined.
 

 2.
 
 Special verdicts and special interrogatories.
 
 Special verdicts are required in all jury trials involving comparative negligence.
 
 Lawrence v. Florida East Coast Railway Co.,
 
 346 So.2d 1012 (Fla.1977).
 

 3.
 
 Presumption of reasonable care.
 
 The committee recommends that no instruction be given to the effect that a deceased person or an injured person or either party is presumed to have exercised reasonable care for his own safety or for the safety of others. If such a presumption is thought to take the place of evidence and make a prima facie case for the party having the burden of proof, the presumption “disappears” upon the introduction of any evidence tending to overcome it.
 
 Gulle v. Boggs,
 
 174 So.2d 26 (Fla.1965). If the presumption is thought to operate
 
 against
 
 the party having the burden of proof, as in the case of the presumption that a decedent was not comparatively negligent but was exercising reasonable care for his own safety, such an instruction is merely a way (and a confusing way, at that) of stating that the burden of proving comparative negligence is on the party asserting it. In either case, an instruction on the subject is superfluous. But compare
 
 Louisville & Nashville Railroad Co. v. Yniestra,
 
 21 Fla. 700 (1886);
 
 Jacksonville Electric Co. v. Sloan,
 
 52 Fla. 257, 42 So. 516 (Fla.1906); and
 
 Martin v. Makris,
 
 101 So.2d 172 (Fla. 3d DCA 1958).
 

 b. Driver’s comparative negligence (when owner sues third party):
 

 whether (driver), while operating a vehicle owned by (claimant) * [with [his] [her] consent, express or implied,] was [himself] [herself] negligent in the operation of the vehicle and, if so, whether that negligence was a contributing legal cause of the injury or damage to (claimant).
 

 
 *701
 
 *
 
 The phrase within brackets should be used only if there is an issue as to the owner’s knowledge and consent.
 

 c. Joint enterprise (driver’s negligence):
 

 whether (driver) was operating the automobile at the time and place of the [collision] [incident in this case] to further the purposes of a joint enterprise in which [he] [she] was engaged with (claimant passenger); if so, whether (driver) was negligent in the operation of the automobile; and, if so, whether that negligence was a contributing legal cause of [loss] [injury] [or] [damage] to (claimant). A joint enterprise exists when two or more persons agree, expressly or impliedly, to engage in an activity in which they have a common interest in the purposes to be accomplished and equal rights to control and manage the operation of an automobile in the enterprise. Each member of a joint enterprise is responsible for the negligence of another member in the operation of the automobile if that negligence occurs while [he] [she] is acting under the agreement and to further the purposes of the joint enterprise.
 

 d. Comparative negligence of parent predicated on other parent’s negligence (claim for death of child):
 

 whether (parent) was negligent in caring for and supervising the child, (name); if so, whether that negligence was a contributing legal cause of the death of (child), and, if so, whether (other parent), in the exercise of reasonable care, should have anticipated that negligence on the part of (parent).
 

 e. Comparative negligence of custodian of child other than parent:
 

 whether, before the incident in this case, (claimant) placed (child) in the care and custody of (custodian), if so, whether (custodian) was negligent in caring for and supervising the child, (name); and, if so, whether that negligence was a contributing legal cause of [injury] [and] [death] to (child).
 

 NOTE ON USE FOR 401.22e
 

 Wynne v. Adside,
 
 163 So.2d 760 (Fla. 1st DCA 1964). See also
 
 Winner v. Sharp,
 
 43 So.2d 634 (Fla.1950).
 

 f Apportionment of fault:
 

 whether (identify additional person(s) or entit(y)(ies)) [was] [were] also [negligent] [ (specify other type of conduct) ]; and, if so, whether that [negligence] [fault] [responsibility] was a contributing legal cause of [loss] [injury] [or] [damage] to (claimant, decedent or person for whose injury claim is made).
 

 NOTE ON USE FOR 401.22f
 

 See
 
 F.S.
 
 768.81 (1993);
 
 Fabre v. Marin,
 
 623 So.2d 1182 (Fla.1993). In most cases, use of the term “negligence” will be appropriate. If another type of fault is at issue, it may be necessary to modify the instruction and the verdict form accordingly. In strict liability cases, the term “responsibility5’ may be the most appropriate descriptive term.
 

 g. Assumption of risk:
 

 whether (claimant) knew of the existence of the danger complained of; realized and appreciated the possibility of injury as a result of such danger; and, having a reasonable opportunity to avoid it, voluntarily and deliberately exposed [himself] [herself] to such danger.
 

 
 *702
 
 NOTE ON USE FOR 401.22g
 

 Blackburn v. Dorta,
 
 348 So.2d 287 (Fla.1977), abolished the assumption of risk defense except in eases identified in that opinion.
 

 401.23 BURDEN OF PROOF ON DEFENSE ISSUES
 

 If the greater weight of the evidence does not support (defendant’s) defense[s] and the greater weight of the evidence does support (claimant’s) claim, then [your verdict should be for (claimant) in the total amount of [his] [her] damages]
 
 *
 
 [you should decide and write on the verdict form what percentage of the total negligence of [both] [all] defendants was caused by each defendant].
 

 *
 
 Use second bracketed alternative above when there is more than one defendant.
 

 If, however, the greater weight of the evidence shows that both (claimant) and [ (defendant) ] [one or more of (defendants) ] were negligent and that the negligence of each contributed as a legal cause of [loss] [injury] [or] [damage] sustained by (claimant), you should decide and write on the verdict form what percentage of the total negligence of [both] [all] parties to this action was caused by each of them.
 

 Use the following instruction in cases with a comparative negligence defense and an apportionment of a non-party defense:
 

 If, however, the greater weight of the evidence shows that (claimant) and [ (defendant) ] [one or more of (defendants) ] and (identify additional person(s) or en~ tit(y)(ies)) were negligent and that the negligence of each contributed as a legal cause of [loss] [injury] [or] [damage] sustained by (claimant), you should decide and write on the verdict form what percentage of the total negligence of [both] [all] parties to this action and (identify additional person(s) or en-tit(y)(ies)) was caused by each of them.
 

 Use the following instruction in cases without a comparative negligence defense but with an apportionment of a non-party defense:
 

 If, however, the greater weight of the evidence shows that [ (defendant) ] [one or more of (defendants) ] and (identify additional person(s) or entit(y)(ies)) were negligent and that the negligence of each contributed as a legal cause of [loss] [injury] [or] [damage] sustained by (claimant), you should decide and write on the verdict form what percentage of the total negligence of [ (defendant) ] and (identify additional person(s) or entit(y)(ies)) was caused by each of them].
 

 NOTES ON USE FOR 401.23
 

 1.
 
 Preemptive instructions on defense issues.
 
 If a preemptive instruction for claimant is appropriate on a defense issue, as when comparative negligence or assumption of risk has been brought to the jury’s attention on voir dire or by opening statements or argument and is now to be withdrawn, an instruction in the form of instruction 401.13 should be given immediately following instruction 401.21. If a preemptive instruction for defendant is required on some aspect of a defense, as when, for example, the court holds that any comparative negligence of the driver will reduce claimant’s recovery, a preemptive instruction announcing the ruling should be given immediately after framing the defense issues (instruction 401.22a).
 

 2.
 
 Instructions on issues raised by replies to affirmative defenses.
 
 Plaintiff bears the burden of proof on issues raised by any replies to affirmative defenses, and instruction 401.23 should be modified as appropriate for those issues.
 

 
 *703
 
 401.24 COUNTERCLAIMS, CROSS CLAIMS, AND THIRD PARTY CLAIMS
 

 NOTE ON USE FOR 401.24
 

 Generally counterclaims, cross claims, and third party claims should follow the same pattern of issues, applicable rules, burden of proof, and defenses as on the main claim. For an example of how a counterclaim can be integrated into an instruction, see Model Instruction No. 4.
 

 402 PROFESSIONAL NEGLIGENCE
 

 402.1 Introduction
 

 402.2 Summary of Claims
 

 402.3 Greater Weight of the Evidence
 

 402.4 Medical Negligence
 

 402.5 Other Professional Negligence
 

 402.6 Legal Cause
 

 402.7 Legal Cause (Treatment Without Informed Consent)
 

 402.8 Preemptive Charges
 

 402.9 Preliminary Issues — Vicarious Liability
 

 402.10 Burden of Proof on Preliminary Issues
 

 402.11 Issues on Main Claim
 

 402.12 Issues on Claim of Attorney Malpractice Arising Out of Civil Litigation
 

 402.13 Burden of Proof on Main Claim
 

 402.14 Defense Issues
 

 402.15 Burden of Proof on Defense Issues
 

 402.16 Emergency Medical Treatment Claims
 

 402.16a Emergency Medical Treatment — Jury Issue as to Application of
 
 F.S.
 
 768.13(2) (b)
 

 402.16a Emergency Medical Treatment
 

 NOTES ON USE
 

 1. Professional negligence claims are, for the most part, similar. The committee has, therefore, included all such claims in a single section. There are, however, some specific instructions that deal with issues unique to certain professions, such as instruction 402.4(d) (missing medical records) and instruction 402.12 (issues involved in certain legal malpractice claims). For cases involving allegations of negligence of professions other than medical or legal, instructions 402.11(a) and (b) and 402.12(a) and (b) should be appropriately modified.
 

 2. If a professional malpractice case involves a claim of product defect, jury instructions for such claims should be adopted from the applicable sections of this book.
 

 402.1 INTRODUCTION
 

 Members of the jury, you have now heard and received all of the evidence in this case. I am now going to tell you about the rules of law that you must use in reaching your verdict. [You will recall at the beginning of the case I told you that if, at the end of the case I decided that different law applies, I would tell you so. These instructions are (slightly) different from what I gave you at the beginning and it is these rules of law that you must now follow.] When I finish telling you about the rules of law, the attorneys will present their final arguments and you will then retire to decide your verdict.
 

 NOTES ON USE FOR 402.1
 

 1. When instructing the jury before taking evidence, use instruction 202.1 in lieu of instruction 402.1. See Model Instruction No. 1. Instruction 402.1 is for instructing the jury after the evidence has been concluded. Use the bracketed language in instruction 402.1 when the final
 
 *704
 
 instructions are different from the instructions given at the beginning of the case. If the instructions at the end of the case are different from those given at the beginning of the case, the committee recommends that the court point out the differences with appropriate language in the final instructions, including an explanation for the difference, such as where the court has directed a verdict on an issue.
 

 2.
 
 Fla.R.Civ.P.
 
 1.470(b) authorizes instructing the jury during trial or before or after final argument. The timing of instructions is within the sound discretion of the trial judge, to be determined on a case-by-case basis, but the committee strongly recommends instructing the jury before final argument.
 

 3. Each juror must be provided with a full set of jury instructions for use during their deliberations.
 
 Rule
 
 1.470(b). The trial judge may find it useful to provide these instructions to the jurors when the judge reads the instructions in open court so that jurors can read along with the judge, as the judge reads the instructions aloud.
 

 402.2SUMMARY OF CLAIMS
 

 The claims [and defenses] in this case are as follows. (Claimant) claims that (defendant) was negligent in (describe alleged negligence) which caused [him] [her] harm.
 

 (Defendant) denies that claim [and also claims that (claimant) was [himself] [herself] negligent in (describe the alleged comparative negligence) which caused [his] [her] harm]. [Additionally (describe any other affirmative defenses).]
 

 The parties must prove all claims [and defenses] by the greater weight of the evidence. I will now define some of the terms you will use in deciding this case.
 

 402.3GREATER WEIGHT OF THE EVIDENCE
 

 “Greater weight of the evidence” means the more persuasive and convincing force and effect of the entire evidence in the case.
 

 NOTES ON USE FOR 402.3
 

 1.
 
 Greater or lesser number of witnesses.
 
 The committee recommends that no charge be given regarding the relationship (or lack of relationship) between the greater weight of the evidence and the greater or lesser number of witnesses.
 

 2.
 
 Circumstantial evidence.
 
 The committee recommends that no charge generally be given distinguishing circumstantial from direct evidence. See
 
 Nielsen v. City of Sarasota,
 
 117 So.2d 731 (Fla.1960).
 

 402.4MEDICAL NEGLIGENCE
 

 a. Negligence (physician, hospital or other health provider):
 

 Negligence is the failure to use reasonable care. Reasonable care on the part of a [physician] [hospital] [health care provider] is that level of care, skill and treatment which, in light of all relevant surrounding circumstances, is recognized as acceptable and appropriate by similar and reasonably careful [physicians] [hospitals] [health care providers]. Negligence on the part of a [physician] [hospital] [health care provider] is doing something that a reasonably careful [physician] [hospital] [health care provider] would not do under like circumstances or failing to do something that a reasonably careful [physician] [hospital] [health care provider] would do under like circumstances.
 

 [If you find that (describe treatment or procedure) involved in this case was carried out in accordance with the prevailing professional standard of care recognized as acceptable and appropriate by similar and reasonably careful [physi
 
 *705
 
 cians] [hospitals] [health care providers], then, in order to prevail, (claimant) must show by the greater weight of the evidence that his or her injury was not within the necessary or reasonably foreseeable results of the treatment or procedure.]
 

 NOTES ON USE FOR 402.4a
 

 1. See
 
 F.S.
 
 766.102. Instruction 402.4a is derived from
 
 F.S.
 
 766.102(1) and is intended to embody the statutory definition of “prevailing professional standard of care” without using that expression itself, which is potentially confusing.
 

 2. The second bracketed paragraph is derived from
 
 F.S.
 
 766.102(2)(a) and should be given only in cases involving a claim of negligence in affirmative medical intervention.
 

 b. Negligence (treatment without informed consent):
 

 [Negligence is the failure to use reasonable care.] Reasonable care on the part of a [physician] [health care provider] in obtaining the [consent] [informed consent] to treatment of a patient consists of
 

 (1). When issue is whether consent was obtained irregularly:
 

 obtaining the consent of the patient [or one whose consent is as effective as the patient’s own consent such as (describe) ], at a time and in a manner in accordance with an accepted standard of medical practice among members of the profession with similar training and experience in the same or a similar medical community.
 

 (¾).
 
 When issue is whether sufficient information was given:
 

 providing the patient [or one whose informed consent is as effective as the patient’s informed consent, such as (describe) ] information sufficient to give a reasonable person a general understanding of the proposed treatment or procedure, of any medically acceptable alternative treatments or procedures, and of the substantial risks and hazards inherent in the proposed treatment or procedure which are recognized by other [physicians] [health care providers] in the same or a similar community who perform similar treatments or procedures.
 

 NOTE ON USE FOR 402.4b
 

 This instruction is derived from the provisions of
 
 F.S.
 
 766.103.
 

 c.
 
 Foreign bodies:
 

 [Negligence is the failure to use reasonable care.] The presence of (name of foreign body) in (patient’s) body establishes negligence unless (defendant(s)) prove(s) by the greater weight of the evidence that [he] [she] [it] was not negligent.
 

 NOTES ON USE FOR 402.4c
 

 1. This instruction is derived from
 
 F.S.
 
 766.102(3). The statute uses the term “prima facie evidence of negligence.” The committee recommends that term not be used as not helpful to a jury. Rather, the committee has used the definition of prima facie. See,
 
 e.g., State v. Kahler,
 
 232 So.2d 166, 168 (Fla.1970) (“prima facie” means “evidence sufficient to establish a fact unless and until rebutted”).
 

 2. Before this instruction is given, the court must make a finding that the foreign body is one that meets the statutory definition. See
 
 Kenyon v. Miller,
 
 756 So.2d 133 (Fla. 3d DCA2000).
 

 
 *706
 

 d. Failure to make or maintain records:
 

 [Negligence is the failure to use reasonable care.] The law requires (defendant) as a licensed health care provider to prepare and maintain health care records.
 

 [Because (defendant) did not [make] [or] [maintain] (describe the missing record(s))
 

 or
 

 [If you find that a person who was responsible for [making] [or] [maintaining] (describe the missing record(s)) and failed to do so]
 

 you should presume (describe the missing records(s)) contained evidence of negligence unless (defendant) proves otherwise by the greater weight of the evidence. You may consider this presumption, together with the other evidence, in determining whether (defendant) was negligent.]
 

 NOTES ON USE FOR 402.4d
 

 1. The second bracketed paragraph should be used if there is no issue about whether the records were made or maintained. If there is an issue about the making or maintenance of the records, then the third bracketed paragraph should be used.
 

 2. This instruction applies only when records are required to be made and maintained and the court determines that the inability or failure to locate a record or records hinders the plaintiffs ability to establish a case.
 
 Public Health Trust of Dade County v. Valcin,
 
 507 So.2d 596 (Fla.1987).
 

 e. Res Ipsa Loquitur:
 

 [Negligence is the failure to use reasonable care.] If you find that ordinarily the [incident] [injury] would not have happened without negligence, and that the (describe the item) causing the injury was in the exclusive control of (defendant) at the time it caused the injury, you may infer that (defendant) was negligent unless, taking into consideration all of the evidence in the case, you find that the (describe event) was not due to any negligence on the part of (defendant).
 

 402.5 OTHER PROFESSIONAL NEGLIGENCE
 

 Negligence is the failure to use reasonable care. Reasonable care on the part of a (identify professional) is the care that a reasonably careful (identify professional) would use under like circumstances. Negligence is doing something that a reasonably careful (identify professional) would not do under like circumstances or failing to do something that a reasonably careful (identify professional) would do under like circumstances.
 

 NOTE ON USE FOR 402.5
 

 This instruction should be used, appropriately adapted or revised, for all non-medical professional negligence claims, as for example, claims of accountant, architect or attorney malpractice. The committee, however, expresses no opinion as to what undertakings constitute a “profession.”
 

 402.6 LEGAL CAUSE
 

 a. Legal cause generally:
 

 Negligence is a legal cause of [loss] [injury] [or] [damage] if it directly and in natural and continuous sequence produces or contributes substantially to producing such [loss] [injury] [or] [damage], so that it can reasonably be said that, but for the negligence, the [loss] [injury] [or] [damage] would not have occurred.
 

 
 *707
 

 b. Concurring cause:
 

 In order to be regarded as a legal cause of [loss] [injury] [or] [damage] negligence need not be the only cause. Negligence may be a legal cause of [loss] [injury] [or] [damage] even though it operates in combination with [the act of another] [some natural cause] [or] [some other cause] if the negligence contributes substantially to producing such [loss] [injury] [or] [damage].
 

 c.
 
 Intervening came:
 

 Do not use the bracketed first sentence if this charge is preceded by the charge on concurring cause:
 
 ⅜
 

 * [In order to be regarded as a legal cause of [loss] [injury] [or] [damage], negligence need not be its only cause.] Negligence may also be a legal cause of [loss] [injury] [or] [damage] even though it operates in combination with [the act of another] [some natural cause] [or] [some other cause] occurring after the negligence occurs if [such other cause was itself reasonably foreseeable and the negligence contributes substantially to producing such [loss] [injury] [or] [damage]] [or] [the resulting [loss] [injury] [or] [damage] was a reasonably foreseeable consequence of the negligence and the negligence contributes substantially to producing it].
 

 NOTES ON USE FOR 402.6
 

 1.Instruction 402.6a (legal cause generally) is to be given in all cases. Instruction 402.6b (concurring cause), to be given when the court considers it necessary, does not set forth any additional standard for the jury to consider in determining whether negligence was a legal cause of damage but only negates the idea that a defendant is excused from the consequences of his negligence by reason of some other cause concurring in time and contributing to the same damage. Instruction 402.6c (intervening cause) is to be given only in cases in which the court concludes that there is a jury issue as to the presence and effect of an intervening cause.
 

 2. The jury will properly consider instruction 402.6a not only in determining whether defendant’s negligence is actionable but also in determining whether claimant’s negligence contributed as a legal cause to claimant’s damage, thus reducing recovery.
 

 3. Instruction 402.6b must be given whenever there is a contention that some other cause may have contributed, in whole or in part, to the occurrence or resulting injury. If there is an issue of aggravation of a preexisting condition or of subsequent injuries or multiple events, instruction 501.5a or 501.5b should be given as well. See
 
 Hart v. Stern,
 
 824 So.2d 927, 932-34 (Fla. 5th DCA 2002);
 
 Marinetti v. Grace,
 
 608 So.2d 833, 835 (Fla. 4th DCA 1992).
 

 4. Instruction 402.6c (intervening cause) embraces two situations in which negligence may be a legal cause notwithstanding the influence of an intervening cause: (1) where the damage was a reasonably foreseeable consequence of the negligence although the other cause was not foreseeable,
 
 Mozer v. Semenza,
 
 177 So.2d 880 (Fla. 3d DCA 1965), and (2) where the intervention of the other cause was itself foreseeable,
 
 Ellingson v. Willis,
 
 170 So.2d 311 (Fla. 1st DCA 1964).
 

 5.
 
 “Probable” results.
 
 The committee recommends that the jury not be charged that the damage must be such as would have appeared “probable” to the actor or to a reasonably careful person at the time of the negligence. In cases involving an intervening cause, the term “reasonably
 
 *708
 
 foreseeable” is used in place of “probable.” The terms are synonymous and interchangeable. See
 
 Sharon v. Luten,
 
 165 So.2d 806, 810 (Fla. 1st DCA 1964); Prosser,
 
 Torts
 
 (3d ed.) 291; 2 Harper & James,
 
 The Law of Torts
 
 1137.
 

 6. The term “substantially” is used throughout the charge to describe the extent of contribution or influence negligence must have in order to be regarded as a legal cause. “Substantially” was chosen because the word has an acceptable common meaning and because it has been approved in Florida as a test of causation not only in relation to defendant’s negligence,
 
 Loftin v. Wilson,
 
 67 So.2d 185, 191 (Fla.1953), but also in relation to plaintiffs comparative negligence,
 
 Shayne v. Saunders,
 
 129 Fla. 355, 176 So. 495, 498 (Fla.1937).
 

 402.7 LEGAL CAUSE (TREATMENT WITHOUT INFORMED CONSENT)
 

 Negligence is a legal cause of [loss] [injury] [or] [damage] if it directly and in natural and continuous sequence produces or contributes to producing such [loss] [injury] [or] [damage] so that it can reasonably be said that, but for the negligence, the [loss] [injury] [or] [damage] would not have occurred. The negligent failure to obtain [informed] consent to a medical treatment or procedure is a legal cause of injury resulting from the treatment or procedure if, as a result of such negligence, the patient was induced to undergo a medical treatment or procedure to which the patient would not reasonably have consented had he been adequately informed.
 

 NOTES ON USE FOR 402.7
 

 1. Instruction 402.7 is to be used in conjunction with instruction 402.4b defining negligence (treatment without informed consent).
 

 2. See Notes On Use for instruction 402.6.
 

 402.8 PREEMPTIVE CHARGES
 

 The court has determined and now instructs you that
 

 а. Duty to use reasonable care:
 

 the circumstances at the time and place of the incident complained of were such that (name) had a duty to use reasonable care for (claimant’s) safety.
 

 (skip to instruction 4-02.11 on negligence issues)
 

 NOTE ON USE FOR 402.8a
 

 This preemptive charge is not for use routinely, but only when the reasonable care standard was contested before the jury, as by an instruction 402.9 issue now to be withdrawn as a matter of law. In that event instruction 402.8a properly emphasizes reasonable care. Otherwise, it is argumentative.
 

 б.
 
 Vicarious liability:
 

 (Defendant) is responsible for any negligence of (name) in (describe alleged negligence).
 

 (skip to instruction 402.11 on negligence issues)
 

 c. Negligence:
 

 (Defendant) was negligent. The issue for your determination [on the claim of (name) ] is:
 

 (skip to damage issues )
 

 d. Directed verdict on liability:
 

 (Defendant) was negligent and that negligence was a legal cause of [loss] [injury] [or] [damage] to (claimant). (Claimant) is therefore entitled to recover from (defendant) for the [loss] [injury] [or] [damage] as is shown by the
 
 *709
 
 greater weight of the evidence to have thus been caused by (defendant).
 

 NOTE ON USE FOR 402.8d
 

 This charge should be given only when the sole issue to be determined by the jury is damages.
 

 NOTES ON USE FOR 402.8
 

 1. This charge covers only preemptive charges on issues arising on claims. Preemptive charges on defense issues are covered in instruction 402.14 and should be given at that stage of the charge.
 

 2. It may be necessary or desirable in some cases for the court to introduce this charge by calling attention to the evidence or arguments of counsel in which the issue now to be withdrawn was raised or discussed.
 

 402.9 PRELIMINARY ISSUES— VICARIOUS LIABILITY
 

 On (claimant’s) claim there is a preliminary issue for you to decide. That issue is:
 

 a. Agency:
 

 (1). Employment, including independent contractor and exceptions:
 

 whether (name) was an employee of (defendant) and was acting within the scope of [his] [her] employment at the time and place of the incident in this case. An employee is a person who is hired by (defendant) to act on behalf of (defendant), and whose actions are controlled by (defendant) or are subject to (defendant’s) right of control. An employer is responsible for the negligence of an employee if the negligence occurs while the employee is performing services which [he] [she] was employed to perform or while the employee is acting at least in part because of a desire to serve [his] [her] employer and is doing something that is reasonably incidental to [his] [her] employment or something the doing of which was reasonably foreseeable and reasonably to be expected of persons similarly employed.
 

 [But a person is not responsible for the negligence of an independent contractor or of the agents or employees of an independent contractor. An independent contractor is a [person] [business] engaged by another to perform specific work according to [his] [her] [its] own methods and whose methods of performing the work are not controlled by the person engaging [him] [her] [it] and are not subject to that person’s right of control. Whether a [person] [business] is an independent contractor is to be determined on the basis of all of the circumstances of the parties’ dealings with each other and not on the labels used by them.
 

 A person is, however, responsible for the negligence of an independent contractor if [the independent contractor is an [actual] [or] [apparent] agent of that person], [the employer did not exercise due care in the [selection] [or] [retention] of the independent contractor] [or] [the employer undertook to perform the services resulting in the injury to (claimant).]
 

 * The bracketed language contained in the last two paragraphs is only to be used when there is a claim of independent contractor status. See
 
 Carlisle v. Carnival Corp.,
 
 864 So.2d 1 (Fla. 3d DCA 2003);
 
 Villazon v. Prudential Health Care Plan, Inc.,
 
 843 So.2d 842 (Fla.2003). If an exception to independent contractor status is claimed, then the applicable portions of the following provisions should also be given.
 

 [ (Name) is an agent if (defendant) authorized [him] [her] to act on (defendant’s) behalf.] [ (Name) is an apparent agent if, by words or conduct, (defen
 
 *710
 
 dant) caused or allowed (claimant) to believe that (name) was an agent of and had authority to act for (defendant).] A person is responsible for the negligence of [his] [her] independent contractor if, at the time and place of the incident, the independent contractor was an [agent] [or] [apparent agent] of the employer and was acting within the scope of his or her [apparent] authority. *
 

 * If the court determines that issues on both
 
 actual agency
 
 and
 
 apparent agency
 
 should be submitted to the jury, both bracketed sections should be used with appropriate transitional language.
 

 [In [hiring] [or] [retaining] another to perform services, the employer must exercise due care to assure that the person is competent to perform the services. A person is responsible for the negligence of [his] [her] independent contractor if, in [hiring] [or] [retaining] the independent contractor, the employer failed to exercise due care.]
 

 Insinga v. LaBella, 543 So.2d 209 (Fla.1989); F.S. 766.110.
 

 [When a [person] [facility] undertakes to perform services, [he] [she] [it] cannot transfer the obligation to perform those services to an independent contractor and remains responsible for the negligence of [his] [her] independent contractor.]
 

 As to nondelegable duties for treatment, see
 
 Wax v. Tenet Health System Hospitals, Inc.,
 
 955 So.2d 1 (Fla. 4th DCA 2006);
 
 Pope v. Winter Park Healthcare Group,
 
 939 So.2d 185 (Fla. 5th DCA 2006);
 
 Shands Teaching Hospital Clinic, Inc. v. Juliana,
 
 863 So.2d 343 (Fla. 1st DCA 2003);
 
 Irving v. Doctors Hospital of Lake Worth, Inc.,
 
 415 So.2d 55 (Fla. 4th DCA 1982). There is, however, no civil liability under
 
 F.S.
 
 458.320(2)(b) to ensure that staff physicians are financially responsible.
 
 Horowitz v. Plantation General Hospital Limited Partnership,
 
 959 So.2d 176 (Fla.2007).
 

 (2). Agency without claim of independent contractor:
 

 whether (name) is an agent of (defendant) [ (name) is an agent of (defendant) if (defendant) authorized [him] [her] to act on (defendant’s) behalf.] [(name) is an apparent agent if, by words or conduct, (defendant) caused or allowed (claimant) to believe that (name) was an agent of and had authority to act for (defendant).] A person is responsible for the negligence of an [agent] [or] [apparent agent] if at the time and place of the incident complained of the [agent] [or] [apparent agent] is acting within the scope of [his] [her] [apparent] authority.
 

 NOTE ON USE FOR 402.9a(2)
 

 Roessler v. Novak,
 
 858 So.2d 1158 (Fla. 2d DCA 2003);
 
 Orlando Regional Medical Center v. Chmielewski,
 
 573 So.2d 876 (Fla. 5th DCA 1990). If the court determines that issues on both
 
 actual agency
 
 and
 
 apparent agency
 
 should be submitted to the jury, both bracketed sections should be used with appropriate transitional language.
 

 b. Joint venture:
 

 whether at the time and place of the incident complained of, (name) was engaged in a joint venture with (defendant) and was acting on behalf of the joint venture and within the scope of its business at the time and place of the incident in this case. A joint venture exists when two or more persons combine their resources or efforts and agree to undertake some particular business transaction in which they have common interests in the purposes to be accom
 
 *711
 
 plished, joint control or right of control of the venture, joint ownership interest in the subject matter of the venture and a common right and duty to share in profits and losses. Each member of a joint venture is responsible for the negligence of another member if the other member’s negligence occurs while [he] [she] is acting on behalf of the joint venture and to further the purpose of the joint venture.
 

 NOTE ON USE FOR 402.9b
 

 Arango v. Reyka,
 
 507 So.2d 1211 (Fla. 4th DCA 1987).
 

 402.10 BURDEN OF PROOF ON PRELIMINARY ISSUES
 

 If the greater weight of the evidence does not support (claimant’s) claim on [this issue] [these issues], that (describe preliminary issue), then your verdict on the claim of (claimant) * [because of the claimed negligence of (name) ] should be for (defendant).
 

 If, however, the greater weight of the evidence supports (claimant’s) claim on [this issue] [these issues], that (describe preliminary issue), then you shall consider the other issues on (claimant’s) claim.
 

 NOTES ON USE FOR 402.10
 

 1. Give instruction 402.10 if instructing the jury on any preliminary issues.
 

 2. If there are multiple defendants, this instruction will have to be modified to account for the issues related to each defendant.
 

 3. *There is no need to give that portion of the charge contained within brackets unless the claimant makes multiple claims involving other defendants. In such a case it is necessary to distinguish this claim from claims against other defendants.
 

 402.11 ISSUES ON MAIN CLAIM
 

 The [next] issues you must decide on (claimant’s) claim against (defendant) are:
 

 a. Negligence of physician or hospital, generally:
 

 whether (defendant physician or hospital) was negligent in (describe conduct in question), and, if so, whether that negligence was a legal cause of the [loss] [injury] [or] [damage] to (claimant, decedent or person for whose injury claim is made).
 

 b. Negligence of multiple defendants:
 

 whether (defendant) or (defendant) was negligent or whether both were negligent in (describe alleged negligence) and, if so, whether that negligence was a legal cause of the [loss] [injury] [or] [damage] to (claimant, decedent or person for whose injury claim is made).
 

 c.
 
 Negligence of physician, osteopath, chiropractor, podiatrist or dentist in treatment without informed consent:
 

 whether Doctor (name) negligently failed to obtain the informed consent of (claimant or person whose consent would be effective) to the medical treatment or procedure complained of, and, if so whether that negligence was a legal cause of the [loss] [injury] [or] [damage] to (claimant, decedent or person for whose injury claim is made).
 

 NOTE ON USE FOR 402.11c
 

 The committee recognizes that, depending on circumstances, the tort of injury by treatment without informed consent may be pleaded, proved, and presented to the jury as an assault or battery, rather than in terms of negligence.
 
 Brown v. Wood,
 
 202 So.2d 125 (Fla. 2d DCA 1967);
 
 Chambers v. Nottebaum,
 
 96 So.2d 716 (Fla. 3d
 
 *712
 
 DCA 1957). When the issues on such a claim are to be presented in terms of negligence, instruction 402.4b is to be used in conjunction with instruction 402.11c, defining negligence in these circumstances, and instruction 402.7, defining legal cause in terms appropriate to these cases. Together these three instructions contain all of the elements of the tort as specified in
 
 F.S.
 
 766.103. When it is appropriate to charge the jury instead in terms of assault or battery, appropriate instructions may be derived from the same source.
 

 d. Negligence of health care facility to assure comprehensive risk management and competence of medical staff:
 

 whether (defendant facility) was negligent in failing to assure [comprehensive risk management] [and] [the competence of its medical staff], and, if so, whether that negligence was a legal cause of the [loss] [injury] [or] [damage] to (claimant, decedent or person for whose injury claim is made).
 

 NOTE ON USE FOR 402.11d
 

 Derived from
 
 F.S.
 
 766.110.
 

 402.12 ISSUES ON CLAIM OF ATTORNEY MALPRACTICE ARISING OUT OF CIVIL LITIGATION
 

 The [next] issue(s) for you to decide on (claimant’s) claim against (defendant) [is] [are] whether (defendant) was negligent in (describe alleged negligence) and, if so, if (defendant) had not been negligent, whether (claimant) would [have been successful] [have obtained a more favorable outcome] in [his] [her] [their] [its] [claim against (original adverse party) ] [defense in (original proceedings) ].
 

 a. Negligence of plaintiffs counsel:
 

 In (claimant’s) claim against (original defendant) (claimant) would have had to prove by the greater weight of the evidence that (original defendant) was negligent in (describe conduct involved in original claim) and that (original defendant’s) negligence was a legal cause of the [loss] [injury] [or] [damage] to (claimant).
 

 Depending on the particular cause of action in the original proceeding, add appropriate substantive law instructions from section W0 to frame the appropriate issues from the original proceeding.
 

 [To have been successful in [his] [her] [their] [its] claim against (original defendant) (claimant) must show that any judgment would have been collectible.]
 

 b. Negligence of defendant’s counsel:
 

 In (claimant’s) defense in the case of (identify original case) (claimant) would have had to prove by the greater weight of the evidence that [ (original claimant) was negligent and that [his] [her] [their] [its] negligence was a contributing legal cause of the injury or damage to (original claimant) ] (describe issues in other applicable defenses).
 

 Depending on the particular cause of action in the original proceeding, add appropriate substantive law instructions from section W0 to frame the appropriate issues from the original proceeding.
 

 NOTES ON USE FOR 402.12
 

 1. When defendant’s professional negligence deprives a party of a chance to resolve a contested claim or defense and the circumstances do not readily permit determining the value of the lost claim or defense, the party may have to prove the value of the claim or defense in the form of a “trial within a trial.”
 
 Freeman v. Rubin,
 
 318 So.2d 540 (Fla. 3d DCA 1975);
 
 Fernandes v. Barrs,
 
 641 So.2d 1371 (Fla. 1st DCA 1994). In such circumstances, instruction 404.12 should be used to describe
 
 *713
 
 the issues instead of instruction 402.11. The committee expresses no opinion on the type of evidence that may be used to prove such a claim.
 
 Farish v. Bankers Multiple Line Insurance Co.,
 
 425 So.2d 12 (Fla. 4th DCA 1983);
 
 Tarleton v. Arnstein & Lehr,
 
 719 So.2d 325 (Fla. 4th DCA 1998). When defendant’s professional negligence results in other kinds of direct loss, such as the loss of an inheritance or insurance benefits, the normal issue instruction, 402.11, should be used.
 

 2. Use the last bracketed paragraph in instruction 402.12a when there is an issue as to the collectibility of any judgment that could have been obtained in the original action. When, however, an attorney’s negligence makes it impossible to prove the collectibility of a claim, the burden shifts to the attorney defendant to prove that the judgment or any portion thereof was un-collectible.
 
 Fernandes v. Barrs,
 
 641 So.2d 1371 (Fla. 1st DCA 1994).
 

 3. This instruction should be followed by instruction 402.13, appropriately modified to describe the burden of proof in both the pending claim as well as the original proceedings.
 

 402.13 BURDEN OF PROOF ON MAIN CLAIM
 

 If the greater weight of the evidence does not support [one or more of] (claimant’s) claim(s), then your verdict should be for (defendant)(s) [on [that] [those] claim(s) ].
 

 [However, if the greater weight of the evidence supports [one or more of] (claimant’s) claim(s), then your verdict should be for (claimant) and against (defendant)® [on [that] [those] claim(s).]
 

 [However, if the greater weight of the evidence supports (claimant’s) claim against one [or] [both] [more] of the defendants, then you should determine and write on the verdict form what percentage of the total negligence of [both] [all] defendants was caused by each of them.]
 

 NOTE ON USE FOR 402.13
 

 Use the first paragraph in all cases. If there is an affirmative defense to the claim that is the subject of the charge, do not use either of the bracketed paragraphs; instead, use instruction 402.14. If there is no affirmative defense, use the first or the second bracketed paragraph depending on whether there is one defendant or more than one, then proceed to Damages.
 

 402.14 DEFENSE ISSUES
 

 If, however, the greater weight of the evidence supports [ (claimant’s) claim] [one or more of (claimant’s) claims], then you shall consider the defense(s) raised by (defendant).
 

 On the [first] * defense, the issue(s) for you to decide [is] [are]:
 

 *
 
 The order in which the defenses are listed below is not necessarily the order in which the instruction should be given.
 

 a. Statute of limitations:
 

 whether (claimant) * knew, or by the use of reasonable care should have known, before (date) that [he] [she] [ (person for whose injury the claim is made) ] had been injured or damaged and that there was a reasonable possibility that the injury or damage was caused by [medical] [legal] [ (other profession) ] negligence.
 

 ⅜
 
 In some cases, it may be necessary to insert the name of a person other than the claimant. The committee expresses no opinion as to whose knowledge may trigger the statute of limitations. See, e.g., Stone v. Rosenthal, 665 So.2d 276 (Fla. 4th DCA 1995); Arthur v. Unicare Health Facilities, Inc., 602 So.2d 596 (Fla. 2d DCA 1992).
 

 
 *714
 
 If the greater weight of the evidence supports (defendant’s) defense on this issue, the plaintiffs claim is time barred and your verdict is for the defendant. If, however, the greater weight of the evidence does not support (defendant’s) defense on this issue [you shall consider the following additional defenses] [your verdict should be for (claimant) in the full amount of [his] [her] damages].
 

 NOTES ON USE FOR 402.14a
 

 1. When the statute of limitations is asserted as a defense, it should ordinarily be the first defense.
 

 2. In medical negligence actions the date inserted in the instruction will ordinarily be two years before the date on which either the notice of intent was served or the petition to extend the statute of limitations was filed.
 
 F.S.
 
 95.11(4)(b), 766.106, and 766.104(2). In legal negligence actions predicated on acts committed in the course of litigation, the statute of limitations does not begin to run until the underlying litigation is concluded by final judgment and the final disposition of any appeal. See
 
 Silvestrone v. Edell,
 
 721 So.2d 1173 (Fla.1998). This may be extended if there is an issue regarding whether the client knew or should have known that the litigation was concluded.
 
 F.S.
 
 95.11(4)(a).
 

 b.Comparative negligence generally:
 

 whether (claimant or person for whose injury or death claim is made) was [himself] [herself] negligent in (describe conduct in question) and, if so, whether that negligence was a contributing legal cause of the injury or damage to (claimant).
 

 NOTE ON USE FOR 402.14b
 

 1. Conduct on a patient’s part prior to seeking treatment, which furnishes the need for medical treatment, is not a defense to malpractice in the treatment.
 
 Whitehead v. Linkous,
 
 404 So.2d 377 (Fla. 1st DCA 1981); see
 
 Swamy v. Hodges,
 
 583 So.2d 1095 (Fla. 1st DCA 1991).
 

 2.
 
 Special verdicts and special interrogatories.
 
 Special verdicts are required in all jury trials involving comparative negligence.
 
 Lawrence v. Florida East Coast Railway Co.,
 
 346 So.2d 1012 (Fla.1977).
 

 c.
 
 Comparative negligence of parent predicated on other parent’s negligence (claim for death of child):
 

 whether (parent) was negligent in caring for and supervising (child), and if so, whether that negligence was a contributing legal cause of the death of (child); and, if so, whether (other parent), in the exercise of reasonable care, should have anticipated such negligence on the part of (parent).
 

 d. Comparative negligence of custodian of child other than parent:
 

 whether, before the incident in this case, (claimant) placed (child) in the care and custody of (custodian), and if so, whether (custodian) was negligent in caring for and supervising the child, (name); and, if so, whether that negligence was a contributing legal cause of the [injury] [and] [death] of (child).
 

 NOTE ON USE FOR 402.14d
 

 Wynne v. Adside,
 
 163 So.2d 760 (Fla. 1st DCA 1964); see also
 
 Winner v. Sharp,
 
 43 So.2d 634 (Fla.1949).
 

 e. Apportionment of fault:
 

 whether (identify additional person(s) or entit(y)(ies)) [was] [were] also [negligent] in [ (specify other type of conduct) ]; and, if so, whether that [negligence] [fault] [responsibility] was a contributing legal cause of the [loss] [injury] [or]
 
 *715
 
 [damage] to (claimant, decedent or person for whose injury claim is made).
 

 NOTE ON USE FOR 402.14e
 

 See
 
 F.S.
 
 768.81 (1993);
 
 Fabre v. Marin,
 
 623 So.2d 1182 (Fla.1993). Conduct of third parties, however, who cause the need for medical treatment is not to be compared to any malpractice in the treatment.
 
 D’Amario v. Ford Motor Co.,
 
 806 So.2d 424 (Fla.2001);
 
 Jackson v. York Hannover Nursing Centers,
 
 876 So.2d 8 (Fla. 5th DCA 2004).
 

 f. Defense to claim of lack of informed consent:
 

 whether (claimant) would reasonably, under all the circumstances, have undergone such treatment or procedure had [he] [she] been advised by (defendant) of the substantial risks and hazards inherent in the proposed treatment or procedure which are recognized by other [physicians] [health care providers] in the same or similar community who perform similar treatments or procedures.
 

 NOTE ON USE FOR 402.14Í
 

 Derived from
 
 F.S.
 
 766.103(3)(b).
 

 402.15 BURDEN OF PROOF ON DEFENSE ISSUES
 

 If the greater weight of the evidence does not support (defendant’s) defensefs] of (describe defense) and the greater weight of the evidence supports (claimant’s) claim, then [your verdict should be for (claimant) in the total amount of [his] [her] damages] [you should determine and write on the verdict form what percentage of the total negligence of [both] [all] defendants was caused by each defendant]. *
 

 ⅜
 
 Use second bracketed alternative above when there is more than one defendant.
 

 If, however, the greater weight of the evidence shows that both (claimant) and [ (defendant) ] [one or more of (defendants) ] [was] [were] negligent and that the negligence of each contributed as a legal cause of [loss] [injury] [or] [damage] sustained by (claimant), you should decide and write on the verdict form what percentage of the total negligence of [both] [all] parties to this action was caused by each of them.
 

 Use the following instruction in cases with a comparative negligence defense and an apportionment of a nonparty defense:
 

 [If, however, the greater weight of the evidence shows that (claimant) and [ (defendant) ] [one or more of (defendants) ] and (identify additional person(s) or en-tit(y)(ies)) were negligent and that the negligence of each contributed as a legal cause of [loss] [injury] [or] [damage] sustained by (claimant), you should decide and write on the verdict form what percentage of the total negligence of [both] [all] parties to this action and (identify additional person(s) or en-tit(y)(ies)) was caused by each of them.]
 

 Use the following paragraph in cases without a comparative negligence defense but with an apportionment of nonparty defense:
 

 [If, however, the greater weight of the evidence shows that [(defendant)] [one or more of (defendants) ] and (identify additional person(s) or entit(y)(ies)) were negligent and that the negligence of each contributed as a legal cause of [loss] [injury] [or] [damage] sustained by (claimant), you should decide and write on the verdict form what percentage of the total negligence of [ (defendant) ] and (identify additional person(s)
 
 *716
 
 or entit(y)(ies)) was caused by each of them.]
 

 NOTES ON USE FOR 402.15
 

 1.
 
 Preemptive charges on defense issues.
 
 If a preemptive charge for claimant is appropriate on a defense issue, as when comparative negligence has been brought to the jury’s attention on voir dire or by opening statements or argument and is now to be withdrawn, an instruction in the form of 402.8 should be given immediately following instruction 402.13. If a preemptive charge for defendant is required on some aspect of a defense, as when the court holds that comparative negligence will reduce claimant’s recovery, a preemptive charge announcing the ruling should be given immediately after framing the applicable defense issue.
 

 2.
 
 Charges on issues raised by replies to affirmative defenses.
 
 Plaintiff bears the burden of proof on issues raised by any replies to affirmative defenses, and instruction 402.15 should be modified as appropriate for those issues.
 

 402.16 EMERGENCY MEDICAL TREATMENT CLAIMS
 

 INTRODUCTORY COMMENT
 

 Instruction 402.16 addresses the provisions of
 
 F.S.
 
 768.13(2)(b). It applies only to cases described in that statute or to cases in which there is a jury issue as to the applicability of the statute. Instruction 402.16 does not apply to cases involving patients capable of receiving treatment as non-emergency patients, even if treated in an emergency room.
 

 Instruction 402.16a applies to cases in which there is a jury issue as to whether the statute applies. Instruction 402.16b applies to cases in which either the parties agree that the statute applies or the court has ruled that the statute applies as a matter of law.
 

 The applicable part of instruction 402.16 should be preceded by instructions 402.1, 402.2, 402.3, and 403.6. Instruction 402.4 should not be given in the ordinary sequence as it is, to the extent applicable, incorporated in instruction 402.16. If there are any preliminary vicarious liability issues, instructions 402.9 and 402.10 should also be given.
 

 No reported decision construes the legislative intent behind this section. Based upon the definition of “reckless disregard” in
 
 F.S.
 
 768.13(2)(b)3, the committee has concluded that the intent was to limit liability in civil actions for damages arising out of fact situations to which the statute applies to cases where something more than “simple” negligence is established. Therefore, the standard instructions dealing with “simple” negligence are not appropriate for civil damage actions to which the statute applies.
 

 402.16a EMERGENCY MEDICAL TREATMENT — Jury Issue as to Application of
 
 F.S.
 
 768.13(2)(b)
 

 (1). Preliminary issue on application of statute:
 

 The first issue for you to decide on (claimant’s) claim against (defendant) is whether (claimant) was being [cared for] [treated] under emergency circumstances.
 

 [Care] [treatment] is rendered under emergency circumstances when a [hospital] [physician] renders medical [care] [treatment] required by a sudden, unexpected situation or event that resulted in a serious medical condition demanding immediate medical attention, for which (claimant or decedent) initially entered the hospital through its [emergency room] [trauma center], before (claimant or decedent) was medically stabilized and capable of receiving [care] [treatment] as a nonemergency patient.
 

 
 *717
 
 If the greater weight of the evidence does not support that (claimant’s or decedent’s) [care] [treatment] was being rendered under emergency circumstances then you shall proceed to decide whether (defendant) was negligent in [his] [her] [its] [care] [treatment] of (claimant or decedent).
 

 However, if the greater weight of the evidence supports that (claimant’s or decedent’s) [care] [treatment] was being rendered under emergency circumstances, then you shall proceed to decide whether (defendant) acted in reckless disregard of the consequences in [his] [her] [its] [care] [treatment] of (claimant or decedent).
 

 (2). Issues regarding negligence:
 

 [If you find that (claimant’s or decedent’s) [care] [treatment] was not being rendered under emergency circumstances,] the [next] issue for you to decide is whether (defendant) was negligent in (describe conduct in question); and, if so, whether that negligence was a legal cause of the [loss] [injury] [or] [damage] to (claimant, decedent or person for whose injury claim is made).
 

 “Negligence” is the failure to use reasonable care. Reasonable care on the part of a [hospital] [physician] is that level of care, skill and treatment which, in light of all relevant surrounding circumstances, is recognized as acceptable and appropriate by similar and reasonably careful [hospitals] [physicians]. Negligence on the part of a [hospital] [physician] is doing something that a reasonably careful [hospital] [physician] would not do under like circumstances or failing to do something that a reasonably careful [hospital] [physician] would do under like circumstances.
 

 If the greater weight of the evidence does not support this claim, then your verdict [on this claim] should be for (defendant).
 

 [However, if the greater weight of the evidence does support (claimant’s) claim on these issues, then your verdict [on this claim] should be for (claimant) and against (defendant).]
 

 [However, if the greater weight of the evidence does support (claimant’s) claim, then you should consider the defense(s) raised by (defendant).]
 

 (3). Issues regarding reckless disregard:
 

 [If you find that (claimant’s or decedent’s) [care] [treatment] was being rendered under emergency circumstances,] the [next] issue for you to decide is whether (defendant) acted with reckless disregard of the consequences in (describe conduct in question); and, if so, whether that reckless disregard was a legal cause of the [loss] [injury] [or] [damage] to (claimant, decedent or person for whose injury claim is made).]
 

 A [hospital] [physician] acts with “reckless disregard” for the consequences of [its] [his] [her] actions if [it] [he] [she] knew or should have known at the time [it] [he] [she] rendered emergency services that [its] [his] [her] conduct would likely result in injury or death, considering [the seriousness of the situation] [the lack of a prior patient-physician relationship] [time constraints due to other emergencies requiring [care] [treatment] at the same time] [the lack of time or ability to obtain appropriate medical consultation] [and] [the inability to obtain an appropriate medical history of the patient].
 

 If emergency circumstances have not been established by the greater weight
 
 *718
 
 of the evidence but the greater weight of the evidence supports (claimant’s) claim of negligence, then [your verdict [on this claim] should be for (claimant) and against (defendant) ] [you should consider the defense(s) raised by (defendant) ].
 

 (.Proceed to instructions ¿02.1¿ and
 
 ¿02.15)
 

 [However, if the greater weight of the evidence does not support (claimant’s) claim of negligence, then your verdict [on this claim] should be for (defendant).]
 

 On the other hand, if emergency circumstances have been established by the greater weight of the evidence and the greater weight of the evidence also supports (claimant’s) claim of reckless disregard of the consequences, then [your verdict [on this claim] should be for (claimant) and against (defendant) ] [you should consider the defense(s) raised by (defendant) ].
 

 (Proceed to instructions ¿02. U and ¿02.15)
 

 [However, if the greater weight of the evidence does not support (claimant’s) claim of reckless disregard of the consequences, then your verdict [on this claim] should be for (defendant) and against (claimant).]
 

 402.16b EMERGENCY MEDICAL TREATMENT
 

 (Describe conduct in question) occurred in the course of [rendering] [or] [failing to render] emergency [care] [treatment] to (claimant or decedent). The issue for you to decide is whether (defendant) acted with reckless disregard of the consequences in (describe conduct in question); and, if so, whether that reckless disregard was a legal cause of the [loss] [injury] [or] [damage] to (claimant, deee-dent or person for whose injury claim is made).
 

 A [hospital] [physician] acts with “reckless disregard” for the consequences of [its] [his] [her] actions if [it] [he] [she] knew or should have known at the time [it] [he] [she] rendered emergency services that [its] [his] [her] conduct would likely result in injury or death, considering [the seriousness of the situation] [the lack of a prior patient-physician relationship] [time constraints due to other emergencies requiring [care] [treatment] at the same time] [the lack of time or ability to obtain appropriate medical consultation] [and] [the inability to obtain an appropriate medical history of the patient].
 

 If the greater weight of the evidence does not support (claimant’s) claim, then your verdict [on this claim] should be for (defendant).
 

 [However, if the greater weight of the evidence does support (claimant’s) claim on these issues, then your verdict [on this claim] should be for (claimant) and against (defendant).]
 

 [However, if the greater weight of the evidence does support (claimant’s) claim on these issues, then you should consider the defense(s) raised by (defendant).]
 

 (Proceed to instructions ¿02.1¿ and ¿02.15)
 

 NOTES ON USE FOR 402.16
 

 1. Instruction 402.16a should be given when there is a jury issue as to whether the care or treatment was being rendered under emergency circumstances. An appropriate special verdict will be necessary to distinguish between a finding that the care or treatment was not being rendered under emergency circumstances, in which case the standard of care is negligence, and a finding that the care or treatment
 
 *719
 
 was being rendered under emergency circumstances, in which case the standard of care is reckless disregard of the circumstances. The verdict should contain instructions to guide the jury depending on their finding as to whether the care and treatment was or was not rendered under emergency circumstances. The burden of proof provisions of instruction 402.16a should also be modified to incorporate the instructions in the special verdict. See Appendix A, Model Jury Instructions.
 

 2. Instruction 402.16b should be given when the parties agree that the statute applies or when the court has ruled it applies as a matter of law.
 

 3. Negligence of a patient, which contributes to or causes the medical condition for which treatment is sought, is not available as a defense (as comparative negligence) to subsequent medical negligence which causes a distinct injury. See,
 
 e.g., Norman v. Mandarin Emergency Care Center, Inc.,
 
 490 So.2d 76 (Fla. 1st DCA 1986);
 
 Matthews v. Williford,
 
 318 So.2d 480 (Fla. 2d DCA 1975); but see
 
 Vandergrift v. Fort Pierce Memorial Hospital, Inc.,
 
 354 So.2d 398 (Fla. 4th DCA 1978). Rare circumstances may arise, involving a patient’s negligence after emergency care or treatment has begun, in which comparative negligence is a legitimate issue. See generally
 
 Whitehead v. Linkous,
 
 404 So.2d 377 (Fla. 1st DCA 1981).
 

 4. Pending further developments in the law, the committee reserves the issue of whether comparative negligence is a defense when the reckless disregard standard is in effect. If the court decides that comparative negligence is a defense, then an instruction on simple negligence should be given.
 

 5. “Reckless disregard,” as defined and used in the context of
 
 F.S.
 
 768.13(2)(b), does not appear to have the same meaning as reckless disregard when used in the context of standards for punitive damages. See Fla. Std. Jury Instr. (Civ.) 501.12 and 501.13.
 

 403 PRODUCTS LIABILITY
 

 [reserved]
 

 404 INSURER’S BAD FAITH
 

 404.1 Introduction
 

 404.2 Summary of Claims or Contentions
 

 404.3 Greater Weight of the Evidence
 

 404.4 Insurer’s Bad Faith (Failure to Settle)
 

 404.5 Medical Malpractice Insurer’s Bad Faith Failure to Settle
 

 404.6 Legal Cause
 

 404.7 Issues on Claim
 

 404.8 Burden of Proof
 

 404.9 Concluding Instruction when Court to Award Damages
 

 404.10 Damages (Cases with Claims for Mental Distress)
 

 404.11 Burden of Proof on Mental Distress Claim
 

 404.12 Damages on Mental Distress Claim
 

 404.13 Punitive Damages
 

 404.1 INTRODUCTION
 

 Members of the jury, you have now heard and received all of the evidence in this case. I am now going to tell you about the rules of law that you must use in reaching your verdict. [You will recall at the beginning of the case I told you that if, at the end of the case I decided that different law applies, I would tell you so. These instructions are (slightly) different from what I gave you at the beginning and it is these rules of law that you must now follow.] When I finish telling you about the rules of law, the attorneys will present
 
 *720
 
 their final arguments and you will then retire to decide your verdict.
 

 NOTES ON USE FOR 404.1
 

 1. When instructing the jury before taking evidence, use instruction 202.1 in lieu of 404.1. See Model Instruction No. 1. Instruction 404.1 is for instructing the jury after the evidence has been concluded. Use the bracketed language in instruction 404.1when the final instructions are different from the instructions given at the beginning of the case. If the instructions at the end of the case are different from those given at the beginning of the case, the committee recommends that the court point out the differences with appropriate language in the final instructions, including an explanation for the difference, such as where the court has directed a verdict on an issue.
 

 2.
 
 Fla.R.Civ.P.
 
 1.470(b) authorizes instructing the jury during trial or before or after final argument. The timing of instructions is within the sound discretion of the trial judge, to be determined on a case-by-case basis, but the committee strongly recommends instructing the jury before final argument.
 

 3. Each juror must be provided with a full set of jury instructions for use during their deliberations.
 
 Rule
 
 1.470(b). The trial judge may find it useful to provide these instructions to the jurors when the judge reads the instructions in open court so that jurors can read along with the judge, as the judge reads the instructions aloud.
 

 404.2SUMMARY OF CLAIMS OR CONTENTIONS
 

 The claims [and defenses] in this case are as follows. (Claimant) claims that (defendant/insurer) acted in bad faith in (describe alleged bad faith) [which caused [him] [her] [it] harm].
 

 (Defendant) denies that claim [and also claims that (describe any affirmative defenses) ].
 

 (Claimant) [ (Defendant) ] must prove [his] [her] [their] claim(s) [and defenses] by the greater weight of the evidence.
 

 NOTE ON USE FOR 404.2
 

 Use the bracketed clause in the first paragraph on causation and instruction 404.6 if the issue of damages is going to be submitted to the jury. If the court is going to determine damages (see instruction 404.9), or the only damages are those already determined in the underlying action, then the bracketed clause in the first paragraph and instruction 404.6 should be omitted.
 

 404.3GREATER WEIGHT OF THE EVIDENCE
 

 “Greater weight of the evidence” means the more persuasive and convincing force and effect of the entire evidence in the case.
 

 NOTES ON USE FOR 404.3
 

 1.
 
 Greater or lesser number of witnesses.
 
 The committee recommends that no instruction be given regarding the relationship (or lack of relationship) between the greater weight of the evidence and the greater or lesser number of witnesses.
 

 2.
 
 Circumstantial evidence.
 
 The committee recommends that no instruction generally be given distinguishing circumstantial from direct evidence. See
 
 Nielsen v. City of Sarasota,
 
 117 So.2d 731 (Fla.1960).
 

 404.4INSURER’S BAD FAITH (FAILURE TO SETTLE)
 

 Bad faith on the part of an insurance company is failing to settle a claim when, under all the circumstances, it could and should have done so, had it acted fairly and honestly toward [its
 
 *721
 
 policyholder] [its insured] [an excess carrier] and with due regard for [his] [her] [its] [their] interests.
 

 NOTES ON USE FOR 404.4
 

 1. Instruction 404.4 does not distinguish statutory claims from common law claims or first party claims from third party claims. See
 
 State Farm Mutual Automobile Insurance Co. v. LaForet,
 
 658 So.2d 55 (Fla.1995).
 

 2. Instruction 404.4 is applicable when the particular matter in issue is the insurance company’s failure to settle a claim. This instruction does not exhaust the subject. Other instructions may be necessary if liability is asserted for the insurance company’s violation of some other duty. See,
 
 e.g., Boston Old Colony Insurance Co. v. Gutierrez,
 
 886 So.2d 783, 785 (Fla.1980) (duty “to advise the insured of settlement opportunities, to advise as to the probable outcome of the litigation, to warn of the possibility of an excess judgment, and to advise the insured of any steps he might take to avoid same”).
 

 3. In cases brought under
 
 F.S.
 
 624.155, issues of notice and cure generally will be determined by the court. See
 
 Talat Enterprises, Inc. v. Aetna Casualty & Surety Co.,
 
 753 So.2d 1278 (Fla.2000). Therefore, no standard jury instruction is provided on those issues.
 

 404.5 MEDICAL MALPRACTICE INSURER’S BAD FAITH FAILURE TO SETTLE
 

 In determining whether (defendant) acted in bad faith, you shall consider the following factors or circumstances;
 

 (Defendant’s) willingness to negotiate with (claimant) in anticipation of settlement,
 

 the propriety of (defendant’s) methods of investigating and evaluating the claim of (claimant),
 

 whether (defendant) timely informed (insured) of an offer to settle within the limits of coverage, the right to retain personal counsel, and the risk of litigation,
 

 whether (insured) denied liability or requested that the case be defended after (defendant) fully advised (insured) as to the facts and risks,
 

 whether (claimant) imposed any condition, other than the tender of the policy limits, on the settlement of the claim,
 

 whether (claimant) provided relevant information to (defendant) on a timely basis,
 

 whether and when other defendants in the case settled or were dismissed from the case,
 

 whether there were multiple claimants seeking, in the aggregate, compensation in excess of policy limits from (insured) or from (defendant),
 

 whether (insured) misrepresented material facts to (defendant) or made material omissions of fact to (defendant),
 

 and (list such additional factors as the court may determine to be relevant).
 

 NOTE ON USE FOR 404.5
 

 1. This instruction implements
 
 F.S.
 
 766.1185(2), and should be used only in cases to which that statute applies. It should be given in conjunction with and immediately after instruction 404.4.
 

 2. The statute requires that the jury “shall consider” all of the enumerated factors. The absence of a factor may be relevant for the jury’s consideration. The court should therefore instruct on all factors unless there is no issue as to a particular factor.
 

 
 *722
 
 404.6 LEGAL CAUSE
 

 a. Legal cause generally:
 

 Bad faith conduct is a legal cause of [loss] [damage] [or] [harm] if it directly and in natural and continuous sequence produces or contributes substantially to producing such [loss] [damage] [or] [harm], so that it can reasonably be said that, but for the bad faith conduct, the [loss] [damage] [or] [harm] would not have occurred.
 

 b. Concurring cause:
 

 In order to be regarded as a legal cause of [loss] [damage] [or] [harm] bad faith conduct need not be the only cause. Bad faith conduct may be a legal cause of [loss] [damage] [or] [harm] even though it operates in combination with [the act of another] [some natural cause] [or] [some other cause] if the bad faith conduct contributes substantially to producing such [loss] [damage] [or] [harm].
 

 c.
 
 Intervening cause:
 

 Do not use the bracketed first sentence if this instruction is preceded by the instruction on concurring cause.
 
 ⅜
 

 ⅜ [In order to be regarded as a legal cause of [loss] [damage] [or] [harm], bad faith conduct need not be its only cause.] Bad faith conduct may also be a legal cause of [loss] [damage] [or] [harm] even though it operates in combination with [the act of another] [some natural cause] [or] [some other cause] occurring after the bad faith conduct occurs if [such other cause was itself reasonably foreseeable and the bad faith conduct contributes substantially to producing such [loss] [damage] [or] [harm] [or] [the resulting [loss] [damage] [or] [harm] was a reasonably foreseeable consequence of the bad faith conduct and the bad faith conduct contributes substantially to producing it].
 

 NOTES ON USE FOR 404.6
 

 1. Instruction 404.6a (legal cause generally) is to be given in all cases in which the issue of damages is submitted to the jury. No part of this instruction should be given if the court is going to determine damages (see instruction 404.9). Instruction 404.6b (concurring cause), to be given when the court considers it necessary, does not set forth any additional standard for the jury to consider in determining whether bad faith conduct was a legal cause of damage but only negates the idea that a defendant is excused from the consequences of his or her bad faith conduct by reason of some other cause concurring in time and contributing to the same damage. Instruction 404.6c (intervening cause) is to be given only in cases in which the court concludes that there is a jury issue as to the presence and effect of an intervening cause.
 

 2. Instruction 404.6b must be given whenever there is a contention that some other cause may have contributed, in whole or part, to the occurrence or resulting injury. If there is an issue of aggravation of a preexisting condition or of subsequent injuries/multiple events, instruction 501.5a or 501.5b should be given as well. See
 
 Hart v. Stern,
 
 824 So.2d 927, 932-34 (Fla. 5th DCA 2002);
 
 Marinetti v. Grace,
 
 608 So.2d 833, 835 (Fla. 4th DCA 1992).
 

 3. Instruction 404.6c (intervening cause) embraces two situations in which bad faith conduct may be a legal cause notwithstanding the influence of an intervening cause: (1) when the damage was a reasonably foreseeable consequence of the bad faith conduct although the other cause was not foreseeable,
 
 Mozer v. Semenza,
 
 177 So.2d 880 (Fla. 3d DCA 1965), and (2) when the intervention of the other cause
 
 *723
 
 was itself foreseeable,
 
 Gibson v. Avis Rent-A-Car System, Inc.,
 
 386 So.2d 520 (Fla.1980).
 

 4.“Probable
 
 ”
 
 results.
 
 The committee recommends that the jury not be instructed that the damage must be such as would have appeared “probable” to the actor or to a reasonably careful person at the time of the bad faith conduct. In cases involving an intervening cause, the term “reasonably foreseeable” is used in place of “probable.” The terms are synonymous and interchangeable. See
 
 Sharon v. Luten,
 
 165 So.2d 806, 810 (Fla. 1st DCA 1964); Prosser,
 
 Torts
 
 291 (3d ed.); 2 Harper & James,
 
 The Law of Torts
 
 1137.
 

 5. The term “substantially” is used throughout.the instruction to describe the extent of contribution or influence bad faith conduct must have in order to be regarded as a legal cause. “Substantially” was chosen because the word has an acceptable common meaning and because it has been approved in Florida as a test of causation not only in relation to defendant’s negligence,
 
 Loftin v. Wilson,
 
 67 So.2d 185, 191 (Fla.1953), but also in relation to plaintiffs comparative negligence,
 
 Shayne v. Saunders,
 
 129 Fla. 355, 176 So. 495, 498 (1937).
 

 404.7ISSUES ON CLAIM
 

 The issue you must decide on (claimant’s) claim against (defendant) is whether (defendant) acted in bad faith in failing to settle the claim [of] [against] (insured) [and, if so, whether that bad faith was a legal cause of [loss] [damage] [or] [harm] to (claimant) ].
 

 NOTE ON USE FOR 404.7
 

 For cases in which the court will determine damages, or the only damages are those already determined in the underlying action, omit the bracketed phase on causation. If the issue of damages is being submitted to the jury for determination, then the entire instruction should be given.
 

 404.8BURDEN OF PROOF
 

 If the greater weight of the evidence does not support the claim of (claimant), your verdict should be for (defendant).
 

 However, if the greater weight of the evidence does support the claim of (claimant), then [your verdict should be for (claimant) and against (defendant) ] [you shall consider the defense raised by (defendant) ].
 

 404.9CONCLUDING INSTRUCTION WHEN COURT TO AWARD DAMAGES
 

 If your verdict is for (claimant), the court will award damages in an amount allowable under Florida law.
 

 NOTE ON USE FOR 404.9
 

 This instruction does not ask the jury to insert on the verdict form the amounts of the judgment, interest, costs and attorneys’ fees in the underlying case, because these amounts, in many cases, will be decided by the court as a matter of law. The committee does not intend the omission of these issues from the instructions to affect the admissibility of such amounts. When any damages are to be determined by the jury, appropriate instructions and verdict form will be needed. See instruction 404.10-13.
 

 404.10DAMAGES (CASES WITH CLAIMS FOR MENTAL DISTRESS)
 

 If your verdict is for (claimant), you will next decide (claimant’s) claim for mental distress. On (claimant’s) claim for mental distress, the issues for your determination are:
 

 whether (defendant’s) [denial of] [failure to timely pay] the claim resulted in (insured’s) failure to receive necessary or timely health care; and if so
 
 *724
 
 whether this failure caused or aggravated (insured’s) [medical] [psychiatric] condition; and if so
 

 whether (insured) suffered mental distress related to the condition or the aggravation of the condition.
 

 NOTES ON USE FOR 404.10
 

 1. Use this instruction only if the court determines that there is a sufficient predicate to support a claim for mental distress. See
 
 Time Insurance Co. v. Burger,
 
 712 So.2d 389 (Fla.1998). The committee takes no position on whether claims for mental distress may be available in other situations.
 

 2. This instruction should be followed by instructions 404.11 and 404.12.
 

 404.11 BURDEN OF PROOF ON MENTAL DISTRESS CLAIM
 

 If the greater weight of the evidence does not support the claim of (claimant) for mental distress, your verdict should be for (defendant) on this issue.
 

 However, if the greater weight of the evidence does support the claim of (claimant) for mental distress, then your verdict should be for (claimant) and against (defendant) on this issue.
 

 404.12 DAMAGES ON MENTAL DISTRESS CLAIM
 

 If you find for (claimant) on the claim for mental distress, then you should award (claimant) an amount of damages that the evidence shows will fairly compensate claimant for [his] [or] [her] [loss] [injury] [or] [damage] as a result of the mental distress. Your damage award should be for mental distress only. The court will enter judgment for other damages to which (claimant) is entitled under the law.
 

 404.13PUNITIVE DAMAGES
 

 Punitive damages are warranted if you find by clear and convincing evidence that:
 

 the acts giving rise to the violation occurred with such frequency as to indicate a general business practice; and
 

 these acts were willful, wanton, and malicious, or in reckless disregard for the rights of the (insured) (beneficiary).
 

 “Clear and convincing evidence” differs from the “greater weight of the evidence” in that it is more compelling and persuasive. “Clear and convincing evidence” is evidence that is precise, explicit, lacking in confusion, and of such weight that it produces a firm belief or conviction, without hesitation, about the matter in issue.
 

 NOTES ON USE FOR 404.13
 

 1. If a claim for punitive damages is made pursuant to
 
 F.S.
 
 624.155, use this instruction instead of instructions 503.1 and 503.2. For common law punitive damages claims, see instructions 503.1 and 503.2.
 

 2. The committee has assumed that the clear and convincing evidence burden of proof provided in
 
 F.S.
 
 768.725 applies to punitive damages claims made pursuant to
 
 F.S.
 
 624.155.
 

 SECTION 405 — DEFAMATION
 

 405.1 Introduction
 

 405.2 Summary of Claims and Contentions
 

 405.3 Greater Weight of the Evidence
 

 405.4 Clear and Convincing Evidence
 

 405.5 Negligence
 

 405.6 Legal Cause
 

 405.7 Issues on Plaintiffs Claim— Plaintiff a Public Official or Public Figure
 

 
 *725
 
 405.8 Issues on Plaintiffs Claim— Plaintiff a Private Individual and a Media Defendant
 

 405.9 Issues on Plaintiffs Claim— Private Claimant, Non-Media Defendant
 

 405.10 Defamation Damages
 

 NOTES ON USE
 

 1. There are three alternative instructions on defamation liability issues, 405.7, 405.8 and 405.9. Instruction 405.7 is for claims in which the claimant is a public official or a public figure and by First Amendment standards must prove that defendant made a false defamatory statement with “actual malice.” Instruction 405.8 is for claims in which the claimant is not a public person but defendant is a member of the press or broadcast media publishing on a matter of public concern, who by First Amendment standards cannot be held liable for a false publication without proof of fault. Instruction 405.9 is for all other claims and it invokes Florida’s truth and good motives defense and the qualified privilege to speak falsely but without “express malice.”
 

 2. These categories and their boundaries are debatable and in flux, due to the unique influence upon them of both federal and Florida constitutional law as well as the common law. To enable assessment of the instructions, the committee has explained its reasoning in the general notes following the instructions, and calls attention to areas of evident dispute.
 

 405.1 INTRODUCTION
 

 Members of the jury, you have now heard and received all of the evidence in this case. I am now going to tell you about the rules of law that you must use in reaching your verdict. [You will recall at the beginning of the case I told you that if, at the end of the case I decided that different law applies, I would tell you so. These instructions are (slightly) different from what I gave you at the beginning and it is these rules of law that you must now follow.] When I finish telling you about the rules of law, the attorneys will present their final arguments and you will then retire to decide your verdict.
 

 NOTES ON USE FOR 405.1
 

 1. When instructing the jury before taking evidence, use instruction 202.1 in lieu of instruction 405.1. See Model Instruction No. 1. Instruction 405.1 is for instructing the jury after the evidence has been concluded. Use the bracketed language in instruction 405.1 when the final instructions are different from the instructions given at the beginning of the case. If the instructions at the end of the case are different from those given at the beginning of the case, the committee recommends that the court point out the differences with appropriate language in the final instructions, including an explanation for the difference, such as where the court has directed a verdict on an issue.
 

 2.
 
 Fla.R.CivP.
 
 1.470(b) authorizes instructing the jury during trial or before or after final argument. The timing of instructions is within the sound discretion of the trial judge, to be determined on a case-by-ease basis, but the committee strongly recommends instructing the jury before final argument.
 

 3. Each juror must be provided with a full set of jury instructions for use during their deliberations.
 
 Rule
 
 1.470(b). The trial judge may find it useful to provide these instructions to the jurors when the judge reads the instructions in open court so that jurors can read along with the judge, as the judge reads the instructions aloud.
 

 
 *726
 
 405.2SUMMARY OF CLAIMS AND CONTENTIONS
 

 The claims [and defenses] in this case are as follows. (Claimant) claims that (defendant) [made] [published] [broadcast] a false statement about [him] [her] [it] which caused [him] [her] [it] harm. (Claimant) claims the statement was (identify the alleged defamatory statement and its alleged defamatory meaning).
 

 (Defendant) denies that claim [and also claims that (describe any affirmative defenses) ].
 

 [ (Claimant) ] [the parties] must prove [his] [her] [its] [all] claim[s] [and defenses] by [clear and convincing evidence] [the greater weight of the evidence]. I will now define some of the terms you will use in deciding this case.
 

 405.3GREATER WEIGHT OF THE EVIDENCE
 

 “Greater weight of the evidence” means the more persuasive and convincing force and effect of the entire evidence in the case.
 

 NOTES ON USE FOR 405.3
 

 1.
 
 Greater or lesser number of witnesses.
 
 The committee recommends that no instruction be given regarding the relationship (or lack of relationship) between the greater weight of the evidence and the greater or lesser number of witnesses.
 

 2.
 
 Circumstantial evidence.
 
 The committee recommends that no instruction generally be given distinguishing circumstantial from direct evidence. See
 
 Nielsen v. City of Sarasota,
 
 117 So.2d 731 (Fla.1960).
 

 405.4CLEAR AND CONVINCING EVIDENCE
 

 [“Clear and convincing evidence” differs from the “greater weight of the evidence” in that it is more compelling and persuasive.] “Clear and convincing evidence is evidence” that is precise, explicit, lacking in confusion, and of such weight that it produces a firm belief or conviction, without hesitation, about the matter in issue.
 

 NOTE ON USE FOR 405.4
 

 Use the first bracketed sentence if there are issues or other claims in the case that invoke the greater weight of the evidence standard.
 

 405.5 NEGLIGENCE
 

 Negligence is the failure to use reasonable care, which is the care that a reasonably careful person would use under like circumstances. Negligence is doing something that a reasonably careful person would not do under like circumstances or failing to do something that a reasonably careful person would do under like circumstances.
 

 405.6 LEGAL CAUSE
 

 a. Legal cause generally:
 

 A [statement] [publication] is a legal cause of [loss] [injury [or] [damage] if it directly and in natural and continuous sequence produces or contributes substantially to producing such [loss] [injury] [or] [damage], so that it can reasonably be said that, but for the [statement] [publication], the [loss] [injury] [or] [damage] would not have occurred.
 

 b. Concurring cause:
 

 In order to be regarded as a legal cause of [loss] [injury] [or] [damage] a [statement] [publication] need not be the only cause. A [statement] [publication] may be a legal cause of [loss] [injury] [or] [damage] even though it operates in combination with [the act of another] [some natural cause] [or] [some other cause] if the [statement] [publication] contributes substantially
 
 *727
 
 to producing such [loss] [injury] [or] [damage].
 

 c.
 
 Intervening cause:
 

 Do not use the bracketed first sentence if this instruction is preceded by the instruction on concurring cause. *
 

 * [In order to be regarded as a legal cause of [loss] [injury] [or] [damage], [a statement] [publication] need not be its only cause.] A [statement] [publication] may also be a legal cause of [loss] [injury] [or] [damage] even though it operates in combination with [the act of another] [some natural cause] [or] [some other cause] occurring after the [statement] [publication] occurs if [such other cause was itself reasonably foreseeable and the [statement] [publication] contributes substantially to producing such [loss] [injury] [or] [damage]] [or] [the resulting [loss] [injury] [or] [damage] was a reasonably foreseeable consequence of the [statement] [publication] and the [statement] [publication] contributes substantially to producing it].
 

 NOTES ON USE FOR 405.6
 

 1.Instruction 405.6a (legal cause generally) is to be given in all cases. Instruction 405.6b (concurring cause), to be given when the court considers it necessary, does not set forth any additional standard for the jury to consider in determining whether a defamation was a legal cause of damage but only negates the idea that a defendant is excused from the consequences of his defamation by reason of some other cause concurring in time and contributing to the same damage. Instruction 405.6c (intervening cause) is to be given only in cases in which the court concludes that there is a jury issue as to the presence and effect of an intervening cause.
 

 2. The jury will properly consider instruction 405.6a not only in determining whether defendant’s defamation is actionable but also in determining whether claimant’s conduct contributed as a legal cause to claimant’s damage, thus reducing recovery.
 

 3. Instruction 405.6b must be given whenever there is a contention that some other cause may have contributed, in whole or part, to the occurrence or resulting injury. If there is an issue of aggravation of a preexisting condition or of subsequent injuries/multiple events, instruction 501.5a or 501.5b should be given as well. See
 
 Hart v. Stern,
 
 824 So.2d 927, 932-34 (Fla. 5th DCA 2002);
 
 Marinelli v. Grace,
 
 608 So.2d 833, 835 (Fla. 4th DCA 1992).
 

 4. Instruction 405.6c (intervening cause) embraces two situations in which defamation may be a legal cause notwithstanding the influence of an intervening cause: (1) when the damage was a reasonably foreseeable consequence of the defamation although the other cause was not foreseeable,
 
 Mozer v. Semenza,
 
 177 So.2d 880 (Fla. 3d DCA 1965), and (2) when the intervention of the other cause was itself foreseeable,
 
 Gibson v. Avis Rent-A-Car System, Inc.,
 
 386 So.2d 520 (Fla.1980).
 

 5.
 
 “Probable” results.
 
 The committee recommends that the jury not be instructed that the damage must be such as would have appeared “probable” to the actor or to a reasonably careful person at the time of the defamation. In cases involving an intervening cause, the term “reasonably foreseeable” is used in place of “probable.” The terms are synonymous and interchangeable. See
 
 Sharon v. Luten,
 
 165 So.2d 806, 810 (Fla. 1st DCA 1964); Prosser,
 
 Torts
 
 291 (3d ed.); 2 Harper & James,
 
 The Law of Torts
 
 1137.
 

 6. The term “substantially” is used throughout the instruction to describe the extent of contribution or influence negli
 
 *728
 
 gence must have in order to be regarded as a legal cause. “Substantially” was chosen because the word has an acceptable common meaning and because it has been approved in Florida as a test of causation not only in relation to defendant’s negligence,
 
 Loftin v. Wilson,
 
 67 So.2d 185, 191 (Fla.1953), but also in relation to plaintiffs comparative negligence,
 
 Shayne v. Saunders,
 
 129 Fla. 355, 176 So. 495, 498 (1937).
 

 405.7 ISSUES ON PLAINTIFF’S CLAIM — PLAINTIFF A PUBLIC OFFICIAL OR PUBLIC FIGURE
 

 The issues you must decide on the claim of (claimant) against (defendant) are:
 

 a. Issue whether publication concerning claimant was made as claimed:
 

 whether (defendant) [made] [published] [broadcast] the statement concerning (claimant) as (claimant) claims; and, if so,
 

 b. Issue whether publication was false and, defamatory:
 

 whether (defendant’s) statement concerning (claimant) was in some significant respect a false statement of fact
 

 * and [tended to expose (claimant) to hatred, ridicule, or contempt] [or] [tended to injure (claimant) in [his] [her] business, reputation, or occupation] [or] [charged that (claimant) committed a crime].
 

 *
 
 In some instances a statement of opinion'may be interpretable as a false statement of fact expressly stated or implied from an expression of opinion. Millcovich v. Lorain Journal Co., 497 U.S. 1, 110 S.Ct. 2695, 111 L.Ed.2d 1 (1990); Florida Medical Center, Inc. v. New York Post Co., 568 So.2d 454 (Fla. 4th DCA 1990).
 

 A statement is in some significant respect false if its substance or gist conveys a materially different meaning than the truth would have conveyed. In making this determination, you should consider the context in which the statement is made and disregard any minor inaccuracies that do not affect the substance of the statement.
 

 If the greater weight of the evidence does not support (claimant’s) claim on these issues, then your verdict should be for (defendant). However, if the greater weight of the evidence supports (claimant’s) claim on these issues, then:
 

 c.Issue whether defendant acted with actual malice:
 

 You must decide whether clear and convincing evidence shows that at the time the statement was made (defendant) knew the statement was false or had serious doubts as to its truth.
 

 If clear and convincing evidence does not show that (defendant) knew when the statement was made that it was false, or that [he] [she] [it] had serious doubts as to its truth, your verdict should be for (defendant).
 

 However, if clear and convincing evidence supports (claimant’s) claim that (defendant) knew when the statement was made that it was false, or that [he] [she] [it] had serious doubts as to its truth, and the greater weight of the evidence supports (claimant’s) claim on the other issues on which I have instructed you, then your verdict should be for (claimant).
 

 (Proceed to 405.10, Defamation Damages.)
 

 NOTE ON USE FOR 405.7
 

 An additional instruction on the “publication” issue, not included here, will be necessary if there is an issue whether the
 
 *729
 
 statement was in fact heard or read by someone other than the claimant.
 

 405.8 ISSUES ON PLAINTIFF’S CLAIM — PLAINTIFF A PRIVATE INDIVIDUAL AND A MEDIA DEFENDANT
 

 The issues for you to decide on the claim of (claimant) against (defendant) are:
 

 a. Issue whether publication concerning claimant was made as claimed:
 

 whether (defendant) [published] [broadcast] the statement concerning (claimant) as (claimant) claims; and, if so,
 

 b. Issue whether publication was false and defamatory:
 

 whether (defendant’s) statement concerning (claimant) was in some significant respect a false statement of fact * and [tended to expose (claimant) to hatred, ridicule, or contempt] [or] [tended to injure (claimant) in [his] [her] business, reputation, or occupation] [or] [charged that (claimant) committed a crime]; and, if so,
 

 *
 
 In some instances a statement of opinion may be interpretable as a false statement of fact expressly stated or implied from an expression of opinion. Milkovich v. Lorain Journal Co., 497 U.S. 1, 110 S.Ct. 2695, 111 L.Ed.2d 1 (1990); Florida Medical Center, Inc. v. New York Post Co., 568 So.2d 454 (Fla. 4th DCA 1990).
 

 c.
 
 Issue whether defendant was negligent:
 

 whether (defendant) was negligent in making that statement.
 

 A statement is in some significant respect false if its substance or gist conveys a materially different meaning than the truth would have conveyed. In making this determination, you should consider the context in which the statement is made and disregard any minor inaccuracies that do not affect the substance of the statement.
 

 If the greater weight of the evidence does not support (claimant’s) claim on these issues, then your verdict should be for (defendant). However, if the greater weight of the evidence supports (claimant’s) claim on these issues, then your verdict should be for (claimant) and against (defendant).
 

 Proceed to 405.10, Defamation Damages.
 

 NOTE ON USE FOR 405.8
 

 An additional instruction on the “publication” issue, not here included, will be necessary if there is an issue whether the statement was in fact heard or read by someone other than the claimant.
 

 405.9 ISSUES ON PLAINTIFF’S CLAIM — PRIVATE CLAIMANT, NON-MEDIA DEFENDANT
 

 The issues for you to decide on the claim of (claimant) against (defendant) are:
 

 a. Issue whether a defamatory publication concerning claimant was made as claimed:
 

 whether (defendant) made the statement concerning (claimant) as (claimant) claims; and, if so, whether the statement [tended to expose (claimant) to hatred, ridicule, or contempt] [or] [tended to injure (claimant) in [his] [her] business, reputation, or occupation] [or] [charged that (claimant) committed a crime].
 

 If the greater weight of the evidence does not support (claimant’s) claim on these issues, then your verdict should be
 
 *730
 
 for (defendant). However, if the greater weight of the evidence supports (claimant’s) claim on these issues, then [your verdict should be for (claimant) in the total amount of [his] [her] [its] damages] [you shall consider [the defense of truth and good motives] [and] [the defense of privilege] raised by (defendant) ].
 

 b. Defense issues of truth and good motives:
 

 On the [first] defense, the issue for your determination is whether the statement made by (defendant) was substantially true and was made by (defendant) with good motives.
 

 A statement is substantially true if its substance or gist conveys essentially the same meaning that the truth would have conveyed. In making this determination, you should consider the context in which the statement is made and disregard any minor inaccuracies that do not affect the substance of the statement.
 

 If the greater weight of the evidence supports this defense, your verdict should be for (defendant).
 

 If the greater weight of the evidence does not support this defense, [and the greater weight of the evidence supports (claimant’s) claim on these issues, then your verdict should be for (claimant) in the total amount of [his] [her] [its] damages.] [then you shall consider the defense of privilege raised by (defendant).]
 

 c.
 
 Defense issue whether defendant had qualified privilege:
 

 If defendant has a qualified privilege as a matter of law, skip to instruction 4.05.9ÓL
 

 On the defense of privilege, I instruct you that provided one does not speak with improper motives, which I shall explain in a moment, a person such as (defendant) is privileged to make a statement to [someone such as (name) ] [an audience such as (describe) ] about another such as (claimant), even if the statement is untrue, under the following circumstances:
 

 Describe in general terms, sufficient for the jury to understand the interests protected by law, the facts which if proved would give rise to a qualified privilege. See General Note 6.
 

 If the greater weight of the evidence does not show that these circumstances existed, then you must find that (defendant) had no privilege to make such a statement even with proper motives. However, if the greater weight of the evidence does show that (defendant) spoke under circumstances creating such a privilege, then you should decide whether, as (claimant) claims, (defendant) made the statement with improper motives abusing that privilege.
 

 d.Issue whether defendant abused qualified privilege:
 

 (Defendant) had a privilege to make a statement even if untrue, provided he did so with proper motives. Such a privilege exists because
 

 Describe in general terms, sufficient for the jury to understand the interests protected by law, the facts giving rise to the qualified privilege. See Note 6 following instruction 105.10.
 

 The issue for you to decide is therefore whether, as (claimant) claims, (defendant) made the statement with improper motives abusing that privilege. One makes a false statement about another with improper motives if one’s primary motive and purpose in making the statement is to gratify one’s ill will, hostility and intent to harm the other,
 
 *731
 
 rather than [to advance or protect (defendant’s) interest, right or duty to speak to (name) on that subject] [or] [to advance or protect the interests of the person to whom the statement was made].
 

 If the greater weight of the evidence does not support (claimant’s) claim that (defendant) abused any privilege [he] [she] [it] had [and the greater weight of the evidence does support the defense of privilege], then your verdict should be for (defendant).
 

 However, if the greater weight of the evidence supports (claimant’s) claim that (defendant) abused any privilege [he] [she] [it] had, then your verdict should be for (claimant) in the total amount of [his] [her] [its] damages.
 

 (Proceed, to instruction k05.10, Defamation
 
 Damages.)
 

 NOTE ON USE FOR 405.9
 

 An additional instruction on the “publication” issue, not here included, will be necessary if there is an issue whether the statement was in fact heard or read by someone other than the claimant.
 

 405.10 DEFAMATION DAMAGES
 

 If you find for (defendant), you will not consider the matter of damages. But, if you find for (claimant), you should award (claimant) an amount of money that will fairly and adequately compensate (claimant) for such [loss] [injury] [or] [damage] as the greater weight of the evidence shows was caused by the [statement] [publication] in question. You shall consider the following elements of damage:
 

 a.Injury to reputation or health; shame, humiliation, mental anguish, hurt feelings:
 

 Any injury to reputation or health and any shame, humiliation, mental anguish, and hurt feelings experienced in the past [or to be experienced in the future]. There is no exact standard for fixing the compensation to be awarded on account of such elements of damage. Any award should be fair and just in the light of the evidence.
 

 b. Aggravation or activation of disease or physical defect:
 

 Any aggravation of an existing disease or physical defect [or activation of any such latent condition], resulting from such [statement] [publication]. If you find that there was such an aggravation, you should determine, if you can, what portion of (claimant’s) condition resulted from the aggravation and make allowance in your verdict only for the aggravation. However, if you cannot make that determination or if it cannot be said that the condition would have existed apart from the [statement] [publication], you should consider and make allowance in your verdict for the entire condition.
 

 c.
 
 Medical expenses:
 

 The reasonable [value] [or] [expense] of [hospitalization and] medical [and nursing] care and treatment necessarily or reasonably obtained by (claimant) [or] [and] [his wife] [her husband] in the past [or to be so obtained in the future].
 

 d. Lost earnings, lost working time, lost earning capacity:
 

 (1). When lost earnings or lost working time shown:
 

 Any [earnings] [working time] lost in the past [and any loss of ability to earn money in the future].
 

 
 *732
 

 (2). When earnings or lost working time not shown:
 

 Any loss of ability to earn money sustained in the past [and any such loss in the future].
 

 e. Reduction to present value:
 

 Any amounts which you allow in damages for [loss of ability to earn money in the future] [or] [ (describe any other future economic loss subject to reduction to present value) ] should be reduced to their present money value [and only the present money value of such amounts should be included in your verdict] [and you should state in the verdict form provided to you both the total of such future damages and their present value].
 

 f. Nominal damages:
 

 If you find for (claimant) but find that no [loss] [injury] [or] [damage] has been proved, you [should] [may] award nominal damages. Nominal damages are damages of an inconsequential amount which are awarded to vindicate a right where a wrong is established but no damage is proved.
 

 g. Punitive damages:
 

 (1). Bifurcated procedure:
 

 If you find for (claimant) and against (name person or entity whose conduct may warrant punitive damages), you should consider whether, in addition to compensatory damages, punitive damages are warranted in the circumstances of this case as punishment and as a deterrent to others.
 

 The trial of the punitive damages issue is divided into two parts. In this first part, you will decide whether the conduct of (name defendant whose conduct may warrant punitive damages) is such that punitive damages are warranted. If you decide that punitive damages are warranted, we will proceed to the second part during which the parties may present additional evidence and argument on the issue of punitive damages. I will then give you additional instructions, after which you will decide whether in your discretion punitive damages will be assessed and, if so, the amount.
 

 Standard if statement was on a matter of public concern:
 

 Punitive damages are warranted if you find by clear and convincing evidence that at the time of making the statement (defendant) knew the statement was false or had serious doubts as to its truth; and if the greater weight of the evidence shows that (defendant’s) primary purpose in making the statement was to indulge ill will, hostility, and an intent to harm (claimant).
 

 Standard if statement was not a matter of public concern:
 

 Punitive damages are warranted if you find by the greater weight of the evidence that (defendant’s) primary purpose in making the statement was to indulge ill will, hostility, and an intent to harm (claimant).
 

 [You may determine that punitive damages are warranted against one defendant and not the other[s] or against more than one defendant.]
 

 Use 503.1b(2)-b(f) as necessa'ry for direct and vicarious liability.
 

 Use 503.1c for second stage of bifurcated punitive damages procedure.
 

 (2). Non-bifurcated procedure:
 

 If you find for (claimant) and against (name person or entity whose conduct may warrant punitive damages), you should consider whether, in addition to com
 
 *733
 
 pensatory damages, punitive damages are warranted in the circumstances of this case as a punishment and as a deterrent to others.
 

 Standard if statement was on a matter of public concern:
 

 Punitive damages are warranted if you find by clear and convincing evidence that at the time of making the statement (defendant) knew the statement was false or had serious doubts as to its truth; and if the greater weight of the evidence shows that (defendant’s) primary purpose in making the statement was to indulge ill will, hostility, and an intent to harm (claimant).
 

 Standard if statement was not a matter of public concern:
 

 Punitive damages are warranted if you find by the greater weight of the evidence that (defendant’s) primary purpose in making the statement was to indulge ill will, hostility, and an intent to harm (claimant).
 

 [You may determine that punitive damages are warranted against one defendant and not the other[s] or against more than one defendant.]
 

 Use 503.2b(2)-b(4-) as necessary for direct and vicarious liability.
 

 Use 503.2c for determination of amount of damages.
 

 NOTES ON USE ON DEFAMATION INSTRUCTIONS
 

 1.
 
 Status of claimant or defendant decisive of First Amendment standards.
 
 As set forth in instruction 405.7, if claimant was a public official or was a public figure for all or for the limited purposes in the case at hand, the First Amendment requires claimant to prove that defendant’s statement was false,
 
 Garrison v. Louisiana,
 
 379 U.S. 64, 85 S.Ct. 209, 13 L.Ed.2d 125 (1964), and that defendant made it with “actual malice.”
 
 New York Times Co. v. Sullivan,
 
 376 U.S. 254, 84 S.Ct. 710, 11 L.Ed.2d 686, 95 A.L.R.2d 1412 (1964). As set forth in 405.8, if defendant was a member of the press or broadcast media publishing on a matter of public concern, the First Amendment requires claimant to prove falsity and fault.
 
 Philadelphia Newspapers, Inc. v. Hepps,
 
 475 U.S. 767, 775-76, 106 S.Ct. 1558, 89 L.Ed.2d 783 (1986);
 
 Gertz v. Robert Welch, Inc.,
 
 418 U.S. 323, 347, 94 S.Ct. 2997, 41 L.Ed.2d 789 (1974). In Florida, a defendant is at fault if he was at least negligent.
 
 Miami Herald Publishing Co. v. Ane,
 
 458 So.2d 239 (Fla.1984). Until a standard for identifying “speech on a matter of public concern” is made clearer and manageable as a matter of law or fact, the committee treats any media defendant as entitled to instruction 405.8 status and assumes that any nonmedia defendant is governed by instruction 405.9. Despite criticism of the categorical distinction both on First Amendment grounds,
 
 Dun & Bradstreet, Inc. v. Greenmoss Builders, Inc.,
 
 472 U.S. 749, 783-84, 105 S.Ct. 2939, 86 L.Ed.2d 593 (1985) (dissenting opinion), and for want of evenhandedness at common law,
 
 infra
 
 Note 3, neither the United States nor Florida Supreme Court has yet denied any media defendant instruction 405.8 status holding that the publication was not on a matter of public concern; and neither Court has yet exempted a non-media defendant from instruction 405.9 standards governing compensatory damage liability by declaring defendant’s statement to be, as a matter of law or fact, of public concern. Status issues determining the choice of instructions 405.7, 405.8, and 405.9 are commonly decided as a matter of law, and therefore are omitted from these instructions.
 
 Rosenblatt v. Baer,
 
 383 U.S. 75, 88, 86 S.Ct. 669, 15 L.Ed.2d 597 (1966);
 
 Friedgood v. Peters Publishing Co.,
 
 521 So.2d
 
 *734
 
 236 (Fla. 4th DCA 1988);
 
 Delict-Donna v. Gore Newspapers Co.,
 
 489 So.2d 72 (Fla. 4th DCA 1986). If a status issue is deemed a jury question, it may be submitted by a preliminary instruction modeled after instruction 401.14
 
 et seq.
 
 The court then must frame alternative liability issues chosen from instructions 405.7, 405.8, and 405.9.
 

 2.
 
 Actual malice, clear and convincing proof.
 
 “Actual malice” has connotations other than its First Amendment meaning, so instruction 405.7 avoids the term and uses the definition instead: whether defendant in making the defamatory statement (about the public person claimant) knew his statement was false or seriously doubted its truth. Defendant’s state of mind can be proved circumstantially.
 
 St. Amant v. Thompson,
 
 390 U.S. 727, 732, 88 S.Ct. 1323, 20 L.Ed.2d 262 (1968);
 
 Hunt v. Liberty Lobby,
 
 720 F.2d 631, 643 (11th Cir.1983). Claimant’s burden is proof by “clear and convincing” evidence.
 
 Philadelphia Newspapers, Inc. v. Hepps,
 
 475 U.S. 767, 773, 106 S.Ct. 1558, 89 L.Ed.2d 783, (1986);
 
 Harte-Hanks Communications, Inc. v. Connaughton,
 
 491 U.S. 657, 109 S.Ct. 2678, 105 L.Ed.2d 562 (1989).
 

 3.
 
 Truth or falsity, preponderance of evidence.
 
 The First Amendment requires plaintiff to prove falsity in instructions 405.7 and 405.8 cases. Defendant must prove truth in instruction 405.9 cases because the common law presumes any statement made with defaming effect was false.
 
 Jones, Varnum & Co. v. Townsend’s Administratrix, 21
 
 Fla.
 
 431
 
 (1885). Accord,
 
 Firestone v. Time, Inc.,
 
 460 F.2d 712, 722 (5th Cir.1972) (Bell, J., concurring);
 
 Curtis Publishing Co. v. Fraser,
 
 209 F.2d 1, 9 n. 6 (5th Cir.1954);
 
 Drennen v. Westinghouse Elec. Corp.,
 
 328 So.2d 52, 55 (Fla. 1st DCA 1976);
 
 Miami Herald Publishing Co. v. Brautigam,
 
 127 So.2d 718, 723 (Fla. 3d DCA 1961). Moreover, Florida may have made truth a “defense” issue constitutionally, Note 5
 
 infra.
 
 The issue is phrased as whether the statement “was false in some significant respect,” instructions 405.7 and 405.8, or “was substantially true,” instruction 405.9, not turning on insignificant detail,
 
 e.g., Times Publishing Co. v. Huffstetler,
 
 409 So.2d 112, 113 (Fla. 5th DCA 1982). Whether the First Amendment requires proof of falsity by a simple preponderance or by clear and convincing evidence (as on the actual malice issue), is unclear.
 
 Harte-Hanks Communications, Inc.,
 
 491 U.S. 657, n. 2, 109 S.Ct. 2678, 105 L.Ed.2d 562. The committee assumes “the greater weight” suffices for proof of falsity in instructions 405.7 and 405.8, as it does for proof of truth in instruction 405.9. The clear and convincing standard, instruction 405.4, is as defined in
 
 Slomowitz v. Walker,
 
 429 So.2d 797 (Fla. 4th DCA 1983).
 

 4. Nodar’s dictum: How does the First Amendment fault standard apply in 405.9?
 
 In
 
 Nodar v. Galbreath,
 
 462 So.2d 803 (Fla.1984), the Florida Supreme Court held that if the First Amendment requires proof of negligence against the media, the common law should extend the same protection to all: “If common-law remedies for defamation are to be constitutionally restricted in actions against media defendants, they should also be restricted in actions against private, non-media speakers and publishers.”
 
 Nodar,
 
 462 So.2d at 808.
 
 Nodar
 
 was decided, however, on “common-law principles of qualified privilege,”
 
 id.,
 
 so it was unnecessary to decide “how the negligence standard applies in this case.”
 
 Id.
 
 Pending further implementation in Florida of
 
 Nodar’s
 
 dictum, or a decision that one’s media status is not decisive, instruction 405.8 continues to distinguish media defendants, publishing on matters of public concern, from all other defendants; instruction 405.7 applies to
 
 *735
 
 public person claimants; and all other cases fall under instruction 405.9, which makes no reference to negligence.
 

 5.
 
 Florida’s truth “and good motives" defense.
 
 Article I, § 4, Florida Constitution (1968) provides what the 1885 Constitution referred to in the title to § 13 of the Declaration of Rights as a “defense to libel:” “In all ... actions for defamation the truth may be given in evidence. If the matter charged as defamatory is true and was published with good motives, the party shall be ... exonerated.” “Truth and good motives,” despite its history, is not well elaborated by the case law. (Note that the United States Supreme Court has reserved the question whether in a First Amendment context it can ever be actionable, whatever the motive, to speak the truth.
 
 The Florida Star v. B.J.F.,
 
 491 U.S. 524, 109 S.Ct. 2603, 105 L.Ed.2d 443 (1989).) Pending a Florida decision explaining its meaning and effect, the committee assumes that “the truth and good motives” provision tolerates at least as wide a range of motives for speaking the truth as the common law tolerates for speaking untruthfully in a privileged situation. Instruction 405.9b therefore frames the issue as to whether defendant spoke both truthfully and with “good motives” and, if so, requires a verdict for defendant. Only if the jury finds otherwise is it then directed, instructions 405.9c and 405.9d, to decide whether defendant had a qualified privilege and, if so, whether he or she spoke with express malice resulting in liability despite the privilege. Truth-or-falsity is not submitted a second time because proof of truth is not necessary to a qualified privilege defense.
 

 6.
 
 Qualified privilege for defendant under Florida law.
 
 Defendant has a qualified privilege to make a false defamatory statement if he or she has reason to speak concerning claimant to an appropriate audience on a particular subject or occasion. Such a person is not liable without proof of “express malice” as described in instruction 405.9c.
 
 Nodar,
 
 462 So.2d at 811 n. 8;
 
 Boehm v. Kovens,
 
 554 So.2d 622 (Fla. 3d DCA 1989).
 
 Nodar
 
 describes the qualified privilege as granted to one having an interest or a legal, moral, or social duty in regard to a certain subject, when speaking to another “having a corresponding interest or duty.” Examples: “a communication to an employer regarding his employee’s performance”; “communications for bona fide commercial purposes where the interest to be protected is the recipient’s”; “statements of a citizen to a political authority regarding matters of public concern.” Whether there was a privilege, apart from the question of its abuse, may be determined by the court if the evidence is undisputed. But if not, a threshold instruction as in 405.9b is necessary, followed by instructions 405.9c or 405.9d or both. See,
 
 e.g., Knepper v. Genstar Corp.,
 
 537 So.2d 619 (Fla. 3d DCA 1988);
 
 Drennen v. Westinghouse Electrical Corp.,
 
 328 So.2d 52 (Fla. 1st DCA 1976). Contrast
 
 Nodar,
 
 462 So.2d at 810.
 

 7.Nominal and punitive damages.
 
 Nominal damages for “presumed” injury, as distinguished from a small actual injury, cannot be recovered against media defendants without showing actual malice as required by instruction 405.7 of public claimants.
 
 Gertz v. Robert Welch, Inc.,
 
 418 U.S. 323, 34950, 347, 94 S.Ct. 2997, 41 L.Ed.2d 789 (1974);
 
 Dun & Bradstreet v. Greenmoss Builders,
 
 472 U.S. 749, 760-61, 105 S.Ct. 2939, 86 L.Ed.2d 593 (1985). In instruction 405.9 cases, punitive damages may be awarded upon a finding of liability. See
 
 Ault v. Lohr,
 
 538 So.2d 454 (Fla.1989). Potential confusion in a general verdict form may be reduced by requiring a special verdict on liability, as in
 
 Ault.
 

 
 *736
 
 406 MALICIOUS PROSECUTION
 

 406.1 Introduction
 

 406.2 Summary of Claims
 

 406.3 Greater Weight of the Evidence
 

 406.4 Probable Cause
 

 406.5 Malice
 

 406.6 Instituting or Continuing a Proceeding
 

 406.7 Legal Cause
 

 406.8 Issues on Claim
 

 406.9 Burden of Proof on Claim
 

 406.10 Defense Issues
 

 406.11 Burden of Proof on Defense Issues
 

 406.12 Malicious Prosecution Damages
 

 406.1 INTRODUCTION
 

 Members of the jury, you have now heard and received all of the evidence in this case. I am now going to tell you about the rules of law that you must use in reaching your verdict. [You will recall at the beginning of the case I told you that if, at the end of the case I decided that different law applies, I would tell you so. These instructions are (slightly) different from what I gave you at the beginning and it is these rules of law that you must now follow.] When I finish telling you about the rules of law, the attorneys will present their final arguments and you will then retire to decide your verdict.
 

 NOTES ON USE FOR 406.1
 

 1. When instructing the jury before taking evidence, use instruction 202.1 in lieu of instruction 406.1. See Model Instruction No. 1. Instruction 406.1 is for instructing the jury after the evidence has been concluded. Use the bracketed language in instruction 406.1 when the final instructions are different from the instructions given at the beginning of the case. If the instructions at the end of the case are different from those given at the beginning of the case, the committee recommends that the court point out the differences with appropriate language in the final instructions, including an explanation for the difference, such as where the court has directed a verdict on an issue.
 

 2.
 
 Fla.R.CivP.
 
 1.470(b) authorizes instructing the jury during trial or before or after final argument. The timing of instructions is within the sound discretion of the trial judge, to be determined on a case-by-case basis, but the committee strongly recommends instructing the jury before final argument.
 

 3. Each juror must be provided with a full set of jury instructions for use during their deliberations.
 
 Rule
 
 1.470(b). The trial judge may find it useful to provide these instructions to the jurors when the judge reads the instructions in open court so that jurors can read along with the judge, as the judge reads the instructions aloud.
 

 406.2 SUMMARY OF CLAIMS
 

 The claims [and defenses] in this case are as follows. (Claimant) claims that (defendant) maliciously and without probable cause [filed] [and] [continued] (describe the claim or proceeding) against [him] [her] [it] which later terminated in favor of (claimant) and which caused [him] [her] [it] harm.
 

 (Defendant) denies that claim [and also claims that [he] [she] [it] was acting on the advice of [his] [her] [its] lawyer]. [Additionally (describe any other affirmative defenses).]
 

 The parties must prove all claims [and defenses] by the greater weight of the evidence. I will now define some of the terms you will use in deciding this case.
 

 
 *737
 
 406.3 GREATER WEIGHT OF THE EVIDENCE
 

 “Greater weight of the evidence” means the more persuasive and convincing force and effect of the entire evidence in the case.
 

 NOTES ON USE FOR 406.3
 

 1.
 
 Greater or lesser number of witnesses.
 
 The committee recommends that no instruction be given regarding the relationship (or lack of relationship) between the greater weight of the evidence and the greater or lesser number of witnesses.
 

 2.
 
 Circumstantial evidence.
 
 The committee recommends that no instruction generally be given distinguishing circumstantial from direct evidence. See
 
 Nielsen v. City of Sarasota,
 
 117 So.2d 731 (Fla.1960).
 

 406.4 PROBABLE CAUSE
 

 Probable cause means that at the time of [instituting] [or] [continuing] a [criminal] [civil] proceeding against another, the facts and circumstances known to [ (defendant) ] [ (other person) ] were sufficiently strong to support a reasonable belief that (claimant) [had committed a criminal offense] [the [claim] [proceeding] was supported by existing facts].
 

 406.5MALICE
 

 One acts maliciously in [instituting] [continuing] a [criminal] [civil] proceeding against another if he or she does so for the primary purpose of injuring the other, or recklessly and without regard for whether the proceeding is justified, or for any primary purpose except [to bring an offender to justice] [to establish what he considers to be a meritorious claim]. In determining whether (defendant) acted maliciously, you may consider all the circumstances at the time of the conduct complained of, including any lack of probable cause to [institute] [continue] the proceeding.
 

 406.6 INSTITUTING OR CONTINUING A PROCEEDING
 

 One is regarded as having [instituted] [continued] a [criminal] [civil] proceeding against another if the proceeding resulted directly and in natural and continuous sequence from his or her actions, so that it reasonably can be said that, but for his or her actions, the proceeding would not have been [instituted] [continued]. [One is not regarded as having [instituted] [continued] a criminal proceeding against another if in good faith he or she made a full and fair disclosure of what he knew to the proper authorities and left the decision to [institute] [continue] the prosecution entirely to the judgment of the authorities.]
 

 NOTE ON USE FOR 406.6
 

 See
 
 Kilburn v. Davenport,
 
 286 So.2d 241 (Fla. 3d DCA 1973);
 
 Zippy Mart, Inc. v. Mercer,
 
 244 So.2d 522 (Fla. 1st DCA 1970).
 

 406.7 LEGAL CAUSE
 

 a. Legal cause generally:
 

 The malicious [institution] [continuation] of a proceeding is a cause of [loss] [injury] [or] [damage] if it directly and in natural and continuous sequence produces or contributes substantially to producing such [loss] [injury] [or] [damage], so that it can reasonably be said that, but for the malicious [institution] [continuation] of a proceeding, the [loss] [injury] [or] [damage] would not have occurred.
 

 b. Concurring cause:
 

 In order to be regarded as a legal cause of [loss] [injury] [or] [damage] the malicious [institution] [continua
 
 *738
 
 tion] of such a proceeding need not be the only cause. The malicious [institution] [continuation] of a proceeding may be a legal cause of [loss] [injury] [or] [damage] even though it operates in combination with [the act of another] [some natural cause] [or] [some other cause] if the malicious [institution] [continuation] of a proceeding contributes substantially to producing such [loss] [injury] [or] [damage].
 

 c.
 
 Intervening cause:
 

 Do not use the bracketed first sentence if this instruction is preceded by the instruction on concurring cause. *
 

 *
 
 [In order to be regarded as a legal cause of [loss] [injury] [or] [damage], the malicious [institution] [continuation] of a proceeding need not be its only cause.] The malicious [institution] [continuation] of a proceeding may also be a legal cause of [loss] [injury] [or] [damage] even though it operates in combination with [the act of another] [some natural cause] [or] [some other cause] occurring after the malicious [institution] [continuation] of a proceeding occurs if [such other cause was itself reasonably foreseeable and the malicious [institution] [continuation] of a proceeding contributes substantially to producing such [loss] [injury] [or] [damage]] [or] [the resulting [loss] [injury] [or] [damage] was a reasonably foreseeable consequence of the malicious [institution] [continuation] of a proceeding and the malicious [institution] [continuation] of a proceeding contributes substantially to producing it].
 

 NOTES ON USE FOR 406.7
 

 1.Instruction 406.7a (legal cause generally) is to be given in all cases. Instruction 406.7b (concurring cause), to be given when the court considers it necessary, does not set forth any additional standard for the jury to consider in determining whether the malicious prosecution was a legal cause of damage but only negates the idea that a defendant is excused from the consequences of his malicious prosecution by reason of some other cause concurring in time and contributing to the same damage. Instruction 406.7c (intervening cause) is to be given only in cases in which the court concludes that there is a jury issue as to the presence and effect of an intervening cause.
 

 2. The jury will properly consider instruction 406.7a not only in determining whether defendant’s malicious prosecution is actionable but also in determining whether claimant’s conduct contributed as a legal cause to claimant’s damage, thus reducing recovery.
 

 3. Instruction 406.7b must be given whenever there is a contention that some other cause may have contributed, in whole or part, to the occurrence or resulting injury. If there is an issue of aggravation of a preexisting condition or of subsequent injuries/multiple events, instruction 501.5a or b should be given as well. See
 
 Hart v. Stern,
 
 824 So.2d 927, 932-34 (Fla. 5th DCA 2002);
 
 Marinetti v. Grace,
 
 608 So.2d 833, 835 (Fla. 4th DCA 1992).
 

 4. Instruction 406.7c (intervening cause) embraces two situations in which malicious prosecution may be a legal cause notwithstanding the influence of an intervening cause: (1) when the damage was a reasonably foreseeable consequence of the malicious prosecution although the other cause was not foreseeable,
 
 Mozer v. Semenza,
 
 177 So.2d 880 (Fla. 3d DCA 1965), and (2) when the intervention of the other cause was itself foreseeable,
 
 Gibson v. Avis Rent-A-Car System, Inc.,
 
 386 So.2d 520 (Fla.1980).
 

 5.
 
 “Probable" results.
 
 The committee recommends that the jury not be instruct
 
 *739
 
 ed that the damage must be such as would have appeared “probable” to the actor or to a reasonably careful person at the time of the malicious prosecution. In cases involving an intervening cause, the term “reasonably foreseeable” is used in place of “probable.” The terms are synonymous and interchangeable. See
 
 Sharon v. Luten,
 
 165 So.2d 806, 810 (Fla. 1st DCA 1964); Prosser,
 
 Torts
 
 291 (3d ed.); 2 Harper & James,
 
 The Law of Torts
 
 1137.
 

 6. The term “substantially” is used throughout the instruction to describe the extent of contribution or influence malicious prosecution must have in order to be regarded as a legal cause. “Substantially” was chosen because the word has an acceptable common meaning and because it has been approved in Florida as a test of causation not only in relation to defendant’s conduct,
 
 Loftin v. Wilson,
 
 67 So.2d 185, 191 (Fla.1953), but also in relation to a plaintiffs comparative negligence
 
 Shayne v. Saunders,
 
 129 Fla. 355, 176 So. 495, 498 (Fla.1937).
 

 406.8ISSUES ON CLAIM
 

 The issues you must decide on (claimant’s) claim against (defendant) are whether (defendant) maliciously and without probable cause [instituted] [or] [continued] a [criminal] [civil] proceeding against (claimant) which later terminated in favor of (claimant) and, if so, whether that action was a legal cause of [loss] [injury] [or] [damage] to (claimant).
 

 NOTE ON USE FOR 406.8
 

 If a fact question exists concerning whether the prior proceeding terminated in favor of the claimant, an additional instruction on that issue will be necessary. See
 
 Shidlowsky v. National Car Rental Systems, Inc.,
 
 344 So.2d 903 (Fla. 3d DCA 1977);
 
 Freedman v. Crabro Motors, Inc.,
 
 199 So.2d 745 (Fla. 3d DCA 1967).
 

 406.9 BURDEN OF PROOF ON CLAIM
 

 If the greater weight of the evidence does not support (claimant’s) claim, your verdict should be for (defendant).
 

 However, if the greater weight of the evidence supports (claimant’s) claim, [then your verdict should be for (claimant) and against (defendant) ] [then you shall consider the defense raised by (defendant) ].
 

 406.10 DEFENSE ISSUES
 

 On the defense, the issues for you to decide are whether before [instituting] [continuing] the [criminal] [civil] proceeding complained of, (defendant) in good faith sought the advice of a lawyer, gave the lawyer a full and fair statement of what he knew, and relied on the lawyer’s advice in [instituting] [continuing] the proceeding.
 

 NOTE ON USE FOR 406.10
 

 Advice of counsel becomes an issue only when raised by the defendant, who must prove the defense. See
 
 Glass v. Parrish,
 
 51 So.2d 717 (Fla.1951). The lawyer’s interest or prejudice may vitiate the defense. See Restatement (2d) of Torts § 666, cmt.
 

 406.11BURDEN OF PROOF ON DEFENSE ISSUES
 

 If the greater weight of the evidence supports the defense, your verdict should be for (defendant). However, if the greater weight of the evidence does not support the defense and does support (claimant’s) claim, your verdict should be for (claimant) and against (defendant).
 

 406.12MALICIOUS PROSECUTION DAMAGES
 

 If you find for (defendant), you will not consider the matter of damages.
 
 *740
 
 But, if you find for (claimant), you should award (claimant) an amount of money that the greater weight of the evidence shows will fairly and adequately compensate (claimant) for such [loss] [injury] [or] [damage] as the greater weight of the evidence shows was caused by the [institution] [continuation] of the proceeding complained of.
 

 If you find for (claimant), you shall consider the following elements of damage:
 

 Proceed to Section 500 for applicable elements of damage, other appropriate damage instructions and instructions on punitive damages, if applicable. In addition to the elements listed in Section 500, the following is a proper element of damage in an action for malicious prosecution:
 

 The reasonable expenses, including lawyers’ fees, necessarily incurred by (claimant) in the proceeding complained of.
 

 407 FALSE IMPRISONMENT
 

 407.1 Introduction
 

 407.2 Summary of Claims
 

 407.3 Greater Weight of the Evidence
 

 407.4 Intentional Restraint
 

 407.5 Legal Cause
 

 407.6 Issues on Claim
 

 407.7 Burden of Proof on Claim
 

 407.8 Defense Issues
 

 407.9 Burden of Proof on Defense Issues
 

 407.10 False Imprisonment Damages
 

 407.1 INTRODUCTION
 

 Members of the jury, you have now heard and received all of the evidence in this case. I am now going to tell you about the rules of law that you must use in reaching your verdict. [You will recall at the beginning of the case I told you that if, at the end of the case I decided that different law applies, I would tell you so. These instructions are (slightly) different from what I gave you at the beginning and it is these rules of law that you must now follow.] When I finish telling you about the rules of law, the attorneys will present their final arguments and you will then retire to decide your verdict.
 

 NOTES ON USE FOR 407.1
 

 1. When instructing the jury before taking evidence use instruction 202.1 in lieu of instruction 407.1. See Model Instruction No. 1. Instruction 407.1 is for instructing the jury after the evidence has been concluded. Use the bracketed language in instruction 407.1 when the final instructions are different from the instructions given at the beginning of the case. If the instructions at the end of the case are different from those given at the beginning of the case, the committee recommends that the court point out the differences with appropriate language in the final instructions, including an explanation for the difference, such as where the court has directed a verdict on an issue.
 

 2.
 
 Fla.R.Civ.P.
 
 1.470(b) authorizes instructing the jury during trial or before or after final argument. The timing of instructions is within the sound discretion of the trial judge, to be determined on a case-by-case basis, but the committee strongly recommends instructing the jury before final argument.
 

 3. Each juror must be provided with a full set of jury instructions for use during their deliberations.
 
 Rule
 
 1.470(b). The trial judge may find it useful to provide these instructions to the jurors when the judge reads the instructions in open court so that jurors can read along with the judge, as the judge reads the instructions aloud.
 

 
 *741
 
 407.2SUMMARY OF CLAIMS
 

 The claims [and defenses] in this case are as follows. (Claimant) claims that (defendant) intentionally restrained [him] [her], under circumstances that were unreasonable and unwarranted and without legal authority, which caused [him] [her] harm.
 

 (Defendant) denies that claim [and also claims that (describe any affirmative defenses) ].
 

 The parties must prove all claims [and defenses] by the greater weight of the evidence. I will now define some of the terms you will use in deciding this case.
 

 407.3GREATER WEIGHT OF THE EVIDENCE
 

 “Greater weight of the evidence” means the more persuasive and convincing force and effect of the entire evidence in the case.
 

 NOTES ON USE FOR 407.3
 

 1.
 
 Greater or lesser number of witnesses.
 
 The committee recommends that no instruction be given regarding the relationship (or lack of relationship) between the greater weight of the evidence and the greater or lesser number of witnesses.
 

 2.
 
 Circumstantial evidence.
 
 The committee recommends that no instruction generally be given distinguishing circumstantial from direct evidence. See
 
 Nielsen v. City of Sarasota,
 
 117 So.2d 731 (Fla.1960).
 

 407.4INTENTIONAL RESTRAINT
 

 “Intentional restraint” means that [ (defendant) restrained (claimant) with the purpose of causing the restraint] [(defendant) acted with knowledge that the (claimant’s) restraint would, to a substantial certainty, result from (defendant’s) acts].
 

 To be restrained means that (claimant) was held against [his] [her] will and did not consent to the restraint. In other words, a person is restrained when [he] [she] [is not free] [does not reasonably believe [he] [she] is free], to leave the place to which [he] [she] had been confined. [To be restrained, a person must be aware of the restraint.] * However, a person is not “restrained” when there is a reasonable means of escape, which is apparent or known to the person.
 

 A restraint is without “lawful authority” if (defendant) did not act under col- or of or claim of lawful authority.
 

 [A person who makes a mistake in reporting or identifying another person to law enforcement officers is not liable for causing the other person to be restrained, if the person making the mistaken report or identification acts in good faith and does not instigate, persuade, or request the officers to restrain the other person.] **
 

 NOTES ON USE FOR 407.4
 

 1.
 
 Consciousness of restraint.
 
 The bracketed language should be given if there is an issue whether plaintiff was aware of the restraint. Restatement (2d) of Torts § 42.
 

 2. **The bracketed language should be given if there is a factual issue of whether defendant’s report to the police was an actionable cause of claimant’s restraint.
 
 Pokorny v. First Federal Savings & Loan Ass’n,
 
 382 So.2d 678 (Fla.1980).
 

 3. Claimant is restrained if claimant reasonably believes he or she is, though claimant may in fact be free to leave. See Restatement §§ 41, 42. See
 
 Gatto v. Publix Supermarket, Inc.,
 
 387 So.2d 377, 379-80 (Fla. 3d DCA 1980). Though claimant’s belief that claimant is completely restrained is unreasonable, restraint may nevertheless occur if claimant is peculiarly
 
 *742
 
 susceptible and defendant acts to exploit that susceptibility. See, by analogy, Restatement § 27.
 

 407.5 LEGAL CAUSE
 

 a. Legal cause generally:
 

 An unlawful and intentional restraint is a cause of [loss] [injury] [or] [damage] if it directly and in natural and continuous sequence produces or contributes substantially to producing such [loss] [injury] [or] [damage], so that it can reasonably be said that, but for the unlawful and intentional restraint, the [loss] [injury] [or] [damage] would not have occurred.
 

 b. Concurring cause:
 

 In order to be regarded as a legal cause of [loss] [injury] [or] [damage] an unlawful and intentional restraint need not be the only cause. An unlawful and intentional restraint may be a legal cause of [loss] [injury] [or] [damage] even though it operates in combination with [the act of another] [some natural cause] [or] [some other cause] if the unlawful and intentional restraint contributes substantially to producing such [loss] [injury] [or] [damage].
 

 c.
 
 Intervening cause:
 

 * Do not use the bracketed first sentence if this instruction is preceded by the instruction on concurring cause:
 

 *
 
 [In order to be regarded as a legal cause of [loss] [injury] [or] [damage], the unlawful and intentional restraint need not be its only cause.] An unlawful and intentional restraint may also be a legal cause of [loss] [injury] [or] [damage] even though it operates in combination with [the act of another] [some natural cause] [or] [some other cause] occurring after the unlawful and intentional restraint occurs if [such other cause was itself reasonably foreseeable and the unlawful and intentional restraint contributes substantially to producing such [loss] [injury] [or] [damage]] [or] [the resulting [loss] [injury] [or] [damage] was a reasonably foreseeable consequence of the unlawful and intentional restraint and the unlawful and intentional restraint contributes substantially to producing it].
 

 NOTES ON USE FOR 407.5
 

 1. Instruction 407.5a (legal cause generally) is to be given in all cases. Instruction 407.6b (concurring cause), to be given when the court considers it necessary, does not set forth any additional standard for the jury to consider in determining whether the false imprisonment was a legal cause of damage but only negates the idea that a defendant is excused from the consequences of his or her false imprisonment by reason of some other cause concurring in time and contributing to the same damage. Instruction 407.5c (intervening cause) is to be given only in cases in which the court concludes that there is a jury issue as to the presence and effect of an intervening cause.
 

 2. The jury will properly consider instruction 407.5a not only in determining whether defendant’s false imprisonment is actionable but also in determining whether claimant’s conduct contributed as a legal cause to claimant’s damage, thus reducing recovery.
 

 8. Instruction 407.5b must be given whenever there is a contention that some other cause may have contributed, in whole or part, to the occurrence or resulting injury. If there is an issue of aggravation of a preexisting condition or of subsequent injuries/multiple events, instructions 501.5a or b should be given as well. See
 
 Hart v. Stern,
 
 824 So.2d 927, 932-34 (Fla.
 
 *743
 
 5th DCA 2002);
 
 Marinetti v. Grace,
 
 608 So.2d 833, 835 (Fla. 4th DCA 1992).
 

 4. Instruction 407.5c (intervening cause) embraces two situations in which false imprisonment may be a legal cause notwithstanding the influence of an intervening cause: (1) when the damage was a reasonably foreseeable consequence of the false imprisonment although the other cause was not foreseeable,
 
 Mozer v. Semenza,
 
 177 So.2d 880 (Fla. 3d DCA 1965), and (2) when the intervention of the other cause was itself foreseeable,
 
 Gibson v. Avis Rentr-A-Car System, Inc.,
 
 386 So.2d 520 (Fla.1980).
 

 5.
 
 “Probable” results.
 
 The committee recommends that the jury not be instructed that the damage must be such as would have appeared “probable” to the actor or to a reasonably careful person at the time of the false imprisonment. In cases involving an intervening cause, the term “reasonably foreseeable” is used in place of “probable.” The terms are synonymous and interchangeable. See
 
 Sharon v. Luten,
 
 165 So.2d 806, 810 (Fla. 1st DCA 1964); Prosser,
 
 Torts
 
 291 (3d ed.); 2 Harper & James,
 
 The Law of Torts
 
 1137.
 

 6. The term “substantially” is used throughout the instruction to describe the extent of contribution or influence false imprisonment must have in order to be regarded as a legal cause. “Substantially” was chosen because the word has an acceptable common meaning and because it has been approved in Florida ás a test of causation not only in relation to defendant’s conduct,
 
 Loftin v. Wilson,
 
 67 So.2d 185,191 (Fla.1953), but also in relation to a plaintiffs comparative negligence,
 
 Shayne v. Saunders,
 
 129 Fla. 355, 176 So. 495, 498 (Fla.1937).
 

 407.6ISSUES ON CLAIM
 

 The issues for you to decide on (claimant’s) claim against (defendant) are whether (defendant), without legal authority, intentionally caused (claimant) to be restrained against [his] [her] will in a manner that was unreasonable and unwarranted under the circumstances, and, if so, whether that restraint was a legal cause of [loss] [injury] [or] [damage] to (claimant).
 

 407.7BURDEN OF PROOF ON CLAIM
 

 If the greater weight of the evidence does not support (claimant’s) claim, your verdict should be for (defendant).
 

 However, if the greater weight of the evidence supports (claimant’s) claim, [then your verdict should be for (claimant) and against (defendant) ] [then you shall consider the defense[s] raised by (defendant) ].
 

 407.8DEFENSE ISSUES
 

 On the [first] defense, the issue you must decide is whether [ (defendant) ] [ (defendant’s employee) ] had probable cause to believe that goods held for sale by (defendant) had been unlawfully taken by (claimant) and could be recovered by restraining (claimant) for a reasonable time and in a reasonable manner.
 

 “Probable cause” means that at the time of the [incident] [restraint] [arrest] the facts and circumstances known to (defendant) (other person) were sufficiently strong to support a reasonable belief that (claimant) had committed a criminal offense.
 

 NOTES ON USE FOR 407.8
 

 1. Probable cause is a complete defense to an allegation of false imprisonment. See,
 
 e.g., Wille v. Raymond,
 
 487 So.2d 1211 (Fla. 4th DCA 1986). If other defenses are asserted which may not con
 
 *744
 
 stitute a complete defense, instruction 407.8should be re-worded accordingly.
 

 2.
 
 Arrest pursuant to warrant.
 
 An arrest pursuant to warrant or other court order is privileged unless the instrument is void on its face.
 
 Willingham v. City of Orlando,
 
 929 So.2d 43, 48-49 (Fla. 5th DCA 2006);
 
 Jackson v. Navarro,
 
 665 So.2d 340, 341 (Fla. 4th DCA 1995). If claimant seeks to avoid the effect of a warrant or court order for his arrest, the issue will ordinarily be one of law, but if a jury question arises, an appropriate instruction should be given allocating the burden of proof to claimant.
 

 3.
 
 Arrest without warrant or court order.
 
 The burden of pleading and proving probable cause or other justification for restraint made without warrant or court order is on defendant.
 
 Rivers v. Dillard’s Dept. Store, Inc.,
 
 698 So.2d 1328, 1331 (Fla. 1st DCA 1997);
 
 Rotte v. City of Jacksonville,
 
 509 So.2d 1252, 1253 (Fla. 1st DCA 1987). Various statutes justify restraint under stated circumstances,
 
 e.g., F.S.
 
 812.015, 901.15, 901.151 (2006).
 

 407.9BURDEN OF PROOF ON DEFENSE ISSUES
 

 If the greater weight of the evidence supports [one or more of] (defendant’s) defense[s], your verdict should be for (defendant) and against (claimant). If, however, the greater weight of the evidence does not support (defendant’s) defense[s], and does support (claimant’s) claim, your verdict should be for (claimant) and against (defendant).
 

 407.10FALSE IMPRISONMENT DAMAGES
 

 If you find for (defendant), you will not consider the matter of damages. But, if you find for (claimant), you should award (claimant) an amount of money that the greater weight of the evidence shows will fairly and adequately compensate (claimant) for the [loss] [injury] [or] [damage] as the greater weight of the evidence shows was caused by the conduct complained of.
 

 If you find for (claimant), you shall consider the following elements of damages:
 

 Elements may he adapted from instruction 4.06.12 Malicious Prosecution Damages.
 

 If you find for (claimant) but find that no [loss] [injury] [or] [damage] has been proved, you should award (claimant) nominal damages. Nominal damages are damages of an inconsequential amount which are awarded when a wrong has been done but no actual damage is proved.
 

 See instructions 503.1 and 503.2 for punitive damages.
 

 408 TORTIOUS INTERFERENCE WITH BUSINESS RELATIONSHIPS
 

 408.1 Introduction
 

 408.2 Summary of Claims or Contentions
 

 408.3 Greater Weight of the Evidence
 

 408.4 Legal Cause
 

 408.5 Issues on Plaintiffs Claim— Interference with Contract not Terminable at Will
 

 408.6 Issues on Plaintiffs Claim— Interference with Business Relations or with Contract Terminable at Will
 

 408.1 INTRODUCTION
 

 Members of the jury, you have now heard and received all of the evidence in this case. I am now going to tell you about the rules of law that you must use in reaching your verdict. [You will recall at the beginning of the case I told
 
 *745
 
 you that if, at the end of the case I decided that different law applies, I would tell you so. These instructions are (slightly) different from what I gave you at the beginning and it is these rules of law that you must now follow.] When I finish telling you about the rules of law, the attorneys will present their final arguments and you will then retire to decide your verdict.
 

 NOTES ON USE FOR 408.1
 

 1. When instructing the jury before taking evidence, use instruction 202.1 in lieu of instruction 408.1. See Model Instruction No. 1. Instruction 408.1 is for instructing the jury after the evidence has been concluded. Use the bracketed language in instruction 408.1 when the final instructions are different from the instructions given at the beginning of the case. If the instructions at the end of the case are different from those given at the beginning of the case, the committee recommends that the court point out the differences with appropriate language in the final instructions, including an explanation for the difference, such as where the court has directed a verdict on an issue.
 

 2.
 
 Fla.R.CivP.
 
 1.470(b) authorizes instructing the jury during trial or before or after final argument. The timing of instructions is within the sound discretion of the trial judge, to be determined on a case-by-case basis, but the committee strongly recommends instructing the jury before final argument.
 

 3. Each juror must be provided with a full set of jury instructions for use during their deliberations.
 
 Rule
 
 1.470(b). The trial judge may find it useful to provide these instructions to the jurors when the judge reads the instructions in open court so that jurors can read along with the judge, as the judge reads the instructions aloud.
 

 408.2SUMMARY OF CLAIMS OR CONTENTIONS
 

 The claims [and defenses] in this case are as follows. (Claimant) claims that (defendant) intentionally interfered with (claimant’s) [contract] [or] [business relations] with (name) which caused harm to (claimant).
 

 (Defendant) denies that claim [and also claims that (describe any affirmative defenses).]
 

 The parties must prove all claims [and defenses] by the greater weight of the evidence. I will now define some of the terms you will use in deciding this case.
 

 408.3GREATER WEIGHT OF THE EVIDENCE
 

 “Greater weight of the evidence” means the more persuasive and convincing force and effect of the entire evidence in the case.
 

 NOTES ON USE FOR 408.3
 

 1.
 
 Greater or lesser number of witnesses.
 
 The committee recommends that no instruction be given regarding the relationship (or lack of relationship) between the greater weight of the evidence and the greater or lesser number of witnesses.
 

 2.
 
 Circumstantial evidence.
 
 The committee recommends that no instruction generally be given distinguishing circumstantial from direct evidence. See
 
 Nielsen v. City of Sarasota,
 
 117 So.2d 731 (Fla.1960).
 

 408.4LEGAL CAUSE
 

 a. Legal cause generally:
 

 Interference with [a contract] [a business relationship] is a cause of [loss] [injury] [or] [damage] if it directly and in natural and continuous sequence produces or contributes substantially to producing such [loss] [injury] [or] [damage], so that it can reasonably be said that, but for the interference with [a
 
 *746
 
 contract] [a business relationship], the [loss] [injury] [or] [damage] would not have occurred.
 

 b. Concurring cause:
 

 In order to be regarded as a legal cause of [loss] [injury] [or] [damage] interference with [a contract] [a business relationship] need not be the only cause. Interference with [a contract] [a business relationship] may be a legal cause of [loss] [injury] [or] [damage] even though it operates in combination with [the act of another] [some natural cause] [or] [some other cause] if the interference with [a contract] [a business relationship] contributes substantially to producing such [loss] [injury] [or] [damage].
 

 c.
 
 Intervening cause:
 

 Do not use the bracketed first sentence if this instruction is preceded by the instruction on concurring cause:
 
 *
 

 * [In order to be regarded as a legal cause of [loss] [injury] [or] [damage], interference with [a contract] [a business relationship] need not be its only cause.] Interference with [a contract] [a business relationship] may also be a legal cause of [loss] [injury] [or] [damage] even though it operates in combination with [the act of another] [some natural cause] [or] [some other cause] occurring after the interference with [a contract] [a business relationship] occurs if [such other cause was itself reasonably foreseeable and the interference with [a contract] [a business relationship] contributes substantially to producing such [loss] [injury] [or] [damage]] [or] [the resulting [loss] [injury] [or] [damage] was a reasonably foreseeable consequence of the interference with [a contract] [a business relationship] and the interference with [a contract] [a business relationship] contributes substantially to producing it].
 

 NOTES ON USE FOR 408.4
 

 1. Instruction 408.4a (legal cause generally) is to be given in all cases. Instruction 407.6b (concurring cause), to be given when the court considers it necessary, does not set forth any additional standard for the jury to consider in determining whether the tortious interference with a business relationship was a legal cause of damage but only negates the idea that a defendant is excused from the consequences of his or her tortious interference with a business relationship by reason of some other cause concurring in time and contributing to the same damage. Instruction 408.4c (intervening cause) is to be given only in cases in which the court concludes that there is a jury issue as to the presence and effect of an intervening cause.
 

 2. The jury will properly consider instruction 408.4a not only in determining whether defendant’s tortious interference with a business relationship is actionable but also in determining whether claimant’s conduct contributed as a legal cause to claimant’s damage, thus reducing recovery.
 

 3. Instruction 408.4b must be given whenever there is a contention that some other cause may have contributed, in whole or part, to the occurrence or resulting injury. If there is an issue of aggravation of a preexisting condition or of subsequent injuries/multiple events, instruction 501.5a or b should be given as well. See
 
 Hart v. Stern,
 
 824 So.2d 927, 932-34 (Fla. 5th DCA 2002);
 
 Marinelli v. Grace,
 
 608 So.2d 833, 835 (Fla. 4th DCA 1992).
 

 4. Instruction 408.4c (intervening cause) embraces two situations in which tortious interference with a business relationship may be a legal cause notwith
 
 *747
 
 standing the influence of an intervening cause: (1) when the damage was a reasonably foreseeable consequence of the tor-tious interference although the other cause was not foreseeable,
 
 Mozer v. Semenza,
 
 177 So.2d 880 (Fla. 3d DCA 1965), and (2) when the intervention of the other cause was itself foreseeable,
 
 Gibson v. Avis Rent-A-Car System, Inc.,
 
 386 So.2d 520 (Fla.1980).
 

 5.
 
 “Probable’’ results.
 
 The committee recommends that the jury not be instructed that the damage must be such as would have appeared “probable” to the actor or to a reasonably careful person at the time of the tortious interference. In cases involving an intervening cause, the term “reasonably foreseeable” is used in place of “probable.” The terms are synonymous and interchangeable. See
 
 Sharon v. Luten,
 
 165 So.2d 806, 810 (Fla. 1st DCA 1964); Prosser,
 
 Torts
 
 291 (3d ed.); 2 Harper & James,
 
 The Law of Torts
 
 1137.
 

 6. The term “substantially” is used throughout the instruction to describe the extent of contribution or influence tortious interference must have in order to be regarded as a legal cause. “Substantially” was chosen because the word has an acceptable common meaning and because it has been approved in Florida as a test of causation not only in relation to defendant’s conduct,
 
 Loftin v. Wilson,
 
 67 So.2d 185, 191 (Fla.1953), but also in relation to a plaintiffs comparative negligence,
 
 Shayne v. Saunders,
 
 129 Fla. 355, 176 So. 495, 498 (Fla.1937).
 

 408.5 ISSUES ON PLAINTIFF’S CLAIM — INTERFERENCE WITH CONTRACT NOT TERMINABLE AT WILL
 

 The issues for you to decide on (claimant’s) claim against (defendant) are whether (defendant) intentionally interfered with a contract between (claimant) and (name); and, if so, whether such interference was a legal cause of [loss] [injury] [or] [damage] to (claimant).
 

 A person interferes with a contract between two [or more] other person’s if he or she induces or otherwise causes one of them to breach or refuse to perform the contract.
 

 Intentional interference with another persons contract is improper. Interference is intentional if the person interfering knows of the contract with which he or she is interfering, knows he or she is interfering, and desires to interfere or knows that interference is substantially certain to occur as a result of his or her action.
 

 If the greater weight of the evidence does not support (claimant’s) claim, then your verdict should be for (defendant). However, if the greater weight of the evidence supports (claimant’s) claim, then your verdict should be for (claimant) and against (defendant).
 

 If you find for (defendant), you will not consider the matter of damages. But, if you find for (claimant), you should award (claimant) an amount of money that the greater weight of the evidence shows will fairly and adequately compensate (claimant) for the [loss] [injury] [or] [damage] that was caused by the intentional interference.
 

 NOTES ON USE FOR 408.5
 

 1. Instruction 408.5 is for cases involving a contract not terminable at will. If there are factual disputes as to the existence or the non-terminable nature of a contract, an instruction submitting those preliminary issues must precede instruction 408.5 and it should be modeled on instruction 401.14
 
 et seq.
 
 If one or more of these preliminary issues has been tried
 
 *748
 
 but the court determines it as a matter of law, the court should give a preemptive instruction modeled on instruction 401.13.
 

 2. Instruction 408.5 is intended to apply to the majority of cases where the issue to be determined is whether the defendant has intentionally interfered with a contract not terminable at will. In most such cases, there is no “justification” or “privilege”; therefore if the interference is “intentional,” it is likewise “improper.” However, in certain relatively rare factual situations, interference with a contract not terminable at will may be justified or privileged and, therefore, proper even though intentional, see,
 
 e.g.,
 
 Restatement (2d) of ToRts §§ 770 (“Actor Responsible for Welfare of Another”), 772 (“Advice as Proper or Improper Interference”), 773 (“Asserting Bona Fide Claim”), 774 (“Agreement Illegal or Contrary to Public Policy”). See generally,
 
 id.
 
 § 767; W. Prosser,
 
 Law of ToHs,
 
 §§ 129, 942-44 (4th ed.1971). In such cases, instruction 408.5 will have to be modified.
 

 3. For simplicity, the committee used the terms “proper” and “improper” rather than “tortious,” “wrongful,” “justified,” or “privileged” interference. Depending on the nature of the interference and the relations between claimant and the third parties, the burden of proof on this issue may be upon either claimant, to prove the interference was improper, or upon defendant, to prove it was proper. See
 
 Tamiami Trail Tours, Inc. v. Cotton,
 
 463 So.2d 1126 (Fla.1985);
 
 Heavener, Ogier Services, Inc. v. R.W. Florida Region, Inc.,
 
 418 So.2d 1074 (Fla. 5th DCA 1982);
 
 Wackenhut Corp. v. Maimone,
 
 389 So.2d 656 (Fla. 4th DCA 1980). See also Restatement (2d) of Torts §§ 767
 
 et seq.
 
 See further, instruction 408.6 and Note 3.
 

 408.6 ISSUES ON PLAINTIFF’S CLAIM — INTERFERENCE WITH BUSINESS RELATIONS OR WITH CONTRACT TERMINABLE AT WILL
 

 The issues for you to decide on (claimant’s) claim against (defendant) are whether (defendant) improperly and intentionally interfered with business relations between (claimant) and (name); and if so, whether such interference was the legal cause of [loss] [injury] [or] [damage] to (claimant).
 

 The first issue you will decide is whether (defendant) interfered with (claimant’s) business relations with (name) by inducing or otherwise causing (name) [not to enter into a contract with (claimant) ] [not to continue doing business with (claimant) ] [to terminate or bring to an end a contract which (name) was not bound to continue with (claimant) ] [ (describe other interference) ].
 

 If the greater weight of the evidence does not show that (defendant) interfered with (claimant’s) business relations, your verdict should be for (defendant).
 

 [However, if the greater weight of the evidence shows that (defendant) did [interfere with (claimant’s) business relations with (name) ] [cause (name) to cease doing business with (claimant)], you must then decide whether (defendant’s) interference was improper.
 

 A person who enjoys business relations with another is entitled to protection from improper interference with that relationship. However, another [person] [business] is entitled to [compete for the business]N1 [or]N-2 [advance [his] [her] [its] own financial interest] N-2 so long as [he] [she] [it] has a proper reason or motive and [he] [she] [it] uses proper methods.
 

 
 *749
 
 A person who interferes with the business relations of another with the motive and purpose, at least in part, to advance [or protect]14-2 [his] [her] [its] own [business] [or] [financial]N-2 interests, does not interfere with an improper motive. But one who interferes only out of spite, or to do injury to others, or for other bad motive, has no justification, and the interference is improper.
 

 Also, a person who interferes with another’s business relations using ordinary business methods [of competition]NJ does not interfere by an improper method. But one who uses [physical violence] [misrepresentations] [illegal conduct] [threats of illegal conduct] [or] [ (identify other improper conduct) ]N-4 has no privilege to use those methods, and interference using such methods is improper.
 

 If the greater weight of the evidence does not show that (defendant’s) interference was improper, your verdict should be for the (defendant).
 

 [However, if the greater weight of the evidence shows that (defendant’s) interference was improper, you must finally decide whether (defendant’s) interference was intentional.]
 

 [However, if the greater weight of the evidence shows that (defendant) did [interfere with (claimant’s) business relations with (name) ] [cause (name) to cease doing business with (claimant) ], you must then decide whether (defendant’s) interference was intentional.]
 

 Interference is intentional if the person interfering knows of the business relationship with which he is interfering, knows he is interfering with that relationship, and desires to interfere or knows that interference is substantially certain to occur as a result of his action.
 

 If the greater weight of the evidence does not support (claimant’s) claim [that (defendant) intentionally interfered with (claimant’s) [contract] [business relationship] with (name),]N-3 then your verdict should be for (defendant).
 

 [However, if the greater weight of the evidence supports (claimant’s) claim, then your verdict should be for (claimant).]
 

 [However, if the greater weight of the evidence supports (claimant’s) claim, then you shall consider (defendant’s) defense. On the defense, the issue for your determination is whether (defendant) acted properly in interfering as [he] [she] [it] did.]
 

 A party is entitled to [compete for the business]N1 [or]N2 [advance [his] [her] [its] own financial interest]N2 so long as [he] [she] [it] has a proper reason or motive and [he] [she] [it] uses proper methods. A person who interferes with the business relations of another with the motive and purpose, at least in part, to advance [or protect]N-2 [his] [her] [its] own [business] [or] [financial]N-2 interests, does not interfere with an improper motive. But one who interferes only out of spite, or to do injury to others, or for other bad motive, has no justification, and the interference is improper.
 

 Also, a person who interferes with another’s business relations using ordinary business methods [of competition]N1 does not interfere by an improper method. But one who uses [physical violence] [misrepresentations] [illegal conduct] [threats of illegal conduct] [or] [ (identify other improper conduct) ]N-4 has no privilege to use those methods, and interference using such methods is improper.]
 

 
 *750
 
 [However, if the greater weight of the evidence [does not support the defense of (defendant) and the greater weight of the evidence] supports (claimant’s) claim, then your verdict should be for (claimant).]
 

 If you find for (defendant), you will not consider the matter of damages. But, if you find for (claimant), you should award (claimant) an amount of money that the greater weight of the evidence shows will fairly and adequately compensate (claimant) for the [loss] [or] [damage] that was caused by the intentional interference.
 

 NOTES ON USE FOR 408.6
 

 1. The bracketed phrases marked N.l should be given only in cases involving a competition defense and not in cases involving only a financial interest defense.
 

 2. The bracketed phrases marked N.2 should be given only when there is a factual issue of whether the defendant interfered to protect his own financial interest in the business of another.
 

 3. Pending further development of the law, the committee takes no position on whether it is plaintiffs burden to prove that conduct was improper or defendant’s burden to prove that conduct was justified. Bracketed language is included to cover both alternatives, depending on what the court decides on that issue.
 

 4. Pending further development of the law, the committee takes no position as to whether “improper conduct” must either violate a statute or constitute a separate tort. Instruction 408.6 poses the “propriety” of the conduct as an issue for the jury to decide. The factors listed are not considered by the committee to be exclusive and, if the court determines that other factors may be considered by the jury, this instruction should be modified accordingly. See,
 
 e.g.,
 
 Restatement (2d) op Torts § 767. If the court determines as a matter of law that the conduct is “improper,” a preemptive instruction modeled after instruction 401.13 should be given.
 

 5. In cases where a claimant alternatively asserts that the contract is either terminable or non-terminable (or involves a prospective business relation), the court should give additional instructions to explain the distinctions between instructions 408.5and 408.6 to assist the jury in determining how to apply these alternative instructions and their different standards.
 

 6. The two most common bases for interference claimed to be “proper” are the defendant’s competitive purposes or his financial interest in the business of the third person whose relationship with claimant was interrupted. See Restatement §§ 768, 769. The committee has therefore included in instruction 408.6 the substance of the issues to be considered in those situations. The committee has not attempted to include the substance of any other issues on this point,
 
 e.g.,
 
 Restatement § 767, which may control other cases. In such cases, instruction 408.6 will have to modified accordingly.
 

 409 MISREPRESENTATION
 

 409.1 Introduction
 

 409.2 Summary of Claims
 

 409.3 Greater Weight of the Evidence
 

 409.4 Negligence
 

 409.5 Material Fact
 

 409.6 Legal Cause
 

 409.7 Issues on Plaintiff’s Claim— Fraudulent Misrepresentation
 

 409.8 Issues on Plaintiff’s Claim— Negligent Misrepresentation
 

 409.9 Issues on Plaintiff’s Claim— False Information Negligently Supplied for the Guidance of Others
 

 
 *751
 
 409.10 Burden of Proof on Main Claim
 

 409.11 Defense Issues
 

 409.12 Burden of Proof on Defense Issues
 

 409.13 Damages
 

 409.1INTRODUCTION
 

 Members of the jury, you have now heard and received all of the evidence in this case. I am now going to tell you about the rules of law that you must use in reaching your verdict. [You will recall at the beginning of the case I told you that if, at the end of the case I decided that different law applies, I would tell you so. These instructions are (slightly) different from what I gave you at the beginning and it is these rules of law that you must now follow.] When I finish telling you about the rules of law, the attorneys will present their final arguments and you will then retire to decide your verdict.
 

 NOTES ON USE FOR 409.1
 

 1. When instructing the jury before taking evidence, use instruction 202.1 in lieu of instruction 409.1. See Model Instruction No. 1. Instruction 409.1 is for instructing the jury after the evidence has been concluded. Use the bracketed language in instruction 409.1 when the final instructions are different from the instructions given at the beginning of the case. If the instructions at the end of the case are different from those given at the beginning of the case, the committee recommends that the court point out the differences with appropriate language in the final instructions, including an explanation for the difference, such as where the court has directed a verdict on an issue.
 

 2.
 
 Fla.R.Civ.P.
 
 1.470(b) authorizes instructing the jury during trial or before or after final argument. The timing of instructions is within the sound discretion of the trial judge, to be determined on a case-by-case basis, but the committee strongly recommends instructing the jury before final argument.
 

 3.Each juror must be provided with a full set of jury instructions for use during their deliberations.
 
 Rule
 
 1.470(b). The trial judge may find it useful to provide these instructions to the jurors when the judge reads the instructions in open court so that jurors can read along with the judge, as the judge reads the instructions aloud.
 

 409.2SUMMARY OF CLAIMS
 

 The claims [and defenses] in this case are as follows. (Claimant) claims that (defendant) [fraudulently] [and] [or] [negligently] misrepresented that (describe alleged misrepresentation) [and] [or] [negligently supplied false information for (describe purpose of alleged false information) ] which caused [him] [her] [it] harm.
 

 (Defendant) denies that claim [and also claims that (claimant) was [himself] [herself] [itself] negligent in (describe the alleged comparative negligence) which caused [his] [her] [its] harm]. [Additionally (describe any other affirmative defenses).]
 

 The parties must prove all claims [and defenses] by the greater weight of the evidence. I will now define some of the terms you will use in deciding this case.
 

 409.3GREATER WEIGHT OF THE EVIDENCE
 

 “Greater weight of the evidence” means the more persuasive and convincing force and effect of the entire evidence in the case.
 

 NOTES ON USE FOR 409.3
 

 1.
 
 Greater or lesser number of witnesses.
 
 The committee recommends that
 
 *752
 
 no instruction be given regarding the relationship (or lack of relationship) between the greater weight of the evidence and the greater or lesser number of witnesses.
 

 2.
 
 Circumstantial evidence.
 
 The committee recommends that no instruction generally be given distinguishing circumstantial from direct evidence. See
 
 Nielsen v. City of Sarasota,
 
 117 So.2d 731 (Fla.1960).
 

 409.4NEGLIGENCE
 

 Negligence is the failure to use reasonable care, which is the care that a reasonably careful person would use under like circumstances. Negligence is doing something that a reasonably careful person would not do under like circumstances or failing to do something that a reasonably careful person would do under like circumstances.
 

 409.5MATERIAL FACT
 

 A material fact is one that is of such importance that (claimant) would not have [entered into the transaction] [acted], but for the false statement.
 

 409.6LEGAL CAUSE
 

 a. Legal cause generally:
 

 Misrepresentation of a material fact is a legal cause of [loss] [injury] [or] [damage] if it directly and in natural and continuous sequence produces or contributes substantially to producing such [loss] [injury] [or] [damage], so that it can reasonably be said that, but for the misrepresentation, the [loss] [injury] [or] [damage] would not have occurred.
 

 b. Concurring cause:
 

 In order to be regarded as a legal cause of [loss] [injury] [or] [damage] misrepresentation of a material fact need not be the only cause. Misrepresentation of a material fact may be a legal cause of [loss] [injury] [or] [damage] even though it operates in combination with [the act of another] [some natural cause] [or] [some other cause] if the misrepresentation contributes substantially to producing such [loss] [injury] [or] [damage].
 

 c.Intervening cause:
 

 ⅜
 
 Do not use the bracketed first sentence if this instruction is preceded by the instruction on concurring cause:
 

 * [In order to be regarded as a legal cause of [loss] [injury] [or] [damage], misrepresentation of a material fact need not be its only cause.] Misrepresentation of a material fact may also be a legal cause of [loss] [injury] [or] [damage] even though it operates in combination with [the act of another] [some natural cause] [or] [some other cause] occurring after the misrepresentation occurs if [such other cause was itself reasonably foreseeable and the misrepresentation contributes substantially to producing such [loss] [injury] [or] [damage]] [or] [the resulting [loss] [injury] [or] [damage] was a reasonably foreseeable consequence of the misrepresentation and the misrepresentation contributes substantially to producing it].
 

 NOTES ON USE FOR 409.6
 

 1. Instruction 409.6a (legal cause generally) is to be given in all cases. Instruction 409.6b (concurring cause), to be given when the court considers it necessary, does not set forth any additional standard for the jury to consider in determining whether a misrepresentation was a legal cause of damage but only negates the idea that a defendant is excused from the consequences of his or her misrepresentation by reason of some other cause concurring in time and contributing to the same dam
 
 *753
 
 age. Instruction 409.6c (intervening cause) is to be given only in cases in which the court concludes that there is a jury issue as to the presence and effect of an intervening cause.
 

 2. The jury will properly consider instruction 409.6a not only in determining whether defendant’s misrepresentation is actionable but also in determining whether claimant’s conduct contributed as a legal cause to claimant’s damage, thus reducing recovery.
 

 3. Instruction 409.6b must be given whenever there is a contention that some other cause may have contributed, in whole or part, to the occurrence or resulting injury.
 

 4. Instruction 409.6c (intervening cause) embraces two situations in which a misrepresentation may be a legal cause notwithstanding the influence of an intervening cause: (1) when the damage was a reasonably foreseeable consequence of the misrepresentation although the other cause was not foreseeable,
 
 Mozer v. Semenza,
 
 177 So.2d 880 (Fla. 3d DCA 1965), and (2) when the intervention of the other cause was itself foreseeable,
 
 Gibson v. Avis Rent-A-Car System, Inc.,
 
 386 So.2d 520 (Fla.1980).
 

 5.
 
 “Probable” results.
 
 The committee recommends that the jury not be instructed that the damage must be such as would have appeared “probable” to the actor or to a reasonably careful person at the time of the misrepresentation. In cases involving an intervening cause, the term “reasonably foreseeable” is used in place of “probable.” The terms are synonymous and interchangeable. See
 
 Sharon v. Luten,
 
 165 So.2d 806, 810 (Fla. 1st DCA 1964); Prosser,
 
 Torts
 
 291 (3d ed.); 2 Harper & James,
 
 The Law of Torts
 
 1137.
 

 6.The term “substantially” is used throughout the instruction to describe the extent of contribution or influence a misrepresentation must have in order to be regarded as a legal cause. “Substantially” was chosen because the word has an acceptable common meaning and because it has been approved in Florida as a test of causation not only in relation to defendant’s negligence,
 
 Loftin v. Wilson,
 
 67 So.2d 185, 191 (Fla.1953), but also in relation to plaintiffs comparative negligence,
 
 Shayne v. Saunders,
 
 129 Fla. 355, 176 So. 495, 498 (Fla.1937).
 

 409.7 ISSUES ON PLAINTIFF’S CLAIM — FRAUDULENT MISREPRESENTATION
 

 The issues for you to decide on (claimant’s) claim [for fraudulent misrepresentation] are:
 

 The bracketed language should be used for clarity when there are also claims for negligent misrepresentation and/or negligently supplying false information for the guidance of others.
 

 First, whether (defendant) [intentionally]
 
 *
 
 made a false statement concerning a material fact;
 

 *
 
 The word “intentionally’’ should be used for clarity when there is also a claim for negligent misrepresentation.
 

 Second, whether (defendant) knew the statement was false when [he] [she] [it] made it or made the statement knowing [he] [she] [it] did not know whether it was true or false;
 

 Third, whether (defendant) intended that another would rely on the false statement; and
 

 Fourth, whether (claimant) relied on the false statement.
 

 [On this claim for fraudulent misrepresentation, the]⅜⅜ (claimant) may rely on a false statement, even though its falsity could have been discovered if
 
 *754
 
 (claimant) had made an investigation. However, (claimant) may not rely on a false statement if [he] [she] [it] knew it was false or its falsity was obvious to [him] [her] [it].
 

 **
 
 The bracketed language should be used for clarity when there is also a claim for negligent misrepresentation.
 

 NOTES ON USE FOR 409.7
 

 1. It appears that Florida recognizes two separate theories of recovery for damage occurring as a result of misrepresentation. One basis of recovery is for fraud and the other is for negligent misrepresentation. The elements of those two theories are set forth in
 
 First Interstate Development Corp. v. Ablanedo,
 
 511 So.2d 536 (Fla.1987);
 
 Johnson v. Davis,
 
 480 So.2d 625 (Fla.1985);
 
 Lance v. Wade,
 
 457 So.2d 1008 (Fla.1984);
 
 Wallerstein v. Hospital Corp. of America,
 
 573 So.2d 9 (Fla. 4th DCA 1990);
 
 Atlantic National Bank v. Vest,
 
 480 So.2d 1328 (Fla. 2d DCA 1985).
 

 2. One or more issues in instruction 409.7 may need to be omitted and the issues renumbered if there is no question of fact for determination by the jury. A preemptive instruction on omitted issues should be given only if required by events during the trial.
 

 3. The recipient of a fraudulent misrepresentation is justified in relying upon its truth, even when an investigation might have revealed its falsity, unless he or she knows the representation to be false or its falsity is obvious to him or her.
 
 Besett v. Basnett,
 
 389 So.2d 995 (Fla.1980).
 

 4. There must be actual damage for recovery in a fraud action. Fraud that does not result in damage is not actionable.
 
 Casey v. Welch,
 
 50 So.2d 124 (Fla.1951);
 
 Stokes v. Victory Land Co.,
 
 99 Fla. 795, 128 So. 408 (Fla.1930);
 
 Pryor v. Oak Ridge Development Corp.,
 
 97 Fla. 1085, 119 So. 326 (1928);
 
 Wheeler v. Baars,
 
 33 Fla. 696, 15 So. 584 (Fla.1894);
 
 National Aircraft Services, Inc. v. Aeroserv International, Inc.,
 
 544 So.2d 1063 (Fla. 3d DCA 1989);
 
 National Equipment Rental, Ltd. v. Little Italy Restaurant & Delicatessen, Inc.,
 
 362 So.2d 338 (Fla. 4th DCA 1978). The damage attributable to the fraud must be separate from the damages flowing from a breach of contract.
 
 AFM Corp. v. Southern Bell Telephone & Telegraph Co.,
 
 515 So.2d 180 (Fla.1987);
 
 National Aircraft Services, Inc. v. Aeroserv International, Inc.,
 
 544 So.2d 1063 (Fla. 3d DCA 1989);
 
 John Brown Automation, Inc. v. Nobles,
 
 537 So.2d 614 (Fla. 2d DCA 1988);
 
 Rolls v. Bliss & Nyitray, Inc.,
 
 408 So.2d 229 (Fla. 3d DCA 1981),
 
 dism.
 
 415 So.2d 1359 (Fla.1982).
 

 409.8 ISSUES ON PLAINTIFF’S CLAIM — NEGLIGENT MISREPRESENTATION
 

 The [next] issues for you to decide on (claimant’s) claim [for negligent misrepresentation and they]
 
 *
 
 are:
 

 *
 
 The bracketed language should be used for clarity when there are also claims for fraudulent misrepresentations and/or negligently supplying false information for the guidance of others.
 

 First, whether (defendant) made a statement concerning a material fact that [he] [she] [it] believed to be true but which was in fact false;
 

 Second, whether (defendant) was negligent in making the statement because [he] [she] [it] should have known the statement was false;
 

 Third, whether in making the statement, (defendant) intended [or expected] that another would rely on the statement; and
 

 Fourth, whether (claimant) justifiably relied on the false statement.
 

 
 *755
 
 NOTES ON USE FOR 409.8
 

 1. It appears that Florida recognizes two separate theories of recovery for damage occurring as a result of misrepresentation. One basis of recovery is for fraud and the other is for negligent misrepresentation. The elements of those two theories are set forth in
 
 First Interstate Development Corp. v. Ablanedo,
 
 511 So.2d 536 (Fla.1987);
 
 Johnson v. Davis,
 
 480 So.2d 625 (Fla.1985);
 
 Lance v. Wade,
 
 457 So.2d 1008 (Fla.1984);
 
 Wallerstein v. Hospital Corp. of America,
 
 573 So.2d 9 (Fla. 4th DCA 1990);
 
 Atlantic National Bank v. Vest,
 
 480 So.2d 1328 (Fla. 2d DCA 1985).
 

 2. The committee takes no position as to whether there are separate and distinct causes of action for negligent misrepresentation under Restatement (2d) of Torts § 552 and false information negligently supplied under the common law. See
 
 Gilchrist Timber Co. v. ITT Rayonier, Inc.,
 
 696 So.2d 334 (Fla.1997).
 

 3. One or more issues in instruction 409.8 may need to be omitted and the issues renumbered if there is no question of fact for determination by the jury. A preemptive instruction on omitted issues should be given only if required by events during the trial.
 

 409.9 ISSUES ON PLAINTIFF’S CLAIM — FALSE INFORMATION NEGLIGENTLY SUPPLIED FOR THE GUIDANCE OF OTHERS
 

 The [next] issues for you to decide on (claimant’s) claim [for false information negligently supplied for the guidance of others and they] * are:
 

 ⅝
 
 The bracketed language should be used for clarity when there are also claims for fraudulent misrepresentations and/or negligently supplying false information for the guidance of others.
 

 First, whether (defendant) supplied false information to (claimant) in the course of (defendant’s) [business] [profession] [employment] [or] [in any transaction in which (defendant) had an economic interest];
 

 Second, whether (defendant) was negligent in [obtaining] [or] [communicating] the false information;
 

 Third, whether (claimant) was a person for whose benefit and guidance (defendant) intended to supply the false information for use in (claimant’s) [business transaction] [ (describe specific transaction) ];
 

 Fourth, whether (defendant) intended the false information to influence (claimant) in this business transaction; and
 

 Fifth, whether (claimant) justifiably relied on the false information.
 

 NOTES ON USE FOR 409.9
 

 1. One or more issues in instruction 409.9may need to be omitted and the issues renumbered if there is no question of fact for determination by the jury. For example, when there is a public duty under Restatement (2d) of ToRts § 552(3), the third issue may not require jury determination. A preemptive instruction on omitted issues should be given only if required by events during the trial.
 

 2. This instruction sets forth the essence of a Restatement (2d) of Torts § 552 claim without incorporating some of the Restatement’s more complex language. There may be factual circumstances in a specific § 552 case that are not covered by these standard instructions. For example, these instructions may require modification if false information was passed on to the plaintiff by a “recipient.” Comment (b) to § 552 suggests that this section applies to an opinion given upon facts equally well known to both the supplier and the
 
 *756
 
 recipient. The committee takes no position upon the application of this section to opinions under Florida law. If the instruction is used in the case of an opinion, it may require modification.
 

 8. The committee takes no position as to whether there are separate and distinct causes of action for negligent misrepresentation under Restatement § 552 and false information negligently supplied under the common law. See
 
 Gilchrist Timber Co. v. ITT Rayonier, Inc.,
 
 696 So.2d 334 (Fla.1997).
 

 409.10BURDEN OF PROOF ON MAIN CLAIM
 

 If the greater weight of the evidence does not support [one or more of] (claimant’s) claimts], your verdict should be for (defendant) [on [that] [those] claim[s]].
 

 [However, if the greater weight of the evidence supports [one or more of] (claimant’s) claim[s], then your verdict should be for (claimant) and against (defendant) [on [that] [those] claim[s]].
 

 NOTE ON USE FOR 409.10
 

 Use the second paragraph if there are no defense issues. If there are defense issues, omit the second paragraph and go to instruction 409.11.
 

 409.11DEFENSE ISSUES
 

 If, however, the greater weight of the evidence supports [one or more of] (claimant’s) claim[s] [against [one] [or] [both] [more] of the defendants], then you shall consider the defense[s] raised by (defendant).
 

 On the [first] defense, the issues for you to decide are whether (claimant) was negligent in relying on (defendant’s) statement; and, if so, whether such negligence was a contributing legal cause of any [loss] [injury] [or] [damage] sustained by (claimant).
 

 NOTES ON USE FOR 409.11
 

 1. In
 
 Gilchrist Timber Co. v. ITT Rayonier, Inc.,
 
 696 So.2d 334 (Fla.1997), the Supreme Court held that the doctrine of comparative negligence, as codified in
 
 F.S.
 
 768.81, applied to an action for negligent misrepresentation as set forth in the Restatement (2d) op Torts § 552, which requires proof of justifiable reliance.
 

 2. In
 
 Gilchnst Timber Co.,
 
 the Court further noted that while the Restatement discusses the issue in terms of contributory negligence in § 552A, a majority of the states that have adopted the comparative negligence doctrine and considered the issue agree that comparative negligence principles apply to cases involving negligent misrepresentation. See
 
 Gilchrist Timber Co.,
 
 696 So.2d at 337. The committee recognizes that a logical tension could exist within a verdict determining that the claimant’s reliance was justifiable, but that the claimant was also comparatively negligent
 
 (e.g.,
 
 in relying on the statement by failing to conduct an adequate investigation). The committee also recognizes that justifiable reliance may involve a subjective standard distinct from the objective standard used in defining reasonable care. Restatement § 545A, cmt. B (“Justification is a matter of the qualities and characteristics of the particular plaintiff, and the circumstances of the particular case, rather than of the application of a community standard of conduct to all cases.”) Pending further development of the law, the committee reserves the question of the relationship, if any, between justifiable reliance and comparative negligence.
 

 409.12BURDEN OF PROOF ON DEFENSE ISSUES
 

 If the greater weight of the evidence does not support (defendant’s) defense[s]
 
 *757
 
 and the greater weight of the evidence supports [one] [or] [more of] (claimant’s) claim[s], then your verdict should be for (claimant) in the total amount of [his] [her] [its] damages.
 

 However, if the greater weight of the evidence shows that both (claimant) and [ (defendant) ] [one or more of the defendants] were negligent and that the negligence of each contributed as a legal cause of [loss] [injury] [or] [damage] sustained by (claimant), you should determine what percentage of the total negligence of [both] [all] parties to this action was caused by each.
 

 409.13 DAMAGES
 

 If you find for (defendant), you will not consider the matter of damages. But, if you find for (claimant), you should award (claimant) an amount of money that the greater weight of the evidence shows will fairly and adequately compensate (claimant) for (describe appropriate elements of those damages incurred by claimant).
 

 NOTES ON USE FOR 409.13
 

 1. Restatement (2d) of ToRts § 552B describes the damages recoverable for negligently supplying false information for the guidance of others. The elements of recoverable damage under instruction 409.9 should be written with reference to that section.
 

 2. In fraud cases where punitive damages are at issue,
 
 First Interstate Development Corp. v. Ablanedo,
 
 511 So.2d 536 (Fla.1987), see instructions 503.1 and 503.2.
 

 410 OUTRAGEOUS CONDUCT CAUSING SEVERE EMOTIONAL DISTRESS
 

 410.1 Introduction
 

 410.2 Summary of Claims
 

 410.3 Greater Weight of the Evidence
 

 410.4 Extreme and Outrageous Conduct
 

 410.5 Severe Emotional Distress
 

 410.6 Legal Cause
 

 410.7 Issues on Claim
 

 410.8 Burden of Proof on Claim
 

 NOTE ON USE
 

 The tort of “intentional infliction of emotional distress” is recognized in Florida.
 
 Metropolitan Life Insurance Co. v. McCarson,
 
 467 So.2d 277 (Fla.1985). The boundaries of this tort, particularly when the claimant is a third party affected by conduct occurring between the defendant and another person, are not clearly defined.
 
 Id.; Williams v. City of Minneola,
 
 575 So.2d 683 (Fla. 5th DCA 1991);
 
 M.M. v. M.P. S.,
 
 556 So.2d 1140 (Fla. 3d DCA 1989);
 
 Ford Motor Credit Co. v. Sheehan,
 
 373 So.2d 956 (Fla. 1st DCA 1979); Restatement (2d) of Torts, § 46.
 

 410.1 INTRODUCTION
 

 Members of the jury, you have now heard and received all of the evidence in this case. I am now going to tell you about the rules of law that you must use in reaching your verdict. [You will recall at the beginning of the case I told you that if, at the end of the case I decided that different law applies, I would tell you so. These instructions are (slightly) different from what I gave you at the beginning and it is these rules of law that you must now follow.] When I finish telling you about the rules of law, the attorneys will present their final arguments and you will then retire to decide your verdict.
 

 NOTES ON USE FOR 410.1
 

 1. When instructing the jury before taking evidence, use instruction 202.1 in lieu of instruction 410.1. See Model Instruction No. 1. Instruction 410.1 is for instructing the jury after the evidence has
 
 *758
 
 been concluded. Use the bracketed language in instruction 410.1 when the final instructions are different from the instructions given at the beginning of the case. If the instructions at the end of the ease are different from those given at the beginning of the case, the committee recommends that the court point out the differences with appropriate language in the final instructions, including an explanation for the difference, such as when the court has directed a verdict on an issue.
 

 2.
 
 Fla.R.Civ.P.
 
 1.470(b) authorizes instructing the jury during trial or before or after final argument. The timing of instructions is within the sound discretion of the trial judge, to be determined on a case-by-case basis, but the committee strongly recommends instructing the jury before final argument.
 

 3. Each juror must be provided with a full set of jury instructions for use during their deliberations.
 
 Rule
 
 1.470(b). The trial judge may find it useful to provide these instructions to the jurors when the judge reads the instructions in open court so that jurors can read along with the judge, as the judge reads the instructions aloud.
 

 410.2SUMMARY OF CLAIMS
 

 The claims [and defenses] in this case are as follows. (Claimant) claims that (defendant) acted extremely and outrageously in (describe alleged conduct) which caused [him] [her] severe emotional distress.
 

 (Defendant) denies that claim [and also claims that (describe any affirmative defenses) ].
 

 The parties must prove all claims [and defenses] by the greater weight of the evidence. I will now define some of the terms you will use in deciding this case.
 

 410.3GREATER WEIGHT OF THE EVIDENCE
 

 “Greater weight of the evidence” means the more persuasive and convincing force and effect of the entire evidence in the case.
 

 NOTES ON USE FOR 410.3
 

 1.
 
 Greater or lesser number of witnesses.
 
 The committee recommends that no instruction be given regarding the relationship (or lack of relationship) between the greater weight of the evidence and the greater or lesser number of witnesses.
 

 2.
 
 Circumstantial evidence.
 
 The committee recommends that no instruction generally be given distinguishing circumstantial from direct evidence. See
 
 Nielsen v. City of Sarasota,
 
 117 So.2d 731 (Fla.1960).
 

 410.4EXTREME AND OUTRAGEOUS CONDUCT
 

 Extreme and outrageous conduct is behavior, which, under the circumstances, goes beyond all possible bounds of decency and is regarded as shocking, atrocious, and utterly intolerable in a civilized community.
 

 410.5SEVERE EMOTIONAL DISTRESS
 

 Emotional distress is severe when it is of such intensity or duration that no ordinary person should be expected to endure it.
 

 NOTE ON USE FOR 410.5
 

 A special instruction may be warranted when the evidence shows the defendant knew of the claimant’s heightened susceptibility to emotional distress.
 

 410.6LEGAL CAUSE
 

 a. Legal cause generally:
 

 Extreme and outrageous conduct is a legal cause of severe emotional distress
 
 *759
 
 if it directly and in natural and continuous sequence produces or contributes substantially to producing such severe emotional distress, so that it can reasonably be said that, but for the extreme and outrageous conduct, the severe emotional distress would not have occurred.
 

 b. Concurring cause:
 

 In order to be regarded as a legal cause of severe emotional distress extreme and outrageous conduct need not be the only cause. Extreme and outrageous conduct may be a legal cause of severe emotional distress even though it operates in combination with [the act of another] [some natural cause] [or] [some other cause] if the extreme and outrageous conduct contributes substantially to producing such severe emotional distress.
 

 c.
 
 Intervening cause:
 

 Do not use the bracketed first sentence if this instruction is preceded by the instruction on concurring cause: *
 

 *
 
 [In order to be regarded as a legal cause of severe emotional distress, extreme and outrageous conduct need not be its only cause.] Extreme and outrageous conduct may also be a legal cause of severe emotional distress even though it operates in combination with [the act of another] [some natural cause] [or] [some other cause] occurring after the extreme and outrageous conduct occurs if [such other cause was itself reasonably foreseeable and the extreme and outrageous conduct contributes substantially to producing such severe emotional distress] [or] [the resulting severe emotional distress was a reasonably foreseeable consequence of the extreme and outrageous conduct and the extreme and outrageous conduct contributes substantially to producing it].
 

 NOTES ON USE FOR 410.6
 

 1. Instruction 410.6a (legal cause generally) is to be given in all cases. Instruction 410.6b (concurring cause), to be given when the court considers it necessary, does not set forth any additional standard for the jury to consider in determining whether outrageous conduct was a legal cause of damage but only negates the idea that a defendant is excused from the consequences of his outrageous conduct by reason of some other cause concurring in time and contributing to the same damage. Instruction 410.6c (intervening cause) is to be given only in cases in which the court concludes that there is a jury issue as to the presence and effect of an intervening cause.
 

 2. The jury will properly consider instruction 410.6a not only in determining whether defendant’s outrageous conduct is actionable but also in determining whether claimant’s conduct contributed as a legal cause to claimant’s damage, thus reducing recovery.
 

 3. Instruction 410.6b must be given whenever there is a contention that some other cause may have contributed, in whole or part, to the occurrence or resulting injury. If there is an issue of aggravation of a preexisting condition or of subsequent injuries/multiple events, instruction 501.5a or b should be given as well. See
 
 Hart v. Stern,
 
 824 So.2d 927, 932-34 (Fla. 5th DCA 2002);
 
 Marinetti v. Grace,
 
 608 So.2d 833, 835 (Fla. 4th DCA 1992).
 

 4. Instruction 410.6c (intervening cause) embraces two situations in which outrageous conduct may be a legal cause notwithstanding the influence of an intervening cause: (1) when the damage was a reasonably foreseeable consequence of the outrageous conduct although the other
 
 *760
 
 cause was not foreseeable,
 
 Mozer v. Semenza,
 
 177 So.2d 880 (Fla. 3d DCA 1965), and (2) when the intervention of the other cause was itself foreseeable,
 
 Gibson v. Avis Rent-A-Car System, Inc.,
 
 386 So.2d 520 (Fla.1980).
 

 5.
 
 “Probable
 
 ”
 
 results.
 
 The committee recommends that the jury not be instructed that the damage must be such as would have appeared “probable” to the actor or to a reasonably careful person at the time of the outrageous conduct. In cases involving an intervening cause, the term “reasonably foreseeable” is used in place of “probable.” The terms are synonymous and interchangeable. See
 
 Sharon v. Luten,
 
 165 So.2d 806, 810 (Fla. 1st DCA 1964); Prosser,
 
 Torts
 
 291 (3d ed.); 2 Harper & James,
 
 The Law of Torts
 
 1137.
 

 6. The term “substantially” is used throughout the instruction to describe the extent of contribution or influence outrageous conduct must have in order to be regarded as a legal cause. “Substantially” was chosen because the word has an acceptable common meaning and because it has been approved in Florida as a test of causation not only in relation to defendant’s negligence,
 
 Loftin v. Wilson,
 
 67 So.2d 185, 191 (Fla.1953), but also in relation to plaintiffs comparative negligence,
 
 Shayne v. Saunders,
 
 129 Fla. 355, 176 So. 495, 498 (Fla.1937).
 

 410.7 ISSUES ON CLAIM
 

 The issues for you to decide on (claimant’s) claim are:
 

 whether (defendant) engaged in extreme and outrageous conduct; and acted with the intent to cause severe emotional distress or with reckless disregard of the high probability of causing severe emotional distress; and, if so
 

 whether that extreme and outrageous conduct was a legal cause of severe emotional distress to (claimant).
 

 410.8 BURDEN OF PROOF ON CLAIM
 

 If the greater weight of the evidence does not support (claimant’s) claim, your verdict should be for (defendant).
 

 However, if the greater weight of the evidence supports (claimant’s) claim, [then your verdict should be for (claimant) and against (defendant) ] [then you shall consider the defense raised by (defendant) ].
 

 [If the greater weight of the evidence supports the defense, your verdict should be for (defendant). However, if the greater weight of the evidence does not support the defense, your verdict should be for (claimant) and against (defendant).]
 

 NOTES ON USE FOR 410.8
 

 1. The Restatement (2d) of ToRts and case law discuss the defense of “privilege.” See
 
 Metropolitan Life Insurance Co. v. McCarson,
 
 429 So.2d 1287 (Fla. 4th DCA 1983);
 
 Baker v. Florida National Bank,
 
 559 So.2d 284 (Fla. 4th DCA 1990); Restatement § 46, cmt. g. In addition to banks and insurers, merchants have asserted the defense. In
 
 Southland Corp. v. Bartsch,
 
 522 So.2d 1053, 1056 (Fla. 5th DCA 1988), the court held that a convenience store manager’s conduct (having a six-year-old child arrested for stealing gum) was no more than an assertion of the store’s rights in a legally permissible way, and was privileged “as a matter of law.” In
 
 Canto v. J.B. Ivey & Co.,
 
 595 So.2d 1025, 1028 (Fla. 1st DCA 1992), two children were detained by a merchant who suspected them of shoplifting; citing
 
 McCarson
 
 and the Restatement (2d) of Torts, the court found “no evidence in the record suggesting that the conduct of ei
 
 *761
 
 ther employee even approached the limits of this privilege.” See also
 
 Mallock v. S. Mem’l Park, Inc.,
 
 561 So.2d 330 (Fla. 3d DCA 1990).
 

 Pending further development of Florida law, the committee has not submitted a standard instruction concerning any defense.
 

 2. For damage instructions go to instruction 501.1
 
 et seq.
 

 411 CIVIL THEFT
 

 411.1 Introduction
 

 411.2 Summary of Claims
 

 411.3 Clear and Convincing Evidence
 

 411.4 Legal Cause
 

 411.5 Issues on Claim
 

 411.6 Burden of Proof on Claim
 

 411.7 Civil Theft Damages
 

 411.1INTRODUCTION
 

 Members of the jury, you have now heard and received all of the evidence in this case. I am now going to tell you about the rules of law that you must use in reaching your verdict. [You will recall at the beginning of the case I told you that if, at the end of the case I decided that different law applies, I would tell you so. These instructions are (slightly) different from what I gave you at the beginning and it is these rules of law that you must now follow.] When I finish telling you about the rules of law, the attorneys will present their final arguments and you will then retire to decide your verdict.
 

 NOTES ON USE FOR 411.1
 

 1. When instructing the jury before taking evidence, use instruction 202.1 in lieu of instruction 411.1. See Model Instruction No. 1. Instruction 411.1 is for instructing the jury after the evidence has been concluded. Use the bracketed language in instruction 411.1 when the final instructions are different from the instructions given at the beginning of the case. If the instructions at the end of the case are different from those given at the beginning of the case, the committee recommends that the court point out the differences with appropriate language in the final instructions, including an explanation for the difference, such as where the court has directed a verdict on an issue.
 

 2.
 
 Fla.R.Civ.P.
 
 1.470(b) authorizes instructing the jury during trial or before or after final argument. The timing of instructions is within the sound discretion of the trial judge, to be determined on a case-by-case basis, but the committee strongly recommends instructing the jury before final argument.
 

 3. Each juror must be provided with a full set of jury instructions for use during their deliberations.
 
 Rule
 
 1.470(b). The trial judge may find it useful to provide these instructions to the jurors when the judge reads the instructions in open court so that jurors can read along with the judge, as the judge reads the instructions aloud.
 

 411.2SUMMARY OF CLAIMS
 

 The claim in this case is that (defendant) unlawfully [obtained] [or] [used] (claimant’s) property which caused [him] [her] [it] harm.
 

 (Defendant) denies that claim.
 

 The (claimant) must prove [his] [her] [its] claim by the clear and convincing evidence. I will now define some of the terms you will use in deciding this case.
 

 411.3CLEAR AND CONVINCING EVIDENCE
 

 [“Clear and convincing evidence” differs from the “greater weight of the evidence” in that it is more compelling and persuasive.] “Clear and convincing evidence” is evidence that is precise, ex
 
 *762
 
 plicit, lacking in confusion, and of such weight that it produces a firm belief or conviction without hesitation about the matter in issue.
 

 NOTE ON USE FOR 411.3
 

 Use the first bracketed sentence if there are other claims in the case that invoke the greater weight of the evidence standard.
 

 411.4 LEGAL CAUSE
 

 a. Legal cause generally:
 

 A
 
 party’s conduct is a legal cause of [loss] [injury] [or] [damage] if it directly and in natural and continuous sequence produces or contributes substantially to producing such [loss] [injury] [or] [damage], so that it can reasonably be said that, but for the conduct, the [loss] [injury] [or] [damage] would not have occurred.
 

 b. Concurring cause:
 

 In order to be regarded as a legal cause of [loss] [injury] [or] [damage] a party’s conduct need not be the only cause. A party’s conduct may be a legal cause of [loss] [injury] [or] [damage] even though it operates in combination with [the act of another] [some natural cause] [or] [some other cause] if the conduct contributes substantially to producing such [loss] [injury] [or] [damage].
 

 c.
 
 Intervening cause:
 

 Do not use the bracketed first sentence if this instruction is preceded by the instruction on concurring cause:
 
 *
 

 * [In order to be regarded as a legal cause of [loss] [injury] [or] [damage], a party’s conduct need not be its only cause.] A party’s conduct may also be a legal cause of [loss] [injury] [or] [damage] even though it operates in combination with [the act of another] [some natural cause] [or] [some other cause] occurring after the party’s conduct occurs if [such other cause was itself reasonably foreseeable and the party’s conduct contributes substantially to producing such [loss] [injury] [or] [damage]] [or] [the resulting [loss] [injury] [or] [damage] was a reasonably foreseeable consequence of the party’s conduct and the party’s conduct contributes substantially to producing it].
 

 NOTES ON USE FOR 411.4
 

 1. Instruction 411.4a (legal cause generally) is to be given in all cases. Instruction 411.4b (concurring cause), to be given when the court considers it necessary, does not set forth any additional standard for the jury to consider in determining whether conduct was a legal cause of damage but only negates the idea that a defendant is excused from the consequences of his conduct by reason of some other cause concurring in time and contributing to the same damage. Instruction 411.4c (intervening cause) is to be given only in cases in which the court concludes that there is a jury issue as to the presence and effect of an intervening cause.
 

 2. The jury will properly consider instruction 411.4a not only in determining whether defendant’s conduct is actionable but also in determining whether claimant’s conduct contributed as a legal cause to claimant’s damage, thus reducing recovery.
 

 3. Instruction 411.4b must be given whenever there is a contention that some other cause may have contributed, in whole or part, to the occurrence or resulting injury. If there is an issue of aggravation of a preexisting condition or of subsequent injuries/multiple events, instruction 501.5a or b should be given as well. See
 
 Hart v. Stern,
 
 824 So.2d 927, 932-34 (Fla. 5th DCA 2002);
 
 Marinetti v. Grace,
 
 608 So.2d 833, 835 (Fla. 4th DCA 1992).
 

 
 *763
 
 4. (defendant) Instruction 411.4c (intervening cause) embraces two situations in which conduct may be a legal cause notwithstanding the influence of an intervening cause: (1) when the damage was a reasonably foreseeable consequence of the conduct although the other cause was not foreseeable,
 
 Mozer v. Semenza,
 
 177 So.2d 880 (Fla. 3d DCA 1965), and (2) when the intervention of the other cause was itself foreseeable,
 
 Gibson v. Avis Renb-A-Car System, Inc.,
 
 386 So.2d 520 (Fla.1980).
 

 5.
 
 “Probable” results.
 
 The committee recommends that the jury not be instructed that the damage must be such as would have appeared “probable” to the actor or to a reasonably careful person at the time of the outrageous conduct. In cases involving an intervening cause, the term “reasonably foreseeable” is used in place of “probable.” The terms are synonymous and interchangeable. See
 
 Sharon v. Luten,
 
 165 So.2d 806, 810 (Fla. 1st DCA 1964); Prosser,
 
 Torts
 
 291 (3d ed.); 2 Harper & James,
 
 The Law of Torts
 
 1137.
 

 6.(defendant) The term “substantially” is used throughout the instruction to describe the extent of contribution or influence outrageous conduct must have in order to be regarded as a legal cause. “Substantially’ was chosen because the word has an acceptable common meaning and because it has been approved in Florida as a test of causation not only in relation to defendant’s negligence,
 
 Loftin v. Wilson,
 
 67 So.2d 185, 191 (Fla.1953), but also in relation to plaintiffs comparative negligence,
 
 Shayne v. Saunders,
 
 129 Fla. 355, 176 So. 495, 498 (Fla.1937).
 

 411.5 ISSUES ON CLAIM
 

 The issues for you to decide on (claimant’s) claim are:
 

 a. Violation of F.S. 812.01k (Theft):
 

 whether (defendant) obtained or used [or attempted to obtain or use] the property of (claimant) with criminal intent; that is, with the intent
 

 [to deprive (claimant), either temporarily or permanently, of a [superior] * right to the property or a benefit from it] [or] [to appropriate, either temporarily or permanently, the property to the use of any person not entitled to it]; and, if so,
 

 *
 
 The bracketed word “superior" should be used when there is evidence that the defendant took the property pursuant to a claim of right.
 

 whether (defendant’s) actions were a legal cause of [loss] [injury] or [damage] to (claimant).
 

 b. Violation of F.S. 812.016 (Possession of altered property):
 

 whether (defendant) was in the business of buying and selling property and in possession of property which [he] [she] knew, or should have known, had identifying features which had been removed or altered without the consent of the manufacturer; and, if so,
 

 whether (defendant’s) actions were a legal cause of [loss] [injury] [or] [damage] to (claimant).
 

 c.
 
 Violation of F.S. 812.019 (Dealing in stolen property):
 

 whether (defendant) [trafficked] [attempted to traffic] in property and knew or should have known the property was stolen; and, if so,
 

 whether (defendant’s) actions were a legal cause of [loss] [injury] or [damage] to (claimant).
 

 To “traffic” means to: (1) sell or otherwise dispose of property or, (2) obtain
 
 *764
 
 property with the intent to sell or otherwise dispose of it.
 

 NOTE ON USE FOR 411.5
 

 The committee does not recommend a separate jury instruction for
 
 F.S.
 
 812.019(2), (organizing) because trafficking is an element of
 
 F.S.
 
 812.019(2). If the need arises, the court should fashion a modified instruction for
 
 F.S.
 
 812.019(2).
 

 411.6BURDEN OF PROOF ON CLAIM
 

 If clear and convincing evidence does not support (claimant’s) claim, your verdict should be for (defendant). However, if clear and convincing evidence supports (claimant’s) claim, then your verdict should be for (claimant) and against (defendant).
 

 411.7CIVIL THEFT DAMAGES
 

 If you find for (defendant) you will not consider the matter of damages. But if you find for (claimant), you should award (claimant) an amount of money, if any, that the clear and convincing evidence shows are the actual damages sustained by (claimant). ⅜
 

 *
 
 The court should describe the appropriate elements of any case specific damages.
 

 NOTES ON USE FOR 411.7
 

 1. In requiring that the amount of damages be established by clear and convincing evidence, the committee has given effect to
 
 Starr Tyme, Inc. v. Cohen,
 
 659 So.2d 1064 (Fla.1995), and
 
 Haddad v. Cura,
 
 674 So.2d 168 (Fla. 3d DCA 1996), because they are the only decisions addressing the issue.
 

 2. Under the provisions of
 
 F.S.
 
 772.11, plaintiff may recover, upon proper proof, three times the actual damages sustained, or a minimum of $200.00, and reasonable attorney’s fees. The jury should be directed to determine the actual damages and the court should apply the statutory formula after verdict.
 
 McArthur Dairy, Inc. v. Original Kielbs, Inc.,
 
 481 So.2d 535 (Fla. 3d DCA 1986). The court should make the determination as to the amount of attorney’s fees and interest to be assessed and included in any judgment.
 
 Mid-Continent Casualty Co. v. Giuliano,
 
 166 So.2d 443 (Fla.1964).
 

 412 CONTRIBUTION AMONG TORTFEASORS
 

 412.1 Contribution Sought by Cross-Claims Between Defendant Tort-feasors in Injured Party’s Original Action
 

 412.2 Contribution Sought by Third Party Claim in Injured Party’s Original Action
 

 412.3 Introduction for Independent Contribution Claim
 

 412.4 Summary of Claims
 

 412.5 Greater Weight of the Evidence
 

 412.6 Negligence
 

 412.7 Legal Cause
 

 412.8 Issues on Claim and Burden of Proof
 

 412.9 Defense Issue
 

 NOTES ON USE
 

 1. A claim for contribution can be presented as a cross-claim in an injured party’s case or as an independent action. These instructions cover both types of claims. Instruction 412.1 deals with cross-claims in an injured party’s case and instruction 412.2 deals -with third-party claims in an injured party’s action. These instructions are in proper form for use in negligence actions. If contribution is found to be appropriate in tort actions other than for negligence (but see the title to Ch. 75-198, Laws of Fla.), the instructions should be revised as necessary.
 

 
 *765
 
 2. The instructions for an independent action for contribution begin with instruction 412.3.
 

 3. Whether the contribution claim is a cross-claim, a third party action or an independent claim, it should be submitted to the jury with a form of special verdict by which the jury determines the relative degrees of fault of the defendants and any third party (see, for example, Model Instruction No. 6).
 

 412.1 CONTRIBUTION SOUGHT BY CROSS-CLAIMS BETWEEN DEFENDANT TORTFEASORS IN INJURED PARTY’S ORIGINAL ACTION
 

 This instruction should follow 506.10, Joint Liability of Joint Tortfeasors.
 

 Even though any damages you award (claimant) must be found in a single amount against the defendant or defendants whom you find to be liable to (claimant), if the greater weight of the evidence shows that more than one defendant was negligent and that their negligence contributed as a legal cause of injury and damage to (claimant), you should determine by your verdict what percentage of the total negligence of [both] [all] defendants (name them) was caused by each.
 

 NOTE ON USE FOR 412.1
 

 Model Instruction No. 6 illustrates the use of this instruction.
 

 412.2 CONTRIBUTION SOUGHT BY THIRD-PARTY CLAIM IN INJURED PARTY’S ORIGINAL ACTION
 

 This instruction follows the conventional instructions on plaintiff’s claim.
 

 There is an additional claim that you must also decide. (Third party claimant) seeks to recover from (third party defendant) part of any money which (third party claimant) may be called on by a judgment in this action to pay to (claimant). If you find for (defendant and third party claimant) on (claimant’s) claim, you need not consider this additional claim by (third party claimant) against (third party defendant). But, if you find for (claimant) on [his] [her] [its] claim for damages against (defendant and third party claimant), you must also decide the following additional issues on the claim by (third party claimant) against (third party defendant).
 

 The issues on that claim are whether (third party defendant) as well as (defendant and third party claimant) were negligent and, if so, whether such negligence contributed as a legal cause of injury and damage to (claimant). If the greater weight of the evidence does not support the claim of (third party claimant) against (third party defendant), your verdict on that claim will be for (third party defendant). However, if the greater weight of the evidence does support the claim of (third party claimant) against (third party defendant), your verdict on that claim should be for (third party claimant) and you should determine by your verdict what percentage of the total negligence of [both] [all] defendants (name them) was caused by each. The court will then determine the amount that (third party claimant) should recover from (third party defendant) in the event (third party claimant) is required to pay a judgment in favor of (claimant).
 

 412.3INTRODUCTION FOR INDEPENDENT CONTRIBUTION CLAIM
 

 Members of the jury, you have now heard and received all of the evidence in this case. I am now going to tell you about the rules of law that you must use in reaching your verdict. [You will re
 
 *766
 
 call at the beginning of the case I told you that if, at the end of the case I decided that different law applies, I would tell you so. These instructions are (slightly) different from what I gave you at the beginning and it is these rules of law that you must now follow.] When I finish telling you about the rules of law, the attorneys will present their final arguments and you will then retire to decide your verdict.
 

 NOTES ON USE FOR 412.3
 

 1. When instructing the jury before taking evidence, use instruction 202.1 in lieu of instruction 412.3. See Model Instruction No. 1. Instruction 412.3 is for instructing the jury after the evidence has been concluded. Use the bracketed language in instruction 412.3 when the final instructions are different from the instructions given at the beginning of the case. If the instructions at the end of the case are different from those given at the beginning of the case, the committee recommends that the court point out the differences with appropriate language in the final instructions, including an explanation for the difference, such as where the court has directed a verdict on an issue.
 

 2.
 
 Fla.R.Civ.P.
 
 1.470(b) authorizes instructing the jury during trial or before or after final argument. The timing of instructions is within the sound discretion of the trial judge, to be determined on a case-by-case basis, but the committee strongly recommends instructing the jury before final argument.
 

 3. Each juror must be provided with a full set of jury instructions for use during their deliberations.
 
 Rule
 
 1.470(b). The trial judge may find it useful to provide these instructions to the jurors when the judge reads the instructions in open court so that jurors can read along with the judge, as the judge reads the instructions aloud.
 

 412.4SUMMARY OF CLAIMS
 

 The claims [and defenses] in this case are as follows. (Claimant) seeks to recover from (defendant) [part of] the sum of money that [he] [she] [it] paid to [settle the claim] [satisfy the judgment] of (name) resulting from (identify injury or incident giving rise to claim). (Claimant) claims that (defendant) was [partly] negligent (describe alleged negligence) which caused harm to (original claimant).
 

 (Defendant) denies that claim [and also claims that (describe any affirmative defenses) ].
 

 The parties must prove all claims [and defenses] by the greater weight of the evidence. I will now define some of the terms you will use in deciding this case.
 

 412.5GREATER WEIGHT OF THE EVIDENCE
 

 “Greater weight of the evidence” means the more persuasive and convincing force and effect of the entire evidence in the case.
 

 NOTES ON USE FOR 412.5
 

 1.
 
 Greater or lesser number of witnesses.
 
 The committee recommends that no instruction be given regarding the relationship (or lack of relationship) between the greater weight of the evidence and the greater or lesser number of witnesses.
 

 2.
 
 Circumstantial evidence.
 
 The committee recommends that no instruction generally be given distinguishing circumstantial from direct evidence. See
 
 Nielsen v. City of Sarasota,
 
 117 So.2d 731 (Fla.1960).
 

 412.6NEGLIGENCE
 

 Negligence is the failure to use reasonable care, which is the care that a reasonably careful person would use under like circumstances. Negligence is
 
 *767
 
 doing something that a reasonably careful person would not do under like circumstances or failing to do something that a reasonably careful person would do under like circumstances.
 

 412.7 LEGAL CAUSE
 

 a. Legal cause generally:
 

 Negligence is a legal cause of [loss] [injury] [or] [damage] if it directly and in natural and continuous sequence produces or contributes substantially to producing such [loss] [injury] [or] [damage], so that it can reasonably be said that, but for the negligence, the [loss] [injury] [or] [damage] would not have occurred.
 

 b. Concurring cause:
 

 In order to be regarded as a legal cause of [loss] [injury] [or] [damage] negligence need not be the only cause. Negligence may be a legal cause of [loss] [injury] [or] [damage] even though it operates in combination with [the act of another] [some natural cause] [or] [some other cause] if the negligence contributes substantially to producing such [loss] [injury] [or] [damage].
 

 c.
 
 Intervening cause:
 

 Do not use the bracketed first sentence if this instruction is preceded by the instruction on concurring cause:
 
 *
 

 * [In order to be regarded as a legal cause of [loss] [injury] [or] [damage], negligence need not be its only cause.] Negligence may also be a legal cause of [loss] [injury] [or] [damage] even though it operates in combination with [the act of another] [some natural cause] [or] [some other cause] occurring after the negligence occurs if [such other cause was itself reasonably foreseeable and the negligence contributes substantially to producing such [loss] [injury] [or] [damage]] [or] [the resulting [loss] [injury] [or] [damage] was a reasonably foreseeable consequence of the negligence and the negligence contributes substantially to producing it].
 

 NOTES ON USE FOR 412.7
 

 1. Instruction 412.7a (legal cause generally) is to be given in all cases. Instruction 412.7b (concurring cause), to be given when the court considers it necessary, does not set forth any additional standard for the jury to consider in determining whether negligence was a legal cause of damage but only negates the idea that a defendant is excused from the consequences of his negligence by reason of some other cause concurring in time and contributing to the same damage. Instruction 412.7c (intervening cause) is to be given only in cases in which the court concludes that there is a jury issue as to the presence and effect of an intervening cause.
 

 2. The jury will properly consider instruction 412.7a not only in determining whether defendant’s negligence is actionable but also in determining whether claimant’s negligence contributed as a legal cause to claimant’s damage, thus reducing recovery.
 

 3. Instruction 412.7b must be given whenever there is a contention that some other cause may have contributed, in whole or part, to the occurrence or resulting injury. If there is an issue of aggravation of a preexisting condition or of subsequent injuries/multiple events, instruction 501.5a or b should be given as well. See
 
 Hart v. Stern,
 
 824 So.2d 927, 932-34 (Fla. 5th DCA 2002);
 
 Marinelli v. Grace,
 
 608 So.2d 833, 835 (Fla. 4th DCA 1992).
 

 4. Instruction 412.7c (intervening cause) embraces two situations in which
 
 *768
 
 negligence may be a legal cause notwithstanding the influence of an intervening cause: (1) when the damage was a reasonably foreseeable consequence of the negligence although the other cause was not foreseeable,
 
 Mozer v. Semenza,
 
 177 So.2d 880 (Fla. 3d DCA 1965), and (2) when the intervention of the other cause was itself foreseeable,
 
 Gibson v. Avis Rent-A-Car System, Inc.,
 
 386 So.2d 520 (Fla.1980).
 

 5.
 
 “Probable results.”
 
 The committee recommends that the jury not be instructed that the damage must be such as would have appeared “probable” to the actor or to a reasonably careful person at the time of the negligence. In cases involving an intervening cause, the term “reasonably foreseeable” is used in place of “probable.” The terms are synonymous and interchangeable. See
 
 Sharon v. Luten,
 
 165 So.2d 806, 810 (Fla. 1st DCA 1964); Prosser,
 
 Torts
 
 291 (3d ed.); 2 Harper & James,
 
 The Law of Torts
 
 1137.
 

 6. The term “substantially” is used throughout the instruction to describe the extent of contribution or influence negligence must have in order to be regarded as a legal cause. “Substantially” was chosen because the word has an acceptable common meaning and because it has been approved in Florida as a test of causation not only in relation to defendant’s negligence,
 
 Loftin v. Wilson,
 
 67 So.2d 185, 191 (Fla.1953), but also in relation to plaintiffs comparative negligence,
 
 Shayne v. Saunders,
 
 129 Fla. 355, 176 So. 495, 498 (Fla.1937).
 

 412.8 ISSUES ON CLAIM AND BURDEN OF PROOF
 

 The issues for you to decide on (claimant’s) claim are whether (defendant or person for whose negligence defendant is responsible) was negligent in (describe negligence) and, if so, whether such negligence was a legal cause of injury and damage to (name).
 

 If the greater weight of the evidence does not support the claim of (claimant) [against a particular defendant], your verdict should be for [that] defendant.
 

 [However, if the greater weight of the evidence supports the claim of (claimant) you should also determine whether the amount of money paid by (claimant) to (name) was reasonable under all the circumstances shown by the evidence. If the greater weight of the evidence shows that the amount of money paid by (claimant) to (name) in settlement did not exceed a reasonable amount under all the circumstances, you should so find by your verdict. However, if the amount of money paid by (claimant) to (name) exceeded a reasonable amount, you should determine the amount which would have been reasonable under all the circumstances for (claimant) to pay (name) in settlement. The court will then determine the amount that (claimant) will recover from (defendant).]
 

 [You should also determine by your verdict what percentage of the total negligence of [both] [all] parties to this action (name them) was caused by each. The court will then determine the amount of (claimant’s) recovery.]
 

 NOTES ON USE FOR 412.8
 

 1. Use the first two paragraphs in all cases. Use the first bracketed paragraph if there is an issue about the reasonableness of the amount paid in settlement. This instruction assumes that the burden of proving reasonableness — that the settlement paid the injured party was, under the circumstances, reasonable — is on the claimant.
 

 2. If there is an issue about the reasonableness of the amount paid, use the applicable provisions of section 501 or 502 to
 
 *769
 
 describe the available elements of damage. See Model Instruction No. 5.
 

 412.9 DEFENSE ISSUE
 

 If, however, the greater weight of the evidence supports (claimant’s) claim, then you shall consider the defense raised by (defendant). The issue for you to decide on that defense is whether (claimant) intentionally, willfully, wantonly or with reckless indifference to the rights of others caused or contributed to causing the injury of (name).
 

 If the greater weight of the evidence supports that defense, then your verdict should be for (defendant). If, however, the greater weight of the evidence does not support that defense and does support (claimant’s) claim, your verdict should be for (claimant) and you should determine by your verdict what percentage of the total negligence of (name the parties other than the injured plaintiff) was caused by each.
 

 413 CLAIM FOR PERSONAL INJURY PROTECTION INSURANCE (PIP) BENEFITS
 

 (Medical Benefits Only)
 

 413.1 Introduction
 

 413.2 Summary of Claims or Contentions
 

 413.3 Greater Weight of the Evidence
 

 413.4 Issues on Claim
 

 413.5 Burden of Proof on Claim
 

 413.1 INTRODUCTION
 

 Members of the jury, you have now heard and received all of the evidence in this case. I am now going to tell you about the rules of law that you must use in reaching your verdict. [You will recall at the beginning of the case I told you that if, at the end of the case I decided that different law applies, I would tell you so. These instructions are (slightly) different from what I gave you at the beginning and it is these rules of law that you must now follow.] When I finish telling you about the rules of law, the attorneys will present their final arguments and you will then retire to decide your verdict.
 

 NOTES ON USE FOR 413.1
 

 1. When instructing the jury before taking evidence, use instruction 202.1 in lieu of instruction 413.1. See Model Instruction No. 1. Instruction 413.1 is for instructing the jury after the evidence has been concluded. Use the bracketed language in instruction 413.1 when the final instructions are different from the instructions given at the beginning of the case. If the instructions at the end of the case are different from those given at the beginning of the case, the committee recommends that the court point out the differences with appropriate language in the final instructions, including an explanation for the difference, such as where the court has directed a verdict on an issue.
 

 2.
 
 Fla.R.Civ.P.
 
 1.470(b) authorizes instructing the jury during trial or before or after final argument. The timing of instructions is within the sound discretion of the trial judge, to be determined on a case-by-case basis, but the committee strongly recommends instructing the jury before final argument.
 

 3. Each juror must be provided with a full set of jury instructions for use during their deliberations.
 
 Rule
 
 1.470(b). The trial judge may find it useful to provide these instructions to the jurors when the judge reads the instructions in open court so that jurors can read along with the judge, as the judge reads the instructions aloud.
 

 
 *770
 
 413.2SUMMARY OF CLAIMS OR CONTENTIONS
 

 The claims [and defenses] in this case are as follows. (Claimant) claims that (defendant) is obligated to pay for certain medical expenses (describe medial expenses).
 

 (Defendant) denies that claim [and also claims that (claimant) was (describe any affirmative defenses) ].
 

 The parties must prove all claims [and defenses] by the greater weight of the evidence. I will now define some of the terms you will use in deciding this case.
 

 413.3 GREATER WEIGHT OF THE EVIDENCE
 

 “Greater weight of the evidence means” the more persuasive and convincing force and effect of the entire evidence in the case.
 

 NOTES ON USE FOR 413.3
 

 1.
 
 Greater or lesser number of witnesses.
 
 The committee recommends that no instruction be given regarding the relationship (or lack of relationship) between the greater weight of the evidence and the greater or lesser number of witnesses.
 

 2.
 
 Circumstantial evidence.
 
 The committee recommends that no instruction generally be given distinguishing circumstantial from direct evidence. See
 
 Nielsen v. City of Sarasota,
 
 117 So.2d 731 (Fla.1960).
 

 413.4 ISSUES ON CLAIM
 

 a. Issues generally:
 

 (Plaintiff) seeks personal injury benefits from (defendant) for [a medical service] [medical services]. (Plaintiff) is entitled to [recover benefits] [receive payment] if the service[s] [is] [are] related to the accident, the service[s] [is] [are] medically necessary, and the charge[s] for the service[s] [is] [are] reasonable.
 

 (Give the following preemptive instruction only where rulings or stipulations have altered the number of issues to be proven.)
 

 In this case, there is no dispute that [the service[s] [is] [are] related to the accident] [and] [that the service[s] [is] [are] medically necessary] [and] [that the chargefs] [is] [are] reasonable], but there is dispute over [whether the service[s] [is] [are] related to the accident] [and] [whether the service[s] [is] [are] medically necessary] [and] [whether the charge[s] for the service[s] [is] [are] reasonable].
 

 (Give the following instruction in all cases. Alter numbering where required due to rulings or stipulations.)
 

 Therefore, on this claim for personal injury benefits, you must decide the following:
 

 The first issue is whether the service is related to the automobile accident of (date). If you decide that a service is not related to the accident, you should not award damages for that service. If you decide that one or more services are related to the accident, you must then decide a second issue.
 

 The second issue is whether the service is medically necessary. If you decide that a service was not medically necessary, you should not award damages for that service. If you decide that one or more services are medically necessary, you must then decide a third issue.
 

 The third issue is whether the charge is reasonable. If you find the charge for a service or services reasonable, you should award that amount as damages. If you find the charge for a service or services is not reasonable, you should
 
 *771
 
 award an amount that the greater weight of the evidence shows is reasonable.
 

 In determining [these] [this] issue[s], you should apply the following definition[s]:
 

 (Give applicable definitions below.)
 

 b. Services:
 

 The term “services” includes, but is not limited to, treatment, diagnostic studies, and supplies provided by the medical provider to the insured.
 

 c.
 
 Medically Necessary:
 

 “Medically necessary” refers to a medical service or supply that a prudent physician would provide for the purpose of preventing, diagnosing, or treating an illness, injury, disease, or symptom in a manner that is:
 

 (1) In accordance with generally accepted standards of medical practice;
 

 (2) Clinically appropriate in terms of type, frequency, extent, site, and duration; and,
 

 (3) Not primarily for the convenience of the patient, physician, or other health care provider.
 

 d. Reasonable Charge:
 

 In deciding whether the amount of a charge is reasonable, you may consider evidence of:
 

 (1) usual and customary charges and payments accepted by the provider involved in the dispute;
 

 (2) reimbursement levels in the community;
 

 (3) reimbursement levels in various federal and state medical fee schedules applicable to automobile coverages; and
 

 (4)any other evidence relevant to the reasonableness of the charges.
 

 You may not, however, award an amount that exceeds the amount the provider customarily charges for like services or supplies.
 

 NOTES ON USE FOR 413.4
 

 1. This instruction assumes that the jury will be asked to decide the total amount of medical charges. It is anticipated that the judge will adjust this award in entering judgment to account for any payments previously made by the insurer, as well as for the effect of the 80% limitation in
 
 F.S.
 
 627.736(l)(a), and any deductible.
 

 2. The definition of “medically necessary” is based on
 
 F.S.
 
 736.732(2) (2003). The committee has added the option of a “prudent health care provider” to this definition in anticipation that the phrase, “prudent physician,” as described in the statute could sometimes be inadequate. This statutory definition is somewhat complex. It is possible that the parties could agree upon a plainer and simpler definition.
 

 3. The statutory description of what constitutes a reasonable amount may require a supplemental instruction for fee-capped diagnostic testing services as described in
 
 F.S.
 
 627.736(5)(b) (2003).
 

 4. No definition of “related” is provided in this instruction. Causation can be a complex issue in a PIP case. Generally, to invoke this insurance coverage a bodily injury must “arise out of the ownership, maintenance, or use of a motor vehicle.” See
 
 F.S.
 
 768.736(1) (2003);
 
 Lumbermens Mutual Casualty Co. v. Castagna,
 
 368 So.2d 348 (Fla.1979). The medical treatment covered by the insurance policy is the treatment that is related to the bodily injury arising out of the ownership, maintenance, or use of the motor vehicle. The committee has been advised that most practitioners prefer to use the term, “re
 
 *772
 
 lated,” as a simple method to explain causation to the jury. The committee does not therefore intend for an instruction similar to
 
 F.S.
 
 401.12 to be given in a PIP case as an explanation of causation.
 

 413.5BURDEN OF PROOF ON CLAIM
 

 If the greater weight of the evidence does not support the claim of (plaintiff), then your verdict should be for (defendant).
 

 However if the greater weight of the evidence does support (plaintiffs) claim, then your verdict should be for (plaintiff) and against (defendant) and you should award (plaintiff) an amount of money that the greater weight of the evidence shows will fairly and adequately compensate [him] [her] [it] for the medical [benefits] [services] that are related to the accident, were medically necessary, and the charge[s] for which are reasonable.
 

 (Give when defenses to the claim have been raised.)
 

 If, however, the greater weight of the evidence does support the claim of (plaintiff), then you shall consider the defense[s] raised by (defendant). On the defense, the issue[s] for you to decide [is] [are] (describe defense).
 

 If the greater weight of the evidence supports the (defendant’s) defense[s], your verdict should be for the (defendant) and against (plaintiff). But if the greater weight of the evidence does not support (defendant’s) defense[s] and the greater weight of the evidence supports (plaintiffs) claim, then your verdict should be for (plaintiff) and against (defendant) and you should award (plaintiff) an amount of money that the greater weight of the evidence shows will fairly and adequately compensate [him] [her] [it] for to the medical [benefits] [services] that are related to the accident, were medically necessary, and the charge[s] for which are reasonable.
 

 (Proceed to sections 600 and 700 for closing instructions.)
 

 414 INTENTIONAL TORT AS AN EXCEPTION TO EXCLUSIVE REMEDY OF WORKERS’ COMPENSATION
 

 414.1 Introduction
 

 414.2 Summary of Claims
 

 414.3 Clear and Convincing Evidence
 

 414.4 Legal Cause
 

 414.5 Issues on Claim
 

 414.6 Burden of Proof
 

 414.1 INTRODUCTION
 

 Members of the jury, you have now heard and received all of the evidence in this case. I am now going to tell you about the rules of law that you must use in reaching your verdict. [You will recall at the beginning of the case I told you that if, at the end of the case I decided that different law applies, I would tell you so. These instructions are (slightly) different from what I gave you at the beginning and it is these rules of law that you must now follow.] When I finish telling you about the rules of law, the attorneys will present their final arguments and you will then retire to decide your verdict.
 

 NOTES ON USE FOR 414.1
 

 1. When instructing the jury before taking evidence, use instruction 202.1 in lieu of instruction 414.1. See Model Instruction No. 1. Instruction 414.1 is for instructing the jury after the evidence has been concluded. Use the bracketed language in instruction 414.1 when the final instructions are different from the instructions given at the beginning of the case.
 
 *773
 
 If the instructions at the end of the case are different from those given at the beginning of the case, the committee recommends that the court point out the differences with appropriate language in the final instructions, including an explanation for the difference, such as where the court has directed a verdict on an issue.
 

 2.
 
 Fla.R.Civ.P.
 
 1.470(b) authorizes instructing the jury during trial or before or after final argument. The timing of instructions is within the sound discretion of the trial judge, to be determined on a case-by-case basis, but the committee strongly recommends instructing the jury before final argument.
 

 8. Each juror must be provided with a full set of jury instructions for use during their deliberations.
 
 Rule
 
 1.470(b). The trial judge may find it useful to provide these instructions to the jurors when the judge reads the instructions in open court so that jurors can read along with the judge, as the judge reads the instructions aloud.
 

 414.2SUMMARY OF CLAIMS
 

 The claims [and defenses] in this case are as follows. (Claimant) claims that (defendant) caused [him] [her] harm by (describe alleged intentional tort).
 

 (Defendant) denies that claim [and also claims that (describe any alleged affirmative defenses) ].
 

 [The parties] [ (Claimant) ] must prove [his] [her] [their] claims by the clear and convincing evidence. I will now define some of the terms you will use in deciding this case.
 

 NOTE ON USE FOR 414.2
 

 The committee takes no position on the burden of proof that will be applicable to affirmative defenses. If the court determines that the burden of proof for any affirmative defense is the “greater weight of the evidence,” the instruction should be modified and instruction 401.3 should also be given.
 

 414.3CLEAR AND CONVINCING EVIDENCE
 

 [“Clear and convincing evidence” differs from the “greater weight of the evidence” in that it is more compelling and persuasive.] “Clear and convincing evidence” is evidence that is precise, explicit, lacking in confusion, and of such weight that it produces a firm belief or conviction, without hesitation, about the matter in issue.
 

 NOTE ON USE FOR 414.3
 

 Use the first bracketed sentence if there are issues or other claims in the case that invoke the greater weight of the evidence standard.
 

 414.4LEGAL CAUSE
 

 a. Legal cause generally:
 

 A party’s conduct is a legal cause of [loss] [injury] [or] [damage] if it directly and in natural and continuous sequence produces or contributes substantially to producing such [loss] [injury] [or] [damage], so that it can reasonably be said that, but for the conduct, the [loss] [injury] [or] [damage] would not have occurred.
 

 b. Concurring cause:
 

 In order to be regarded as a legal cause of [loss] [injury] [or] [damage] the conduct need not be the only cause. A party’s conduct may be a legal cause of [loss] [injury] [or] [damage] even though it operates in combination with some other cause if the conduct contributes substantially to producing such [loss] [injury] [or] [damage].
 

 
 *774
 

 c. Intervening cause:
 

 Do not use the bracketed first sentence if this charge is preceded by the charge on concurring cause:
 
 ⅜
 

 * [In order to be regarded as a legal cause of [loss] [injury] [or] [damage], a party’s conduct need not be its only cause.] A party’s conduct may also be a legal cause of [loss] [injury] [or] [damage] even though it operates in combination with [the act of another] [some natural cause] [or] [some other cause] occurring after the party’s conduct occurs if such other cause was itself reasonably foreseeable and the party’s conduct contributes substantially to producing such [loss] [injury] [or] [damage] [or] [the resulting [loss] [injury] [or] [damage]] was a reasonably foreseeable consequence of the party’s conduct and the party’s conduct contributes substantially to producing it.
 

 NOTES ON USE FOR 414.4
 

 1. Instruction 414.4a (legal cause generally) is to be given in all cases. Instruction 414.4b (concurring cause), to be given when the court considers it necessary, does not set forth any additional standard for the jury to consider in determining whether conduct was a legal cause of damage but only negates the idea that a defendant is excused from the consequences of his or her conduct by reason of some other cause concurring in time and contributing to the same damage. Instruction 414.4c (intervening cause) is to be given only in cases in which the court concludes that there is a jury issue as to the presence and effect of an intervening cause.
 

 2. The jury will properly consider instruction 414.4a not only in determining whether defendant’s conduct is actionable but also in determining whether claimant’s conduct contributed as a legal cause to claimant’s damage, thus reducing recovery.
 

 3. Instruction 414.4b must be given whenever there is a contention that some other cause may have contributed, in whole or part, to the occurrence or resulting injury. If there is an issue of aggravation of a preexisting condition or of subsequent injuries/multiple events, instruction 501.2h(1) or (2) should be given as well. See
 
 Hart v. Stern,
 
 824 So.2d 927, 932-34 (Fla. 5th DCA 2002);
 
 Marinetti v. Grace,
 
 608 So.2d 833, 835 (Fla. 4th DCA 1992).
 

 4. Instruction 414.4c (intervening cause) embraces two situations in which conduct may be a legal cause notwithstanding the influence of an intervening cause: (1) when the damage was a reasonably foreseeable consequence of the conduct although the other cause was not foreseeable,
 
 Mozer v. Semenza,
 
 177 So.2d 880 (Fla. 3d DCA 1965), and (2) when the intervention of the other cause was itself foreseeable,
 
 Ellingson v. Willis,
 
 170 So.2d 311 (Fla. 1st DCA 1964).
 

 5.
 
 “Probable” results.
 
 The committee recommends that the jury not be charged that the damage must be such as would have appeared “probable” to the actor or to a reasonably careful person at the time of the outrageous conduct. In cases involving an intervening cause, the term “reasonably foreseeable” is used in place of “probable.” The terms are synonymous and interchangeable. See
 
 Sharon v. Luten,
 
 165 So.2d 806, 810 (Fla. 1st DCA 1964); Prosser,
 
 Torts
 
 (3d ed.) 291; 2 Harper & James,
 
 The Law of Torts
 
 1137.
 

 6. The term “substantially” is used throughout the charge to describe the extent of contribution or influence outrageous conduct must have in order to be regarded as a legal cause. “Substantially” was chosen because the word has an acceptable common meaning and because it has been approved in Florida as a test of
 
 *775
 
 causation not only in relation to defendant’s negligence,
 
 Loftin v. Wilson,
 
 67 So.2d 185, 191 (Fla.1953), but also in relation to plaintiffs comparative negligence,
 
 Shayne v. Saunders,
 
 129 Fla. 355, 176 So. 495, 498 (1937).
 

 414.5ISSUES ON CLAIM
 

 The issues you must decide on (claimant’s) claim against (defendant) are whether:
 

 1. (Defendant) deliberately intended to injure (claimant), or
 

 2. whether (defendant)
 

 (a) engaged in conduct that (defendant) knew, based upon [prior similar accidents] [or] [explicit warnings specifically identifying a known danger], was virtually certain to result in death or injury to (claimant); and
 

 (b) (claimant) was not aware of the risk because the danger was not apparent; and
 

 (c) (defendant) deliberately concealed or misrepresented the danger so as to prevent (claimant) from exercising an informed judgment;
 

 and, if so, whether that conduct was a legal cause of [loss] [injury] [or] [damage] to (claimant).
 

 NOTE ON USE FOR 414.5
 

 This instruction applies to causes of action accruing on or after October 1, 2003. See
 
 F.S.
 
 440.11 (2003) (codifying intentional tort exception to workers’ compensation immunity and modifying standard announced in
 
 Turner v. PCR Inc.,
 
 754 So.2d 683 (Fla.2000)); see also
 
 Travelers Indemnity Co. v. PCR, Inc.,
 
 889 So.2d 779, n. 5 (Fla.2004) (discussing legislature’s codification of intentional tort exception and new, heightened virtual certainty standard).
 

 414.6BURDEN OF PROOF
 

 If the clear and convincing evidence does not support [one or more of] (claimant’s) claim[s], your verdict should be for (defendant(s)) [on [that] [those] claim(s) ].
 

 However, if the clear and convincing evidence supports [one or more of] (claimant’s) claim[s], then your verdict should be for (claimant) and against (defendant) [on [that] [those] claim(s) ].
 

 [If, however, the clear and convincing evidence supports [ (claimant’s) claim] [one of more of (claimant’s) claims], then you shall consider the defense[s] raised by (defendant).]
 

 415 UNLAWFUL RETALIATION [reserved]
 

 SECTION 500 — DAMAGES
 

 A. Compensatory Damages
 

 1. Personal Injury and Property Damages
 

 501.1 Personal Injury and Property Damages: Introduction
 

 501.2 Personal Injury and Property Damages: Elements
 

 501.3 Comparative Negligence, Non-Party Fault and Multiple Defendants
 

 501.4 Motor Vehicle Fault Threshold Instruction
 

 501.5 Other Contributing Causes of Damages
 

 501.6 Mortality Tables
 

 501.7 Reduction of Damages to Present Value
 

 501.8 Collateral Source Rule
 

 501.9 Joint Liability of Joint Tortfea-sors
 

 2. Wrongful Death Damages
 

 502.1 Wrongful Death Damages: Introduction
 

 
 *776
 
 502.2 Wrongful Death Damages: Elements for Estate and Survivors
 

 502.3 Wrongful Death Damages of Estate and Survivors: Separate Awards for Estate and Survivors
 

 502.4 Wrongful Death Damages: Elements when There Are No Survivors
 

 502.5 Comparative Negligence, Non-Party Fault and Multiple Defendants
 

 502.6 Mortality Tables
 

 502.7 Reduction of Damages to Present Value
 

 502.8 Joint Liability of Joint Tortfea-sors
 

 B. Punitive Damages
 

 503.1 Punitive Damages — Bifurcated Procedure
 

 503.2 Punitive Damages — Non-Bifurcated Procedure
 

 501.1 PERSONAL INJURY AND PROPERTY DAMAGES: INTRODUCTION
 

 a. When directed verdict is given on liability:
 

 You should award (claimant) an amount of money that the greater weight of the evidence shows will fairly and adequately compensate [him] [her] for [his] [her] [loss] [injury] [or] [damage], including any damage (claimant) is reasonably certain to [incur] [experience] in the future. You shall consider the following elements:
 

 b. When there is no issue of comparative negligence:
 

 If your verdict is for (defendant(s)) you will not consider the matter of damages. But, if your verdict is for (claimant) you should award (claimant) an amount of money that the greater weight of the evidence shows will fairly and adequately compensate [him] [her] for [his] [her] [loss] [injury] [or] [damage], including any damage (claimant) is reasonably certain to [incur] [experience] in the future. You shall consider the following elements:
 

 c.When there is an issue of comparative negligence:
 

 If your verdict is for (defendant), you will not consider the matter of damages. But if the greater weight of the evidence supports (personal representative’s) claim, you should determine and write on the verdict form, in dollars, the total amount of [loss] [injury] [or] [damage] which the greater weight of the evidence shows the estate of (decedent) and [his] [her] survivors sustained as a result of [his] [her] injury and death, including any damages that the estate and the survivors are reasonably certain to incur or experience in the future.
 

 NOTE ON USE FOR 501.1
 

 If there is an issue of limitation on damages because of
 
 F.S.
 
 627.737(2), use instruction 501.4.
 

 501.2PERSONAL INJURY AND PROPERTY DAMAGES: ELEMENTS
 

 a. Injury, pain, disability, disfigurement, loss of capacity for enjoyment of life:
 

 Any bodily injury sustained by (name) and any resulting pain and suffering [disability or physical impairment] [disfigurement] [mental anguish] [inconvenience] [or] [loss of capacity for the enjoyment of life] experienced in the past [or to be experienced in the future]. There is no exact standard for measur-
 
 *777
 
 mg' such damage. The amount should be fair and just in the light of the evidence.
 

 b. Medical expenses:
 

 Care and treatment of claimant:
 

 The reasonable [value] [or] [expense] of [hospitalization and] medical [and nursing] care and treatment necessarily or reasonably obtained by (claimant) in the past [or to be so obtained in the future].
 

 Care and treatment of minor claimant after reaching majority:
 

 The reasonable [value] [or] [expense] of [hospitalization and] medical [and nursing] care and treatment necessarily or reasonably to be obtained by (minor claimant) after [he] [she] reaches the age of (legal age).
 

 c.
 
 Lost earnings, lost time, lost earning capacity:
 

 When lost earnings or lost working time shown:
 

 [Any earnings] [Any working time] lost in the past [and any loss of ability to earn money in the future].
 

 When earnings or lost working time not shown:
 

 Any loss of ability to earn money sustained in the past [and any such loss in the future].
 

 d. Spouse’s loss of consortium and services:
 

 On the claim brought by (spouse), you should award (spouse) an amount of money which the greater weight of the evidence shows will fairly and adequately compensate (spouse) for any loss by reason of [his wife’s] [her husband’s] injury, of [his] [her] services, comfort, society and attentions in the past [and in the future] caused by the incident in question.
 

 e.Parental damages for care and treatment of claimant’s minor child; parental loss of child’s services, earnings, earning capacity:
 

 On the claim[s] of (parent(s)), you should award (parent(s)) an amount of money, which the greater weight of the evidence shows will fairly and adequately compensate (parent(s)) for damages caused by the incident in question. You shall consider the following element[s] of damage:
 

 The reasonable [value] [or] [expense] of [hospitalization and] medical [and nursing] cáre and treatment necessarily or reasonably obtained by (parent(s)) for [his] [her] [their] child, (name), in the past [or to be so obtained in the future until (name) reaches the age of (legal age) ].
 

 [Any loss by (parent(s)) by reason of [his] [her] [their] child’s injury, of the [services] [earnings] [or] [earning ability] of [his] [her] [their] child in the past [and in the future until the child reaches the age of (legal age) ].]
 

 [Any economic loss sustained by (par-entis)) [including] [any earnings lost in the past] [and] [any loss of ability to earn money in the future] reasonably resulting from the need to care or provide for the child because of the child’s injury [until (name) reaches the age of (legal age) ].]
 

 f Parental loss of filial consortium as a result of significant injury resulting in child’s permanent disability:
 

 In addition, if the greater weight of the evidence shows that (claimant child) sustained a significant injury resulting in (claimant child’s) permanent total dis
 
 *778
 
 ability, you shall consider the following element of damage:
 

 Any loss by (parent(s)), by reason of that injury, of their child’s companionship, society, love, affection, and solace in the past [and in the future until the child reaches the age of (legal age) ].
 

 If the greater weight of the evidence does not support (parent(s)’s) claim that their child sustained a significant injury resulting in permanent total disability, your verdict should be for (defendant(s)) on this element of damage.
 

 NOTES ON USE FOR 501.2f
 

 1. The committee believes that
 
 United States v. Dempsey,
 
 635 So.2d 961 (Fla.1994), which recognizes a parental right of recovery for loss of filial consortium, does not eliminate the common law right to recover for loss of the child’s services or earnings. The common law also allows recovery for a parent’s loss of earnings or other economic loss reasonably resulting from the need to care for an injured child.
 
 Wilkie v. Roberts,
 
 91 Fla. 1064, 109 So. 225 (Fla.1926).
 

 2. This instruction does not address the issue of a child with extraordinary income-producing abilities prior to the injury. See
 
 Dempsey,
 
 635 So.2d at 965.
 

 3. A loss of filial consortium claim may require separate interrogatories on the verdict form on the issues of whether the child sustained a significant injury resulting in permanent total disability, and the amount of damages on such a claim.
 

 g. Unmarried dependent’s claim for loss of parental consortium:
 

 In addition, if the greater weight of the evidence shows that (claimant parent) sustained a significant injury resulting in (claimant parent’s) permanent total disability, you shall consider the following element of damage:
 

 Any loss by reason of (claimant parent’s) injury of (claimant parent’s) services, comfort, companionship and society in the past and in the future.
 

 If the greater weight of the evidence does not support the claim that (claimant parent(s)’s) sustained a significant injury resulting in permanent total disability, your verdict should be for (defendant(s)) on this element of damage.
 

 NOTES ON USE FOR 501.2g
 

 1. If issues arise as to the child’s marital status, parentage, or dependency, this instruction should be modified.
 

 2.
 
 F.S.
 
 768.0415 does not define “significant permanent injury,” “dependent” or “permanent total disability.” Therefore, the instructions do not attempt to define the terms.
 

 3.
 
 F.S.
 
 768.0415 refers only to “negligence.” The committee takes no position as to whether the statute is limited to negligence cases or the definition of “negligence” in this statutory context. For example, see
 
 F.S.
 
 768.81(4)(a) defining “negligence cases.”
 

 4. Pending further development of the law, the committee takes no position as to whether there may be elements of damage not specifically enumerated in the statute.
 

 5. The duration of future damages for which the child may recover is unclear. Pending further development of the law, the committee takes no position as to whether the statute limits recovery of future damages to the life of the parent or the duration of the claimant’s dependency.
 

 h. Property damage:
 

 Any damage to [his] [her] [its] (identify automobile or other personal property). The measure of such damage is:
 

 
 *779
 
 [the difference between the value of the (name property) immediately before (incident complained of) and its value immediately afterward.]
 

 [the reasonable cost of repair, if it was practicable to repair the (name property), with due allowance for any difference between its value immediately before the (incident complained of) and its value after repair.]
 

 You shall also take into consideration any loss to (claimant) [for towing or storage charges and] by being deprived of the use of [his] [her] [its] (name property) during the period reasonably required for its [replacement] [repair].
 

 NOTE ON USE FOR 501.2h
 

 Concerning damages for loss of use, see
 
 Meakin v. Dreier,
 
 209 So.2d 252 (Fla. 2d DCA 1968). Concerning prejudgment interest, contrast
 
 Jacksonville, T. & K.W. Ry. Co. v. Peninsular Land, Transportation & Manufacturing, Co.,
 
 27 Fla. 1, 27 Fla. 157, 9 So. 661 (Fla.1891), and
 
 McCoy v. Rudd,
 
 367 So.2d 1080 (Fla. 1st DCA 1979).
 

 501.3 COMPARATIVE NEGLIGENCE, NON-PARTY FAULT AND MULTIPLE DEFENDANTS
 

 In determining the total amount of damages, you should not make any reduction because of the negligence, if any, of (claimant). The court will enter a judgment based on your verdict and, if you find that (claimant) was negligent in any degree, the court in entering judgment will reduce the total amount of damages by the percentage of negligence which you find was caused by (claimant).
 

 [The court will also take into account, in entering judgment against any defendant whom you find to have been negligent, the percentage of that defendant’s negligence compared to the total negligence of all the parties to this action.] *
 

 * Use the bracketed paragraph above only when there is more than one defendant; the reference to “responsibility” in this additional instruction is designed for use in strict liability cases. When a Fabre issue is involved:
 

 In determining the total amount of damages, you should [also] not make any reduction because of the negligence, if any, of (identify any additional person or entity who will be on verdict form). The court in entering judgment will [also] take into account your allocation of [negligence] [fault] among all persons [or entities] who you find contributed to (claimant’s) damages.
 

 NOTE ON USE FOR 501.3
 

 When the jury is instructed to apportion fault, and a
 
 Fabre
 
 issue is involved, see
 
 Fabre v. Marin,
 
 623 So.2d 1182 (Fla.1993), and
 
 Nash v. Wells Fargo Services, Inc.,
 
 678 So.2d 1262 (Fla.1996). The third paragraph of this instruction should be used to inform the jury of the appropriate procedure, so that the jury does not make inappropriate adjustments to its verdict. There is support for giving a special instruction explaining to the jury the impact and effect of an
 
 F.S.
 
 768.81 apportionment of liability in such cases. See
 
 Slawson v. Fast Food Enterprises,
 
 671 So.2d 255, 260 (Fla. 4th DCA);
 
 Seminole Gulf Railway, Limited Partnership v. Fassnacht,
 
 635 So.2d 142, 144 (Fla. 2d DCA 1994) (Alten-bernd, J., concurring in part and dissenting in part). Pending further development in the law, the committee takes no position on this issue.
 

 501.4 MOTOR VEHICLE FAULT THRESHOLD INSTRUCTION
 

 If your verdict is for (defendant)(s)), you will not consider the matter of damages. But if the greater weight of the
 
 *780
 
 evidence supports (claimant’s) claim, you should determine and write on the verdict form, in dollars, the total amount of money that the greater weight of the evidence shows will fairly and adequately compensate (claimant) for the following elements of damage [to the extent that they have not been paid and are not payable by personal injury protection benefits], including damage that (claimant) is reasonably certain to incur in the future:
 

 a. Medical expenses:
 

 Care and treatment of claimant:
 

 The reasonable [value] [or] [expense] of [hospitalization and] medical [and nursing] care and treatment necessarily or reasonably obtained by (claimant) in the past [or to be so obtained in the future].
 

 Care and treatment of minor claimant after reaching majority:
 

 The reasonable [value] [or] [expense] of [hospitalization and] medical [and nursing] care and treatment necessarily or reasonably to be obtained by (minor claimant) after [he] [she] reaches the age of (legal age).
 

 b. Lost earnings, lost time, lost earning capacity:
 

 When lost earnings or lost working time shown:
 

 [Any earnings] [Any working time] lost in the past [and any loss of ability to earn money in the future].
 

 When earnings or lost working time not shown:
 

 Any loss of ability to earn money sustained in the past [and any such loss in the future].
 

 c.Property damage:
 

 Any damage to [his] [her] [its] (identify automobile or other personal property). The measure of such damage is: [the difference between the value of the (name property) immediately before (incident complained of) and its value immediately afterward.]
 

 [the reasonable cost of repair, if it was practicable to repair the (name property), with due allowance for any difference between its value immediately before the (incident complained of) and its value after repair.]
 

 You shall also take into consideration any loss to (claimant) [for towing or storage charges and] by being deprived of the use of [his] [her] [its] (name property) during the period reasonably required for its [replacement] [repair].
 

 NOTE ON USE FOR 501.4c
 

 Concerning damages for loss of use, see
 
 Meakin v. Dreier,
 
 209 So.2d 252 (Fla. 2d DCA 1968). Concerning prejudgment interest, contrast
 
 Jacksonville, T. & K.W. Ry. Co. v. Peninsular Land, Transportation & Manufacturing, Co.,
 
 27 Fla. 1, 27 Fla. 157, 9 So. 661 (Fla.1891), and
 
 McCoy v. Rudd,
 
 867 So.2d 1080 (Fla. 1st DCA 1979).
 

 You must next decide whether (claimant’s) [injury] [or] [disease], resulting from the incident in this case, is permanent. An [injury] [or] [disease] is permanent if it, in whole or in part, consists of:
 

 [ (1) a significant and permanent loss of an important bodily function;] [or]
 

 [ (2) a significant and permanent scarring or disfigurement;] [or]
 

 [ (3) an injury that the evidence shows is permanent to a reasonable degree of medical probability].
 

 
 *781
 
 If the greater weight of the evidence does not establish that (claimant’s) injury is permanent, then your verdict is complete. If, however, the greater weight of the evidence shows that (claimant’s) [injury] [or] [disease] is permanent, you should also award damages for [this] [these] additional element[s] of damage:
 

 c.
 
 Injury, pain, disability, disfigurement, loss of capacity for enjoyment of life:
 

 Any bodily injury sustained by (name) and any resulting pain and suffering [disability or physical impairment] [disfigurement] [mental anguish] [inconvenience] [or] [loss of capacity for the enjoyment of life] experienced in the past [or to be experienced in the future]. There is no exact standard for measuring such damage. The amount should be fair and just in the light of the evidence.
 

 d. Spouse’s loss of consortium and services:
 

 On the claim brought by (spouse), you should award (spouse) an amount of money which the greater weight of the evidence shows will fairly and adequately compensate (spouse) for any loss by reason of [his wife’s] [her husband’s] injury, of [his] [her] services, comfort, society and attentions in the past [and in the future] caused by the incident in question.
 

 NOTES ON USE FOR 501.4
 

 1. See
 
 F.S.
 
 627.737(2) (1991). Use of the threshold instruction will in most cases require the use of an interrogatory verdict form.
 

 2. If there is proof that a claimant will incur future damages that are not excluded from recovery by
 
 F.S.
 
 627.737 (1991), such as where claimant at trial is not at maximum medical improvement and will have a limited period of future lost income or medical expenses, it will be necessary to add the following language after the word “question”: “including any such damage as (claimant) is reasonably certain to [incur] [experience] in the future.”
 

 3. The committee has placed this instruction in the damages section because the statute sets a threshold to the recovery of non-economic damages only. If claimant does not establish permanency, claimant may still be entitled to recover economic damages that exceed personal injury protection benefits. See
 
 F.S.
 
 627.737(2) (1991);
 
 Auto-Owners Insurance Co. v. Tompkins,
 
 651 So.2d 89 (Fla.1995). Therefore, negligence will still be an issue for the jury to decide where there are recoverable economic damages even in cases where no permanency is found. If, however, there are no recoverable damages or such damages are not submitted to the jury, then the court may wish to modify the instruction. For example, the court may instruct the jury: “If the greater weight of the evidence does not support the claim on the issue of permanency, then your verdict should be for the defendant.”
 

 4.
 
 F.S.
 
 627.737(2) (1991) does not define “permanent injury within a reasonable degree of medical probability” that is established by expert testimony.
 
 Morey v. Harper,
 
 541 So.2d 1285 (Fla. 1st DCA 1989);
 
 Fay v. Mincey,
 
 454 So.2d 587 (Fla. 2d DCA 1984);
 
 Horowitz v. American Motorist Insurance Co.,
 
 343 So.2d 1305 (Fla. 2d DCA 1977); see
 
 Bohannon v. Thomas,
 
 592 So.2d 1246 (Fla. 4th DCA 1992);
 
 City of Tampa v. Long,
 
 638 So.2d 35 (Fla.1994). Therefore, the instructions do not attempt to define the terms and leave their explanation to the testimony of the experts and argument of counsel. See
 
 Rivero v. Mansfield,
 
 584 So.2d 1012 (Fla. 3d DCA 1991),
 
 *782
 

 quashed in part, approved in part,
 
 620 So.2d 987; see
 
 Philon v. Reid,
 
 602 So.2d 648 (Fla. 2d DCA 1992). But see
 
 Weygant v. Fort Myers Lincoln Mercury, Inc.,
 
 640 So.2d 1092 (Fla.1994).
 

 501.5OTHER CONTRIBUTING CAUSES OF DAMAGES
 

 a. Aggravation or activation of disease or defect:
 

 If you find that the (defendant(s)) caused a bodily injury, and that the injury resulted in [an aggravation of an existing disease or physical defect] [or] [activation of a latent disease or physical defect], you should attempt to decide what portion of (claimant’s) condition resulted from the [aggravation] [or] [activation]. If you can make that determination, then you should award only those damages resulting from the [aggravation] [or] [activation]. However, if you cannot make that determination, or if it cannot be said that the condition would have existed apart from the injury, then you should award damages for the entire condition suffered by (claimant).
 

 NOTE ON USE FOR 501.5a
 

 This instruction is intended for use in situations in which a preexisting physical condition is aggravated by the injury, or the injury activates a latent condition. See
 
 C.F. Hamblen, Inc. v. Owens,
 
 127 Fla. 91, 172 So. 694 (Fla.1937). Instruction 501.5a is necessary where Instruction 401.12b, Concurring cause, is given. See
 
 Hart v. Stern,
 
 824 So.2d 927, 932-84 (Fla. 5th DCA 2002);
 
 Auster v. Gertrude & Philip Strax Breast Cancer Detection Institute, Inc.,
 
 649 So.2d 883, 887 (Fla. 4th DCA 1995).
 

 b. Subsequent injuries/multiple events:
 

 You have heard that (claimant) may have been injured in two events. If you decide that (claimant) was injured by (defendant) and was later injured by another event, then you should try to separate the damages caused by the two events and award (claimant) money only for those damages caused by (defendant). However, if you cannot separate some or all of the damages, you must award (claimant) any damages that you cannot separate as if they were all caused by (defendant).
 

 NOTES ON USE FOR 501.5b
 

 1. Instruction 501.5b addresses the situation occurring in
 
 Gross v. Lyons,
 
 763 So.2d 276 (Fla.2000). It is not intended to address other situations. For example, see
 
 Stuart v. Hertz Corp.,
 
 351 So.2d 703 (Fla.1977), and
 
 Eli Witt & Cigar & Tobacco Co. v. Matatics,
 
 55 So.2d 549 (Fla.1951). The committee recognizes that the instruction may be inadequate in situations other than the situation in
 
 Gross.
 

 2. The committee takes no position on whether the subsequent event is limited to a tortious event, or may be a nontortious event.
 

 501.6MORTALITY TABLES
 

 If the greater weight of the evidence shows that (claimant) has been permanently injured, you may consider [his] [her] life expectancy. The mortality tables received in evidence may be considered in determining how long (claimant) may be expected to live. Mortality tables are not binding on you but may be considered together with other evidence in the case bearing on (claimant’s) health, age and physical condition, before and after the injury, in determining the probable length of [his] [her] life.
 

 501.7REDUCTION OF DAMAGES TO PRESENT VALUE
 

 Any amount of damages which you allow for [future medical expenses], [loss of ability to earn money in the
 
 *783
 
 future], [or] [ (describe any other future economic loss which is subject to reduction to present value) ] should be reduced to its present money value and only the present money value of these future economic damages should be included in your verdict.
 

 The present money value of future economic damages is the sum of money needed now which, together with what that sum will earn in the future, will compensate (claimant) for these losses as they are actually experienced in future years.
 

 NOTES ON USE FOR 501.7
 

 1. Designing a standard instruction for reduction of damages to present value is complicated by the fact that there are several different methods used by economists and courts to arrive at a present-value determination. See, for example,
 
 Delta Air Lines, Inc. v. Ageloff,
 
 552 So.2d 1089 (Fla.1989), and
 
 Renuart Lumber Yards v. Levine,
 
 49 So.2d 97 (Fla.1950) (using approach similar to calculation of cost of annuity);
 
 Jones & Laughlin Steel Corp. v. Pfeifer,
 
 462 U.S. 523, 103 S.Ct. 2541, 76 L.Ed.2d 768 (1983), and
 
 Loftin v. Wilson,
 
 67 So.2d 185 (Fla.1953) (lost stream of income approach);
 
 Beaulieu v. Elliott,
 
 434 P.2d 665 (Alaska 1967) (total offset method);
 
 Culver v. Slater Boat Co.,
 
 688 F.2d 280 (5th Cir.1982), and
 
 Seaboard Coast Line Railroad v. Garrison,
 
 336 So.2d 423 (Fla. 2d DCA 1976) (discussing real interest rate discount method and inflation/market rate discount methods); and
 
 Bould v. Touehette,
 
 349 So.2d 1181 (Fla.1977) (even without evidence, juries may consider the effects of inflation).
 

 2. Until the Florida Supreme Court or the legislature adopts one approach to the exclusion of other methods of calculating present money value, the committee assumes that the present value of future economic damages is a finding to be made by the jury on the evidence; or, if the parties offer no evidence to control that finding, that the jury properly resorts to its own common knowledge as guided by instruction 501.7 and by argument. See
 
 Seaboard Coast Line Railroad v. Burdi,
 
 427 So.2d 1048 (Fla. 3d DCA 1983).
 

 501.8 COLLATERAL SOURCE RULE
 

 a. Tort actions generally:
 

 You should not reduce the amount of compensation to which (claimant) is otherwise entitled on account of [wages] [medical insurance payments] [or other benefits (specify) ] which the evidence shows (claimant) received from [his] [her] [employer] [insurance company] [or some other source]. The court will reduce as necessary the amount of compensation to which (claimant) is entitled on account of any such payments.
 

 b. Actions accruing before October 1, 1993, arising out of ownership, operation, use or maintenance of a motor vehicle:
 

 In this case, you should reduce the amount of compensation to which (claimant) is otherwise entitled on account of [wages] [disability benefits] [medical insurance benefits] [or other benefits (specify) ] which the evidence shows (claimant) received from [his] [her] [employer] [insurance company] [or some other source].
 

 c.
 
 Actions accruing on or after October 1, 1993, arising out of ownership, operation, use, or maintenance of a motor vehicle:
 

 Some expenses claimed as damages by (claimant) may have been paid [or are payable] by personal injury protection insurance. You should not award (claimant) any damages for [earnings
 
 *784
 
 lost in the past] [or] [past medical expenses] that have been paid [or that are payable] by personal injury protection insurance. [“Payable” expenses are expenses that have been incurred and will be paid by personal injury protection insurance.]
 

 NOTES ON USE FOR 501.8
 

 1. If improper evidence of collateral benefits is inadvertently admitted or if, in the circumstances of the case, the payment of collateral benefits is inferred, instruction 501.8, the conventional collateral source instruction, should be given immediately following mention in the instruction of the particular element of damage to which the collateral source instruction is properly applicable. See
 
 Greyhound Corp. v. Ford,
 
 157 So.2d 427 (Fla. 2d DCA 1963);
 
 Paradis v. Thomas,
 
 150 So.2d 457 (Fla. 2d DCA 1963). See
 
 F.S.
 
 768.76, 1986 supplement, concerning particular collateral source deductions by the court.
 

 2. Instruction 501.8b, not instruction 501.8a, should be given in all actions for personal injury or wrongful death accruing before October 1, 1993, arising out of the ownership, operation, use, or maintenance of a motor vehicle. Instruction 501.8b is derived from
 
 F.S.
 
 627.7372 (1987), which was repealed for causes of action accruing on or after October 1, 1993. Ch. 93-245, § 3, Laws of Fla. That statute specified which benefits are defined as collateral sources and which are specifically excluded from the definition.
 

 3. In most cases, the parties will agree that PIP setoffs are to be applied by the court post-trial. Absent such an agreement, in all actions for personal injury or wrongful death accruing on or after October 1, 1993, arising out of the ownership, operation, use, or maintenance of a motor vehicle, in which evidence is presented that personal injury protection benefits have been paid or are payable, instruction 501.8c should be given. See
 
 F.S.
 
 627.736(3);
 
 Caruso v. Baumle,
 
 880 So.2d 540 (Fla.2004). The bracketed language that constitutes the last sentence of the first paragraph of instruction 501.8c should be given only when personal injury protection benefits are payable for incurred expenses that have not yet been processed or paid by the personal injury protection insurer at the time of trial. See
 
 Rollins v. Pizzarelli,
 
 761 So.2d 294 (Fla.2000). It appears that “payable” personal injury protection benefits do not include benefits for incurred expenses that have been submitted to, but contested by, the PIP insurer at the time of trial, or in situations where the PIP insurer is insolvent at the time of trial. Compare
 
 Rollins,
 
 761 So.2d at 299-300. Pending further development of the law, however, the committee takes no position as to whether the bracketed last sentence of instruction 501.8c should be given in such circumstance.
 

 501.9 JOINT LIABILITY OF JOINT TORTFEASORS
 

 a. Comparative negligence cases (special verdicts):
 

 Even if you decide that [both] [more than one] of the defendants] were negligent, you should determine [ (claimant’s) ] [each claimant’s] damages in a single total amount, and write that amount, in dollars, on the verdict form.
 

 b. Cases not requiring special verdicts:
 

 If you find for (claimant) against [both] [more than one] of the defendants], you should assess (claimant’s) damages in a single amount against [both defendants] [the defendants whom you find to be liable to (claimant) ].
 

 
 *785
 
 502.1 WRONGFUL DEATH DAMAGES: INTRODUCTION
 

 a. When directed verdict is given on liability:
 

 You should award (decedent’s) personal representative an amount of money that the greater weight of the evidence shows will fairly and adequately compensate (decedent’s) estate and (decedent’s) survivors for their damages, including any damages that the estate and the survivors are reasonably certain to incur or experience in the future.
 

 b. All other cases:
 

 If your verdict is for (defendant), you will not consider the matter of damages. But, if your verdict is for (personal representative), you should award (decedent’s) personal representative an amount of money that the greater weight of the evidence shows will fairly and adequately compensate (decedent’s) estate and (decedent’s) survivors for their damages, including any damages that the estate and the survivors are reasonably certain to incur or experience in the future.
 

 c.
 
 When there is an issue of comparative negligence:
 

 If your verdict is for (defendant), you will not consider the matter of damages. But if the greater weight of the evidence supports (personal representative’s) claim, you should determine and write on the verdict form, in dollars, the total amount of [loss] [injury] [or] [damage] which the greater weight of the evidence shows the estate of (decedent) and [his] [her] survivors sustained as a result of [his] [her] injury and death, including any damages that the estate and the survivors are reasonably certain to incur or experience in the future.
 

 NOTES ON USE FOR 502.1
 

 1. If there is a
 
 Fabre
 
 issue, additional provisions will be necessary. See
 
 Fabre v. Marin,
 
 628 So.2d 1182 (Fla.1993), and instruction 502.5.
 

 2. Model Instruction No. 2 illustrates the application of instructions 502.3 and 502.4 on wrongful death damages.
 

 502.2 WRONGFUL DEATH DAMAGES: ELEMENTS FOR ESTATE AND SURVIVORS
 

 ELEMENTS FOR ESTATE:
 

 In determining the damages recoverable on behalf of (decedent’s) estate, you shall consider the following elements:
 

 a. Lost earnings:
 

 The estate’s loss of earnings of (decedent) from the date of injury to the date of death, [less any amount of monetary support you determine a survivor lost during that period].
 

 b. Lost accumulations:
 

 The estate’s loss of net accumulations: “Net accumulations” is the part of (decedent’s) net income [from salary or business] after taxes, including pension benefits [but excluding income from investments continuing beyond death], which (decedent), after paying his personal expenses and monies for the support of [his] [her] survivors, would have left as part of [his] [her] estate if [he] [she] had lived [his] [her] normal life expectancy.
 

 NOTE ON USE FOR 502.2b
 

 The estate may recover lost accumulations when the sole survivor is a parent without a cause of action in his or her own right, as well as when survivors include a spouse or lineal descendant.
 
 F.S.
 
 768.21(6)(a) (1985);
 
 Vildibill v. Johnson,
 
 
 *786
 
 492 So.2d 1047 (Fla.1986). The committee expresses no opinion concerning whether “net accumulations” include income ending at death which is not derived from salary or business. See
 
 F.S.
 
 768.18(5) (1985);
 
 Delta Air Lines, Inc. v. Ageloff,
 
 552 So.2d 1089 (Fla.1989);
 
 Wilcox v. Leverock,
 
 548 So.2d 1116 (Fla.1989).
 

 c.
 
 Medical or funeral expenses:
 

 Medical or funeral expenses due to (decedent’s) injury or death which [have become a charge against (decedent’s) estate] [were paid by or on behalf of (decedent) by one other than a survivor].
 

 ELEMENTS FOR SURVIVING SPOUSE, CHILD OR PARENTS OF CHILD :
 

 In determining any damages to be awarded (decedent’s) personal representative for the benefit of (decedent’s) surviving [spouse] [children] [or] [parents], you shall consider certain additional elements of damage for which there is no exact standard for fixing the compensation to be awarded. Any such award should be fair and just in the light of the evidence regarding the following elements:
 

 d. Damages of surviving spouse:
 

 The [ (wife’s) (husband’s) ] loss of (decedent’s) companionship and protection, and [her] [his] mental pain and suffering as a result of (decedent’s) injury and death. In determining the duration of the losses, you may consider the [joint life expectancy of (decedent) and (surviving spouse) ] [life expectancy of (surviving spouse) ] together with the other evidence in the case.
 

 NOTES ON USE FOR 502.2d
 

 1.
 
 F.S.
 
 768.18 and 768.21 (1990), applicable to causes of action accruing after October 1, 1990, expand eligible survivor claimants in wrongful death actions by surviving parents and children, but are not applicable to claims for medical malpractice as defined by
 
 F.S.
 
 766.106(1) (1989).
 

 2. This instruction is intended to allow a jury determination, if warranted by the evidence, that the surviving spouse’s loss will continue beyond the “joint life expectancy” until the survivor’s death, or will end before that actuarial period has elapsed.
 

 e. Damages by surviving child:
 

 The loss by (name all eligible children) of parental companionship, instruction and guidance, and [his] [her] [their] mental pain and suffering as a result of (decedent’s) injury and death. In determining the duration of those losses, you may consider the [joint life expectancy of (decedent) and (surviving child) [each of (surviving children) ]] [life expectancy of (surviving children) [each of the surviving children]] together with the other evidence in the case.
 

 f. Damages by surviving parent of child:
 

 The mental pain and suffering of (parents) as a result of the injury and death of (child). In determining the duration of mental pain and suffering, you may consider the life [expectancy] [expectancies] of (surviving parent(s)) together with the other evidence in the case.
 

 ELEMENTS FOR SURVIVORS, INCLUDING SURVIVING SPOUSE, CHILD OR PARENTS OF CHILD:
 

 In determining any damages to be awarded (decedent’s) personal representative for the benefit of [each of] (dece
 
 *787
 
 dent’s) survivor[s]
 
 *
 
 (name them all), you shall consider the following elements:
 

 *
 
 Further instructions may be required if there is a factual question of whether a person is a “survivor” within the meaning ofF.S. 768.18(1).
 

 g. Lost support and services:
 

 The [survivor’s] [survivor’s, (name them all) ], loss, by reason of (decedent’s) injury and death, of (decedent’s) support and services [including interest at (legal rate) on any amount awarded for such loss from the date of injury to the date of death]. In determining the duration of any future loss, you may consider the joint life expectancy of the survivor(s) and (decedent) [and the period of minority, ending at age 25, of a healthy minor child].
 

 In evaluating past and future loss of support and services, you shall consider the survivor’s relationship to (decedent), the amount of (decedent’s) probable net income available for distribution to the survivor and the replacement value of (decedent’s) services to the survivor(s). [“Support” includes contributions in kind as well as sums of money. “Services” means tasks regularly performed by (decedent) for a survivor that will be a necessary expense to the survivor because of (decedent’s) death.] *
 

 *
 
 The bracketed matetial should be given only when warranted by the evidence wnd requested by a patty.
 

 NOTES ON USE FOR 502.2g
 

 1.
 
 Petiod of minority.
 
 The period of minority for purposes of the wrongful death act is age 25.
 
 F.S.
 
 768.18(2). The bracketed reference to the period of minority, in the first paragraph, should not be given if the minor survivor’s dependency will continue beyond that age because the child is not “healthy,” or if the decedent was a minor on whose support or services the claimant survivor would remain dependent beyond that time.
 

 2.
 
 Support and services specially defined.
 
 The special definitions of these terms bracketed in the second paragraph should be given only when warranted by the evidence and requested by a party.
 

 h. Medical and funeral expenses paid by survivor:
 

 [Medical] [or] [funeral] expenses due to (decedent’s) [injury] [or] [death] paid by any survivor.
 

 502.3 WRONGFUL DEATH DAMAGES OF ESTATE AND SURVIVORS: SEPARATE AWARDS FOR ESTATE AND SURVIVORS
 

 Any damages that you find were sustained by (decedent’s) estate and by (name survivors) shall be separately stated in your verdict.
 

 502.4 WRONGFUL DEATH DAMAGES: ELEMENTS WHEN THERE ARE NO SURVIVORS
 

 In determining the damages recoverable on behalf of (decedent’s) estate, you shall consider the following elements:
 

 a. Lost earnings:
 

 Loss of earnings of (decedent) from the date of injury to the date of death.
 

 b. Medical or funeral expenses:
 

 Medical or funeral expenses due to (decedent’s) injury or death that have become a charge upon [his] [her] estate or were paid by or on behalf of (decedent).
 

 c.
 
 Lost accumulations:
 

 The estate’s loss of net accumulations: “Net accumulations” is the part of (decedent’s) net income [from salary
 
 *788
 
 or business] after taxes, including pension benefits [but excluding income from investments continuing beyond death], which the decedent would have left as part of [his] [her] estate if [he] [she] had lived [his] [her] normal life expectancy.
 

 NOTE ON USE FOR 502.4c
 

 When it is shown that decedent had no survivors as defined in
 
 F.S.
 
 768.18(1), lost accumulations are recoverable only if decedent was age 25 or over.
 
 F.S.
 
 768.21(6)(a) (1985). The committee expresses no opinion concerning whether “net accumulations” include income ending at death which is not derived from salary or business. See
 
 F.S.
 
 768.18(5) (1985).
 

 502.5 COMPARATIVE NEGLIGENCE, NON-PARTY FAULT AND MULTIPLE DEFENDANTS
 

 In determining the total amount of damages to (decedent’s) estate and [his] [her] survivors as a result of [his] [her] injury and death, you should not make any reduction because of the negligence, if any, of (decedent or survivor or any other person). The court will enter a judgment based on your verdict and, if you find that (decedent or survivor or any other person) was negligent in any degree, the court in entering judgment will reduce the total amount of damages by the percentage of negligence which you find was caused by (decedent or survivor or any other person).
 

 [The court will also take into account, in entering judgment against any defendant whom you find to have been negligent, the percentage of that defendant’s negligence compared to the total negligence of all the parties to this action.]
 
 *
 

 *
 
 Use the bracketed paragraph above only when there is more than one defendant; the reference to “responsibility” in this additional instruction is designed for use in strict liability cases.
 

 When a Fabre issue is involved:
 

 In determining the total amount of damages, you should [also] not make any reduction because of the negligence, if any, of (identify any additional person or entity who will be on verdict form). The court in entering judgment will [also] take into account your allocation of [negligence] [fault] among all persons [or entities] who you find contributed to (decedent or survivor or any other person’s) damages.
 

 NOTE ON USE FOR 502.5
 

 When the jury is instructed to apportion fault and a
 
 Fabre
 
 issue is involved, see
 
 Fabre v. Marin,
 
 623 So.2d 1182 (Fla.1993), and
 
 Nash v. Wells Fargo Services, Inc.,
 
 678 So.2d 1262 (Fla.1996). The third paragraph of this instruction should be used to inform the jury of the appropriate procedure, so the jury does not make inappropriate adjustments to its verdict. There is support for giving a special instruction explaining to the jury the impact and effect of
 
 F.S.
 
 768.81 apportionment of liability in such cases. See
 
 Slawson v. Fast Food Enterprises,
 
 671 So.2d 255, 260 (Fla. 4th DCA 1996);
 
 Seminole Gulf Railway, Limited Partnership v. Fassnacht,
 
 635 So.2d 142, 144 (Fla. 2d DCA 1994) (Altenbernd, J., concurring in part and dissenting in part). Pending further development in the law, the committee takes no position on this issue.
 

 502.6 MORTALITY TABLES
 

 a. Personal representative claiming damages for benefit of decedent’s estate:
 

 In determining how long (decedent) would have lived, had [he] [she] lived out [his] [her] normal life, you may consider [his] [her] life expectancy at the time of [his] [her] death. The mortality
 
 *789
 
 tables received in evidence may be considered in determining how long [he] [she] may have been expected to live. Mortality tables are not binding on you but may be considered together with other evidence in the case bearing on [his] [her] health, age and physical condition, before [his] [her] [injury and] death, in determining the probable length of [his] [her] life.
 

 b. Personal representative claiming damages for loss to survivor:
 

 In determining the duration of any future loss sustained by (name survivors) by reason of the death of (decedent), you may consider the joint life expectancy of (name survivors) and (decedent). The joint life expectancy is that period of time when both the decedent and a survivor would have remained alive. The mortality tables received in evidence may be considered, together with the other evidence in the case, in determining how long each may have been expected to live.
 

 NOTE ON USE FOR 502.6b
 

 Because instruction 502.6b will almost invariably be preceded by instruction 502.6a, it is unnecessary to make repeated elaboration in instruction 502.6b of the “other evidence in the case.”
 

 502.7 REDUCTION OF DAMAGES TO PRESENT VALUE
 

 Any amount of damages which you allow for [loss of earnings] [the estate’s loss of net accumulations], [or] [ (describe any other future economic loss which is subject to reduction to present value) ] should be reduced to its present money value and only the present money value of these future economic damages should be included in your verdict.
 

 The present money value of future economic damages is the sum of money needed now which, together with what that sum will earn in the future, will compensate (claimant) for these losses as they are actually experienced in future years.
 

 NOTES ON USE FOR 502.7
 

 1. Designing a standard instruction for reduction of damages to present value is complicated by the fact that there áre several different methods used by economists and courts to arrive at a present-value determination. See, for example,
 
 Delta Air Lines, Inc. v. Ageloff,
 
 552 So.2d 1089 (Fla.1989), and
 
 Renuart Lumber Yards v. Levine,
 
 49 So.2d 97 (Fla.1950) (using approach similar to calculation of cost of annuity);
 
 Jones & Laughlin Steel Corp. v. Pfeifer,
 
 462 U.S. 523, 103 S.Ct. 2541, 76 L.Ed.2d 768 (1983), and
 
 Loftin v. Wilson,
 
 67 So.2d 185 (Fla.1953) (lost stream of income approach);
 
 Beaulieu v. Elliott,
 
 434 P.2d 665 (Alaska 1967) (total offset method);
 
 Culver v. Slater Boat Co.,
 
 688 F.2d 280 (5th Cir.1982), and
 
 Seaboard Coast Line Railroad v. Garrison,
 
 336 So.2d 423 (Fla. 2d DCA 1976) (discussing real interest rate discount method and inflation/market rate discount methods); and
 
 Bould v. Touchette,
 
 349 So.2d 1181 (Fla.1977) (even without evidence, juries may consider effects of inflation).
 

 2. Until the Supreme Court or the legislature adopts one approach to the exclusion of other methods of calculating present money value, the committee assumes that the present value of future economic damages is a finding to be made by the jury on the evidence; or, if the parties offer no evidence to control that finding, that the jury properly resorts to its own common knowledge as guided by instruction 502.7 and by argument. See
 
 Seaboard Coast Line Railroad v. Burdi,
 
 427 So.2d 1048 (Fla. 3d DCA 1983).
 

 
 *790
 
 502.8 JOINT LIABILITY OF JOINT TORTFEASORS
 

 a. Comparative negligence cases (special verdicts):
 

 Even if you decide that [both] [more than one] of the defendant^] were negligent, you should determine [ (claimant’s) ] [each claimant’s] damages in a single total amount, and write that amount, in dollars, on the verdict form.
 

 b. Cases not requiring special verdicts:
 

 If you find for (claimant) against [both] [more than one] of the defendants], you should assess (claimant’s) damages in a single amount against [both defendants] [the defendants whom you find to be liable to (claimant) ].
 

 503.1 PUNITIVE DAMAGES— BIFURCATED PROCEDURE
 

 a. First stage of bifurcated, punitive damages procedure:
 

 There is an additional claim in this case that you must decide. If you find for (claimant) and against (defendant(s)), you must decide whether, in addition to compensatory damages, punitive damages are warranted as punishment to [one or more of] (defendant(s)) and as a deterrent to others.
 

 The trial of the punitive damages issue is divided into two parts. In this first part, you will decide whether the conduct of (defendant(s) or individual(s) whose conduct may warrant punitive damages) is such that punitive damages are warranted. If you decide that punitive damages are warranted, we will proceed to the second part of that issue during which the parties may present additional evidence and argument on the issue of punitive damages. I will then give you additional instructions, after which you will decide whether, in your discretion, punitive damages will be assessed and, if so, the amount.
 

 b(l). Punitive damages for acts of an individual defendant:
 

 (Claimant) claims that punitive damages should be awarded against (defendant) for [his] [her] [its] conduct in (describe the alleged punitive conduct). Punitive damages are warranted against (defendant) if you find by clear and convincing evidence that (defendant) was guilty of intentional misconduct or gross negligence, which was a substantial cause of [loss] [injury] [or] [damage] to (claimant). Under those circumstances you may, in your discretion, award punitive damages against (defendant). If clear and convincing evidence does not show such conduct by (defendant), punitive damages are not warranted against (defendant).
 

 “Intentional misconduct” means that (defendant) had actual knowledge of the wrongfulness of the conduct and there was a high probability of injury or damage to (claimant) and, despite that knowledge, [he] [she] intentionally pursued that course of conduct, resulting in injury or damage. “Gross negligence” means that (defendant’s) conduct was so reckless or wanting in care that it constituted a conscious disregard or indifference to the life, safety, or rights of persons exposed to such conduct.
 

 “Clear and convincing evidence” differs from the “greater weight of the evidence” in that it is more compelling and persuasive. As I have already instructed you, “greater weight of the evidence” means the more persuasive and convincing force and effect of the entire evidence in the case.
 

 
 *791
 

 b(2). Direct liability for acts of managing agent, primary owner, or certain others:
 

 (Claimant) claims that punitive damages should be awarded against (defendant) for the acts of (managing agent, primary owner, or other person whose conduct may warrant punitive damages without proof of a superior’s fault) in (describe the alleged punitive conduct). Punitive damages are warranted against (defendant) if you find by clear and convincing evidence that (managing agent, primary owner, or other person whose conduct may warrant punitive damages without proof of a superior’s fault) [was] [were] personally guilty of intentional misconduct or gross negligence which was a substantial cause of [loss] [injury] [or] [damage] to (claimant). Under those circumstances you may, in your discretion, award punitive damages against (defendant corporation or partnership). If clear and convincing evidence does not show such conduct by (managing agent, primary owner, or other person whose conduct may warrant punitive damages without proof of a superior’s fault), punitive damages are not warranted against (defendant).
 

 [“Intentional misconduct” means that (person whose conduct may warrant punitive damages) had actual knowledge of the wrongfulness of the conduct and there was a high probability of injury or damage to (claimant) and, despite that knowledge, [he] [she] intentionally pursued that course of conduct, resulting in injury or damage. “Gross negligence” means that the conduct of (person whose conduct may warrant punitive damages) was so reckless or wanting in care that it constituted a conscious disregard or indifference to the life, safety, or rights of persons exposed to such conduct.]
 

 [“Clear and convincing evidence” differs from the “greater weight of the evidence” in that it is more compelling and persuasive. As I have already instructed you, “greater weight of the evidence” means the more persuasive and convincing force and effect of the entire evidence in the case.]
 

 b(3). Vicarious liability for acts of employee:
 

 (Claimant) claims that punitive damages should be awarded against (employee/agent) and (defendant employer) for (employee/agent’s) conduct in (describe the alleged punitive conduct). Punitive damages are warranted against (employee/agent) if you find by clear and convincing evidence that (employee/agent) was personally guilty of intentional misconduct or gross negligence, which was a substantial cause of [loss] [injury] [or] [damage] to (claimant). Under those circumstances you may, in your discretion, award punitive damages against (employee/agent). If clear and convincing evidence does not show such conduct by (employee/agent), punitive damages are not warranted against either (employee/agent) or (defendant employer).
 

 If you find that punitive damages are warranted against (employee/agent) you may also, in your discretion, award punitive damages against (defendant employer) if you find from clear and convincing evidence that:
 

 (A), (defendant employer) actively and knowingly participated in such conduct of (employee/agent); or
 

 (B). the [officers] [directors] [or] [managers] of (defendant employer) knowingly condoned, ratified, or consented to such conduct of (employee/agent); or
 

 (C). (defendant employer) engaged in conduct that constituted gross neg-
 
 *792
 
 licence and that contributed to the [loss] [damage] [or] [injury] to (claimant).
 

 If clear and convincing evidence does not show such conduct by (defendant employer) punitive damages are not warranted against (defendant employer).
 

 [“Intentional misconduct” means that (person whose conduct may warrant punitive damages) had actual knowledge of the wrongfulness of the conduct and there was a high probability of injury or damage to (claimant) and, despite that knowledge, [he] [she] intentionally pursued that course of conduct, resulting in injury or damage. “Gross negligence” means that the conduct of (person whose conduct may warrant punitive damages) was so reckless or wanting in care that it constituted a conscious disregard or indifference to the life, safety, or rights of persons exposed to such conduct.]
 

 [“Clear and convincing evidence” differs from the “greater weight of the evidence” in that it is more compelling and persuasive. As I have already instructed you, “greater weight of the evidence” means the more persuasive and convincing force and effect of the entire evidence in the case.]
 

 b(Jf.). Vicarious liability for acts of employee where employee is not a party or is not being sued for punitive damages:
 

 (Claimant) claims that punitive damages should be awarded against (defendant employer) for (employee/agent’s) conduct in (describe the alleged punitive conduct). Punitive damages are warranted if you find by clear and convincing evidence that (employee/agent) was personally guilty of intentional misconduct or gross negligence, which was a substantial cause of [loss] [injury] [or] [damage] to (claimant) and that:
 

 (A) (defendant employer) actively and knowingly participated in such conduct of (employee/agent); or
 

 (B) the [officers] [directors] [or] [managers] of (defendant employer) knowingly condoned, ratified, or consented to such conduct of (employee/agent); or
 

 (C) (defendant employer) engaged in conduct that constituted gross negligence and that contributed to the [loss] [damage] [or] [injury] to (claimant).
 

 Under those circumstances you may, in your discretion, award punitive damages against (defendant employer). If clear and convincing evidence does not show such conduct by (employee/agent), punitive damages are not warranted against (defendant employer).
 

 [“Intentional misconduct” means that (person whose conduct may warrant punitive damages) had actual knowledge of the wrongfulness of the conduct and there was a high probability of injury or damage to (claimant) and, despite that knowledge, [he] [she] intentionally pursued that course of conduct, resulting in injury or damage. “Gross negligence” means that the conduct of (person whose conduct may warrant punitive damages) was so reckless or wanting in care that it constituted a conscious disregard or indifference to the life, safety, or rights of persons exposed to such conduct.]
 

 [“Clear and convincing” evidence differs from the “greater weight of the evidence” in that it is more compelling and persuasive. As I have already instructed you, “greater weight of the evidence” means the more persuasive and convincing force and effect of the entire evidence in the case.]
 

 
 *793
 

 (Proceed to 601.01 et seq. and balance of instructions for the completion of the jury instructions.)
 

 c. Second stage of bifurcated punitive damage procedure:
 

 c(l). Opening instruction, second stage:
 

 Members of the jury, I am now going to tell you about the rules of law that apply to determining whether punitive damages should be assessed and, if so, in what amount. When I finish with these instructions, the parties will present additional evidence. You should consider this additional evidence along with the evidence already presented, and you should decide any disputed factual issues by the greater weight of the evidence. “Greater weight of the evidence” means the more persuasive and convincing force and effect of the entire evidence in the case.
 

 c(2). Punitive damages
 
 — determination
 
 of amount:
 

 You are to decide the amount of punitive damages, if any, to be assessed as punishment against (defendant(s)) and as a deterrent to others. This amount would be in addition to the compensatory damages you have previously awarded. In making this determination, you should consider the following:
 

 (A), the nature, extent and degree of misconduct and the related circumstances, including the following:
 

 i. whether the wrongful conduct was motivated solely by unreasonable financial gain;
 

 ii. whether the unreasonably dangerous nature of the conduct, together with the high likelihood of injury resulting from the conduct, was actually known by [ (defendant) ] [ (the managing agent, director, officer, or other person responsible for making policy decisions on behalf of the defendant) ];
 

 iii.whether, at the time of [loss] [injury] [or] [damage], [(defendant)] [ (the managing agent, director, officer, or other person responsible for making policy decisions on behalf of the defendant) ] had a specific intent to harm (claimant) and the conduct of [ (defendant) ] [ (the managing agent, director, officer, or other person responsible for making policy decisions on behalf of the defendant) ] did in fact harm (claimant), [and]
 

 [(B). [the financial resources of (defendant(s)); and] *
 

 *
 
 Refer to Note on Use 5.
 

 [ (C). (Identify any other circumstance that the jury may consider in determining the amount of punitive damages.) ] *
 

 *
 
 Refer to Note on Use 6.
 

 [However, you may not award an amount that would financially destroy (defendant(s)).] *
 

 *
 
 Refer to Note on Use 7.
 

 You may in your discretion decline to assess punitive damages. [You may assess punitive damages against one defendant and not the other[s] or against more than one defendant. Punitive damages may be assessed against different defendants in different amounts.]
 

 d. Closing instruction, second stage:
 

 Members of the jury, you have now heard and received all of the evidence on the issue of punitive damages. Your verdict on the issues raised by the punitive damages claim of (claimant) against (defendant(s)) must be based on the evidence that has been received during the trial of the first phase of this case and on the evidence that has been received
 
 *794
 
 in these proceedings and the law on which I have instructed you. In reaching your verdict, you are not to be swayed from the performance of your duty by prejudice or sympathy for or against any party.
 

 Your verdict must be unanimous, that is, your verdict must be agreed to by each of you.
 

 You will be given a form of verdict, which I shall now read to you:
 

 When you have agreed on your verdict, the foreman or forewoman, acting for the jury, should date and sign the verdict. You may now retire to consider your verdict.
 

 NOTES ON USE FOR 503.1
 

 1. This instruction is designed so it can be given before the taking of evidence. Instruction 503.1a and the applicable part of 503.1b should be given as part of the general instruction on the case. Instruction 503.1c is designed to be given before the beginning of stage two of the punitive damages trial. And instruction 503.1d is designed to be given at the close of the evidence in the stage two proceeding.
 

 2. Instruction 503.1a should be given in all cases involving bifurcated proceedings.
 

 Instruction 503.1b(l) should be given when the demand for punitive damages is based on the conduct of an individual defendant.
 

 Instruction 503.1b(2) should be given when the demand for punitive damages is based on the conduct of a managing agent or principal.
 
 Bankers Multiple Line Insurance Co. v. Farish,
 
 464 So.2d 530 (Fla.1985). That person should be named in 503.lb(2). Pending further development in the law, the committee takes no position regarding whether the independent negligence must be on the part of a managing agent or principal or whether it can be based on the independent negligence of another employee. See
 
 Schropp v. Crown Eurocars, Inc.,
 
 654 So.2d 1158 (Fla.1995) and
 
 Partington v. Metallic Engineering,
 
 792 So.2d 498 (Fla. 4th DCA 2001). In appropriate cases a corporate policy can provide the basis for punitive damages against a corporation even though the particular officers or agents of the corporation responsible for the policy are not discovered or identified. See,
 
 e.g., Schropp
 
 at 1162 (Wells, J. concurring). In those cases, the instruction will need to be modified accordingly.
 

 Instruction 503.1b(3) should be given when there is a demand for punitive damages against an employer/principal based on the conduct of an employee and punitive damages are also being sought against the employee. There may be situations other than employer-employee relationships where vicarious liability for punitive damages may be imposed. See,
 
 e.g., Knepper v. Genstar Corp.,
 
 537 So.2d 619 (Fla. 3d DCA 1988) (joint venture);
 
 Soden v. Starkman,
 
 218 So.2d 763 (Fla. 3d DCA 1969) (partnership).
 

 Instruction 503.1b(4) should be given when there is a demand for punitive damages against the employer/principal for the acts of an employee, but the employee is not a defendant or is not being sued for punitive damages.
 

 In cases involving both direct and vicarious liability claims, instructions 503.1b(2) and 503.1c(2) or c(3) should be given with appropriate transitional language with respect to the claims based on vicarious liability. The paragraphs defining “intentional misconduct” and “clear and convincing evidence” are bracketed because, once given, they do not have to be repeated.
 

 3.Instructions 503.1b(l)-b(4) are designed for use in most common-law tort
 
 *795
 
 cases. However, certain types of intentional torts may require a punitive damage charge appropriate to the particular tort. See,
 
 e.g., First Interstate Development Corp. v. Ablanedo,
 
 511 So.2d 536 (Fla.1987);
 
 Metropolitan Life Insurance Co. v. McCarson,
 
 467 So.2d 277 (Fla.1985). The same may be true when punitive damages are authorized by statute. See,
 
 e.g., Home Insurance Co. v. Owens,
 
 573 So.2d 343, 346 (Fla. 4th DCA 1990).
 

 4. It is not the purpose of instruction 503.1c second stage instructions to allow parties to relitigate in the second stage of the bifurcated proceeding, by new evidence or by argument, the underlying question decided in the first stage of the proceeding of whether an award of punitive damages is warranted. Rather, the purpose of instruction 503.1c is to advise the jury that in the second stage of the proceeding, evidence may be presented and argued which will allow the jury in its discretion to determine the amount of an award of punitive damages, and that the amount which the jury determines appropriate could be zero.
 

 5. Instruction 503.1c(2)(B) should only be used when evidence of a defendant’s financial worth is introduced.
 

 6. Instruction 503.1e(2)(C) should be used only after the court has determined that the evidence includes some additional circumstance that may affect the amount of punitive damages. See,
 
 e.g., Owens-Corning Fiberglas Corp. v. Ballard,
 
 749 So.2d 483 (Fla.1999) (listing various such factors). See generally
 
 BMW of North America, Inc. v. Gore,
 
 517 U.S. 559, 116 S.Ct. 1589, 134 L.Ed.2d 809 (1996). One such circumstance is the assessment of punitive damages against the defendant in prior cases. See
 
 W.R. Grace & Co. v. Waters,
 
 638 So.2d 502 (Fla.1994).
 

 7.This instruction is to be given when requested by the defendant. See
 
 Wransky v. Dalfo,
 
 801 So.2d 239 (Fla. 4th DCA 2001). It appears that this instruction can only be used when evidence of the defendant’s net worth has been introduced. See
 
 Bould v. Touchette,
 
 349 So.2d 1181 (Fla.1977);
 
 Rinaldi v. Aaron,
 
 314 So.2d 762 (Fla.1975). This instruction is not intended to supplant the court’s function in determining whether a verdict is constitutional. See
 
 BMW of North America, Inc. v. Gore,
 
 517 U.S. 559, 116 S.Ct. 1589, 134 L.Ed.2d 809 (1996);
 
 Pacific Mutual Life Insurance Co. v. Haslip,
 
 499 U.S. 1, 111 S.Ct. 1032, 113 L.Ed.2d 1 (1991). The committee notes that many reported decisions have used alternative terms such as “bankrupt” or “economically castigate” to describe this limitation, instead of or in addition to the term “financially destroy.” See,
 
 e.g., Wackenhut Corp. v. Canty,
 
 359 So.2d 430 (Fla.1978);
 
 Lehman v. Spencer Ladd’s Inc.,
 
 182 So.2d 402 (Fla.1966). The committee has selected the term “financially destroy” for its simplicity, but does not intend to foreclose the use of other legally valid terms where appropriate under the facts of the particular case.
 

 503.2 PUNITIVE DAMAGES NON-BIFURCATED PROCEDURE
 

 a. Punitive damages generally:
 

 There is an additional claim in this case that you must decide. If you find for (claimant) and against (defendant(s)), you must decide whether, in addition to compensatory damages, punitive damages are warranted as punishment to [one or more of] (defendant(s)) and as a deterrent to others.
 

 b(l). Punitive damages for acts of an individual defendant:
 

 (Claimant) claims that punitive damages should be awarded against (defendant) for [his] [her] [its] conduct in
 
 *796
 
 (describe the alleged punitive conduct). Punitive damages are warranted against (defendant) if you find by clear and convincing evidence that (defendant) was guilty of intentional misconduct or gross negligence, which was a substantial cause of [loss] [injury] [or] [damage] to (claimant). Under those circumstances you may, in your discretion, award punitive damages against (defendant). If clear and convincing evidence does not show such conduct by (defendant), punitive damages are not warranted against (defendant).
 

 “Intentional misconduct” means that (defendant) had actual knowledge of the wrongfulness of the conduct and that there was a high probability that injury or damage to (claimant) and, despite that knowledge, [he] [she] intentionally pursued that course of conduct, resulting in injury or damage. “Gross negligence” means that (defendant’s) conduct was so reckless or wanting in care that it constituted a conscious disregard or indifference to the life, safety, or rights of persons exposed to such conduct.
 

 “Clear and convincing evidence” differs from the “greater weight of the evidence” in that it is more compelling and persuasive. As I have already instructed you, “greater weight of the evidence” means the more persuasive and convincing force and effect of the entire evidence in the case.
 

 b(2).Direct liability for acts of managing agent, primary owner, or certain others:
 

 (Claimant) claims that punitive damages should be awarded against (defendant) for the acts of (managing agent, primary owner, or other person whose conduct may warrant punitive damages without proof of a superior’s fault) in (describe the alleged punitive conduct). Punitive damages are warranted against (defendant) if you find by clear and convincing evidence that (managing agent, primary owner, or other person whose conduct may warrant punitive damages without proof of a superior’s fault) [was] [were] personally guilty of intentional misconduct or gross negligence which was a substantial cause of [loss] [injury] [or] [damage] to (claimant). Under those circumstances you may, in your discretion, award punitive damages against (defendant corporation or partnership). If clear and convincing evidence does not show such conduct by (managing agent, primary owner, or other person whose conduct may warrant punitive damages without proof of a superior’s fault), punitive damages are not warranted against (defendant).
 

 [“Intentional misconduct” means that (person whose conduct may warrant punitive damages) had actual knowledge of the wrongfulness of the conduct and there was a high probability of injury or damage to (claimant) and, despite that knowledge, [he] [she] intentionally pursued that course of conduct, resulting in injury or damage. “Gross negligence” means that the conduct of (person whose conduct may warrant punitive damages) was so reckless or wanting in care that it constituted a conscious disregard or indifference to the life, safety, or rights of persons exposed to such conduct.]
 

 [“Clear and convincing evidence” differs from the “greater weight of the evidence” in that it is more compelling and persuasive. As I have already instructed you, “greater weight of the evidence” means the more persuasive and convincing force and effect of the entire evidence in the case.]
 

 
 *797
 

 b(3). Vicarious liability for acts of employee:
 

 (Claimant) claims that punitive damages should be awarded against (employee/agent) and (defendant employer) for (employee/agent’s) conduct in (describe the alleged punitive conduct). Punitive damages are warranted against (employee/agent) if you find by clear and convincing evidence that (employee/agent) was personally guilty of intentional misconduct or gross negligence, which was a substantial cause of [loss] [injury] [or] [damage] to (claimant). Under those circumstances you may, in your discretion, award punitive damages against (employee/agent). If clear and convincing evidence does not show such conduct by (employee/agent) punitive damages are not warranted against either (employee/agent) or (defendant employer).
 

 If you find that that punitive damages are warranted against (employee/agent) you may also, in your discretion, award punitive damages against (defendant employer) if you find from clear and convincing evidence that:
 

 (A), (defendant employer) actively and knowingly participated in such conduct of (employee/agent); or
 

 (B). the [officers] [directors] [or] [managers] of (defendant employer) knowingly condoned, ratified, or consented to such conduct of (employee/agent); or
 

 (C). (defendant employer) engaged in conduct that constituted gross negligence and that contributed to the [loss] [damage] [or] [injury] to (claimant).
 

 If clear and convincing evidence does not show such conduct by (defendant employer), punitive damages are not warranted against (defendant employer).
 

 [“Intentional misconduct” means that (person whose conduct may warrant punitive damages) had actual knowledge of the wrongfulness of the conduct and there was a high probability of injury or damage to (claimant) and, despite that knowledge, [he] [she] intentionally pursued that course of conduct, resulting in injury or damage. “Gross negligence” means that the conduct of (person whose conduct may warrant punitive damages) was so reckless or wanting in care that it constituted a conscious disregard or indifference to the life, safety, or rights of persons exposed to such conduct.]
 

 [“Clear and convincing evidence” differs from the “greater weight of the evidence” in that it is more compelling and persuasive. As I have already instructed you, “greater weight of the evidence” means the more persuasive and convincing force and effect of the entire evidence in the case.]
 

 (b)(k). Vicarious liability for acts of employee where employee is not a party or is not being sued for punitive damages:
 

 (Claimant) claims that punitive damages should be awarded against (defendant employer) for (employee/agent’s) conduct in (describe the alleged punitive conduct). Punitive damages are warranted if you find by clear and convincing evidence that (employee/agent) was personally guilty of intentional misconduct or gross negligence, which was a substantial cause of [loss] [injury] [or] [damage] to (claimant) and that:
 

 (A), (defendant employer) actively and knowingly participated in such conduct of (employee/agent); or
 

 (B). the [officers] [directors] [or] [managers] of (defendant employer) knowingly condoned, ratified, or con
 
 *798
 
 sented to such conduct of (employee/agent); or
 

 (C). (defendant employer) engaged in conduct that constituted gross negligence and that contributed to the [loss] [damage] [or] [injury] to (claimant).
 

 Under those you may, in your discretion, award punitive damages against (defendant employer). If clear and convincing evidence does not show such conduct by (employee/agent), punitive damages are not warranted against (defendant employer).
 

 [“Intentional misconduct” means that (person whose conduct may warrant punitive damages) had actual knowledge of the wrongfulness of the conduct and there was a high probability of injury or damage to (claimant) and, despite that knowledge, [he] [she] intentionally pursued that course of conduct, resulting in injury or damage. “Gross negligence” means that the conduct of (person whose conduct may warrant punitive damages) was so reckless or wanting in care that it constituted a conscious disregard or indifference to the life, safety, or rights of persons exposed to such conduct.]
 

 [“Clear and convincing evidence” differs from the “greater weight of the evidence” in that it is more compelling and persuasive. As I have already instructed you, “greater weight of the evidence” means the more persuasive and convincing force and effect of the entire evidence in the case.]
 

 c.
 
 Closing punitive damage instruction:
 

 If you decide that punitive damages that are warranted against [one or more of] (defendant(s)) then you must decide the amount of punitive damages, if any, to be assessed as punishment against (defendant(s)) and as a deterrent to others. This amount would be in addition to the compensatory damages you have previously awarded. In making this determination, you should consider the following:
 

 (1). the nature, extent and degree of misconduct and the related circumstances, including the following:
 

 (A), whether the wrongful conduct was motivated solely by unreasonable financial gain;
 

 (B). whether the unreasonably dangerous nature of the conduct, together with the high likelihood of injury resulting from the conduct, was actually known by [ (defendant) ] [ (the managing agent, director, officer, or other person responsible for making policy decisions on behalf of the defendant) ];
 

 (C). whether, at the time of [loss] [injury] [or] [damage], [ (defendant) ] [ (the managing agent, director, officer, or other person responsible for making policy decisions on behalf of the defendant) ] had a specific intent to harm (claimant) and the conduct of [ (defendant) ] [ (the managing agent, director, officer, or other person responsible for making policy decisions on behalf of the defendant) ] did in fact harm (claimant), [and]
 

 [(2). [the financial resources of (defendant(s)); and] ⅜
 

 ⅞
 
 Refer to Note on Use ⅛.
 

 [ (3). (identify any other circumstance that the jury may consider in determining the amount of punitive damages.) ] *
 

 *
 
 Refer to Note on Use 6.
 

 [However, you may not award an amount that would financially destroy (defendant(s)).] *
 

 *
 
 Refer to Note on Use 7.
 

 You may in your discretion decline to assess punitive damages. [You may as
 
 *799
 
 sess punitive damages against one defendant and not the other[s] or against more than one defendant. Punitive damages may be assessed against different defendants in different amounts.]
 

 (Proceed, to 601.01 et seq. and balance of instructions for the completion of the jury instructions.)
 

 NOTES ON USE TO 508.2
 

 1. This instruction is designed so it can be given before the taking of evidence. Instruction 503.2a and the applicable part of 503.2b should be given as part of the general instruction on the case.
 

 2. Instruction 503.2a should be given in all non-bifurcated cases.
 

 Instruction 503.2b(l) should be given when the demand for punitive damages is based on the conduct of an individual defendant.
 

 Instruction 503.2b(2) should be given when the demand for punitive damages is based on the conduct of a managing agent or principal.
 
 Bankers Multiple Line Insurance Co. v. Farish,
 
 464 So.2d 530 (Fla.1985). That person should be named in 503.2b(2). Pending further development in the law, the committee takes no position regarding whether the independent negligence must be on the part of a managing agent or principal or whether it can be based on the independent negligence of another employee. See
 
 Schropp v. Crown Eurocars, Inc.,
 
 654 So.2d 1158 (Fla.1995);
 
 Partington v. Metallic Engineering,
 
 792 So.2d 498 (Fla. 4th DCA 2001). In appropriate cases a corporate policy can provide the basis for punitive damages against a corporation even though the particular officers or agents of the corporation responsible for the policy are not discovered or identified. See,
 
 e.g., Schropp
 
 at 1162 (Wells, J. concurring). In those cases, the instruction will need to be modified accordingly.
 

 Instruction 503.2b(3) should be given when there is a demand for punitive damages against an employer/principal based on the conduct of an employee and punitive damages are also being sought against both the employee and employer. There may be situations other than employer-employee relationships where vicarious liability for punitive damages may be imposed. See,
 
 e.g., Knepper v. Genstar Corp.,
 
 537 So.2d 619 (Fla. 3d DCA 1988) (joint venture);
 
 Soden v. Starkman,
 
 218 So.2d 763 (Fla. 3d DCA 1969) (partnership).
 

 Instruction 503.2b(4) should be given when there is a demand for punitive damages against the employer/principal for the acts of an employee, but the employee is not a defendant or is not being sued for punitive damages.
 

 In cases involving both direct and vicarious liability claims, instructions 503.2b(2) and 503.2b(3) or b(4) should be given with appropriate transitional language with respect to the claims based on vicarious liability. The paragraphs defining “intentional misconduct” and “clear and convincing evidence” are bracketed because, once given, they do not have to be repeated.
 

 3.Instructions 503.2b(l)-b(4) are designed for use in most common-law tort cases. However, certain types of intentional torts may require a punitive damage charge appropriate to the particular tort. See,
 
 e.g., First Interstate Development Corp. v. Ablanedo,
 
 511 So.2d 536 (Fla.1987);
 
 Metropolitan Life Insurance Co. v. McCarson,
 
 467 So.2d 277 (Fla.1985). The same may be true where punitive damages are authorized by statute. See,
 
 e.g., Home Insurance Co. v. Owens,
 
 573 So.2d 343, 346 (Fla. 4th DCA 1990).
 

 
 *800
 
 4. Instruction 503.2c(2) should only be used when evidence of a defendant’s financial worth is introduced.
 

 5. It is not the purpose of these instructions to allow parties to relitigate in the second stage of the bifurcated proceeding, by new evidence or by argument, the underlying question decided in the first stage of the proceeding of whether an award of punitive damages is warranted. Rather, the purpose of these instructions is to advise the jury that in the second stage of the proceeding, evidence may be presented and argued which will allow the jury in its discretion to determine the amount of an award of punitive damages, and that the amount which the jury determines appropriate could be zero.
 

 6. Instruction 503.2c(3) should be used only after the court has determined that the evidence includes some additional circumstance that may affect the amount of punitive damages. See,
 
 e.g., Owens-Corning Fiberglas Corp. v. Ballard,
 
 749 So.2d 483 (Fla.1999) (listing various such factors). See generally
 
 BMW of North America, Inc. v. Gore,
 
 517 U.S. 559, 116 S.Ct. 1589, 134 L.Ed.2d 809 (1996). One such circumstance is the assessment of punitive damages against the defendant in prior cases. See
 
 W.R. Grace & Co. v. Waters,
 
 638 So.2d 502 (Fla.1994).
 

 7. This instruction is to be given when requested by the defendant. See
 
 Wransky v. Dalfo,
 
 801 So.2d 239 (Fla. 4th DCA 2001). It appears that this instruction can only be used when evidence of the defendant’s net worth has been introduced. See
 
 Bould v. Touchette,
 
 349 So.2d 1181 (Fla.1977);
 
 Rinaldi v. Aaron,
 
 314 So.2d 762 (Fla.1975). This instruction is not intended to supplant the court’s function in determining whether a verdict is constitutional. See
 
 BMW of North America, Inc. v. Gore,
 
 517 U.S. 559, 116 S.Ct. 1589, 134 L.Ed.2d 809 (1996);
 
 Pacific Mutual Life Insurance Co. v. Haslip,
 
 499 U.S. 1, 111 S.Ct. 1032, 113 L.Ed.2d 1 (1991). The committee notes that many reported decisions have used alternative terms such as “bankrupt” or “economically castigate” to describe this limitation, instead of or in addition to the term “financially destroy.” See,
 
 e.g., Wackenhut Corp. v. Canty,
 
 359 So.2d 430 (Fla.1978);
 
 Lehman v. Spencer Ladd’s, Inc.,
 
 182 So.2d 402 (Fla.1966). The committee has selected the term “financially destroy” for its simplicity, but does not intend to foreclose the use of other legally valid terms where appropriate under the facts of the particular case.
 

 SECTION 600 — SUBSTANTIVE INSTRUCTIONS— GENERAL
 

 601.1 Weighing the Evidence
 

 601.2 Believability of Witnesses
 

 601.3 Jury to Be Guided by Official English Translation/Interpretation
 

 601.4 Multiple Claims, Numerous Parties, Consolidated Cases
 

 601.5 Concluding Instruction (Before Final Argument)
 

 601.1 WEIGHING THE EVIDENCE
 

 In deciding this case, it is your duty as jurors [to decide the issues, and only those issues, that I submit for your determination] [to answer certain questions I ask you to answer on a special form, called a verdict form]. You must come to an agreement about [your verdict] [what your answers will be. Your agreed-upon answers to my questions are called your jury verdict].
 

 The evidence in this case consists of the sworn testimony of the witnesses, all exhibits received in evidence [and] all facts that were admitted or agreed to by the parties [, and any fact of which the
 
 *801
 
 court has taken judicial notice (explain as necessary) ].
 

 In reaching your verdict, you must think about and weigh the testimony and any documents, photographs, or other material that has been received in evidence. You may also consider any facts that were admitted or agreed to by the lawyers. Your job is to determine what the facts are. You may use reason and common sense to reach conclusions. You may draw reasonable inferences from the evidence. But you should not guess about things that were not covered here. And, you must always apply the law as I have explained it to you.
 

 601.2 BELIEVABILITY OF WITNESSES
 

 a. General considerations:
 

 Let me speak briefly about witnesses. In evaluating the believability of any witness and the weight you will give the testimony of any witness, you may properly consider the demeanor of the witness while testifying; the frankness or lack of frankness of the witness; the intelligence of the witness; any interest the witness may have in the outcome of the case; the means and opportunity the witness had to know the facts about which the witness testified; the ability of the witness to remember the matters about which the witness testified; and the reasonableness of the testimony of the witness, considered in the light of all the evidence in the case and in the light of your own experience and common sense.
 

 b. Expert witnesses:
 

 [You have heard opinion testimony [on certain technical subjects] from [a person] [persons] referred to as [an] expert witness[es].] [Some of the testimony before you was in the form of opinions about certain technical subjects.]
 

 You may accept such opinion testimony, reject it, or give it the weight you think it deserves, considering the knowledge, skill, experience, training, or education of the witness, the reasons given by the witness for the opinion expressed, and all the other evidence in the case.
 

 NOTES ON USE FOR 601.2
 

 1.
 
 Expert witness.
 
 See
 
 F.S.
 
 90.702 (1985), and
 
 Shaw v. Puleo,
 
 159 So.2d 641 (Fla.1964). The court will select one or the other introductory sentence in keeping with the court’s practice and preference in announcing before the jury, or acceding to counsel’s characterization, that a tendered witness is an “expert.”
 

 2.
 
 Common knowledge and everyday expedience.
 
 Except to the extent indicated in instruction 601.2, the committee recommends that the jury not be instructed that the jurors may bring to bear their “common knowledge and everyday experience.”
 

 3.
 
 Failure to produce witness.
 
 The committee recommends that no instruction be given. While it may be permissible in some circumstances to instruct the jury regarding inferences arising from a party’s failure to produce a witness (compare
 
 Weeks v. Atlantic Coast Line Railroad Co.,
 
 132 So.2d 315 (Fla. 1st DCA 1961), with
 
 Georgia Southern & Florida Railway Co. v. Perry,
 
 326 F.2d 921 (5th Cir.1964)), the committee believes that generally such inferences are more properly referred to in counsel’s argument.
 

 601.3 JURY TO BE GUIDED BY OFFICIAL ENGLISH TRANSLATION/INTERPRETATION
 

 [A] [Some] witnesses] have testified in (language used) which was interpreted into English.
 

 The evidence you are to consider is only that provided through the official
 
 *802
 
 court interpreters. Although some of you may know (language used), it is important that all jurors consider the same evidence. Therefore, you must base your decision on the evidence presented in the English interpretation. You must disregard any different meaning.
 

 If, during the testimony there was a question as to the accuracy of the English interpretation and steps were taken to resolve any discrepancies and despite these efforts a discrepancy remains, I emphasize that you must rely only upon the official English interpretation as provided by the court interpreter and disregard any other contrary interpretation.
 

 NOTES ON USE FOR 601.3
 

 1. See
 
 United States v. Franco,
 
 136 F.3d 622, 626 (9th Cir.1998);
 
 United States v. Rrapi,
 
 175 F.3d 742, 748 (9th Cir.1999);
 
 United States v. Fuentes-Montijo,
 
 68 F.3d 352, 355-56 (9th Cir.1995).
 

 2. When instructing the jury at the beginning of the case, use instruction 202.5 instead of this instruction. See Model Instruction No. 1.
 

 601.4 MULTIPLE CLAIMS, NUMEROUS PARTIES, CONSOLIDATED CASES
 

 In your deliberations, you will consider and decide [several] [ (state the number) ] distinct claims. (Identify claims to be considered.) Although these claims have been tried together, each is separate from the other[s], and each party is entitled to have you separately consider each claim as it affects that party. Therefore, in your deliberations, you should consider the evidence as it relates to each claim separately, as you would had each claim been tried before you separately.
 

 NOTE ON USE FOR 601.4
 

 This instruction is applicable to two or more consolidated actions as well as to two or more claims in the same action by or against different persons or by or against the same person in different capacities. The committee recommends that this instruction not be given to distinguish between a primary claim and a derivative claim
 
 {e.g.,
 
 that of the injured party and that of his or her spouse) or between a claim against a party primarily liable and a claim against a party liable only vicariously
 
 {e.g.,
 
 claims against a party actively negligent and against his employer) or claims under
 
 F.S.
 
 768.0415.
 

 601.5 CONCLUDING INSTRUCTION (BEFORE FINAL ARGUMENT)
 

 That is the law you must follow in deciding this case. The attorneys for the parties will now present their final arguments. When they are through, I will have a few final instructions about your deliberations.
 

 NOTE ON USE FOR 601.5
 

 Instruction 601.5 is for use when instructing the jury before final argument. If the court’s instruction is to be given after final argument, skip to instruction 700 and omit the bracketed sentence in the first paragraph.
 

 SECTION 7P0 — -CLOSING INSTRUCTIONS
 

 Members of the jury, you have now heard all the evidence, my instructions on the law that you must apply in reaching your verdict and the closing arguments of the attorneys. You will shortly retire to the jury room to decide this case. [Before you do so, I have a few last instructions for you.]
 

 You will have in the jury room all of the evidence that was received during the trial. In reaching your decision, do not do any research on your own or as a
 
 *803
 
 group. Do not use dictionaries, the Internet, or other reference materials. Do not investigate the case or conduct any experiments. Do not contact anyone to assist you, such as a family accountant, doctor, or lawyer. Do not visit or view the scene of any event involved in this case. If you happen to pass by the scene, do not stop or investigate. All jurors must see or hear the same evidence at the same time. Do not read, listen to, or watch any news accounts of this trial.
 

 Any notes you have taken during the trial may be taken to the jury room for use during your discussions. Your notes are simply an aid to your own memory, and neither your notes nor those of any other juror are binding or conclusive. Your notes are not a substitute for your own memory or that of other jurors. Instead, your verdict must result from the collective memory and judgment of all jurors based on the evidence and testimony presented during the trial.
 

 At the conclusion of the trial, the bailiff will collect all of your notes and immediately destroy them. No one will ever read your notes.
 

 In reaching your verdict, do not let bias, sympathy, prejudice, public opinion, or any other sentiment for or against any party to influence your decision. Your verdict must be based on the evidence that has been received and the law on which I have instructed you.
 

 Reaching a verdict is exclusively your job. I cannot participate in that decision in any way, and you should not guess what I think your verdict should be from something I may have said or done. You should not think that I prefer one verdict over another. Therefore, in reaching your verdict, you should not consider anything that I have said or done, except for my specific instructions to you.
 

 Pay careful attention to all the instructions that I gave you, for that is the law that you must follow. You will have a copy of my instructions with you when you go to the jury room to deliberate. All the instructions are important, and you must consider all of them together. There are no other laws that apply to this case, and even if you do not agree with these laws, you must use them in reaching your decision in this case.
 

 After you have decided what the facts are, you may find that some instructions do not apply. In that case, follow the instructions that do apply and use them together with the facts to reach your verdict.
 

 When you go to the jury room, the first thing you should do is choose a presiding juror to act as foreperson during your deliberations. The foreperson should see to it that your discussions are orderly and that everyone has a fair chance to be heard.
 

 It is your duty to talk with one another in the jury room and to consider the views of all the jurors. Each of you must decide the case for yourself, but only after you have considered the evidence with the other members of the jury. Feel free to change your mind if you are convinced that your position should be different. You should all try to agree. But do not give up your honest beliefs just because the others think differently. Keep an open mind so that you and your fellow jurors can easily share ideas about the case.
 

 [I will give you a verdict form with questions you must answer. I have al
 
 *804
 
 ready instructed you on the law that you are to use in answering- these questions. You must follow my instructions and the form carefully. You must consider each question separately. Please answer the questions in the order they appear. After you answer a question, the form tells you what to do next. I will now read the form to you: (read form of verdict) ]
 

 [You will be given (state number) forms of verdict, which I shall now read to you: (read form of verdict(s)) ]
 

 [If you find for (claimant(s)), your verdict will be in the following form: (read form of verdict) ]
 

 [If you find for (defendant(s)), your verdict will be in the following form: (read form of verdict) ]
 

 Your verdict[s] must be unanimous, that is, your verdict must be agreed to by each of you. When you have [agreed on your verdict[s]] [finished filling out the form[s]], your foreperson must write the date and sign it at the bottom and return the verdict[s] to the bailiff.
 

 If any of you need to communicate with me for any reason, write me a note and give it to the bailiff. In your note, do not disclose any vote or split or the reason for the communication.
 

 You may now retire to decide your verdict[s].
 

 NOTES ON USE FOR 700
 

 1.When final instructions are read to the jury before the attorney’s closing arguments, this instruction should not be given at that time. It should be given following closing arguments, just before the jury retires to deliberate. If, however, the entire instruction is given after final arguments, omit the bracketed sentence in the first paragraph.
 

 2. Florida Rule of Judicial Administration 2.430(k) provides that at the conclusion of the trial, the court shall collect and immediately destroy all juror notes.
 

 3.
 
 Quotient verdict.
 
 The committee recommends that no instruction generally be given to admonish the jury against returning a “quotient verdict.”
 

 4. When it is impracticable to take all of the evidence into the jury room, this instruction should be modified accordingly.
 

 SECTION 800 — SUPPLEMENTAL MATTERS
 

 801.1 Juror Questions During Deliberations
 

 801.2 Read-Back of Testimony
 

 801.3 Jury Deadlocked
 

 801.4 Instruction upon Discharge of Jury
 

 801.1 JUROR QUESTIONS DURING DELIBERATIONS
 

 Members of the jury, I have discussed your [note] [question] with the attorneys. You have [asked the following question] [made the following request]:
 

 (read juror’s note):
 

 If I have not read your [note] [question] correctly, please raise your hand.
 

 (clarify question as needed):
 

 1. The answer is:
 

 (respond to question):
 

 OR
 

 2. I am not able to [answer] [respond to] this [question] [request] because it [calls
 
 for
 
 information that is not in evidence] [is not proper to be considered in this case] [(other reason why question or request is improper) ]. Your decision must be based only on the evidence presented in the trial and the law that I have given you. [If you have any other specific questions, please send another note, and I will
 
 *805
 
 see if I can answer it.] [ (other appropriate response) ].
 

 NOTES ON USE FOR 801.1
 

 1. The procedure contained in 801.1 assumes that a juror question or request will be in writing. Oral questions from jurors are discouraged.
 

 2. In responding to a juror’s question or request, the court should answer as specifically as possible. To avoid inadvertent error, it is a good practice to prepare a written answer with the assistance of the attorneys and then read this answer to the jury.
 

 3. All written questions and answers should be preserved and placed in the court file.
 

 801.2 READ-BACK OF TESTIMONY
 

 a. Read-back granted as requested:
 

 Members of the jury, you have asked that the following testimony be read back to you:
 
 (describe testimony)
 

 The court reporter will now read the testimony, which you have requested.
 

 OR
 

 b. Read-back deferred:
 

 Members of the jury, I have discussed with the attorneys your request to have certain testimony read back to you. It will take approximately (amount of time) to have the court reporter prepare and read back the requested testimony.
 

 I now direct you to return to the jury room and discuss your request further. If you are not able to resolve your question about the requested testimony by relying on your collective memory, then you should write down a more specific description of the part of the witness(es)’ testimony which you want to hear again. Make your request for reading back testimony as specific as possible.
 

 c.Read-back denied:
 

 Members of the jury, you have asked that the following testimony be read back to you:
 
 (describe testimony)
 

 I am not able to grant your request because (give reason(s) for denying request).
 

 NOTE ON USE FOR 801.2
 

 Any read-back of testimony should take place in open court. Transcripts or tapes of testimony should not be sent back to the jury room.
 

 801.3 JURY DEADLOCKED
 

 Members of the jury, we understand you are having difficulty reaching a verdict. This case is important to the parties, and we appreciate your efforts. But I am going to ask you to go back to try again to reach a verdict if you reasonably can.
 

 Please carefully consider the views of all the jurors, including those you disagree with. Keep an open mind and feel free to change your view if you conclude it is wrong.
 

 You should not, however, give up your own conscientiously held views simply to end the case or avoid further discussion. Each of you must decide the case for yourself and not merely go along with the conclusions of other jurors.
 

 If you cannot agree on what a witness said, you may ask that the court reporter read back to you a portion of any witness’s testimony. To avoid delay, your request should be as specific as possible.
 

 You may now return to the jury room for further deliberations.
 

 
 *806
 
 NOTES ON USE FOR 801.3
 

 1. This instruction should not be given unless the jury indicates it is deadlocked.
 
 Moore v. State,
 
 635 So.2d 998 (Fla. 4th DCA 1994);
 
 Armstrong v. State,
 
 364 So.2d 1238 (Fla. 1st DCA 1978).
 

 2. This instruction should be given only once. If after having received this instruction, the jury announces
 
 again
 
 that it is deadlocked, the jury cannot be sent back for further deliberations.
 
 Tomlinson v. State,
 
 584 So.2d 43 (Fla. 4th DCA 1991).
 

 801.4 INSTRUCTION UPON DISCHARGE OF JURY
 

 Ladies and gentlemen, on behalf of the parties, lawyers and the people of the State of Florida, I wish to thank you for your time and consideration of this case.
 

 I also wish to advise you of some very special privileges enjoyed by jurors.
 

 No juror can be required to talk about the discussions that occurred in the jury room, except by court order. For many centuries, our society has relied upon juries for consideration of difficult cases. We have recognized for hundreds of years that a jury’s deliberations, discussions and votes should remain their private affair as long as they wish it. Therefore, the law gives you a unique privilege not to speak about the jury’s work.
 

 The lawyers and their representatives are not permitted to initiate any communication with you about the trial. However, you may speak to the lawyers or anyone else about the trial. You also have the right to refuse to speak with anyone. A request may come from those who are simply curious, or from those who might seek to find fault with you. It will be up to you to decide whether to preserve your privacy as a juror.
 

 (In discharging the jury, the court should advise them, of their further responsibilities, if any.)
 

 NOTE ON USE FOR 801.4
 

 After this instruction, the jury should be discharged and no further discussion should be had between the judge and the jurors, or between the attorneys and jurors, except in accordance with applicable law. See
 
 Fla.R.Civ.P.
 
 1.431(h); Rule Reg. Fla. Bar 4-3.5(d)(4).
 

 MODEL JURY INSTRUCTIONS
 

 The following Model Jury Instructions are included to illustrate the use of
 
 Florida Standard Jury Instructions.
 
 The hypothetical facts upon which each instruction is based are set forth before the instruction. The committee made arbitrary decisions about various factors involved in each hypothetical case, and the Model Instructions are not intended to be incorporated entirely into a court’s instruction.
 

 The numbers of the instructions used in the examples are indicated within brackets. In instances in which changes have been made to adapt the standard instructions to the circumstances of the hypothetical case, the committee has
 
 italicized
 
 the instructions.
 

 These Model Instructions are provided
 
 only
 
 as examples of how the instructions are intended to be used. Revisions in the Model Instructions often lag some time behind revisions in the substantive charges the use of which is illustrated in the Model Instructions. DO NOT, therefore, rely on the Model Instructions for correct wording when preparing instructions. Always refer to the standard instructions and forms provided in Parts I through VIII.
 

 
 *807
 
 Summary of Contents
 

 Page
 

 Model Instruction No. 1: Automobile collision; comparative negligence; single claimant and defendant; no counterclaim; no-fault threshold issue; witnesses testifying in foreign language; instructions for beginning and end of case; use of special verdict in burden of proof and damage instructions . 807
 

 Model Instruction No. 2: Automobile collision; driver’s comparative negligence including failure to wear seat belt; pre-existing injury; multiple events 820
 

 Model Instruction No. 3: Automobile collision; comparative negligence; wrongful death damages; Fabre issue. 826
 

 Model Instruction No. 4: Automobile collision; comparative negligence; claim and counterclaim. 832
 

 Model Instruction No. 5: Injury in three-car collision; settlement with injured party by one tortfeasor; independent contribution claim by him against others; reasonableness of settlement as well as liability contested. 838
 

 Model Instruction No. 6: Claimant suing three alleged joint tortfeasors; comparative negligence in issue; contribution shares to be determined in action 843
 

 MODEL INSTRUCTION NO. 1
 

 Automobile collision; comparative negligence; single claimant and defendant; no counterclaim; no-fault threshold issue; witnesses testifying in foreign language; instructions for beginning and end of case; use of special verdict in burden of proof and damage instructions
 

 Facts of the hypothetical case:
 

 John Doe was injured when the automobile he was driving collided with one driven by Rachel Rowe. John Doe sued Rachel Rowe. Rachel Rowe pleaded comparative negligence. Questions of negligence, comparative negligence, causation, permanency of John Doe’s injuries and damages are to be submitted to the jury. Traffic Accident Reconstruction experts testified in the case. There is no
 
 Fabre
 
 issue. Several witnesses will testify in Spanish.
 

 The court’s instruction:
 

 These instructions illustrate: (1) instructions to be given at the beginning of the case, (2) instructions to be given before final argument and the closing instructions to be given after final argument. Instruction number (2), to be given before final argument, also illustrates how the court could utilize the Special Verdict questions in the burden of proof portion of the instruction.
 

 (1) Instruction for the beginning of the case:
 

 [101.2]
 
 Members of the jury,
 
 do you solemnly swear or affirm that you will well and truly try this case between John Doe and Rachel Rowe, and a true verdict render according to the law and evidence?
 

 [202.1] You have now taken an oath to serve as jurors in this trial. Before we begin, I am going to tell you about the rules of law that apply to this case. It is my intention to give you [all] [most] of the rules of law but it might be that I will not know for sure all of the law that might apply in this case until all of the evidence is presented.
 
 *808
 
 However, I can anticipate most of the law and give it to you at the beginning of the trial so that you can better understand what to be looking for as the evidence is presented. If I later decide that different law applies to the case, I will call that to your attention. In any event, at the end of the evidence I will give you the final instructions that you must use to decide this case and it is those instructions on which you must base your verdict. At that time, you will have a complete written set of the instructions so you do not have to memorize what I am about to tell you.
 

 [401.2] The claims and defenses in this case are as follows. John Doe claims that Rachel Rowe was negligent in the operation of the vehicle she was driving which caused him harm.
 

 Rachel Rowe denies that claim and also claims that John Doe was himself negligent in the operation of his vehicle, which caused his harm.
 

 The parties must prove their claims by the greater weight of the evidence. I will now define some of the terms you will use in deciding this case.
 

 [401.3] “Greater weight of the evidence” means the more persuasive and convincing force and effect of the entire
 
 evidence
 
 in the case.
 

 [401.4] Negligence is the failure to use reasonable care, which is the care that a reasonably careful person would use under like circumstances. Negligence is doing something that a reasonably careful person would not do under like circumstances or failing to do something that a reasonably careful person would do under like circumstances.
 

 If there is an issue about the applicability of a statute this instruction would be omitted at this time.
 

 [401.9]
 
 (Read or paraphrase the applicable statute or refer to the ordinance or regulation admitted in evidence.)
 
 Violation of this statute is evidence of negligence. It is not, however, conclusive evidence of negligence. If you find that Rachel Rowe violated this statute, you may consider that fact, together with the other facts and circumstances, in deciding whether
 
 she
 
 was negligent.
 

 [401.12(a) ] Negligence is a legal cause of loss, injury, or damage if it directly and in natural and continuous sequence produces or contributes substantially to producing such loss, injury, or damage, so that it can reasonably be said that, but for the negligence, the loss, injury, or damage would not have occurred.
 

 [401.12(b) ] In order to be regarded as a legal cause of loss, injury, or damage negligence need not be the only cause. Negligence may be a legal cause of loss, injury, or damage even though it operates in combination with some other cause if the negligence contributes substantially to producing such loss, injury, or damage.
 

 [401.18] The issues you must decide on John Doe’s claim against Rachel Rowe are whether Rachel Rowe was negligent in the operation of her vehicle, and, if so, whether that negligence was a legal cause of the loss, injury, or damage to John Doe.
 

 [401.21] If the greater weight of the evidence does not support John Doe’s claim, your verdict should be for Rachel Rowe.
 

 [401.22] If, however, the greater weight of the evidence supports John
 
 *809
 
 Doe’s claim, then you shall consider the defense raised by Rachel Rowe.
 

 [401.22(a) ] On
 
 that
 
 defense, the issue for you to decide is whether John Doe was himself negligent in the operation of his vehicle and, if so, whether that negligence was a contributing legal cause of injury or damage to John Doe.
 

 [401.23] If the greater weight of the evidence does not support Rachel Rowe’s defense and the greater weight of the evidence supports John Doe’s claim, then your verdict should be for John Doe in the total amount of his damages.
 

 If, however, the greater weight of the evidence shows that both John Doe and Rachel Rowe were negligent and that the negligence of each contributed as a legal cause of loss, injury, or damage sustained by John Doe, you should decide and write on the verdict form,
 
 which I will give you at the end of the case,
 
 what percentage of the total negligence of both parties to this action was caused by each of them.
 

 [501.4]If your verdict is for Rachel Rowe, you will not consider the matter of damages. But, if the greater weight of the evidence supports John Doe’s claim, you should determine and write on the verdict form, in dollars, the total amount of money that the greater weight of the evidence shows will fairly and adequately compensate John Doe for the following elements of damage to the extent that they have not been paid and are not payable by personal injury protection benefits, including damage that John Doe is reasonably certain to incur in the future:
 

 The reasonable expense of hospitalization and medical care and treatment necessarily or reasonably obtained by John Doe in the past, or to be so obtained in the future.
 

 Any earnings lost in the past, and any loss of ability to earn money in the future.
 

 You must next decide whether John Doe’s injury, resulting from the incident in this case, is permanent. An injury is permanent if it, in whole or in part, consists of an injury that the evidence shows is permanent to a reasonable degree of medical probability.
 

 If the greater weight of the evidence does not establish that John Doe’s injury is permanent, then your verdict is complete. If, however, the greater weight of the evidence shows that John Doe’s injury is permanent, you should also award damages for this additional element of damage:
 

 Any bodily injury sustained by John Doe and any resulting pain and suffering, disability or physical impairment, disfigurement, mental anguish, inconvenience or loss of capacity for the enjoyment of life experienced in the past, or to be experienced in the future. There is no exact standard for measuring such damage. The amount should be fair and just, in the light of the evidence.
 

 [501.5] In determining the total amount of damages, you should not make any reduction because of the negligence, if any, of John Doe. The court will enter a judgment based on your verdict and, if you find that John Doe was negligent in any degree, the court, in entering judgment, will reduce the total amount of damages by the percentage of negligence, which you find was caused by John Doe.
 

 [501.6] If the greater weight of the evidence shows that John Doe has been permanently injured, you may consider
 
 *810
 
 his life expectancy. Mortality tables
 
 may be
 
 received in evidence and, if they are, you may consider
 
 them
 
 in determining how long John Doe may be expected to live. Mortality tables are not binding on you, but may be considered together with other evidence in the case bearing on John Doe’s health, age and physical condition, before and after the injury, in determining the probable length of his life.
 

 [501.7] Any amount of damages, which you allow for future medical expenses or loss of ability to earn money in the future, should be reduced to its present money value, and only the present money value of these future economic damages should be included in your verdict. The present money value of future economic damages is the sum of money needed now which, together with what that sum will earn in the future, will compensate John Doe for these losses as they are actually experienced in future years.
 

 [601.1] In deciding this case, it is your duty as jurors to decide the issues, and only those issues, that I submit for your determination
 
 at the end of the case
 
 and to answer certain questions I
 
 will
 
 ask you to answer on a special form, called a special verdict. You must come to an agreement about what your answers will be. Your agreed-upon answers to my questions are called your jury verdict.
 

 In reaching your verdict, you must think about and weigh the testimony and any documents, photographs, or other material that has been received in evidence. You may also consider any facts that were admitted or agreed to by the lawyers. Your job is to determine what the facts are. You may use reason and common sense to reach conclusions. You may draw reasonable inferences from the evidence. But you should not guess about things that were not covered here. And, you must always apply the law as I
 
 finally
 
 explain it to you
 
 at the end of the case.
 

 [601.2(a) ] Let me speak briefly about witnesses. In evaluating the believability of any witness and the weight you will give the testimony of any witness, you may properly consider the demeanor of the witness while testifying; the frankness or lack of frankness of the witness; the intelligence of the witness; any interest the witness may have in the outcome of the case; the means and opportunity the witness had to know the facts about which the witness testified; the ability of the witness to remember the matters about which the witness testified; and the reasonableness of the testimony of the witness, considered in the light of all the evidence in the case and in the light of your own experience and common sense.
 

 [601.2(b) ] Some of the testimony
 
 you hear may be
 
 in the form of opinions about certain technical subjects.
 

 You may accept such opinion testimony, reject it, or give it the weight you think it deserves, considering the knowledge, skill, experience, training, or education of the witness, the reasons given by the witness for the opinion expressed, and all the other evidence in the case.
 

 [202.3] Now that you have heard the law, I want to let you know what you can expect as the trial proceeds.
 

 Opening Statements: In a few moments, the attorneys will each have a chance to make what are called opening statements. In an opening statement, an attorney is allowed to give you [his] [her] views about what the evidence will
 
 *811
 
 be in the trial and what you are likely to see and hear in the testimony.
 

 Evidentiary Phase: After the attorneys’ opening statements the plaintiff will bring his witnesses and evidence to you, followed by the defendant.
 

 Evidence: Evidence is the information that the law allows you to see or hear in deciding this case. Evidence includes the testimony of the witnesses, documents, and anything else that I instruct you to consider.
 

 Witnesses: A witness is a person who takes an oath to tell the truth and then answers attorneys’ questions for the jury. The answering of attorneys’ questions by witnesses is called “giving testimony.” Testimony means statements that are made when someone has sworn an oath to tell the truth.
 

 The plaintiffs lawyer will normally ask a witness the questions first. That is called direct examination. Then the defense lawyer may ask the same witness additional questions about whatever the witness has testified to. That is called cross-examination. Certain documents or other evidence may also be shown to you during direct or cross-examination. After the plaintiffs witnesses have testified, the defendant will have the opportunity to put witnesses on the stand and go through the same process. Then the plaintiffs lawyer gets to do cross-examination. The process is designed to be fair to both sides.
 

 It is important that you remember that testimony comes from witnesses. The attorneys do not give testimony and they are not themselves witnesses.
 

 Objections: Sometimes the attorneys will disagree about the rules for trial procedure when a question is asked of a witness. When that happens, one of the lawyers may make what is called an “objection.” The rules for a trial can be complicated, and there are many reasons for the attorneys to object. You should simply wait for me to decide how to proceed. If I say that an objection is “sustained,” that means you should disregard the question and the witness may not answer the question. If I say that the objection is “overruled,” that means the witness may answer the question.
 

 When there is an objection and I make a decision, you must not assume from that decision that I have any particular opinion other than that the rules for conducting a trial are being correctly followed. If I say a question may not be asked or answered, you must not try to guess what the answer would have been. That is against the rules, too.
 

 Side Bar Conferences: Sometimes I will need to speak to the attorneys about legal elements of the case that are not appropriate for the jury to hear. The attorneys and I will try to have as few of these conferences as possible while you are giving us your valuable time in the courtroom. But, if we do have to have such a conference during testimony, we will try to hold the conference at the side of my desk so that we do not have to take a break and ask you to leave the courtroom.
 

 Recesses: Breaks in an ongoing trial are usually called “recesses.” During a recess you still have your duties as a juror and must follow the rules, even while having coffee, at lunch, or at home.
 

 Instructions Before Closing Arguments: After all the evidence has been presented to you, I will
 
 again
 
 instruct you on the law that you must follow. At that time you will have a written set of the instructions for your use.
 

 
 *812
 
 Closing Arguments: The attorneys will then have the opportunity to make their final presentations to you, which are called closing arguments.
 

 Final Instructions: After you have heard the closing arguments, I will instruct you further in the law as well as explain to you the procedures you must follow to decide the case.
 

 Deliberations: After you hear the final jury instructions, you will go to the jury room and discuss and decide the questions I have put on your verdict form. [You will have a copy of the jury instructions to use during your discussions.] The discussions you have and the decisions you make are usually called “jury deliberations.” Your deliberations are absolutely private and neither I nor anyone else will be with you in the jury room.
 

 Verdict: When you have finished answering the questions, you will give the verdict form to the bailiff, and we will all return to the courtroom where your verdict will be read. When that is completed, you will be released from your assignment as a juror.
 

 What are the rules?
 

 Finally, before we begin the trial, I want to give you just a brief explanation of rules you must follow as the case proceeds.
 

 Keeping an Open Mind. You must pay close attention to the testimony and other evidence as it comes into the trial. However, you must avoid forming any final opinion or telling anyone else your views on the case until you begin your deliberations. This rule requires you to keep an open mind until you have heard all of the evidence and is designed to prevent you from influencing how your fellow jurors think until they have heard all of the evidence and had an opportunity to form their own opinions. The time and place for coming to your final opinions and speaking about them with your fellow jurors is during deliberations in the jury room, after all of the evidence has been presented, closing arguments have been made, and I have instructed you on the law. It is important that you hear all of the facts and that you hear the law and how to apply it before you start deciding anything.
 

 Consider Only the Evidence. It is the things you hear and see in this courtroom that matter in this trial. The law tells us that a juror can consider only the testimony and other evidence that all the other jurors have also heard and seen in the presence of the judge and the lawyers. Doing anything else is wrong and is against the law. That means that you cannot do any work or investigation of your own about the case. You cannot obtain on your own any information about the case or about anyone involved in the case, from any source whatsoever, including the Internet, and you cannot visit places mentioned in the trial.
 

 Do not provide any information about this case to anyone, including friends or family members. Do not let anyone, including the closest family members, make comments to you or ask questions about the trial. Similarly, it is important that you avoid reading any newspaper accounts or watching or listening to television or radio comments that have anything to do with this case or its subject.
 

 No Mid-Trial Discussions. When we are in a recess, do not discuss anything about the trial or the case with each other or with anyone else. If attorneys approach you, don’t speak with them. The law says they are to avoid contact
 
 *813
 
 with you. If an attorney will not look at you or speak to you, do not be offended or form a conclusion about that behavior. The attorney is not supposed to interact with jurors outside of the courtroom and is only following the rules. The attorney is not being impolite. If an attorney or anyone else does try to speak with you or says something about the case in your presence, please inform the bailiff immediately.
 

 Only the Jury Decides. Only you get to deliberate and answer the verdict questions at the end of the trial. I will not intrude into your deliberations at all. I am required to be neutral. You should not assume that I prefer one decision over another. You should not try to guess what my opinion is about any part of the case. It would be wrong for you to conclude that anything I say or do means that I am for one side or another in the trial. Discussing and deciding the facts is your job alone.
 

 [202.4] If you would like to take notes during the trial, you may do so. On the other hand, of course, you are not required to take notes if you do not want to. That will be left up to you individually.
 

 You will be provided with a note pad and a pen for use if you wish to take notes. Any notes that you take will be for your personal use. However, you should not take them with you from the courtroom. During recesses, the bailiff will take possession of your notes and will return them to you when we reconvene. After you have completed your deliberations, the bailiff will deliver your notes to me. They will be destroyed. No one will ever read your notes.
 

 If you take notes, do not get so involved in note-taking that you become distracted from the proceedings. Your notes should be used only as aids to your memory.
 

 Whether or not you take notes, you should rely on your memory of the evidence and you should not be unduly influenced by the notes of other jurors. Notes are not entitled to any greater weight than each juror’s memory of the evidence.
 

 [202.4] During the trial, you may have a question you think should be asked of a witness. If so, there is a procedure by which you may request that I ask the witness a question. After all the attorneys have completed their questioning of the witness, you should raise your hand if you have a question. I will then give you sufficient time to write the question on a piece of paper, fold it, and give it to the bailiff, who will pass it to me. You must not show your question to anyone or discuss it with anyone.
 

 I will then review the question with the attorneys. Under our law, only certain evidence may be considered by a jury in determining a verdict. You are bound by the same rules of evidence that control the attorneys’ questions. If I decide that the question may not be asked under our rules of evidence, I will tell you. Otherwise, I will direct the question to the witness. The attorneys may then ask follow-up questions if they wish. If there are additional questions from jurors, we will follow the same procedure again.
 

 By providing this procedure, I do not mean to suggest that you must or should submit written questions for witnesses. In most cases, the lawyers will have asked the necessary questions.
 

 
 *814
 
 [202.5]
 
 During the trial,
 
 some witnesses may testify in Spanish which will be interpreted in English.
 

 The evidence you are to consider is only that provided through the official court interpreters. Although some of you may know Spanish, it is important that all jurors consider the same evidence. Therefore, you must accept the English interpretation. You must disregard any different meaning.
 

 If, however, during the testimony there is a question as to the accuracy of the English interpretation, you should bring this matter to my attention immediately by raising your hand. You should not ask your question or make any comment about the interpretation in the presence of the other jurors, or otherwise share your question or concern with any of them. I will take steps to see if your question can be answered and any discrepancy resolved. If, however, after such efforts a discrepancy remains, I emphasize that you must rely only upon the official English interpretation as provided by the court interpreter and disregard any other contrary interpretation.
 

 The attorneys will now present their opening statements after which you will begin hearing the evidence.
 

 (2) Instruction before final argument:
 

 [401.1]Members of the jury, you have now heard and received all of the evidence in this case. I am now going to tell you about the rules of law that you must use in reaching your verdict. You will recall at the beginning of the case I told you that if, at the end of the case I decided that different law applies, I would tell you so. These instructions are,
 
 however, the same as
 
 [if different explain how] what I gave you at the beginning and it is these rules of law that you must now follow. When I finish telling you about the rules of law, the attorneys will present their final arguments and you will then retire to decide your verdict.
 

 [401.2] The claims and defenses in this case are as follows. John Doe claims that Rachel Rowe was negligent in the operation of the vehicle she was driving which caused him harm.
 

 Rachel Rowe denies that claim and also claims that John Doe was himself negligent in the operation of his vehicle, which caused his harm.
 

 The parties must prove their claims by the greater weight of the evidence. I will now define some of the terms you will use in deciding this case.
 

 [401.3] “Greater weight of the evidence” means the more persuasive and convincing force and effect of the entire evidence in the case.
 

 [401.4] Negligence is the failure to use reasonable care, which is the care that a reasonably careful person would use under like circumstances. Negligence is doing something that a reasonably careful person would not do under like circumstances or failing to do something that a reasonably careful person would do under like circumstances.
 

 [401.9]
 
 (Read or paraphrase the applicable statute or refer to the ordinance or regulation admitted in evidence.)
 
 Violation of this statute is evidence of negligence. It is not, however, conclusive evidence of negligence. If you find that Rachel Rowe violated this statute, you may consider that fact, together with the other facts and circumstances, in deciding whether she was negligent.
 

 [401.12(a) ] Negligence is a legal cause of loss, injury, or damage if it directly and in natural and continuous
 
 *815
 
 sequence produces or contributes substantially to producing such loss, injury, or damage, so that it can reasonably be said that, but for the negligence, the loss, injury, or damage would not have occurred.
 

 [401.12(b) ] In order to be regarded as a legal cause of loss, injury, or damage negligence need not be the only cause. Negligence may be a legal cause of loss, injury, or damage even though it operates in combination with some other cause if the negligence contributes substantially to producing such loss, injury, or damage.
 

 [401.18] The issues you must decide on John Doe’s claim against Rachel Rowe are whether Rachel Rowe was negligent in the operation of her vehicle, and, if so, whether that negligence was a legal cause of the loss, injury, or damage to John Doe.
 

 You will be given a Special Verdict to use in this case. The first question in the Special Verdict is:
 

 1.Was there negligence on the part of Defendant, RACHEL ROWE, which was a legal cause of damage to Plaintiff, JOHN DOE?
 

 YES_NO_
 

 [401.21, 22]
 
 If the greater weight of the evidence supports John Doe’s claim, you will answer that question “YES. ” If, however, your answer to question 1 is “NO,” your verdict is for the Defendant, and you should not proceed further, except to date and sign the Special Verdict and return it to the courtroom.
 

 If
 
 you answered the first question YES,
 
 then you shall consider the defense raised by Rachel Rowe.
 

 [401.22(a) ] On
 
 that
 
 defense, the issue for you to decide is whether John Doe was himself negligent in the operation of his vehicle and, if so, whether that negligence was a contributing legal cause of injury or damage to John Doe.
 
 In connection with that defense, the second question in the Special Verdict is:
 

 2.
 
 Was
 
 there negligence on the part of Plaintiff, JOHN DOE, which was a legal cause of his damage?
 

 YES_NO_
 

 [401.23]
 
 If the greater weight of the evidence supports Rachel Roe’s defense, you will answer that question “Yes. ” If, however, your answer to that question is “NO”
 
 and the greater weight of the evidence supports John Doe’s claim, then your verdict should be for John Doe in the total amount of his damages
 
 and you will skip the third question in the Special Verdict and proceed directly to the questions concerning damages.
 

 If, however, the greater weight of the evidence shows that both John Doe and Rachel Rowe were negligent and that the negligence of each contributed as a legal cause of loss, injury, or damage sustained by John Doe, you should decide and write on the verdict form what percentage of the total negligence of both parties to this action was caused by each of them.
 
 In that connection, the third question in the Special Verdict is:
 

 3. State the percentage of negligence which was a legal cause of damage to Plaintiff, JOHN DOE, that you charge to:
 

 RACHEL ROWE_%
 

 JOHN DOE
 
 _%
 

 [501.4] If your verdict is for Rachel Rowe, you will not consider the matter of damages. But, if the greater weight of the evidence supports John Doe’s claim
 
 and you answered the first question “YES,”
 
 you should determine and write on the verdict form, in dollars, the
 
 *816
 
 total amount of money that the greater weight of the evidence shows will fairly and adequately compensate John Doe for the following elements of damage to the extent that they have not been paid and are not payable by personal injury protection benefits, including damage that John Doe is reasonably certain to incur in the future:
 

 The reasonable expense of hospitalization and medical care and treatment necessarily or reasonably obtained by John Doe in the past, or to be so obtained in the future:
 

 Any earnings lost in the past, and any loss of ability to earn money in the future.
 

 These appear as questions 4 and 5 in the Special Verdict.
 

 You must next decide whether John Doe’s injury, resulting from the incident in this case, is permanent. An injury is permanent if it, in whole or in part, consists of an injury that the evidence shows is permanent to a reasonable degree of medical probability.
 

 If the greater weight of the evidence does not establish that John Doe’s injury is permanent, then your verdict is complete. If, however, the greater weight of the evidence shows that John Doe’s injury is permanent, you should also award damages for this additional element of damage:
 

 Any bodily injury sustained by John Doe and any resulting pain and suffering, disability or physical impairment, disfigurement, mental anguish, inconvenience or loss of capacity for the enjoyment of life experienced in the past, or to be experienced in the future. There is no exact standard for measuring such damage. The amount should be fair and just, in the light of the evidence.
 

 This appears as question 6 in the Special Verdict.
 

 [501.3] In determining the total amount of damages, you should not make any reduction because of the negligence, if any, of John Doe. The court will enter a judgment based on your verdict and, if you find that John Doe was negligent in any degree, the court, in entering judgment, will reduce the total amount of damages by the percentage of negligence which you find was caused by John Doe.
 

 [501.6] If the greater weight of the evidence shows that John Doe has been permanently injured, you may consider his life expectancy. The mortality tables received in evidence may be considered in determining how long John Doe may be expected to live. Mortality tables are not binding on you, but may be considered together with other evidence in the case bearing on John Doe’s health, age and physical condition, before and after the injury, in determining the probable length of his life.
 

 [501.7] Any amount of damages which you allow for future medical expenses or loss of ability to earn money in the future should be reduced to its present money value, and only the present money value of these future economic damages should be included in your verdict. The present money value of future economic damages is the sum of money needed now which, together with what that sum will earn in the future, will compensate John Doe for these losses as they are actually experienced in future years.
 

 [601.1] In deciding this case, it is your duty as jurors to decide the issues, and only those issues, that I submit for
 
 *817
 
 your determination and to answer the questions I
 
 have asked
 
 you to answer on the special verdict. You must come to an agreement about what your answers will be. Your agreed-upon answers to my questions are called your jury verdict.
 

 In reaching your verdict, you must think about and weigh the testimony and any documents, photographs, or other material that has been received in evidence. You may also consider any facts that were admitted or agreed to by the lawyers. Your job is to determine what the facts are. You may use reason and common sense to reach conclusions. You may draw reasonable inferences from the evidence. But you should not guess about things that were not covered here. And, you must always apply the law as I have explained it to you.
 

 [601.2(a) ] Let me speak briefly about witnesses. In evaluating the believability of any witness and the weight you will give the testimony of any witness, you may properly consider the demeanor of the witness while testifying; the frankness or lack of frankness of the witness; the intelligence of the witness; any interest the witness may have in the outcome of the case; the means and opportunity the witness had to know the facts about which the witness testified; the ability of the witness to remember the matters about which the witness testified; and the reasonableness of the testimony of the witness, considered in the light of all the evidence in the case and in the light of your own experience and common sense.
 

 [601.2(b) ] Some of the testimony before you was in the form of opinions about certain technical subjects.
 

 You may accept such opinion testimony, reject it, or give it the weight you think it deserves, considering the knowledge, skill, experience, training, or education of the witness, the reasons given by the witness for the opinion expressed, and all the other evidence in the case.
 

 [601.3] Some witnesses testified in Spanish during this trial, which had to be interpreted into English. The evidence you are to consider is only that provided through the official court interpreters. Although some of you may know Spanish, it is important that all jurors consider the same evidence. Therefore, you must base your decision on the evidence presented in the English interpretation. You must disregard any different meaning.
 

 [601.5] That is the law you must follow in deciding this case. The attorneys for the parties will now present their final arguments. When they are through, I will have a few final instructions about your deliberations.
 

 (3) Instruction following dosing arguments:
 

 [700] Members of the jury, you have now heard all the evidence, my instructions on the law that you must apply in reaching your verdict, and the closing arguments of the attorneys. You will shortly retire to the jury room to decide this case. Before you do so, I have a few last instructions for you.
 

 You will have in the jury room all of the evidence that was received during the trial. In reaching your decision, do not do any research on your own or as a group. Do not use dictionaries, the Internet, or other reference materials. Do not investigate the case or conduct any experiments. Do not contact anyone to assist you, such as a family accountant, doctor, or lawyer. Do not visit or view
 
 *818
 
 the scene of any event involved in this case. If you happen to pass by the scene, do not stop or investigate. All jurors must see or hear the same evidence at the same time. Do not read, listen to, or watch any news accounts of this trial.
 

 Any notes you have taken during the trial may be taken to the jury room for use during your discussions. Your notes are simply an aid to your own memory, and neither your notes nor those of any other juror are binding or conclusive. Your notes are not a substitute for your own memory or that of other jurors. Instead, your verdict must result from the collective memory and judgment of all jurors based on the evidence and testimony presented during the trial.
 

 At the conclusion of the trial, the bailiff will collect all of your notes and immediately destroy them. No one will ever read your notes.
 

 In reaching your verdict, do not let bias, sympathy, prejudice, public opinion or any other sentiment for or against any party to influence your decision. Your verdict must be based on the evidence that has been received and the law on which I have instructed you.
 

 Reaching a verdict is exclusively your job. I cannot participate in that decision in any way and you should not guess what I think your verdict should be from something I may have said or done. You should not think that I prefer one verdict over another. Therefore, in reaching your verdict, you should not consider anything that I have said or done, except for my specific instructions to you.
 

 Pay careful attention to all the instructions that I gave you for that is the law that you must follow. You will have a copy of my instructions with you when you go to the jury room to deliberate. All the instructions are important and you must consider all of them together. There are no other laws that apply to this case and even if you do not agree with these laws, you must use them in reaching your decision in this case.
 

 After you have decided what the facts are, you may find that some instructions do not apply. In that case, follow the instructions that do apply and use them together with the facts to reach your verdict.
 

 When you go to the jury room, the first thing you should do is choose a presiding juror. The presiding juror should see to it that your discussions are orderly and that everyone has a fair chance to be heard.
 

 It is your duty to talk with one another in the jury room and to consider the views of all the jurors. Each of you must decide the case for yourself, but only after you have considered the evidence with the other members of the jury. Feel free to change your mind if you are convinced that your position should be different. You should all try to agree. But do not give up your honest beliefs just because the others think differently. Keep an open mind so that you and your fellow jurors can easily share ideas about the case.
 

 I will give you a verdict form with questions you must answer. I have already instructed you on the law that you are to use in answering these questions. You must follow my instructions and the form carefully. You must consider each question separately. Please answer the questions in the order they appear. After you answer a question, the form tells you what to do next. I
 
 *819
 
 will now read the form to you:
 
 (read form of
 
 verdict)
 

 Your verdict must be unanimous, that is, your verdict must be agreed to by each of you. When you are finished filling out the form, your presiding juror must write the date and sign it at the bottom. Return the form to the bailiff.
 

 If any of you need to communicate with me for any reason, write me a note and give it to the bailiff. In your note, do not disclose any vote or split or the reason for the communication.
 

 You may now retire to decide your verdict.
 

 Special Verdict Form
 

 VERDICT
 

 We, the jury, return the following verdict:
 

 1. Was there negligence on the part of Defendant, RACHEL ROWE, which was a legal cause of damage to Plaintiff, JOHN DOE?
 

 YES_NO_
 

 If your answer to question 1 is NO, your verdict is for the Defendant, and you should not proceed further, except to date and sign this verdict form and return it to the courtroom. If your answer to question 1 is YES, please answer question 2.
 

 2. Was there negligence on the part of Plaintiff, JOHN DOE, which was a legal cause of his damage?
 

 YES_NO_
 

 If your answer to question 2 is YES, please answer question 3. If your answer to question 2 is NO, please skip question 3 and answer questions 4, 5 and 6.
 

 3. State the percentage of negligence which was a legal cause of damage to Plaintiff, JOHN DOE, that you charge to:
 

 RACHEL
 
 ROWE_%
 

 JOHN DOE _%
 

 Total must be 100%
 

 In determining the amount of any damages, do not make any reduction because of the negligence, if any, of Plaintiff, JOHN DOE. If you find Plaintiff, JOHN DOE, negligent in any degree, the court, in entering judgment, will reduce JOHN DOE’S total amount of damages (100%) by the percentage of negligence that you find was caused by JOHN DOE. Please answer questions 4 and 5.
 

 4. What is the total amount of JOHN DOE’S damages for medical expenses incurred in the past, and medical expenses to be incurred in the future? $_
 

 5. What is the total amount of JOHN DOE’S damages for lost earnings in the past and loss of earning capacity in the future? $_
 

 If the greater weight of the evidence shows that JOHN DOE’S injuries were in whole or in part permanent within a reasonable degree of medical probability, please answer question 6:
 

 6. What is the total amount of JOHN DOE’S damages for pain and suffering, disability, physical impairment, disfigurement, mental anguish, inconvenience, aggravation of a disease or physical defect and loss of capacity for the enjoyment of life sustained in the past and to be sustained in the future? $-
 

 TOTAL DAMAGES OF JOHN DOE (add lines 1, 2, and, if applicable, 3) $-
 

 SO SAY WE ALL, this _ day of _,2_
 

 
 *820
 
 FOREPERSON
 

 MODEL INSTRUCTION NO. 2
 

 Automobile collision; driver’s comparative negligence including failure to wear seat belt; aggravation of preexisting injury; multiple events
 

 Facts of the hypothetical case:
 

 Jane Doe was injured when the automobile she was driving collided with one driven by Richard Rowe. Jane Doe, who is married to John Doe, sued Richard Rowe. Richard Rowe pleaded that Jane Doe was comparatively negligent because of the operation of her own vehicle and because she was not wearing a seat belt at the time of the collision. There are issues of a preexisting injury and multiple accidents. Questions of negligence, causation and damages are to be submitted to the jury.
 

 The court’s instruction:
 

 The committee assumes that the court will give these instructions as part of the instruction at the beginning of the case and that these instructions will be given again before Final Argument. When given at the beginning of the case, 202.1 will be used in lieu ofiOl.l and these instructions will be followed by the applicable portions of 202.2 through 202.5. See Model Instruction No. 1 for a full illustration of an instruction at the beginning of the case.
 

 [401.1]Members of the jury, you have now heard and received all of the evidence in this case. I am now going to tell you about the rules of law that you must use in reaching your verdict. You will recall at the beginning of the case I told you that if, at the end of the case I decided that different law applies, I would tell you so. These instructions are,
 
 however, the same as
 
 what I gave you at the beginning and it is these rules of law that you must now follow. When I finish telling you about the rules of law, the attorneys will present their final arguments and you will then retire to decide your verdict.
 

 [401.2] The claims and defenses in this case are as follows. Jane Doe claims that Richard Rowe was negligent in the operation of the vehicle he was driving which caused her harm.
 

 Richard Rowe denies that claim and also claims that Jane Doe was herself negligent in the operation of her vehicle and in her failure to use her seat belt,
 
 both of which
 
 caused her harm.
 

 The parties must prove their claims by the greater weight of the evidence. I will now define some of the terms you will use in deciding this case.
 

 [401.3] “Greater weight of the evidence” means the more persuasive and convincing force and effect of the entire evidence in the case.
 

 [401.4] Negligence is the failure to use reasonable care, which is the care that a reasonably careful person would use under like circumstances. Negligence is doing something that a reasonably careful person would not do under like circumstances or failing to do something that a reasonably careful person would do under like circumstances.
 

 [401.9]
 
 F.S. 316.614, provides that “ti]t is unlawful for any person ... [t]o operate a motor vehicle in this state unless the person is restrained by a safety belt.”
 
 Violation of this statute is evidence of negligence. It is not, however, conclusive evidence of negligence. If you find that Jane Doe violated this statute, you may consider that fact, together with the other facts and circumstances, in deciding whether
 
 she
 
 was negligent.
 

 
 *821
 
 [401.12(a) ] Negligence is a legal cause of loss, injury, or damage if it directly and in natural and continuous sequence produces or contributes substantially to producing such loss, injury, or damage, so that it can reasonably be said that, but for the negligence, the loss, injury, or damage would not have occurred.
 

 [401.12(b) ] In order to be regarded as a legal cause of loss, injury, or damage negligence need not be the only cause. Negligence may be a legal cause of loss, injury, or damage even though it operates in combination with some other cause if the negligence contributes substantially to producing such loss, injury, or damage.
 

 [401.12(c) ] Negligence may also be a legal cause of loss, injury, or damage even though it operates in combination with the act of another or some other cause occurring after the negligence occurs if such other cause was itself reasonably foreseeable and the negligence contributes substantially to producing such loss, injury, or damage.
 

 [401.18] The issues you must decide on Jane Doe’s claim against Richard Rowe are whether Richard Rowe was negligent in the operation of his vehicle, and, if so, whether that negligence was a legal cause of the loss, injury, or damage to Jane Doe.
 

 [401.21] If the greater weight of the evidence does not support Jane Doe’s claim, your verdict should be for Richard Rowe.
 

 [401.22] If, however, the greater weight of the evidence supports Jane Doe’s claim, then you shall consider the defense raised by Richard Rowe.
 

 [401.22(a) ] On
 
 that
 
 defense, the issue for you to decide is whether Jane Doe was herself negligent in the operation of her vehicle and/or in failing to wear her seat belt, if so, whether that negligence was a contributing legal cause of injury or damage to Jane Doe.
 

 [401.23]If the greater weight of the evidence does not support Richard Rowe’s defense and the greater weight of the evidence supports Jane Doe’s claim, then your verdict should be for Jane Doe in the total amount of her damages.
 

 If, however, the greater weight of the evidence shows that both Richard Rowe and Jane Doe were negligent and that the negligence of each contributed as a legal cause of loss, injury, or damage sustained by Jane Doe, you should decide and write on the verdict form what percentage of the total negligence of both parties to this action was caused by each of them.
 

 [501.1(b) ] If you find for Richard Rowe you will not consider the matter of damages. But if the greater weight of the evidence supports Jane Doe’s claim you should award Jane Doe an amount of money that the greater weight of the evidence shows will fairly and adequately compensate her for her loss, injury, or damage, including any damage Jane Doe is reasonably certain to incur or experience in the future. You shall consider the following elements:
 

 [501.2(a) ] Any bodily injury sustained, any resulting pain and suffering, disability or physical impairment, disfigurement, mental anguish, inconvenience or loss of capacity for the enjoyment of life experienced in the past, or to be experienced in the future. There is no exact standard for measuring such damage. The amount should be fair and just, in the light of the evidence.
 

 
 *822
 
 [501.2(b) ] The reasonable expense of hospitalization and medical care and treatment necessarily or reasonably obtained in the past, or to be so obtained in the future.
 

 [501.2(c) ] Any earnings lost in the past, and any loss of ability to earn money in the future.
 

 [501.2(d) ] On the claim brought by John Doe, you should award his wife an amount of money which the greater weight of the evidence shows will fairly and adequately compensate John Doe for any loss by reason of his wife’s injury, of her services, comfort, society, and attentions in the past and in the future caused by the incident in question.
 

 [501.2(h) ] Any damage to Jane Doe’s automobile. The measure of such damage is the reasonable cost of repair, if it was practicable to repair the automobile, with due allowance for any difference between its value immediately before the collision and its value after repair. You shall also take into consideration any loss Jane Doe sustained for towing or storage charges and by being deprived of the use of her automobile during the period reasonably required for its repair.
 

 [501.3] In determining the total amount of damages, you should not make any reduction because of the negligence, if any, of Jane Doe. The court will enter a judgment based on your verdict and, if you find that Jane Doe was negligent in any degree, the court, in entering judgment, will reduce the total amount of damages by the percentage of negligence which you find was caused by Jane Doe.
 

 [501.5(a) ] If you find that the Richard Rowe caused a bodily injury, and that the injury resulted in an aggravation of an existing disease or physical defect, you should attempt to determine what portion of Jane Doe’s condition resulted from the aggravation. If you can make that determination, then you should award only those damages resulting from the aggravation. However, if you cannot make that determination, or if it cannot be said that the condition would have existed apart from the injury, then you should award damages for the entire condition suffered by Jane Doe.
 

 [501.5(b) ] You have
 
 also
 
 heard that Jane Doe may have been injured in two events. If you decide that Jane Doe was injured by Richard Rowe and was later injured by another event, then you should try to separate the damages caused by the two events and award Jane Doe money only for those damages caused by Richard Rowe. However, if you decide that you cannot separate some or all of the damages, you must award Jane Doe any damages that you cannot separate, as if they were all caused by Richard Rowe.
 

 [501.6] If the greater weight of the evidence shows that Jane Doe has been permanently injured, you may consider her life expectancy. The mortality tables received in evidence may be considered in determining how long Jane Doe may be expected to live. Mortality tables are not binding on you, but may be considered together with other evidence in the case bearing on Jane Doe’s health, age, and physical condition, before and after the injury, in determining the probable length of her life.
 

 [501.7] Any amount of damages which you allow for future medical expenses or loss of ability to earn money in the future should be reduced to its present money value, and only the present money value of these future econom
 
 *823
 
 ic damages should be included in your verdict. The present money value of future economic damages is the sum of money needed now which, together with what that sum will earn in the future, will compensate Jane Doe for these losses as they are actually experienced in future years.
 

 [601.1] In deciding this case, it is your duty as jurors to decide the issues, and only those issues, that I submit for your determination and to answer certain questions I ask you to answer on a special form, called a verdict form. You must come to an agreement about what your answers will be. Your agreed-upon answers to my questions are called your jury verdict.
 

 In reaching your verdict, you must think about and weigh the testimony and any documents, photographs, or other material that has been received in evidence. You may also consider any facts that were admitted or agreed to by the lawyers. Your job is to determine what the facts are. You may use reason and common sense to reach conclusions. You may draw reasonable inferences from the evidence. But you should not guess about things that were not covered here. And, you must always apply the law as I have explained it to you.
 

 [601.2(a) ] Let me speak briefly about witnesses. In evaluating the believability of any witness and the weight you will give the testimony of any witness, you may properly consider the demeanor of the witness while testifying; the frankness or lack of frankness of the witness; the intelligence of the witness; any interest the witness may have in the outcome of the case; the means and opportunity the witness had to know the facts about which the witness testified; the ability of the witness to remember the matters about which the witness testified; and the reasonableness of the testimony of the witness, considered in the light of all the evidence in the case and in the light of your own experience and common sense.
 

 [601.2(b) ] Some of the testimony before you was in the form of opinions about certain technical subjects.
 

 You may accept such opinion testimony, reject it, or give it the weight you think it deserves, considering the knowledge, skill, experience, training, or education of the witness, the reasons given by the witness for the opinion expressed, and all the other evidence in the case.
 

 [601.5] That is the law you must follow in deciding this case. The attorneys for the parties will now present their final arguments. When they are through, I will have a few final instructions about your deliberations.
 

 Following dosing arguments, the final instructions are given:
 

 [700] Members of the jury, you have now heard all the evidence, my instructions on the law that you must apply in reaching your verdict, and the closing arguments of the attorneys. You will shortly retire to the jury room to decide this case. Before you do so, I have a few last instructions for you.
 

 You will have in the jury room all of the evidence that was received during the trial. In reaching your decision, do not do any research on your own or as a group. Do not use dictionaries, the Internet, or other reference materials. Do not investigate the case or conduct any experiments. Do not contact anyone to assist you, such as a family accountant, doctor, or lawyer. Do not visit or view the scene of any event involved in this case. If you happen to pass by the scene, do not stop or investigate. All
 
 *824
 
 jurors must see or hear the same evidence at the same time. Do not read, listen to, or watch any news accounts of this trial.
 

 Any notes you have taken during the trial may be taken to the jury room for use during your discussions. Your notes are simply an aid to your own memory, and neither your notes nor those of any other juror are binding or conclusive. Your notes are not a substitute for your own memory or that of other jurors. Instead, your verdict must result from the collective memory and judgment of all jurors based on the evidence and testimony presented during the trial.
 

 At the conclusion of the trial, the bailiff will collect all of your notes and immediately destroy them. No one will ever read your notes.
 

 In reaching your verdict, do not let bias, sympathy, prejudice, public opinion or any other sentiment for or against any party to influence your decision. Your verdict must be based on the evidence that has been received and the law on which I have instructed you.
 

 Reaching a verdict is exclusively your job. I cannot participate in that decision in any way and you should not guess what I think your verdict should be from something I may have said or done. You should not think that I prefer one verdict over another. Therefore, in reaching your verdict, you should not consider anything that I have said or done, except for my specific instructions to you.
 

 Pay careful attention to all the instructions that I gave you for that is the law that you must follow. You will have a copy of my instructions with you when you go to the jury room to deliberate. All the instructions are important and you must consider all of them together. There are no other laws that apply to this case and even if you do not agree with these laws, you must use them in reaching your decision in this case.
 

 After you have decided what the facts are, you may find that some instructions do not apply. In that case, follow the instructions that do apply and use them together with the facts to reach your verdict.
 

 When you go to the jury room, the first thing you should do is choose a presiding juror. The presiding juror should see to it that your discussions are orderly and that everyone has a fair chance to be heard.
 

 It is your duty to talk with one another in the jury room and to consider the views of all the jurors. Each of you must decide the case for yourself, but only after you have considered the evidence with the other members of the jury. Feel free to change your mind if you are convinced that your position should be different. You should all try to agree. But do not give up your honest beliefs just because the others think differently. Keep an open mind so that you and your fellow jurors can easily share ideas about the case.
 

 I will give you a verdict form with questions you must answer. I have already instructed you on the law that you are to use in answering these questions. You must follow my instructions and the form carefully. You must consider each question separately. Please answer the questions in the order they appear. After you answer a question, the form tells you what to do next. I will now read the form to you:
 
 (read, form, of verdict)
 

 
 *825
 
 Your verdict must be unanimous, that is, your verdict must be agreed to by each of you. When you are finished filling out the form, your presiding juror must write the date and sign it at the bottom. Return the form to the bailiff.
 

 If any of you need to communicate with me for any reason, write me a note and give it to the bailiff. In your note, do not disclose any vote or split or the reason for the communication.
 

 You may now retire to decide your verdict.
 

 Special Verdict Form
 

 VERDICT
 

 We, the jury, return the following verdict:
 

 1. Was there negligence on the part of Defendant, RICHARD ROWE, which was a legal cause of damage to Plaintiff, JANE DOE?
 

 YES_NO_
 

 If your answer to question 1 is NO, your verdict is for the defendant, and you should not proceed further, except to date and sign this verdict form and return it to the courtroom. If your answer to question 1 is YES, please answer question 2.
 

 2. Was there negligence on the part of Plaintiff, JANE DOE, which was a legal cause of her damage?
 

 YES _ NO_
 

 If your answer to question 2 is YES, please answer question 3. If your answer to question 2 is NO, skip question 3 and answer question 4, 5, and 6.
 

 3. State the percentage of any negligence which was a legal cause of damage to Plaintiff, JANE DOE, that you charge to:
 

 Defendant, RACHEL ROWE_%
 

 Plaintiff, JOHN DOE _%
 

 Total must be 100%
 

 In determining the total amount of damages, do not make any reduction because of the negligence, if any, of plaintiff, JANE DOE. If you find Plaintiff, JANE DOE, was negligent in any degree, the court, in entering judgment, will reduce JANE DOE’S total amount of damages (100%) by the percentage of negligence which you find was caused by JANE DOE.
 

 Please answer questions 4, 5, and 6.
 

 4. What is the total amount of JANE DOE’S damages for lost earnings in the past, loss of earning capacity in the future, medical expenses incurred in the past, and medical expenses to be incurred in the future? $_
 

 5. What is the total amount of JANE DOE’S damages for pain and suffering, disability, physical impairment, disfigurement, mental anguish, inconvenience, aggravation of a disease or physical defect, and loss of capacity for the enjoyment of life sustained in the past and to be sustained in the future? $-
 

 TOTAL DAMAGES OF JANE DOE (add lines 1 and 2) $
 

 6. What is the total amount of JOHN DOE’S damage caused by the loss of his wife’s:
 

 [a.] comfort, society, and attention? $-
 

 [b.] services $_
 

 TOTAL DAMAGES OF JOHN DOE
 

 (add lines 3a and 3b) $
 

 SO SAY WE ALL, this _ day of -,2-
 

 FOREPERSON
 

 
 *826
 
 NOTE ON USE
 

 This model instruction illustrates the instruction to be given when it is alleged that a driver was comparatively negligent for not wearing a seat belt. Different factual situations may require that different portions of
 
 F.S.
 
 316.614, be read or paraphrased. See
 
 Ridley v. Safety Kleen Corp.,
 
 693 So.2d 934 (Fla.1996).
 

 MODEL INSTRUCTION NO. 3
 

 Automobile collision; comparative negligence; wrongful death damages;
 
 Fabre
 
 issue
 

 Facts of the hypothetical case:
 

 Mary Smith, as personal representative of the estate of John Smith, deceased, has brought an action against Fast Transport Company for damages resulting from the instantaneous death of John Smith in a collision between his car and a tractor trailer owned by Fast Transport Company and driven by Joe Johnson, Fast Transport’s employee. There is no issue as to Fast Transport’s responsibility for any negligence of its driver, Johnson. Questions of negligence, comparative negligence, causation and damages for the estate and for the benefit of the widow and a daughter, Nancy, who is 15 years old are to be submitted to the jury. Additionally, Joe Johnson claims that his actions were due to the negligence of another driver, Bill Jones.
 

 The comt’s instruction:
 

 The committee assumes that the court will give these instructions at the beginning of the case and that these instructions will be given again before final argument. When given at the beginning of the case, 202.1 will be used in lieu of 4.01.1 and these instructions will be followed by the applicable portions of 202.2 through 202.5. See Model Instruction No. 1 for a full illustration of an instruction at the beginning of the case.
 

 [401.1] Members of the jury, you have now heard and received all of the evidence in this case. I am now going to tell you about the rules of law that you must use in reaching your verdict. You will recall at the beginning of the case I told you that if, at the end of the case I decided that different law applies, I would tell you so. These instructions are,
 
 however, the same as
 
 what I gave you at the beginning and it is these rules of law that you must now follow. When I finish telling you about the rules of law, the attorneys will present their final arguments and you will then retire to decide your verdict.
 

 [401.2] The claims and defenses in this case are as follows. Mary Smith, as personal representative of the estate of John Smith, claims that Fast Transport’s driver, Joe Johnson, was negligent in the operation of the vehicle he was driving which caused
 
 the death of John Smith.
 

 Fast Transport denies that claim and also claims that John Smith was himself negligent in the operation of his vehicle, which caused his death. Additionally, Fast Transport claims that John Smith’s death was due to negligence of Bill Jones, who is not a party to this case.
 

 The parties must prove their claims by the greater weight of the evidence. I will now define some of the terms you will use in deciding this case.
 

 [401.3] “Greater weight of the evidence” means the more persuasive and convincing force and effect of the entire evidence in the case.
 

 [401.4] Negligence is the failure to use reasonable care, which is the care that a reasonably careful person would use under like circumstances. Negli
 
 *827
 
 gence is doing something that a reasonably careful person would not do under like circumstances or failing to do something that a reasonably careful person would do under like circumstances.
 

 [401.12(a) ] Negligence is a legal cause of
 
 a death
 
 if it directly and in natural and continuous sequence produces or contributes substantially to producing such
 
 death,
 
 so that it can reasonably be said that, but for the negligence, the
 
 death
 
 would not have occurred.
 

 [401.12(b) ] In order to be regarded as a legal cause of loss, injury, or damage negligence need not be the only cause. Negligence may be a legal cause of
 
 death
 
 even though it operates in combination with the act of another or some other cause if the negligence contributes substantially to producing such
 
 death.
 

 [401.13(b) ] The court has determined and now instructs you that Fast Transport is responsible for any negligence of its employee, Joe Johnson.
 

 [401.18] The issues you must decide on Mary Smith’s claim against Fast Transport are whether Fast Transport’s employee, Joe Johnson, was negligent in the operation of his vehicle, and, if so, whether that negligence was a legal cause of John Smith’s death.
 

 [401.21] If the greater weight of the evidence does not support Mary Smith’s claim, your verdict should be for Fast Transport.
 

 [401.22] If, however, the greater weight of the evidence supports Mary Smith’s claim, then you shall consider the defenses raised by Fast Transport.
 

 [401.22(a) ]
 
 On Fast Transport’s
 
 first defense, the issues for you to decide are whether John Smith was himself negligent in the operation of his vehicle and, if so, whether that negligence was a contributing legal cause of
 
 his death.
 

 [401.22(f) ]
 
 On Fast Transport’s second defense, the issues for you to decide are
 
 whether Bill Jones was also negligent in the operation of his vehicle and, if so, whether that negligence was a contributing legal cause of John Smith’s death.
 

 [401.23]If the greater weight of the evidence does not support Fast Transport’s defenses and the greater weight of the evidence supports Mary Smith’s claim, then your verdict should be for Mary Smith
 
 as personal representative of the estate of John Smith, in the total amount of the damages sustained by those for whom this action is brought.
 

 If, however, the greater weight of the evidence shows that either John Smith and/or Bill Jones were negligent and that the negligence of one or each contributed as a legal cause
 
 to the death of John Smith,
 
 you should decide and write on the verdict form what percentage of the total negligence of all parties to this action was caused by each of them.
 

 [502.1(b) ] If your verdict is for Fast Transport, you will not consider the matter of damages. But if the greater weight of the evidence supports Mary Smith’s claim, as personal representative of the estate of John Smith, you should determine and write on the verdict form, in dollars, the total amount of loss, injury, or damage which the greater weight of the evidence shows the estate of John Smith and Mary Smith and Nancy Smith sustained as a result of John Smith’s death, including any damages that Mary Smith and Nancy Smith are reasonably certain to experience in the future.
 

 
 *828
 
 [502.2] In determining any damages sustained by John Smith’s estate, you shall consider the following elements:
 

 [502.2(b) ] The estate’s loss of net accumulations: “Net accumulations” is the part of the decedent’s net income from salary or business after taxes, including pension benefits, which the decedent, after paying his personal expenses and monies for the support of his survivors, would have left as part of his estate if he had lived his normal life expectancy.
 

 [502.2(c) ] Medical and funeral expenses due to the decedent’s death which have become a charge against the decedent’s estate.
 

 In determining any damages to be awarded for the benefit of Mary Smith and Nancy Smith, you shall consider certain additional elements of damage. There is no exact standard for fixing the compensation to be awarded for these elements. Any such award should be fair and just in the light of the evidence regarding the following elements.
 

 [502.2(d) ] Mary Smith’s loss of John Smith’s companionship and protection, and her mental pain and suffering as a result of John Smith’s death. In determining the duration of the losses, you may consider the life expectancy of the surviving spouse, Mary Smith, together with the other evidence in the case.
 

 [502.2(e) ] The loss by Nancy Smith of parental companionship, instruction and guidance, and her mental pain and suffering as a result of John Smith’s death. In determining the duration of those losses, you may consider the life expectancy of the surviving child, Nancy Smith, together with the other evidence in the case.
 

 In determining any damages to be awarded for the benefit of Mary Smith and Nancy Smith, you shall
 
 also
 
 consider
 
 these
 
 additional elements of damage.
 

 [502.2(g) ] The loss
 
 of support and services sustained by
 
 Mary Smith and Nancy Smith, by reason of John Smith’s injury and death. In determining the duration of any future loss, you may consider the joint life expectancy of the survivor and the decedent, and the period of minority, ending at age 25, of a healthy minor child.
 

 In evaluating past and future loss of support and services, you shall consider the survivor’s relationship to John Smith, the amount of John Smith’s probable net income available for distribution to Mary Smith and Nancy Smith and the replacement value of John Smith’s services to the survivor. “Support” includes contributions in kind, as well as sums of money. “Services” means tasks regularly performed by the decedent for a survivor that will be a necessary expense to the survivor because of the decedent’s death.
 

 [501.3] Any damages that you find were sustained by the decedent’s estate and by each survivor shall be separately stated in your verdict.
 

 [502.5] In determining the total amount of any damages sustained by the John Smith estate and Mary Smith and Nancy Smith as a result of his death, you should not make any reduction because of the negligence, if any, of John Smith or Bill Jones. The court will enter a judgment based on your verdict and, if you find that John Smith or Bill Jones were negligent in any degree, the court, in entering judgment, will reduce the total amount of damages by the percentage of negligence which you find was caused by John Smith and/or Bill Jones.
 

 
 *829
 
 [502.6(a) ] In determining how long John Smith would have lived, had he lived out his normal life, you may consider his life expectancy at the time of his death. The mortality tables received in evidence may be considered in determining how long he may have been expected to live. Mortality tables are not binding on you, but may be considered together with other evidence in the case bearing on his health, age and physical condition, before his death, in determining the probable length of his life.
 

 [502.6(b) ] In determining the duration of any future loss sustained by Mary Smith and Nancy Smith by reason of the death of John Smith, you may consider
 
 the life expectancy of each.
 
 The mortality tables received in evidence may be considered, together with other evidence in the case
 
 bearing on the health, age, and physical condition of each, in determining how long each may be expected to live.
 

 [502.7] Any amount of damages which you allow for
 
 lost net accumulations or for loss of the decedent’s support and services in the future
 
 should be reduced to its present money value, and only the present money value of these future economic damages should be included in your verdict. The present money value of future economic damages is the sum of money needed now which, together with what that sum will earn in the future, will compensate Mary Smith and Nancy Smith for these losses as they are actually experienced in future years.
 

 [601.1] In deciding this case, it is your duty as jurors to decide the issues, and only those issues, that I submit for your determination and to answer certain questions I ask you to answer on a special form, called a verdict form. You must come to an agreement about what your answers will be. Your agreed-upon answers to my questions are called your jury verdict.
 

 In reaching your verdict, you must think about and weigh the testimony and any documents, photographs, or other material that has been received in evidence. You may also consider any facts that were admitted or agreed to by the lawyers. Your job is to determine what the facts are. You may use reason and common sense to reach conclusions. You may draw reasonable inferences from the evidence. But you should not guess about things that were not covered here. And, you must always apply the law as I have explained it to you.
 

 [601.2(a) ] Let me speak briefly about witnesses. In evaluating the believability of any witness and the weight you will give the testimony of any witness, you may properly consider the demeanor of the witness while testifying; the frankness or lack of frankness of the witness; the intelligence of the witness; any interest the witness may have in the outcome of the case; the means and opportunity the witness had to know the facts about which the witness testified; the ability of the witness to remember the matters about which the witness testified; and the reasonableness of the testimony of the witness, considered in the light of all the evidence in the case and in the light of your own experience and common sense.
 

 [601.2(b) ] Some of the testimony before you was in the form of opinions about certain technical subjects.
 

 You may accept such opinion testimony, reject it, or give it the weight you think it deserves, considering the knowledge, skill, experience, training, or education of the witness, the reasons given
 
 *830
 
 by the witness for the opinion expressed, and all the other evidence in the case.
 

 [601.5] That is the law you must follow in deciding this case. The attorneys for the parties will now present their final arguments. When they are through, I will have a few final instructions about your deliberations.
 

 Following dosing arguments, the final instructions are given:
 

 [700] Members of the jury, you have now heard all the evidence, my instructions on the law that you must apply in reaching your verdict, and the closing arguments of the attorneys. You will shortly retire to the jury room to decide this case. Before you do so, I have a few last instructions for you.
 

 You will have in the jury room all of the evidence that was received during the trial. In reaching your decision, do not do any research on your own or as a group. Do not use dictionaries, the Internet, or other reference materials. Do not investigate the case or conduct any experiments. Do not contact anyone to assist you, such as a family accountant, doctor, or lawyer. Do not visit or view the scene of any event involved in this case. If you happen to pass by the scene, do not stop or investigate. All jurors must see or hear the same evidence at the same time. Do not read, listen to, or watch any news accounts of this trial.
 

 Any notes you have taken during the trial may be taken to the jury room for use during your discussions. Your notes are simply an aid to your own memory, and neither your notes nor those of any other juror are binding or conclusive. Your notes are not a substitute for your own memory or that of other jurors. Instead, your verdict must result from the collective memory and judgment of all jurors based on the evidence and testimony presented during the trial.
 

 At the conclusion of the trial, the bailiff will collect all of your notes and immediately destroy them. No one will ever read your notes.
 

 In reaching your verdict, do not let bias, sympathy, prejudice, public opinion or any other sentiment for or against any party to influence your decision. Your verdict must be based on the evidence that has been received and the law on which I have instructed you.
 

 Reaching a verdict is exclusively your job. I cannot participate in that decision in any way and you should not guess what I think your verdict should be from something I may have said or done. You should not think that I prefer one verdict over another. Therefore, in reaching your verdict, you should not consider anything that I have said or done, except for my specific instructions to you.
 

 Pay careful attention to all the instructions that I gave you for that is the law that you must follow. You will have a copy of my instructions with you when you go to the jury room to deliberate. All the instructions are important and you must consider all of them together. There are no other laws that apply to this case and even if you do not agree with these laws, you must use them in reaching your decision in this case.
 

 After you have decided what the facts are, you may find that some instructions do not apply. In that case, follow the instructions that do apply and use them together with the facts to reach your verdict.
 

 
 *831
 
 When you go to the jury room, the first thing you should do is choose a presiding juror. The presiding juror should see to it that your discussions are orderly and that everyone has a fair chance to be heard.
 

 It is your duty to talk with one another in the jury room and to consider the views of all the jurors. Each of you must decide the case for yourself, but only after you have considered the evidence with the other members of the jury. Feel free to change your mind if you are convinced that your position should be different. You should all try to agree. But do not give up your honest beliefs just because the others think differently. Keep an open mind so that you and your fellow jurors can easily share ideas about the case.
 

 I will give you a verdict form with questions you must answer. I have already instructed you on the law that you are to use in answering these questions. You must follow my instructions and the form carefully. You must consider each question separately. Please answer the questions in the order they appear. After you answer a question, the form tells you what to do next. I will now read the form to you:
 
 (read form of verdict)
 

 Your verdict must be unanimous, that is, your verdict must be agreed to by each of you. When you are finished filling out the form, your presiding juror must write the date and sign it at the bottom. Return the form to the bailiff.
 

 If any of you need to communicate with me for any reason, write me a note and give it to the bailiff. In your note, do not disclose any vote or split or the reason for the communication.
 

 You may now retire to decide your verdict.
 

 Special Verdict Form
 

 VERDICT
 

 We, the jury, return the following verdict:
 

 1. Was there negligence on the part of Joe Johnson, FAST TRANSPORT COMPANY’S driver, which was a legal cause of the death of John Smith?
 

 YES_NO_
 

 If your answer to question 1 is NO, your verdict is for the defendant, and you should not proceed further, except to date and sign this verdict form and return it to the courtroom. If your answer to question 1 is YES, please answer question 2.
 

 2. Was there negligence on the part of the decedent, John Smith, which was a legal cause of his death?
 

 YES_NO_
 

 3. Was there negligence on the part of Bill Jones, which was a legal cause of John Smith’s death?
 

 YES_NO_
 

 If your answer to either question 2 or 3 is YES, please answer question 4. If your answer to questions 2 and 3 is NO, skip question 4 and answer questions 5, 6, and 7.
 

 4. State the percentage of any negligence, which was a legal cause of John Smith’s death, that you charge to:
 

 Joe Johnson (Fast Transit
 

 Company’s
 
 driver)_%
 

 John Smith
 
 (decedent)_%
 

 Bill Jones (other
 
 driver)_%
 

 Total must be 100%
 

 In determining the total amount of damages, do not make any reduction because of the negligence, if any, of the
 
 *832
 
 decedent, John Smith or of Bill Jones. If you find that either John Smith or Bill Jones were to any extent negligent, the court, in entering judgment, will make an appropriate reduction in the damages awarded.
 

 Please answer questions 5, 6, and 7.
 

 DAMAGES OF THE ESTATE
 

 5. What is the total amount of any damages lost by the estate for the amount of any medical or funeral expenses resulting from John Smith’s injury and death? $_
 

 DAMAGES OF MARY SMITH
 

 6a. What is the total amount of damages sustained by MARY SMITH for the loss of John Smith’s support and services? $_
 

 6b. What is the total amount of damages sustained by MARY SMITH for the loss of her husband’s companionship and protection and from her pain and suffering as a result of John Smith’s injury and death? $_
 

 TOTAL DAMAGES OF MARY SMITH
 

 (add lines 6a and 6b) $
 

 DAMAGES OF NANCY SMITH
 

 7a. What is the total amount of any damages sustained by NANCY SMITH for her loss of John Smith’s support and services? $_
 

 7b. What is the amount of damages sustained by NANCY SMITH for the loss of parental companionship, instruction and guidance and NANCY SMITH’S pain and suffering as a result of John Smith’s injury and death? $_
 

 TOTAL DAMAGES OF NANCY SMITH
 

 (add lines 7a and 7b) $_
 

 SO SAY WE ALL, this _ day of , 2_
 

 FOREPERSON
 

 MODEL INSTRUCTION NO. 4
 

 Automobile collision; comparative negligence; claim and counterclaim
 

 Facts of the hypothetical case:
 

 Betty Jones and Rachel Rowe were both injured when their automobiles collided at an intersection. Betty Jones sued Rachel Rowe, who denied the allegations of negligence, pleaded in defense that Betty Jones was negligent and counterclaimed for her own damages. On the counterclaim, Betty Jones denied that she was negligent and pleaded in defense that Rachel Rowe was negligent.
 

 The court’s instruction:
 

 The committee assumes that the court will give these instructions at the beginning of the case and that these instructions will be given again before final argument. When given at the beginning of the case, 202.1 will be used in lieu offOl.l and these instructions will be followed by the applicable portions of 202.2 through 202.5. See Model Instruction No. 1 for a full illustration of an instruction at the beginning of the case.
 

 [401.1] Members of the jury, you have now heard and received all of the evidence in this case. I am now going to tell you about the rules of law that you must use in reaching your verdict. You will recall at the beginning of the case I told you that if, at the end of the case I decided that different law applies, I would tell you so. These instructions are,
 
 however, the same as
 
 what I gave you at the beginning and it is these rules of law that you must now follow.
 
 *833
 
 When I finish telling you about the rules of law, the attorneys will present their final arguments and you will then retire to decide your verdict.
 

 [401.2] The claims and defenses in this case are as follows. Betty Jones claims that Rachel Rowe was negligent in the operation of the vehicle she was driving which caused her harm.
 

 Rachel Rowe denies that claim and claims
 
 instead that it was Betty Jones who was
 
 negligent in the operation of her vehicle, which caused harm to Rachel Rowe.
 

 The parties must prove their claims by the greater weight of the evidence. I will now define some of the terms you will use in deciding this case.
 

 [401.3] “Greater weight of the evidence” means the more persuasive and convincing force and effect of the entire evidence in the case.
 

 [401.4] Negligence is the failure to use reasonable care, which is the care that a reasonably careful person would use under like circumstances. Negligence is doing something that a reasonably careful person would not do under like circumstances or failing to do something that a reasonably careful person would do under like circumstances.
 

 [401.9]
 
 (Read or paraphrase the applicable statute or refer to the ordinance or regulation admitted in evidence.)
 
 Violation of this statute is evidence of negligence. It is not, however, conclusive evidence of negligence. If you find that either Rachel Rowe or Betty Jones violated this statute, you may consider that fact, together with the other facts and circumstances, in deciding whether she was negligent.
 

 [401.12(a) ] Negligence is a legal cause of loss, injury, or damage if it directly and in natural and continuous sequence produces or contributes substantially to producing such loss, injury, or damage, so that it can reasonably be said that, but for the negligence, the loss, injury, or damage would not have occurred.
 

 [401.12(b) ] Negligence may be a legal cause of loss, injury, or damage even though it operates in combination with some other cause if the negligence contributes substantially to producing such loss, injury, or damage.
 

 [401.18] The issues you must decide on Betty Jones’ claim against Rachel Rowe are whether Rachel Rowe was negligent in the operation of her vehicle, and, if so, whether that negligence was a legal cause of the loss, injury, or damage to Betty Jones.
 

 [401.21] If the greater weight of the evidence does not support Betty Jones’ claim, your verdict on that claim should be for Rachel Rowe.
 

 Similarly, the issues for your determination on the claim of Rachel Rowe against Betty Jones are whether Betty Jones was negligent in the operation her vehicle, and, if so, whether such negligence was a legal cause of loss, injury, or damage to Rachel Rowe.
 

 If the greater weight of the evidence does not support Rachel Rowe’s claim, then your verdict on that claim should be for Betty Jones.
 

 If the greater weight of the evidence supports the claim of Betty Jones, and shows that the negligence of Rachel Rowe was a legal cause of loss, injury, or damage to Betty Jones, but does not support the claim of Rachel Rowe, your verdict should be for Betty Jones in the total amount of her damages.
 

 
 *834
 

 Similarly, if the greater weight of the evidence supports the claim of Rachel Rowe and shows that the negligence of Betty Jones was a legal cause of loss, injury, or damage to Rachel Rowe, but does not support the claim of Betty Jones, your verdict should be for Rachel Rowe in the total amount of her damages.
 

 If, however, the greater weight of the evidence shows that both Betty Jones and Rachel Rowe were negligent, and that the negligence of each contributed as a legal cause of loss, injury, or damage to each, you should determine what percentage of the total negligence of both parties to this action was caused by each of them.
 

 [501.1(b) ] If you find for Rachel Rowe
 
 on the claim of Betty Jones
 
 you will not consider the matter of
 
 Betty Jones’
 
 damages.
 
 Similarly, if your verdict is for Betty Jones on the claim of Rachel Rowe, you will not consider the matter of Rachel Rowe’s damages. But if the greater weight of the evidence supports the claim of either Betty Jones or Rachel Rowe, or both of their claims, you should determine and write on the verdict form, in dollars, the total amount of damages which the greater weight of the evidence shows will fairly and adequately compensate the claimant for such loss, injury, or damage, including any damage the claimant is reasonably certain to incur or experience in the future. You shall consider the following elements:
 

 [501.2(a) ] Any bodily injury sustained, any resulting pain and suffering, disability or physical impairment, disfigurement, mental anguish, inconvenience or loss of capacity for the enjoyment of life experienced in the past, or to be experienced in the future. There is no exact standard for measuring such damage. The amount should be fair and just, in the light of the evidence.
 

 [501.2(b) ] The reasonable expense of hospitalization and medical care and treatment necessarily or reasonably obtained in the past, or to be so obtained in the future.
 

 [501.2(c) ] Any earnings lost in the past, and any loss of ability to earn money in the future.
 

 [501.2(h) ] Any damage to Betty Jones’ or Rachel Rowe’s automobile. The measure of such damage is the reasonable cost of repair, if it was practicable to repair the automobile, with due allowance for any difference between its value immediately before the collision and its value after repair. You shall also take into consideration any loss for towing or storage charges and by being deprived of the use of her automobile during the period reasonably required for its repair.
 

 [501.3] In determining the total amount of damages, you should not make any reduction because of the negligence, if any, of Betty Jones and/or Rachel Rowe. The court will enter a judgment based on your verdict and, if you find that either Betty Jones and/or Rachel Rowe were negligent in any degree, the court, in entering judgment, will reduce the total amount of damages by the percentage of negligence, which you find was caused by Betty Jones and/or Rachel Rowe.
 

 [501.6] If the greater weight of the evidence shows that either Betty Jones and/or Rachel Rowe have been permanently injured, you may consider her life expectancy. The mortality tables received in evidence may be considered in determining how long Betty Jones and/or Rachel Rowe may be expected to
 
 *835
 
 live. Mortality tables are not binding on you, but may be considered together with other evidence in the case bearing on Betty Jones’ and/or Rachel Rowe’s health, age and physical condition, before and after the injury, in determining the probable length of her life.
 

 [501.7] Any amount of damages which you allow for future medical expenses or loss of ability to earn money in the future should be reduced to its present money value, and only the present money value of these future economic damages should be included in your verdict. The present money value of future economic damages is the sum of money needed now which, together with what that sum will earn in the future, will compensate Betty Jones and/or Rachel Rowe for these losses as they are actually experienced in future years.
 

 [601.1] In deciding this case, it is your duty as jurors to decide the issues, and only those issues, that I submit for your determination and to answer certain questions I ask you to answer on a special form, called a verdict form. You must come to an agreement about what your answers will be. Your agreed-upon answers to my questions are called your jury verdict.
 

 In reaching your verdict, you must think about and weigh the testimony and any documents, photographs, or other material that has been received in evidence. You may also consider any facts that were admitted or agreed to by the lawyers. Your job is to determine what the facts are. You may use reason and common sense to reach conclusions. You may draw reasonable inferences from the evidence. But you should not guess about things that were not covered here. And, you must always apply the law as I have explained it to you.
 

 [601.2(a) ] Let me speak briefly about witnesses. In evaluating the believability of any witness and the weight you will give the testimony of any witness, you may properly consider the demeanor of the witness while testifying; the frankness or lack of frankness of the witness; the intelligence of the witness; any interest the witness may have in the outcome of the case; the means and opportunity the witness had to know the facts about which the witness testified; the ability of the witness to remember the matters about which the witness testified; and the reasonableness of the testimony of the witness, considered in the light of all the evidence in the case and in the light of your own experience and common sense.
 

 [601.2(b) ] Some of the testimony before you was in the form of opinions about certain technical subjects.
 

 You may accept such opinion testimony, reject it, or give it the weight you think it deserves, considering the knowledge, skill, experience, training, or education of the witness, the reasons given by the witness for the opinion expressed, and all the other evidence in the case.
 

 [601.5] That is the law you must follow in deciding this case. The attorneys for the parties will now present their final arguments. When they are through, I will have a few final instructions about your deliberations.
 

 Following closing arguments, the final instructions are given:
 

 [700] Members of the jury, you have now heard all the evidence, my instructions on the law that you must apply in reaching your verdict, and the closing arguments of the attorneys. You will shortly retire to the jury room to decide this case. Before you do so, I have a few last instructions for you.
 

 
 *836
 
 You will have in the jury room all of the evidence that was received during the trial. In reaching your decision, do not do any research on your own or as a group. Do not use dictionaries, the Internet, or other reference materials. Do not investigate the case or conduct any experiments. Do not contact anyone to assist you, such as a family accountant, doctor, or lawyer. Do not visit or view the scene of any event involved in this case. If you happen to pass by the scene, do not stop or investigate. All jurors must see or hear the same evidence at the same time. Do not read, listen to, or watch any news accounts of this trial.
 

 Any notes you have taken during the trial may be taken to the jury room for use during your discussions. Your notes are simply an aid to your own memory, and neither your notes nor those of any other juror are binding or conclusive. Your notes are not a substitute for your own memory or that of other jurors. Instead, your verdict must result from the collective memory and judgment of all jurors based on the evidence and testimony presented during the trial.
 

 At the conclusion of the trial, the bailiff will collect all of your notes and immediately destroy them. No one will ever read your notes.
 

 In reaching your verdict, do not let bias, sympathy, prejudice, public opinion, or any other sentiment for or against any party to influence your decision. Your verdict must be based on the evidence that has been received and the law on which I have instructed you.
 

 Reaching a verdict is exclusively your job. I cannot participate in that decision in any way and you should not guess what I think your verdict should be from something I may have said or done. You should not think that I prefer one verdict over another. Therefore, in reaching your verdict, you should not consider anything that I have said or done, except for my specific instructions to you.
 

 Pay careful attention to all the instructions that I gave you for that is the law that you must follow. You will have a copy of my instructions with you when you go to the jury room to deliberate. All the instructions are important and you must consider all of them together. There are no other laws that apply to this case and even if you do not agree with these laws, you must use them in reaching your decision in this case.
 

 After you have decided what the facts are, you may find that some instructions do not apply. In that case, follow the instructions that do apply and use them together with the facts to reach your verdict.
 

 When you go to the jury room, the first thing you should do is choose a presiding juror. The presiding juror should see to it that your discussions are orderly and that everyone has a fair chance to be heard.
 

 It is your duty to talk with one another in the jury room and to consider the views of all the jurors. Each of you must decide the case for yourself, but only after you have considered the evidence with the other members of the jury. Feel free to change your mind if you are convinced that your position should be different. You should all try to agree. But do not give up your honest beliefs just because the others think differently. Keep an open mind so that you and your fellow jurors can easily share ideas about the case.
 

 
 *837
 
 I will give you a verdict form with questions you must answer. I have already instructed you on the law that you are to use in answering these questions. You must follow my instructions and the form carefully. You must consider each question separately. Please answer the questions in the order they appear. After you answer a question, the form tells you what to do next. I will now read the form to you:
 
 (read form of verdict)
 

 Your verdict must be unanimous, that is, your verdict must be agreed to by each of you. When you are finished filling out the form, your presiding juror must write the date and sign it at the bottom. Return the form to the bailiff.
 

 If any of you need to communicate with me for any reason, write me a note and give it to the bailiff. In your note, do not disclose any vote or split or the reason for the communication.
 

 You may now retire to decide your verdict.
 

 Special Verdict Form
 

 VERDICT
 

 We, the jury, return the following verdict:
 

 1. Was there negligence on the part of RACHEL ROWE which was a legal cause of damage to BETTY JONES?
 

 YES_NO_
 

 2. Was there negligence on the part of BETTY JONES which was a legal cause of damage to RACHEL ROWE?
 

 YES_NO_
 

 If your answers to questions 1 and 2 are both NO, your verdict on each claim is for the defendant, and you should not proceed further except to date and sign this verdict form and return it to the courtroom. If your answer to either question 1 or 2 is YES, please answer question 3.
 

 3. State the percentage of any negligence that you charge to:
 

 Rachel Rowe_%
 

 Betty Jones_%
 

 Total must be 100%
 

 Your answers to question 3 must total 100%, and should include a zero for any party you found not negligent in answer to questions 1 and 2. Please answer question 4 only if your answer to question 1 is YES. Answer question 5 only if your answer to question 2 is YES.
 

 In determining the amount of damages, do not make any reduction because of the negligence, if any, of BETTY JONES and/or RACHEL ROWE. If you find that BETTY JONES and/or RACHEL ROWE were to any extent negligent, the court in entering judgment will make an appropriate reduction in the damages awarded.
 

 Please answer questions 4, 5, 6 and 7.
 

 DAMAGES OF BETTY JONES
 

 4. What is the total amount of BETTY JONES’ damages for lost earnings in the past, loss of earning capacity in the future, medical expenses incurred in the past, medical expenses to be incurred in the future? $_
 

 5. What is the total amount of BETTY JONES’ damages for pain and suffering, disability, physical impairment, disfigurement, mental anguish, inconvenience, aggravation of a disease or physical defect, and loss of capacity for the enjoyment of life sustained in the past and to be sustained in the future? $-
 

 TOTAL DAMAGES OF BETTY JONES
 

 
 *838
 
 (add lines 4 and 5) $
 

 DAMAGES OF RACHEL ROWE
 

 6. What is the total amount of RACHEL ROWE’S damages for lost earnings in the past, loss of earning capacity in the future, medical expenses incurred in the past, medical expenses to be incurred in the future? $_
 

 7. What is the total amount of RACHEL ROWE’S damages for pain and suffering, disability, physical impairment, disfigurement, mental anguish, inconvenience, aggravation of a disease or physical defect and loss of capacity for the enjoyment of life sustained in the past and to be sustained in the future? $_
 

 TOTAL DAMAGES OF RACHEL ROWE
 

 (add lines 6 and 7) $
 

 SO SAY WE ALL, this _ day of _,2_
 

 FOREPERSON
 

 MODEL INSTRUCTION NO. 5
 

 Injury in three-car collision; settlement with injured party
 
 by one
 
 tortfea-sor; independent contribution claim by him against others; reasonableness of settlement as well as liability contested
 

 Facts of the hypothetical case:
 

 John Adams, driver of one of three vehicles involved in a collision, presented a claim for his injuries to Marvel Transport Co., owner of one of the other vehicles. Marvel, taking into consideration Adams’ injuries, his comparative negligence and its potential exposure, paid Adams $75,000.00 and obtained a general release of all responsible persons. Marvel then sued the owner of the other vehicle, Perishable Produce, Inc., for contribution. The issues to be resolved by the jury are whether Perishable’s driver was negligent in contributing to Adams’ injuries, whether the amount paid by Marvel was reasonable and, if Perishable’s driver was negligent, the relative degrees of responsibility of Marvel and Perishable.
 

 The court’s instruction:
 

 The committee assumes that the court will give these instructions at the beginning of the case and that these instructions will be given again before final argument. When given at the beginning of the case, 202.1 will be used in lieu of 4-12.3 and these instructions will be followed by the applicable portions of 202.2 through 202.5. See Model Instruction No. 1 for a full illustration of an instruction at the beginning of the case.
 

 [412.3] Members of the jury, you have now heard and received all of the evidence in this case. I am now going to tell you about the rules of law that you must use in reaching your verdict. You will recall at the beginning of the case I told you that if, at the end of the case I decided that different law applies, I would tell you so. These instructions are,
 
 however, the same as
 
 what I gave you at the beginning and it is these rules of law that you must now follow. When I finish telling you about the rules of law, the attorneys will present their final arguments and you will then retire to decide your verdict.
 

 [412.4] The claims and defenses in this case are as follows. Marvel Transport Co. seeks to recover from Perishable Produce, Inc., part of the sum of $75,000.00, which Marvel Transport Co. paid John Adams to satisfy the claim of John Adams resulting from his injury in the three vehicle accident involving
 
 *839
 
 John Adams, and vehicles owned by Marvel Transport Co, and Perishable Produce, Inc. Marvel Transport Co. claims that Perishable Produce, Inc. was partly negligent in causing the collision.
 

 Perishable Produce, Inc. denies that claim.
 

 Marvel Transport Co. must prove its claim by the greater weight of the evidence. I will now define some of the terms you will use in deciding this case.
 

 [412.5] “Greater weight of the evidence” means the more persuasive and convincing force and effect of the entire evidence in the case.
 

 [412.6] Negligence is the failure to use reasonable care, which is the care that a reasonably careful person would use under like circumstances. Negligence is doing something that a reasonably careful person would not do under like circumstances or failing to do something that a reasonably careful person would do under like circumstances.
 

 [412.7(a) ] Negligence is a legal cause of loss, injury, or damage if it directly and in natural and continuous sequence produces or contributes substantially to producing such loss, injury, or damage, so that it can reasonably be said that, but for the negligence, the loss, injury, or damage would not have occurred.
 

 [412.7(b) ] In order to be regarded as a legal cause of loss, injury, or damage negligence need not be the only cause. Negligence may be a legal cause of loss, injury, or damage even though it operates in combination with the act of another or some other cause if the negligence contributes substantially to producing such loss, injury, or damage.
 

 [412.8] The issues for you to decide are whether Tom Jones, the employee of Perishable, was negligent in his operation of Perishable’s truck, which was involved in the collision and, if so, whether such negligence was a legal cause of injury or damage to John Adams.
 

 If the greater weight of the evidence does not support the claim of Marvel Transport Co. against Perishable Produce, Inc., your verdict should be for Perishable Produce, Inc.
 

 However, if the greater weight of the evidence supports the claim of Marvel Transport Co., you should also determine whether the amount of money paid by Marvel Transport Co. to John Adams was reasonable under all of the circumstances shown by the evidence. If the greater weight of the evidence shows that the amount of money paid by Marvel Transport to John Adams did not exceed a reasonable amount under all of the circumstances, you should so find by your verdict. However, if the amount of money paid by Marvel Transport Co. to John Adams exceeded a reasonable amount, you should determine the amount which would have been reasonable under all of the circumstances for Marvel Transport Co. to pay to John Adams in settlement. The court will then determine the amount that Marvel Transport Co. will recover from Perishable Produce, Inc.
 

 In deciding whether the amount of money paid by Marvel Transport Co. to John Adams was reasonable, I instruct you that John Adams would have been able to sue Marvel Transport Co. for an amount of money that would fairly and adequately compensate him for his loss, injury, and damage, including any damage that John Adams would have been reasonably certain to incur or experi
 
 *840
 
 ence in the future, for the following elements:
 

 [501.2(a) ] Any bodily injury sustained by John Adams and any resulting pain and suffering, disability or physical impairment, disfigurement, mental anguish, inconvenience or loss of capacity for the enjoyment of life that he had experienced in the past, or would have experienced in the future. There is no exact standard for measuring such damage. The amount would have had to have been fair and just, in the light of the evidence about his injuries.
 

 [501.2(b) ] The reasonable expense of hospitalization and medical care and treatment necessarily or reasonably obtained by John Adams in the past, or to be so obtained by him in the future.
 

 [501.2(c) ] Any earnings John Adams lost in the past, and any loss of ability to earn money he had in the future.
 

 [501.2(h) ] Any damage to John Adams’ automobile. The measure of such damage is the reasonable cost of repair, if it was practicable to repair the automobile, with due allowance for any difference between its value immediately before the collision and its value after repair. It would also include any loss John Adams sustained for towing or storage charges and from being deprived of the use of his automobile during the period reasonably required for its repair.
 

 [601.1] In deciding this case, it is your duty as jurors to decide the issues, and only those issues, that I submit for your determination and to answer certain questions I ask you to answer on a special form, called a verdict form. You must come to an agreement about what your answers will be. Your agreed-upon answers to my questions are called your jury verdict.
 

 In reaching your verdict, you must think about and weigh the testimony and any documents, photographs, or other material that has been received in evidence. You may also consider any facts that were admitted or agreed to by the lawyers. Your job is to determine what the facts are. You may use reason and common sense to reach conclusions. You may draw reasonable inferences from the evidence. But you should not guess about things that were not covered here. And, you must always apply the law as I have explained it to you.
 

 [601.2(a) ] Let me speak briefly about witnesses. In evaluating the be-Iievability of any witness and the weight you will give the testimony of any witness, you may properly consider the demeanor of the witness while testifying; the frankness or lack of frankness of the witness; the intelligence of the witness; any interest the witness may have in the outcome of the case; the means and opportunity the witness had to know the facts about which the witness testified; the ability of the witness to remember the matters about which the witness testified; and the reasonableness of the testimony of the witness, considered in the light of all the evidence in the case and in the light of your own experience and common sense.
 

 [601.2(b) ] Some of the testimony before you was in the form of opinions about certain technical subjects.
 

 You may accept such opinion testimony, reject it, or give it the weight you think it deserves, considering the knowledge, skill, experience, training, or education of the witness, the reasons given by the witness for the opinion expressed, and all the other evidence in the case.
 

 [601.5] That is the law you must follow in deciding this case. The attorneys for the parties will now present their
 
 *841
 
 final arguments. When they are through, I will have a few final instructions about your deliberations.
 

 Following closing arguments, the final instructions are given:
 

 [700] Members of the jury, you have now heard all the evidence, my instructions on the law that you must apply in reaching your verdict, and the closing arguments of the attorneys. You will shortly retire to the jury room to decide this case. Before you do so, I have a few last instructions for you.
 

 You will have in the jury room all of the evidence that was received during the trial. In reaching your decision, do not do any research on your own or as a group. Do not use dictionaries, the Internet, or other reference materials. Do not investigate the case or conduct any experiments. Do not contact anyone to assist you, such as a family accountant, doctor, or lawyer. Do not visit or view the scene of any event involved in this case. If you happen to pass by the scene, do not stop or investigate. All jurors must see or hear the same evidence at the same time. Do not read, listen to, or watch any news accounts of this trial.
 

 Any notes you have taken during the trial may be taken to the jury room for use during your discussions. Your notes are simply an aid to your own memory, and neither your notes nor those of any other juror are binding or conclusive. Your notes are not a substitute for your own memory or that of other jurors. Instead, your verdict must result from the collective memory and judgment of all jurors based on the evidence and testimony presented during the trial.
 

 At the conclusion of the trial, the bailiff will collect all of your notes and immediately destroy them. No one will ever read your notes.
 

 In reaching your verdict, do not let bias, sympathy, prejudice, public opinion, or any other sentiment for or against any party to influence your decision. Your verdict must be based on the evidence that has been received and the law on which I have instructed you.
 

 Reaching a verdict is exclusively your job. I cannot participate in that decision in any way and you should not guess what I think your verdict should be from something I may have said or done. You should not think that I prefer one verdict over another. Therefore, in reaching your verdict, you should not consider anything that I have said or done, except for my specific instructions to you.
 

 Pay careful attention to all the instructions that I gave you for that is the law that you must follow. You will have a copy of my instructions with you when you go to the jury room to deliberate. All the instructions are important and you must consider all of them together. There are no other laws that apply to this case and even if you do not agree with these laws, you must use them in reaching your decision in this case.
 

 After you have decided what the facts are, you may find that some instructions do not apply. In that case, follow the instructions that do apply and use them together with the facts to reach your verdict.
 

 When you go to the jury room, the first thing you should do is choose a presiding juror. The presiding juror should see to it that your discussions
 
 *842
 
 are orderly and that everyone has a fair chance to be heard.
 

 It is your duty to talk with one another in the jury room and to consider the views of all the jurors. Each of you must decide the case for yourself, but only after you have considered the evidence with the other members of the jury. Feel free to change your mind if you are convinced that your position should be different. You should all try to agree. But do not give up your honest beliefs just because the others think differently. Keep an open mind so that you and your fellow jurors can easily share ideas about the case.
 

 I will give you a verdict form with questions you must answer. I have already instructed you on the law that you are to use in answering these questions. You must follow my instructions and the form carefully. You must consider each question separately. Please answer the questions in the order they appear. After you answer a question, the form tells you what to do next. I will now read the form to you:
 
 (read form of verdict)
 

 Your verdict must be unanimous, that is, your verdict must be agreed to by each of you. When you are finished filling out the form, your presiding juror must write the date and sign it at the bottom. Return the form to the bailiff.
 

 If any of you need to communicate with me for any reason, write me a note and give it to the bailiff. In your note, do not disclose any vote or split or the reason for the communication.
 

 You may now retire to decide your verdict.
 

 Special Verdict Form
 

 VERDICT
 

 We, the jury, return the following verdict:
 

 1. Was there negligence on the part of Tom Jones, the driver of the truck owned by Defendant, PERISHABLE PRODUCE, INC., which was a legal cause of damage to John Adams?
 

 YES_NO_
 

 If your answer to question 1 is NO, your verdict is for defendant, and you should not proceed further except to date and sign this verdict form and return it to the courtroom. If your answer to question 1 is YES, please answer question 2.
 

 2. State the percentage of any negligence, which was a legal cause of damage to John Adams, that you charge to:
 

 Tom Jones (Perishable Produce Inc.’s
 
 driver)_%
 

 Frank Foot (Marvel Transport Co. driver)
 
 _%
 

 Total must be 100%
 

 Please answer question 3.
 

 3. Did MARVEL TRANSPORT CO. payment of $75,000.00 to Adams exceed a reasonable settlement under all of the circumstances?
 

 YES_NO_
 

 If your answer to question 3 is NO, do not proceed further except to date and sign this verdict form and return it to the courtroom. If your answer to question 3 is YES, please answer question 4.
 

 4. What would have been a reasonable settlement, under all of the circumstances, for MARVEL TRANSPORT COMPANY to pay Adams? $_
 

 SO SAY WE ALL, this _ day of -, 2-
 

 
 *843
 
 FOREPERSON
 

 MODEL INSTRUCTION NO. 6
 

 Claimant suing three alleged joint tort-feasors; comparative negligence in issue; contribution shares to be determined in action
 

 Facts of the hypothetical case:
 

 Mary Smith was injured while driving her car, which was involved in a four-car pile-up. She filed suit against the drivers of the other vehicles — Ron Rowe, Sally Jones and Tom Torpor — alleging that their combined negligence caused the pile-up and her injuries. AH defendants have asserted that the negligence of Smith contributed to her injuries. The defendants filed cross-claims raising the issue of contribution. The court has determined that a single verdict can conveniently determine the contribution shares of the defendants found to be liable to Smith.
 

 The court’s instruction:
 

 The committee assumes that the court will give these instructions at the beginning of the case and that these instructions will be given again before final argument. When given at the beginning of the case, 202.1 will be used in lieu of 4,01.1 and these instructions will be followed by the applicable portions of 202.2 through 202.5. See Model Instruction No. 1 for a full illustration of an instruction at the beginning of the case.
 

 [401.1]Members of the jury, you have now heard and received all of the evidence in this case. I am now going to tell you about the rules of law that you must use in reaching your verdict. You will recall at the beginning of the case I told you that if, at the end of the case I decided that different law applies, I would tell you so. These instructions are,
 
 however, the same as
 
 what I gave you at the beginning and it is these rules of law that you must now follow. When I finish telling you about the rules of law, the attorneys will present their final arguments and you will then retire to decide your verdict.
 

 [401.2] The claims and defenses in this case are as follows. Mary Smith claims that Ron Rowe
 
 and/or
 
 Sally Jones
 
 and/or
 
 Tom Torpor were negligent in the operation of their vehicles, which caused her harm.
 

 Ron Rowe, Sally Jones and Tom Torpor
 
 each
 
 deny that claim and
 
 they each
 
 also claim that Mary Smith was herself negligent in the operation of her vehicle, which caused her harm.
 

 The parties must prove their claims by the greater weight of the evidence. I will now define some of the terms you will use in deciding this case.
 

 [401.3] “Greater weight of the evidence” means the more persuasive and convincing force and effect of the entire evidence in the case.
 

 [401.4] Negligence is the failure to use reasonable care, which is the care that a reasonably careful person would use under like circumstances. Negligence is doing something that a reasonably careful person would not do under like circumstances or failing to do something that a reasonably careful person would do under like circumstances.
 

 [401.12(a) ] Negligence is a legal cause of loss, injury, or damage if it directly and in natural and continuous sequence produces or contributes substantially to producing such loss, injury, or damage, so that it can reasonably be said that, but for the negligence, the loss, injury, or damage would not have occurred.
 

 
 *844
 
 [401.12(b) ] In order to be regarded as a legal cause of loss, injury, or damage negligence need not be the only cause. Negligence may be a legal cause of loss, injury, or damage even though it operates in combination with the act of another or some other cause if the negligence contributes substantially to producing such loss, injury, or damage.
 

 [401.18(b) ] The issues you must decide on Mary Smith’s claim against Ron Rowe
 
 and/or
 
 Sally Jones
 
 and/or
 
 Tom Torpor are whether
 
 any one or more of those defendants
 
 were negligent in the operation of the vehicles they were driving; and, if so, whether such negligence was a legal cause of loss, injury, or damage to Mary Smith.
 

 [401.21] If the greater weight of the evidence does not support the claim of Mary Smith
 
 against a particular defendant,
 
 then your verdict should be for
 
 that
 
 defendant.
 

 [401.22] If, however, the greater weight of the evidence supports Mary Smith’s claim
 
 against one or more of the defendants,
 
 then you shall consider the defense raised by
 
 the defendants.
 

 [401.22(a) ] On
 
 that
 
 defense, the issue for you to decide is whether Mary Smith was herself negligent in the operation of her vehicle and, if so, whether that negligence was a contributing legal cause of injury or damage to Mary Smith.
 

 [401.23] If the greater weight of the evidence does not support
 
 the defense of the defendants
 
 and the greater weight of the evidence supports Mary Smith’s claim
 
 against one or more of the defendants,
 
 then your verdict should be for Mary Smith
 
 against those particular defendants and you should then
 
 decide and write on the verdict form what percentage of the total negligence of
 
 those
 
 defendants was caused by each defendant.
 

 If, however, the greater weight of the evidence shows that both Mary Smith and
 
 one or more of the defendants
 
 were negligent and that the negligence of each contributed as a legal cause of loss, injury, or damage sustained by Mary Smith, you should decide and write on the verdict form what percentage of the total negligence of all parties to this action was caused by each of them.
 

 [501.1(b) ] If you find for the defendants you will not consider the matter of damages. But if the greater weight of the evidence supports Mary Smith’s claim
 
 against one or more of the defendants,
 
 you should determine and write on the verdict form, in dollars, the total amount of loss, injury, or damage, which the greater weight of the evidence shows she sustained as a result of the incident complained of, including any such damage as Mary Smith is reasonably certain to incur or experience in the future. You shall consider the following elements:
 

 [501.2(a) ] Any bodily injury sustained, any resulting pain and suffering, disability or physical impairment, disfigurement, mental anguish, inconvenience or loss of capacity for the enjoyment of life experienced in the past, or to be experienced in the future. There is no exact standard for measuring such damage. The amount should be fair and just, in the light of the evidence.
 

 [501.2(b) ] The reasonable expense of hospitalization and medical care and treatment necessarily or reasonably obtained in the past, or to be so obtained in the future.
 

 [501.2(c) ] Any earnings lost in the past, and any loss of ability to earn money in the future.
 

 
 *845
 
 [501.2(h) ] Any damage to Mary Smith’s automobile. The measure of such damage is the reasonable cost of repair, if it was practicable to repair the automobile, with due allowance for any difference between its value immediately before the collision and its value after repair. You shall also take into consideration any loss Mary Smith sustained for towing or storage charges and by being deprived of the use of her automobile during the period reasonably required for its repair.
 

 [501.3] In determining the total amount of damages, you should not make any reduction because of the negligence, if any, of Mary Smith. The court will enter a judgment based on your verdict and, if you find that Mary Smith was negligent in any degree, the court, in entering judgment, will reduce the total amount of damages by the percentage of negligence which you find was caused by Mary Smith.
 

 [501.6] If the greater weight of the evidence shows that Mary Smith has been permanently injured, you may consider her life expectancy. The mortality tables received in evidence may be considered in determining how long Mary Smith may be expected to live. Mortality tables are not binding on you, but may be considered together with other evidence in the case bearing on Mary Smith’s health, age and physical condition, before and after the injury, in determining the probable length of her life.
 

 [501.7] Any amount of damages which you allow for future medical expenses or loss of ability to earn money in the future should be reduced to its present money value, and only the present money value of these future economic damages should be included in your verdict. The present money value of future economic damages is the sum of money needed now which, together with what that sum will earn in the future, will compensate Mary Smith for these losses as they are actually experienced in future years.
 

 [501.9] Even if you determine that more than one of the defendants were negligent, you should determine Mary Smith’s damages in a single total amount, and write that amount, in dollars, on the verdict form.
 

 [601.1] In deciding this case, it is your duty as jurors to decide the issues, and only those issues, that I submit for your determination and to answer certain questions I ask you to answer on a special form, called a verdict form. You must come to an agreement about what your answers will be. Your agreed-upon answers to my questions are called your jury verdict.
 

 In reaching your verdict, you must think about and weigh the testimony and any documents, photographs, or other material that has been received in evidence. You may also consider any facts that were admitted or agreed to by the lawyers. Your job is to determine what the facts are. You may use reason and common sense to reach conclusions. You may draw reasonable inferences from the evidence. But you should not guess about things that were not covered here. And, you must always apply the law as I have explained it to you.
 

 [601.2(a) ] Let me speak briefly about witnesses. In evaluating the believability of any witness and the weight you will give the testimony of any witness, you may properly consider the demeanor of the witness while testifying; the frankness or lack of frankness of the witness; the intelligence of the witness; any interest the witness may have
 
 *846
 
 in the outcome of the case; the means and opportunity the witness had to know the facts about which the witness testified; the ability of the witness to remember the matters about which the witness testified; and the reasonableness of the testimony of the witness, considered in the light of all the evidence in the case and in the light of your own experience and common sense.
 

 [601.2(b) ] Some of the testimony before you was in the form of opinions about certain technical subjects.
 

 You may accept such opinion testimony, reject it, or give it the weight you think it deserves, considering the knowledge, skill, experience, training, or education of the witness, the reasons given by the witness for the opinion expressed, and all the other evidence in the case.
 

 [601.5] That is the law you must follow in deciding this case. The attorneys for the parties will now present their final arguments. When they are through, I will have a few final instructions about your deliberations.
 

 Following dosing arguments, the final instructions are given:
 

 [700] Members of the jury, you have now heard all the evidence, my instructions on the law that you must apply in reaching your verdict and the closing arguments of the attorneys. You will shortly retire to the jury room to decide this case. Before you do so, I have a few last instructions for you.
 

 You will have in the jury room all of the evidence that was received during the trial. In reaching your decision, do not do any research on your own or as a group. Do not use dictionaries, the Internet, or other reference materials. Do not investigate the case or conduct any experiments. Do not contact anyone to assist you, such as a family accountant, doctor, or lawyer. Do not visit or view the scene of any event involved in this case. If you happen to pass by the scene, do not stop or investigate. All jurors must see or hear the same evidence at the same time. Do not read, listen to, or watch any news accounts of this trial.
 

 Any notes you have taken during the trial may be taken to the jury room for use during your discussions. Your notes are simply an aid to your own memory, and neither your notes nor those of any other juror are binding or conclusive. Your notes are not a substitute for your own memory or that of other jurors. Instead, your verdict must result from the collective memory and judgment of all jurors based on the evidence and testimony presented during the trial.
 

 At the conclusion of the trial, the bailiff will collect all of your notes and immediately destroy them. No one will ever read your notes.
 

 In reaching your verdict, do not let bias, sympathy, prejudice, public opinion or any other sentiment for or against any party to influence your decision. Your verdict must be based on the evidence that has been received and the law on which I have instructed you.
 

 Reaching a verdict is exclusively your job. I cannot participate in that decision in any way and you should not guess what I think your verdict should be from something I may have said or done. You should not think that I prefer one verdict over another. Therefore, in reaching your verdict, you should not consider anything that I have said or done, except for my specific instructions to you.
 

 
 *847
 
 Pay careful attention to all the instructions that I gave you for that is the law that you must follow. You will have a copy of my instructions with you when you go to the jury room to deliberate. All the instructions are important and you must consider all of them together. There are no other laws that apply to this case and even if you do not agree with these laws, you must use them in reaching your decision in this case.
 

 After you have decided what the facts are, you may find that some instructions do not apply. In that case, follow the instructions that do apply and use them together with the facts to reach your verdict.
 

 When you go to the jury room, the first thing you should do is choose a presiding juror. The presiding juror should see to it that your discussions are orderly and that everyone has a fair chance to be heard.
 

 It is your duty to talk with one another in the jury room and to consider the views of all the jurors. Each of you must decide the case for yourself, but only after you have considered the evidence with the other members of the jury. Feel free to change your mind if you are convinced that your position should be different. You should all try to agree. But do not give up your honest beliefs just because the others think differently. Keep an open mind so that you and your fellow jurors can easily share ideas about the case.
 

 I will give you a verdict form with questions you must answer. I have already instructed you on the law that you are to use in answering these questions. You must follow my instructions and the form carefully. You must consider each question separately. Please answer the questions in the order they appear. After you answer a question, the form tells you what to do next. I will now read the form to you:
 
 (read form of
 
 verdict)
 

 Your verdict must be unanimous, that is, your verdict must be agreed to by each of you. When you are finished filling out the form, your presiding juror must write the date and sign it at the bottom. Return the form to the bailiff.
 

 If any of you need to communicate with me for any reason, write me a note and give it to the bailiff. In your note, do not disclose any vote or split or the reason for the communication.
 

 You may now retire to decide your verdict.
 

 Special Verdict Form
 

 VERDICT
 

 We, the jury, return the following verdict:
 

 1. Was there negligence on the part of any of the defendants, which was a legal cause of damage to Plaintiff, Mary Smith?
 

 RON ROWE YES_NO_
 

 SALLY JONES YES_NO_
 

 TOM TORPOR YES_NO_
 

 If your answer to question 1 is NO as to all defendants, your verdict is for the defendants, and you should not proceed further except to date and sign this verdict form and return it to the courtroom. If your answer to question 1 is YES as to any of the defendants, please answer question 2.
 

 2. Was there negligence on the part of Plaintiff, MARY SMITH, which was a legal cause of her damage?
 

 YES_NO_
 

 Please answer question 3.
 

 
 *848
 
 3. State the percentage of any negligence, which was a legal cause of damage to Plaintiff, Mary Smith, that you charge to:
 

 Ron Rowe _%
 

 Sally Jones-%
 

 Tom Torpor _%
 

 Mary Smith _%
 

 Total must be 100%
 

 Your answers to question 3 must total 100%, and should include a zero for any person you found not negligent in answer to questions 1 and 2.
 

 In determining the amount of any damages, do not make any reduction because of the negligence, if any, of Plaintiff, MARY SMITH. If you find Plaintiff, MARY SMITH, was negligent in any degree, the court, in entering judgment, will reduce MARY SMITH’S total amount of damages (100%) by the percentage of negligence that you find was caused by MARY SMITH.
 

 Please answer questions 4 and 5.
 

 4. What is the total amount of MARY SMITH’S damages for lost earnings in the past, loss of earning capacity in the future, medical expenses incurred in the past, medical expenses to be incurred in the future? $_
 

 5. What is the total amount of MARY SMITH’S damages for pain and suffering, disability, physical impairment, disfigurement, mental anguish, inconvenience, aggravation of a disease or physical defect, and loss of capacity for the enjoyment of life sustained in the past and to be sustained in the future? $_
 

 TOTAL DAMAGES OF MARY SMITH
 

 (add lines 4 and 5) $_
 

 SO SAY WE ALL, this _ day of _,2_
 

 FOREPERSON
 

 VERDICT FORMS
 

 The following Model Verdict forms are included as examples of how issues can be submitted to the jury. They may be changed on a case-by-case basis depending on the rulings and facts in a particular case.
 

 Historically, a general verdict on compensatory damages was considered appropriate, and that is the only form of verdict provided in the Florida Rules of Civil Procedure. See
 
 Fla.R.Civ.P. Form
 
 1.986(a). However, with the advent of special verdicts and bifurcation of issues, it is now common for cases to be submitted to the jury with a special verdict. The committee has therefore drafted the following special verdict forms. None of the following are complete verdicts and in some instances more than one of these forms might apply.
 

 APPENDIX B: VERDICT FORMS
 

 Form of verdict itemizing damages introductory comment
 

 1. Model form of verdict for general negligence with apportionment of fault... 849
 

 2(a). Model form of verdict for personal injury damages . 850
 

 2(b). Model form of verdict for wrongful death damages . 851
 

 3(a). Model form of verdict for bifurcated punitive damage cases. 852
 

 3(b). Model form of verdict for non-bifurcated punitive damage cases. 854
 

 4. Model form of verdict for statute of limitations defense in a medical negligence case. 855
 

 5(a). Model form of verdict for emergency medical treatment; no issue as to the applicability of F.S. 768.13(2)»). 856
 

 5(b). Model form of verdict for emergency medical treatment; issue as to the applicability of F.S. 768.13(2)»); no issue as to comparative negligence. 856
 

 5(c). Model form of verdict for emergency medical treatment; issues as to both applicability of F.S. 768.13(2)») and comparative negligence. 857
 

 
 *849
 
 6. Model form of verdict for personal injury protection insurance benefits (PIP) (Medical Benefits only). 858
 

 FORM 1. MODEL FORM OF VERDICT FOR GENERAL NEGLIGENCE WITH APPORTIONMENT OF FAULT
 

 VERDICT
 

 We, the jury, return the following verdict:
 

 1. Was there negligence on the part of (defendant) which was a legal cause of [loss] [injury] [or] [damage] to(claimant) (decedent)?
 

 YES__ NO_
 

 If your answer to question 1 is NO, your verdict is for defendant, and you should not proceed further except to date and sign this verdict form and return it to the courtroom. If your answer to question 1 is YES, please answer question 2.
 

 2. Was there negligence on the part of (claimant) (decedent) which was a legal cause of [his] [her] [loss] [injury] [or] [damage]?
 

 YES_NO_
 

 Please answer question 3.
 

 3. Was there [negligence] [ (specify other type of conduct) ] on the part of (identify additional person or entity) which was a contributing legal cause of [loss] [injury] [or] [damage] to (claimant) (decedent)?
 

 YES_NO_
 

 This question should be repeated, and the question numbers adjusted accordingly, for each additional person or entity as to which the evidence is sufficient to permit the jury to apportion fault.
 

 Please answer question 4.
 

 4.State the percentage of any negligence [or fault], which was a legal cause of [loss] [injury] [or] [damage] to (claimant) (decedent) that you charge to:
 

 (defendant)
 
 _%
 

 (identify additional person or entity)
 
 _%
 

 (claimant) _%
 

 Total must be 100%
 

 (Note: For any response of “NO” to question 1, 2, or 3, place a zero as to that person [or entity] in answering question 4.)
 

 If the evidence is sufficient to permit the jury to apportion fault to more than one additional person or entity, a separate line should be added for each such additional person or entity.
 

 In determining the amount of damages, do not make any reduction because of the negligence, if any, of (claimant) (decedent) or the [negligence] [ (specify other type of conduct) ], if any, of (identify additional person(s) or en-tit(y)(ies)). If you find that (claimant) (decedent) or (identify additional person(s) or entit(y)(ies)) [was] [were] negligent [or at fault], the court in entering judgment will make an appropriate reduction in the damages awarded.
 

 Please answer question 5.
 

 Select the appropriate damage questions from forms 2(a) or (b).
 

 SO SAY WE ALL, this _ day of -,2-
 

 FOREPERSON
 

 NOTE ON USE FOR FORM 1
 

 The verdict form should list all persons or entities among whom the jury may apportion fault. This will permit the trial court to allocate damages, determine set-
 
 *850
 
 offs, if appropriate, and facilitate appellate review.
 

 2. DAMAGES INTRODUCTORY COMMENT
 

 In 1986, the legislature adopted
 
 F.S.
 
 768.77 which required separate determinations by the trier of fact of economic damages, noneconomic damages, and punitive damages, and further required designation of those damages which occurred prior to the verdict, as well as those amounts intended to compensate for losses to be incurred in the future. A further requirement existed for future damages to be itemized both before and after reduction to present value and for a determination of the period of years over which future damages are intended to provide compensation.
 
 F.S.
 
 768.78, adopted at the same time, provided for alternative methods of payment of damage awards when “the trier of fact” makes an award to compensate for future economic damages in excess of $250,000.
 

 Effective October 1,1999, the legislature substantially amended those provisions.
 
 F.S.
 
 768.77 was amended to delete the requirements that required designation of past or future damages, itemization of future damages both before and after reduction to present value, and a determination of the period of years over which future damages are intended to provide compensation. Under the 1999 amendment to
 
 F.S.
 
 768.77(1), damages for all non-medical negligence cases only have to be segregated into economic losses, noneconomic losses, and punitive damages.
 
 F.S.
 
 768.77(2), however, requires further itemization for medical negligence cases. At the same time,
 
 F.S.
 
 768.78 was amended to substitute the words “the Court determines” in place of the words “trier of fact,” but additional questions on the verdict form may be required to provide the court with the findings of fact necessary for the statute to be utilized.
 

 The legislature also enacted a provision in 1999 stating that if the statutes are determined to be encroaching upon the authority of the Florida Supreme Court, the legislature requested a rule change under the provisions of Art. V, § 2, of the Florida Constitution consistent with the statutes. No court opinion has expressly determined whether
 
 F.S.
 
 768.77 or 768.78 is constitutional under the provisions of Art. II, § 3, of the Florida Constitution.
 

 The committee drafted Model Verdict Forms 2(a) and 2(b) to comply with the minimum requirements of the 1999 amendments to
 
 F.S.
 
 768.77(1). In some cases additional questions may be required to preserve issues for appeal or for other reasons. The committee takes no position on how a court would, if requested, comply with
 
 F.S.
 
 768.78 in cases where a jury determines that the future economic damages exceed $250,000.
 

 Depending on the evidence presented, certain elements of damages may be considered economic, noneconomic, or a mixture of both, thus requiring appropriate modification of the verdict form.
 

 For verdict requirements in medical negligence claims, see
 
 F.S.
 
 768.77(2) and 768.78(2)(a).
 

 FORM 2(a). MODEL FORM OF VERDICT FOR PERSONAL INJURY DAMAGES
 

 These or similar damage questions should appear in the verdict form after findings on liability issues.
 

 [In determining the amount of damages, do not make any reduction because of the negligence, if any, of (name). If you find that (name) was to any extent negligent, the court in entering judgment will make an appropriate reduction in the damages awarded.]
 

 
 *851
 
 Please answer question(s) _f_.
 

 _f_. What is the total amount of (claimant’s) damages for lost earnings in the past, loss of earning capacity in the future, medical expenses incurred in the past, medical expenses to be incurred in the future, and (list any other economic damages)? $.__
 

 _f_. What is the total amount of (claimant’s) damages for pain and suffering, disability, physical impairment, disfigurement, mental anguish, inconvenience, aggravation of a disease or physical defect (list any other noneco-nomic damages) and loss of capacity for the enjoyment of life sustained in the past and to be sustained in the future? $_
 

 TOTAL DAMAGES OF (claimant)
 

 (add lines 1 and 2) $
 

 * . What is the total amount of damage sustained by (spouse) in loss of [his wife’s] [her husband’s]:
 

 [a.] comfort, society, and attention? $-
 

 [b.] services? $_
 

 TOTAL DAMAGES OF (spouse)
 

 (add lines *a and *b) $
 

 ^Insert appropriate numbers.
 

 FORM 2(b). MODEL FORM OF VERDICT FOR WRONGFUL DEATH DAMAGES
 

 These or similar damage questions should appear in the verdict form after findings on liability issues.
 

 [In determining the amount of damages, do not make any reduction because of the negligence, if any, of (name). If you find that (name) was to any extent negligent, the court in entering judgment will make an appropriate reduction in the damages awarded.]
 

 Please answer questions _f_.
 

 DAMAGES OF THE ESTATE
 

 ff. What is the total amount of any damages lost by the estate for [any earnings of the decedent lost from the date of injury to the death not including any amount of support lost by a survivor in that period][,] [the amount of any medical or funeral expenses resulting from (decedent’s) injury and death charged to the estate or paid by someone other than a survivor] [,] [and] [loss of net accumulations] [,] [(list other damages sustained by estate) ]? $_
 

 DAMAGES OF (surviving spouse)
 

 *a. What is the amount of any damages sustained by (surviving spouse) for the [loss of the (decedent’s) support] [and] [services][, and] [medical or funeral expenses] resulting from (decedent’s) injury and death paid by (surviving spouse) ]? $_
 

 *b. What is the total amount of damages sustained by (surviving spouse) for the loss of [his wife’s] [her husband’s] companionship and protection and for [his] [her] pain and suffering as a result of (decedent’s) injury and death? $-
 

 TOTAL DAMAGES OF (surviving spouse)
 

 (add lines fa and fb) $_
 

 ^Insert appropriate numbers.
 

 DAMAGES OF (surviving child)
 

 fa. What is the total amount of damages sustained by (surviving child) for the [loss of the (decedent’s) support] [and] [services][, and] [medical or funeral expenses resulting from (decedent’s) death paid by (surviving child) ]? $_
 

 
 *852
 
 *b. What is the total amount of damages sustained by (surviving child) for the loss of parental companionship, instruction and guidance and (surviving child’s) pain and suffering as a result of (decedent’s) injury and death? $_
 

 TOTAL DAMAGES OF (surviving child) (add lines ⅛ and ⅞) $_
 

 DAMAGES OF (surviving mother)
 

 J|_. What is the total amount of damages sustained by (surviving mother) for her [pain and suffering as a result of the injury and death of (minor child) ] [and] [medical or funeral expenses resulting from (decedent’s) injury and death paid by (surviving mother) ]? $_
 

 TOTAL DAMAGES OF (surviving mother) $-
 

 DAMAGES OF (surviving father)
 

 * . What is the total amount of damages sustained by (surviving father) for his [pain and suffering as a result of the injury and death of (minor child) ] [and] [medical or funeral expenses resulting from (decedent’s) injury and death paid by (surviving father) ]? $_
 

 TOTAL DAMAGES OF (surviving father) $_
 

 ' "Insert appropriate numbers
 

 NOTE ON USE FOR FORM 2(b)
 

 The selection of applicable portions of this form depends upon determination of the survivors under the Wrongful Death Act,
 
 F.S.
 
 768.16-768.26.
 

 FORM 3(a). MODEL FORM OF VERDICT FOR BIFURCATED PUNITIVE DAMAGE CASES
 

 Verdict form 3(a) should be used in the first stage of the bifurcated trial prescribed by W.R. Grace & Co. v. Waters, 638 So.2d 502 (Fla.1994). Verdict form 3(b) is used only if the jury determined in the first stage that punitive damages are warranted, and after the jury has received any additional evidence relevant to the amount of punitive damages in the second stage and has received the appropriate second stage instructions.
 

 (1). Punitive Damage Liability
 
 — Stage
 
 One Determination:
 

 Under the circumstances of this case, state whether you find by clear and convincing evidence that punitive damages are warranted against:
 

 (defendant) Yes_No_
 

 (defendant) Yes_No_
 

 Note: List only the defendants) whose conduct the court has determined may warrant punitive damages. It may be necessary to modify this verdict form where punitive damages based on either direct or vicarious liability are at issue under PD la(3) or (If).
 

 (2). Amount of Punitive
 
 Damages—
 
 Stage Two Determination:
 

 a. Causes of action arising prior to October 1, 1999:
 

 What is the total amount of punitive damages, if any, which you find, by the greater weight of the evidence, should be assessed against defendants?
 

 (defendant) $_
 

 (defendant) $_
 

 If you elect not to assess punitive damages against a defendant, you should enter a zero (0) as the amount of damages.
 

 Note: List only the defendants) against whom the jury has determined, in the first stage of the bifurcated punitive damages trial, that punitive damages are warranted.
 

 b. Causes of action arising on or after October 1, 1999:
 

 
 *853
 
 What is the total amount of punitive damages, if any, which you find, by the greater weight of the evidence, should be assessed against defendant^]?
 

 (defendant) $_
 

 (defendant) $_
 

 Note: List only the
 
 defendants)
 
 against whom the jury has determined, in the first stage of the bifurcated punitive damages trial, that punitive damages are warranted.
 

 If you elect not to assess punitive damages against a defendant, you should enter a zero (0) as the amount of damages, and sign and date the verdict form.
 

 [If you have elected not to assess punitive damages against (defendant) then you should skip the remaining questions and sign and date the verdict form. If, however, you have elected to assess punitive damages against (defendant), the law requires you to answer the following questions:]
 

 [If you have elected not to assess punitive damages against any defendant then you should skip the remaining questions and sign and date the verdict form. If, however, you have elected to assess punitive damages against some but not all of the defendants, you should enter (0) as the amount of damages for any defendant for whom you have elected not to assess punitive damages. You also must answer the following questions:]
 

 [At the time of [loss] [injury] [or] [damage] to (claimant), did [ (defendant) ] [the managing agent, director, officer, or other person responsible for making policy decisions on behalf of the (defendant) ] have a specific intent to harm (claimant) and did the conduct of [defendant] [the managing agent, director, officer, or other person responsible for making policy decisions on behalf of the defendant] in fact harm (claimant) ]?
 

 (defendant) Yes_No_
 

 [ (the managing agent, director, officer, or other person responsible for making policy decisions on behalf of the defendant) ]?
 

 Yes_No_
 

 [Was the wrongful conduct of [ (defendant) ] [the managing agent, director, officer or other person responsible for making policy decisions on behalf of the defendant] motivated solely by unreasonable financial gain and was the unreasonably dangerous nature of the conduct, together with the high likelihood of injury resulting from the conduct, actually known by [ (defendant) ] [the managing agent, director, officer or other person responsible for making policy decisions on behalf of the defendant]?
 

 (defendant) Yes_No_
 

 [ (the managing agent, director, officer, or other person responsible for making policy decisions on behalf of the defendant) ]?
 

 Yes_No_
 

 NOTE ON USE FOR FORM 3(a)
 

 In punitive damages cases, the jury is required to apply a clear and convincing standard to determine liability and a greater weight of the evidence standard to determine the amount of damages. In order to minimize jury confusion, the relevant burden of proof is specified for these questions. The committee does not recommend that the burden of proof be stated on the verdict form in other types of cases not involving this unique situation.
 

 
 *854
 
 FORM 3(b). MODEL FORM OF VERDICT FOR NON-BIFURCATED PUNITIVE DAMAGE CASES
 

 (1). Causes of action arising prior to October 1, 1999:
 

 Under the circumstances of this case, state whether you find by clear and convincing evidence that punitive damages are warranted against:
 

 (defendant) Yes_No_
 

 (defendant) Yes_No_
 

 Note: List only the defendants) whose conduct the court has determined may warrant punitive damages. It may be necessary to modify this verdict form where punitive damages based on either direct or vicarious liability are at issue.
 

 As to each defendant for whom you answered “yes,” what is the total amount of punitive damages, if any, which you find, by the greater weight of the evidence, should be assessed against that defendant?
 

 (defendant) $_
 

 (defendant) $_
 

 If you elect not to assess punitive damages against a defendant, you should enter a zero (0) as the amount of damages.
 

 (¾).
 
 Causes of action arising on or after October 1, 1999:
 

 Under the circumstances of this case, state whether you find by clear and convincing evidence that punitive damages are warranted against:
 

 (defendant) Yes_No_
 

 (defendant) Yes_No_
 

 Note: List only the defendants) whose conduct the court has determined may warrant punitive damages. It may be necessary to modify this verdict form where punitive damages based on either direct or vicarious liability are at issue.
 

 If you elect not to assess punitive damages against the defendant, you should enter a zero (0) as the amount of damages. If you elect not to assess damages against the defendant, then you should skip the remaining questions and sign and date the verdict form.
 

 [If you have elected not to assess punitive damages against (defendant) then you should skip the remaining questions and sign and date the verdict form. If, however, you have elected to assess punitive damages against (defendant), the law requires you to answer the following questions:]
 

 [If you have elected not to assess punitive damages against any defendant then you should skip the remaining questions and sign and date the verdict form. If, however, you have elected to assess punitive damages against some but not all of the defendants, you should enter (0) as the amount of damages for any defendant for whom you have elected not to assess punitive damages. You also must answer the following questions:]
 

 At the time of [loss] [injury] [or] [damage] to (claimant), did [ (defendant) ] [the managing agent, director, officer, or other person responsible for making policy decisions on behalf of the defendant] have a specific intent to harm (claimant) and did the conduct of [ (defendant) ] [the managing agent, director, officer, or other person responsible for making policy decisions on behalf of the defendant] in fact harm (claimant)?
 

 (defendant) Yes_No_
 

 [ (the managing agent, director, officer, or other person responsible for making policy decisions on behalf of the defendant) ]
 

 Yes_No_
 

 
 *855
 
 [Was the wrongful conduct of [ (defendant) ] [the managing agent, director, officer, or other person responsible for making policy decisions on behalf of the defendant] motivated solely by unreasonable financial gain and was the unreasonably dangerous nature of the conduct, together with the high likelihood of injury resulting from the conduct, actually known by [ (defendant) ] [the managing agent, director, officer, or other person responsible for making policy decisions on behalf of the defendant]?
 

 (defendant) Yes_No_
 

 [ (the managing agent, director, officer, or other person responsible for making policy decisions on behalf of the defendant) ]
 

 Yes_No_
 

 NOTE ON USE FOR FORM 3(b)
 

 In punitive damages cases, the jury is required to apply a clear and convincing standard to determine liability and a greater weight of the evidence standard to determine the amount of damages. In order to minimize jury confusion, the relevant burden of proof is specified for these questions. The committee does not recommend that the burden of proof be stated on the verdict form in other types of cases not involving this unique situation.
 

 FORM 4. MODEL FORM OF VERDICT FOR STATUTE OF LIMITATIONS DEFENSE IN A MEDICAL NEGLIGENCE CASE
 

 VERDICT
 

 We, the Jury, return the following verdict:
 

 1.Was there negligence on the part of (defendant) which was a legal cause of [loss] [injury] [or] [damage] to (claimant)?
 

 YES_NO_
 

 If your answer to question 1 is NO, your verdict is for (defendant) and you should not proceed further except to date and sign this verdict form and return it to the courtroom. If your answer to question 1 is YES, please answer question 2.
 

 2. Did (claimant) know, or by the use of reasonable care should [he] [she] have known, on or before (date), that (claimant or person for whose injury or death claim is made) had sustained injury or damage and that there was a reasonable possibility that the injury or damage was caused by medical negligence?
 

 YES_NO_
 

 If your answer to question 2 is YES, then your verdict is for (defendant) and you should not proceed further except to date and sign the verdict form and return it to the courtroom. If your answer to question 2 is NO, please answer question 3.
 

 3. Was there negligence on the part of (claimant) which was a legal cause of [his] [her] [loss] [injury] [or] [damage]?
 

 YES_NO_
 

 If your answer to question 3 is YES, please answer question 4. If your answer to question 3 is NO, skip question 4 and proceed to question 5.
 

 4. State the percentage of any negligence which was a legal cause of [loss] [injury] [or] [damage] to (claimant) that you charge to:
 

 (defendant)
 
 _%
 

 (plaintiff) _%
 

 Total must be 100%
 

 Please answer question 5. In determining the amount of damages, do not make any reduction because of the negligence, if any, of (claimant) (decedent) or
 
 *856
 
 the [negligence] [ (specify other type of conduct)], if any, of (identify additional person(s) or entit(y)(ies)). If you find that (claimant) (decedent) or (identify additional person(s) or entit(y)(ies)) [was] [were] negligent [or at fault], the court in entering judgment will make an appropriate reduction in the damages awarded.
 

 Select the appropriate damage questions from Forms 2(a) and (b).
 

 SO SAY WE ALL, this _ day of -; 2-
 

 FOREPERSON
 

 FORM 5(a). MODEL FORM OF VERDICT FOR EMERGENCY MEDICAL TREATMENT; NO ISSUE AS TO THE APPLICABILITY OF
 
 F.S.
 
 768.13(2)(b)
 

 VERDICT
 

 We, the jury, return the following verdict:
 

 1.Was there reckless disregard on the part of (defendant hospital, hospital employee, physician) which was a legal cause of [loss] [injury] [or] [damage] to (claimant) (decedent)?
 

 YES_NO_
 

 If your answer to question 1 is NO, your verdict is for defendant, and you should not proceed further except to date and sign this verdict form and return it to the courtroom. If your answer to question 1 is YES, please answer question 2.
 

 Refer to Forms 2(a) and (b) for itemized damage interrogatories.
 

 SO SAY WE ALL, this _ day of _, 2_
 

 FOREPERSON
 

 NOTE ON USE FOR FORM 5(a)
 

 Pending further developments in the law, the committee reserves the issue of whether comparative negligence is a defense when the reckless disregard standard is in effect. However, if the court decides that comparative negligence is a defense, and that there is sufficient evidence to support such a defense, this verdict form should be modified accordingly.
 

 FORM 5(b). MODEL FORM OF VERDICT FOR EMERGENCY MEDICAL TREATMENT; ISSUE AS TO THE APPLICABILITY OF
 
 F.S.
 
 768.13(2)(b); NO ISSUE AS TO COMPARATIVE NEGLIGENCE
 

 VERDICT
 

 We, the jury, return the following verdict:
 

 1. Was there negligence on the part of (defendant hospital, hospital employee, physician) which was a legal cause of [loss] [injury] [or] [damage] to (claimant) (decedent)?
 

 YES_NO_
 

 If your answer to question 1 is NO, your verdict is for defendant, and you should not proceed further except to date and sign this verdict form and return it to the courtroom. If your answer to question 1 is YES, please answer question 2.
 

 2. Did (defendant hospital, hospital employee, physician) render [care] [treatment] to (claimant) (decedent) under emergency circumstances?
 

 YES_NO__
 

 If your answer to question 2 is YES, please answer question 3. If your answer to question 2 is NO, skip question 3 and answer question 4.
 

 3. Was there reckless disregard on the part of (defendant hospital, hospital employee, physician) which was a legal
 
 *857
 
 cause of [loss] [injury] [or] [damage] to (claimant) (decedent)?
 

 YES_NO_
 

 Please answer question 4.
 

 4.What is the total amount (100%) of any damages sustained by (claimant) (decedent) and caused by the incident in question?
 

 Total damages of (claimant) (decedent) $-
 

 Refer to Forms 2(a) and (b) for itemized damage interrogatories.
 

 SO SAY WE ALL, this _ day of _, 2_
 

 FOREPERSON
 

 FORM 5(c). MODEL FORM OF VERDICT FOR EMERGENCY MEDICAL TREATMENT; ISSUES AS TO BOTH APPLICABILITY OF
 
 F.S.
 
 768.13(2)(b) AND COMPARATIVE NEGLIGENCE
 

 VERDICT
 

 We, the jury, return the following verdict:
 

 1. Was there negligence on the part of (defendant hospital, hospital employee, physician) which was a legal cause of [loss] [injury] [or] [damage] to (claimant) (decedent)?
 

 YES_NO_
 

 If your answer to question 1 is NO, your verdict is for defendant, and you should not proceed further except to date and sign this verdict form and return it to the courtroom. If your answer to question 1 is YES, please answer question 2.
 

 2. Did (defendant hospital, hospital employee, physician) render [care] [treatment] to (claimant) (decedent) under emergency circumstances?
 

 YES_NO_
 

 If your answer to question 2 is YES, please answer question 3. If your answer to question 2 is NO, skip question 3 and answer question 4.
 

 3. Was there reckless disregard on the part of (defendant hospital, hospital employee, physician) which was a legal cause of [loss] [injury] [or] [damage] to (claimant) (decedent)?
 

 YES_NO_
 

 Please answer question 4.
 

 4. Was there negligence on the part of (claimant) (decedent) which was a legal cause of [his] [her] [loss] [injury] [or] [damage]?
 

 YES_NO_
 

 If your answer to question 4 is YES, please answer question 5. If your answer to question 4 is NO, skip question 5 and answer question 6.
 

 5. State the percentage of any negligence, which was a legal cause of [loss] [injury] [or] [damage] to (claimant) (decedent), that you charge to:
 

 (defendant hospital, hospital employee, physician) _%
 

 (claimant) (decedent) _%
 

 Total must be 100%
 

 Please answer question 6.
 

 6. What is the total amount (100%) of any damages sustained by (claimant) (decedent) and caused by the incident in question?
 

 Total damages of (claimant) (decedent) $-
 

 Refer to Forms 2(a) and (b) for itemized damage interrogatories.
 

 In determining the total amount of damages, do not make any reduction because of the negligence, if any, of
 
 *858
 
 (claimant) (decedent). If you have found (claimant) (decedent) negligent in any degree, the court in entering judgment will reduce (claimant’s) (decedent’s) total amount of damages (100%) by the percentage of negligence which you found was caused by (claimant) (decedent).
 

 SO SAY WE ALL, this _ day of 2
 

 FOREPERSON
 

 NOTE ON USE FOR FORM 5(c)
 

 Pending further developments in the law, the committee reserves the issue of whether comparative negligence is a defense when the reckless disregard standard is in effect. However, when issues as to both the applicability of the statute and comparative negligence are present, and the court decides that comparative negligence
 
 is
 
 a defense to a claim based upon the statute, this verdict form should be modified accordingly.
 

 FORM 6. MODEL FORM OF VERDICT FOR PERSONAL INJURY PROTECTION INSURANCE BENEFITS (PIP) (MEDICAL BENEFITS ONLY)
 

 VERDICT
 

 1. Are any of the services related to the accident of (date)?
 

 YES_NO_
 

 If your answer is NO, your verdict is for the Defendant and you should go no further but to sign and date the verdict form. If your answer is YES, you should answer question 2.
 

 2. Are any of the services medically necessary?
 

 YES_NO_
 

 If your answer is NO, your verdict is for the Defendant and you should go no further but to sign and date the verdict form. If your answer is YES, you should answer question 3.
 

 3. [Is the charge for the service reasonable?] [Are the charges for the services reasonable?] If you find the charge or charges reasonable, you should proceed to number 4. However, if you find the charge or charges unreasonable, you must determine a reasonable amount for the charge or charges, then proceed to question 4.
 

 4. What is the total amount you find reasonable? $_
 

 SO SAY WE ALL, this _ day of -, 2-
 

 FOREPERSON
 

 PUNITIVE DAMAGE INSTRUCTIONS FOR CAUSES OF ACTION ARISING PRIOR TO OCTOBER 1, 1999
 

 PD 1. Punitive damages
 
 — Bifurcated
 
 Procedure:
 

 a. Introduction:
 

 There is an additional claim in this case that you must decide. If you find for (claimant) and against (defendant(s)), you must decide whether, in addition to compensatory damages, punitive damages are warranted as punishment to [one or more of] (defendant(s)) and as a deterrent to others.
 

 The trial of the punitive damages issue is divided into two parts. In this first part, you will decide whether the conduct of (defendant or individual whose conduct may warrant punitive damages) is such that punitive damages are warranted. If you decide that punitive damages are warranted, we will proceed to the second part of that issue during which the parties may present additional evidence and argument on the issue of pu
 
 *859
 
 nitive damages. I will then give you additional instructions, after which you will decide whether, in your discretion, punitive damages will be assessed and, if so, the amount.
 

 Punitive damages are warranted if you find by clear and convincing evidence that:
 

 (1). the conduct causing [loss] [injury] [or] [damage] to (claimant) was so gross and flagrant as to show a reckless disregard of human life or of the safety of persons exposed to the effects of such conduct; or
 

 (2). the conduct showed such an entire lack of care that (defendant) must have been consciously indifferent to the consequences; or
 

 (3). the conduct showed such an entire lack of care that (defendant) must have wantonly or recklessly disregarded the safety and welfare of the public; or
 

 (4). the conduct showed such reckless indifference to the rights of others as to be equivalent to an intentional violation of those rights.
 

 [You may determine that punitive damages are warranted against one defendant and not the other[s] or against more than one defendant.]
 

 “Clear and convincing evidence” differs from the “greater weight of the evidence” in that it is more compelling and persuasive. As I have already instructed you, “greater weight of the evidence” means the more persuasive and convincing force and effect of the entire evidence in the case. In contrast, “clear and convincing evidence” is evidence that is precise, explicit, lacking in confusion, and of such weight that it produces a firm belief or conviction, without hesitation, about the matter in issue.
 

 b(l). Punitive damages against individual defendant:
 

 If you find for (claimant) and against (defendant), and you also find that clear and convincing evidence shows that the conduct of (defendant) was a substantial cause of [loss] [injury] [or] [damage] to (claimant) and that such conduct warrants punitive damages under the standards I have given you, then in your discretion you may determine punitive damages are warranted against (defendant).
 

 b(2). Direct liability for acts of managing agent, primary owner, or certain others:
 

 If you find for (claimant) and against (defendant), and you also find that clear and convincing evidence shows that the conduct of (managing agent, primary owner, or other person whose conduct may warrant punitive damages without proof of a superior’s fault) was a substantial cause of [loss] [injury] [or] [damage] to (claimant) and that such conduct warrants punitive damages under the standards I have given you, then in your discretion you may determine that punitive damages are warranted against (defendant).
 

 b(3). Vicarious liability for acts of employee:
 

 If you find for (claimant) and against (employee/agent) and (defendant employer), and you also find that clear and convincing evidence shows that the conduct of (employee/agent) was a substantial cause of [loss] [injury] [or] [damage] to (claimant) and that such conduct warrants punitive damages under the standards I have given you, then in
 
 *860
 
 your discretion you may determine punitive damages are warranted against (employee/agent). If you further find that the clear and convincing evidence shows also that (defendant employer) was negligent and that such negligence contributed to (claimant’s) [loss] [injury] [or] [damage], you may determine that punitive damages are warranted against (defendant employer). If clear and convincing evidence does not show such negligence by (defendant employer) independent of the conduct of (employee/agent), punitive damages are not warranted against (defendant employer). *
 

 *
 
 Refer to Note on Use 1.
 

 b(i). Vicarious liability for acts of employee where the employee is not a party or is not being sued for punitive damages:
 

 If you find for (claimant) and against (defendant employer/principal), and you find also that (name employee/agent) acted in such a manner as to warrant punitive damages, then if the clear and convincing evidence shows also that (defendant employer) was negligent and that such negligence contributed to (claimant’s) [loss] [injury] [or] [damage], you may determine that punitive damages are warranted against (defendant employer). If clear and convincing evidence does not show such negligence by (defendant employer) independent of the conduct of (name employee/agent), punitive damages are not warranted against (defendant employer). *
 

 *
 
 Refer to Note on Use 1.
 

 c. Second stage of bifurcated punitive damage procedure:
 

 (1). Opening instruction, second stage:
 

 Members of the jury, I am now going to tell you about the rules of law that apply to determining whether punitive damages should be assessed and, if so, in what amount. When I finish with these instructions, the parties will present additional evidence. You should consider this additional evidence along with the evidence already presented, and you should decide any disputed factual issues by the greater weight of the evidence. “Greater weight of the evidence” means the more persuasive and convincing force and effect of the entire evidence in the case.
 

 (2). Punitive damages
 
 — determination
 
 of amount:
 

 You are to decide the amount of punitive damages, if any, to be assessed as punishment and as a deterrent to others. This amount would be in addition to the compensatory damages you have previously awarded. In making this determination, you should consider the following:
 

 (A), the nature, extent and degree of misconduct and the related circumstances; [and]
 

 [ (B). [the] [each] defendant’s financial resources; and] *
 

 *
 
 Refer to Note on Use 3.
 

 [ (C). (identify any other circumstance that the jury may consider in determining the amount
 
 of
 
 punitive damages.) ] *
 

 * Refer
 
 to Note on Use U.
 

 [However, you may not award an amount that would financially destroy
 

 (defendant).] *
 

 *Refer to Note on Use 5.
 

 You may in your discretion decline to assess punitive damages. [You may assess punitive damages against one defendant and not the other[s] or against more than one defendant. Punitive
 
 *861
 
 damages may be assessed against different defendants in different amounts.]
 

 (S). Closing instruction, second stage:
 

 Members of the jury, you have now heard and received all of the evidence on the issue of punitive damages. Your verdict on the issues raised by the punitive damages claim of (claimant) against (defendant(s)) must be based on the evidence that has been received during the trial of the first phase of this case and on the evidence that has been received in these proceedings and the law on which I have instructed you. In reaching your verdict, you are not to be swayed from the performance of your duty by prejudice or sympathy for or against any party.
 

 Your verdict must be unanimous, that is, your verdict must be agreed to by each of you.
 

 You will be given a form of verdict, which I shall now read to you:
 

 When you have agreed on your verdict, the foreman or forewoman, acting for the jury, should date and sign the verdict. You may now retire to consider your verdict.
 

 PD 2. Punitive damages
 
 — Non-Bifurcated
 
 Procedure:
 

 a. Introduction:
 

 There is an additional claim in this case that you must decide. If you find for (claimant) and against (defendant(s)), you must decide whether, in addition to compensatory damages, punitive damages are warranted as punishment to [one or more of] (defendant(s)) and as a deterrent to others.
 

 Punitive damages are warranted if you find by clear and convincing evidence that:
 

 (1). the conduct causing [loss] [injury] [or] [damage] to (claimant) was so gross and flagrant as to show a reckless disregard of human life or of the safety of persons exposed to the effects of such conduct; or
 

 (2). the conduct showed such an entire lack of care that (defendant) must have been consciously indifferent to the consequences; or
 

 (3). the conduct showed such an entire lack of care that (defendant) must have wantonly or recklessly disregarded the safety and welfare of the public; or
 

 (4). the conduct showed such reckless indifference to the rights of others as to be equivalent to an intentional violation of those rights.
 

 [You may determine that punitive damages are warranted against one defendant and not the other[s] or against more than one defendant.]
 

 “Clear and convincing evidence” differs from the “greater weight of the evidence” in that it is more compelling and persuasive. As I have already instructed you, “greater weight of the evidence” means the more persuasive and convincing force and effect of the entire evidence in the case. In contrast, “clear and convincing evidence” is evidence that is precise, explicit, lacking in confusion, and of such weight that it produces a firm belief or conviction, without hesitation, about the matter in issue.
 

 b(l). Punitive damages against individual defendant:
 

 If you find for (claimant) and against (defendant), and you also find that clear and convincing evidence shows that the conduct of (defendant) was a substantial cause of [loss] [injury] [or] [damage] to (claimant) and that such conduct war
 
 *862
 
 rants punitive damages under the standards I have given you, then in your discretion you may determine punitive damages are warranted against (defendant).
 

 b(2). Direct liability for acts of managing agent, primary owner, or certain others:
 

 If you find for (claimant) and against (defendant), and you find also find that clear and convincing evidence shows that the conduct of (name managing agent, primary owner, or other person whose conduct may warrant punitive damages without proof of a superior’s fault) was a substantial cause of [loss] [injury] [or] [damage] to (claimant) and that such conduct warrants punitive damages under the standards I have given you, then in your discretion you may determine that punitive damages are warranted against (defendant).
 

 b(3). Vicarious liability for acts of employee:
 

 If you find for (claimant) and against (employee/agent) and (defendant employer), and you also find that that clear and convincing evidence shows that the conduct of (employee/agent) was a substantial cause of [loss] [injury] [or] [damage] to (claimant) and that such conduct warrants punitive damages under the standards I have given you, then in your discretion you may determine punitive damages are warranted against (employee/agent). If you further find that the clear and convincing evidence shows also that (defendant employer) was negligent and that such negligence contributed to (claimant’s) [loss] [injury] [or] [damage], you may determine that punitive damages are warranted against (defendant employer). If clear and convincing evidence does not show such negligence by (defendant employer) independent of the conduct of (name employee/agent), punitive damages are not warranted against (defendant employer). *
 

 *
 
 Refer to Note on Use 1.
 

 b(k). Vicarious liability for acts of employee where the employee is not a party or is not being sued for punitive damages:
 

 If you find for (claimant) and against (defendant employer/principal), and you find also that (name employee/agent) acted in such a manner as to warrant punitive damages, then if the clear and convincing evidence shows also that (defendant employer) was negligent and that such negligence contributed to (claimant’s) [loss] [injury] [or] [damage], you may determine that punitive damages are warranted against (defendant employer). If clear and convincing evidence does not show such negligence by (defendant employer) independent of the conduct of (name employee/agent), punitive damages are not warranted against (defendant employer). *
 

 *
 
 Refer to Note on Use 1.
 

 c. Punitive damages
 
 — determination
 
 of amount:
 

 If you decide that punitive damages are warranted against [one or more of] (defendant(s)) you must decide the amount of punitive damages, if any, to be assessed as punishment and as a deterrent to others. This amount would be in addition to the compensatory damages you have previously awarded. In making this determination, you should consider the following:
 

 (1). the nature, extent and degree of misconduct and the related circumstances; [and]
 

 
 *863
 
 [ (2). [the] [each] defendant’s financial resources; and] *
 

 *
 
 Refer to Note on Use 3.
 

 [ (3). (identify any other circumstance that the jury may consider in determining the amount of punitive damages.) ] *
 

 *
 
 Refer to Note on Use ⅛.
 

 [However, you may not award an amount that would financially destroy (defendant).] *
 

 *
 
 Refer to Note on Use 5.
 

 You may in your discretion decline to assess punitive damages. [You may assess punitive damages against one defendant and not the other[s] or against more than one defendant. Punitive damages may be assessed against different defendants in different amounts.]
 

 NOTES ON USE FOR PD 1 AND 2
 

 1. Instruction PD la or PD 2a should be given in all cases. Instruction PD lb(l) or PD 2b(l) should be given when the claim is based on the conduct of an individual defendant.
 

 Instruction PD lb(2) or PD 2b(2) should be given when the claim is based on the conduct of a managing agent or principal.
 
 Bankers Multiple Line Insurance Co. v. Farish,
 
 464 So.2d 530 (Fla.1985). That person should be named in instruction PD lb(2) or PD 2b(2). Pending further development in the law, the committee takes no position regarding whether the independent negligence must be on the part of a managing agent or principal or whether it can be based on the independent negligence of another employee. See
 
 Schropp v. Crown Eurocars, Inc.,
 
 654 So.2d 1158 (Fla.1995) and
 
 Partington v. Metallic Engineering,
 
 792 So.2d 498 (Fla. 4th DCA 2001). In appropriate cases a corporate policy can provide the basis for punitive damages against a corporation even though the particular officers or agents of the corporation responsible for the policy are not discovered or identified. See,
 
 e.g., Schropp
 
 at 1162 (Wells, J. concurring). In those cases, the instruction will need to be modified accordingly.
 

 Instruction PD lb(3) or PD 2b(3) should be given when there is a demand for punitive damages against an employer/principal based on the conduct of an employee and punitive damages are also being sought against both the employee and employer. These instructions require additional proof of “some independent fault” by the employer/principal. See
 
 Mercury Motors Express, Inc. v. Smith,
 
 393 So.2d 545, 548-49 (Fla.1981). While these instructions use the term “negligence,” some courts appear to use that term and the “some fault” language from
 
 Mercury Motors
 
 interchangeably. See,
 
 e.g., Schropp
 
 at 1159;
 
 Estate of Despain v. Avante Group. Inc.,
 
 900 So.2d 637, 641 (Fla. 5th DCA 2005);
 
 Barnett Bank of Marion County v. Shirey,
 
 655 So.2d 1156 (Fla. 5th DCA 1995);
 
 Taylor v. Gunter Trucking Co.,
 
 520 So.2d 624 (Fla. 1st DCA 1988). Pending further development in the law, the committee takes no position on whether these terms are interchangeable. There may be situations other than employer-employee relationships where vicarious liability for punitive damages may be imposed. See,
 
 e.g., Knepper v. Genstar Corp.,
 
 537 So.2d 619 (Fla. 3d DCA 1988) (joint venture);
 
 Soden v. Starkman,
 
 218 So.2d 763 (Fla. 3d DCA 1969) (partnership).
 

 Instruction PD lb(4) or PD 2b(4) should be given when there is a demand for punitive damages against the employer/principal for the acts of an employee, but the employee is not a defendant or is not being sued for punitive damages.
 

 In cases involving both direct and vicarious liability claims, instruction PD lb(2) or PD 2b(2) and PD lb(3)-b(4) or PD 2b(3)-
 
 *864
 
 b(4) should be given with appropriate transitional language with respect to the claims based on vicarious liability.
 

 2. These instructions are designed for use in most common law tort cases. However, certain types of intentional torts may require a punitive damage instruction appropriate to the particular tort. See,
 
 e.g., First Interstate Development Corp. v. Ablanedo,
 
 511 So.2d 536 (Fla.1987);
 
 Metropolitan Life Insurance Co. v. McCarson,
 
 467 So.2d 277 (Fla.1985). The same may be true where punitive damages are authorized by statute. See,
 
 e.g., Home Insurance Co. v. Owens,
 
 578 So.2d 343, 346 (Fla. 4th DCA 1991).
 

 3. Subparagraph (2) in instruction PD lc or PD 2c should only be used when evidence of a defendant’s financial worth is introduced.
 

 4. Subparagraph (3) should be used only after the court has determined that the evidence includes some additional circumstance that may affect the amount of punitive damages. See,
 
 e.g., Owens-Corning Fiberglas Corp. v. Ballard,
 
 749 So.2d 483 (Fla.1999) (listing various such factors). See generally
 
 BMW of North America, Inc. v. Gore,
 
 517 U.S. 559, 116 S.Ct. 1589, 134 L.Ed.2d 809 (1996). One such circumstance is the assessment of punitive damages against the defendant in prior cases. See
 
 W.R. Grace & Co. v. Waters,
 
 638 So.2d 502 (Fla.1994).
 

 5. This instruction is to be given when requested by the defendant. See
 
 Wransky v. Dalfo,
 
 801 So.2d 239 (Fla. 4th DCA 2001). It appears that this instruction can only be used when evidence of the defendant’s net worth has been introduced. See
 
 Bould v. Touchette,
 
 349 So.2d 1181 (Fla.1977);
 
 Rinaldi v. Aaron,
 
 314 So.2d 762 (Fla.1975). This instruction is not intended to supplant the court’s function in determining whether a verdict is constitutional. See
 
 BMW of North America, Inc. v. Gore,
 
 517 U.S. 559, 116 S.Ct. 1589, 134 L.Ed.2d 809 (1996);
 
 Pacific Mutual Life Insurance Co. v. Haslip,
 
 499 U.S. 1, 111 S.Ct. 1032, 113 L.Ed.2d 1 (1991). The committee notes that many reported decisions have used alternative terms such as “bankrupt” or “economically castigate” to describe this limitation, instead of or in addition to the term “financially destroy.” See,
 
 e.g., Wackenhut Corp. v. Canty,
 
 359 So.2d 430 (Fla.1978);
 
 Lehman v. Spencer Ladd’s, Inc.,
 
 182 So.2d 402 (Fla.1966). The committee has selected the term “financially destroy” for its simplicity, but does not intend to foreclose the use of other legally valid terms where appropriate under the facts of the particular case.
 

 [1]
 

 . On May 28, 2009, we consolidated these cases for purposes of review and opinion.
 

 [2]
 

 . Those cases include case numbers SC09-296, SC09-299, SC09-300, SC09-301, SC09-302, SC09-303, SC09-304, and SC09-306.
 

 [3]
 

 . On July 16, 2009, the Committee filed a report proposing both new and revised civil instructions limited to product liability cases.
 
 In re Standard Jury Instructions in Civil Cases
 
 — Report
 
 No. 09-10 (Products
 
 Liability), Case No. SC09-1264. We will address those proposals in a separate opinion.
 

 [4]
 

 . Proposed substantive instructions under this section have not yet been filed by the Committee.
 

 [5]
 

 . The instructions as authorized reflect the following changes based upon the Jury Innovations Report: former instruction 1.8, Note Taking by Jurors, now designated instruction 202.3, includes additional notes referring to Florida Rule of Judicial Administration 2.430(k) and Florida Rule of Civil Procedure 1.455; former instruction 1.13, Questions by Jurors, now designated instruction 202.4, includes a note referring to Florida Rule of Civil Procedure 1.452; the note for former instruction 2.1 appears as a Note on Use to the introductory instructions (401.1, 402.1, etc.) with a reference to Florida Rule of Civil Procedure 1.470(b); concluding instructions 601.5 and 700 provide for instructing either before or after final argument and the note for former instruction 7.1 appears as a Note on Use to instruction 700; former instruction 7.2, Use of Notes During Deliberations, is designated instruction 700 and includes a reference to Florida Rule of Judicial Administration 2.430(k) in a Note on Use to that instruction; former instruction 7.3(a), Answers to Jurors' Inquiries During Deliberations, is designated instruction 801.1; and former instruction 7.3(b), Read-Back of Testimony, is designated instruction 801.2.
 

 [6]
 

 . The model instructions and verdict forms authorized in this reorganization of the standard civil jury instructions reflect this change as well. We also have made some nonsub-stantive modifications, which include changing all references from 411.4 to 414.4 under Notes on Use for 414.4; changing 401.19 to 401.22 under Notes on Use for 401.13, note 1; and changing the instruction number to 801.4 in Note on Use for 801.5.